# Exhibit #A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit #B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit #C

.S. Postal Service™ Signature Confirmation™ Receipt

Postage and Signature Confirmation fees must be paid before mailing.
**Article Sent To: (To be completed by mailer)**

SUNY ALBANY

**POSTAL CUSTOMER:**
Keep this receipt. For inquiries:
Access internet web site at
www.usps.com ®
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)
☒ Priority Mail™ Service
☐ First-Class Mail® parcel
☐ Package Services parcel

Postmark
Here

(See Reverse)

PS Form 153, January 2005

E DISTRICT COURT

thern District Court

Case No. Pending

Edward Morales Pro-see

Plaintiff,

vs.

State University of New York.
Purchase College.
Ricardo Espinales
Richard Nassisi
Bill Baskin.
Denny Santos.
Sandee Maung.
Louise Yelin.
Marc Burdzinski.
Emely Balcom.
Lois Wald.
Qui-Qui Balassio
Tori Galatro
Melissa Jones
Adrienne Belluscio
Qui-Qui Balascio

Bill Junor

Defendants

Statutory Notice;
Intention of Legal Action and
Subject to modification and in accordance with
42 U.S.C. § 6104.

**U.S. Postal Service™ Signature Confirmation™ Receipt**

Postage and Signature Confirmation fees must be paid before mailing.
**Article Sent To: (To be completed by mailer)**

SUNY Povots
office

**POSTAL CUSTOMER:**
Keep this receipt. For inquiries
Access internet web site at
www.usps.com ®
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)
☒ Priority Mail™ Service
☐ First-Class Mail® parcel
☐ Package Services parcel

Postmark
Here

PS Form 153, January 2005          (See Reverse)

## NOTICE

Plaintiff In accordance and in pursuant to 42 U.S.C. §
6104(e)(1) is here giving all defendants the **final** 30 day
notice, by the fact that all administrative--OCR--remedies—in
good faith-- and time limitations have been exhausted. This
notice serves as the formal statutory requirement pursuant to 42

**Exhibit #2**

2 Pages

Transcript

57





**Purchase College**
STATE UNIVERSITY OF NEW YORK

**Parents | Community | Current Students | Faculty & Staff**

## Unofficial Transcript For Advising

Open Printable PDF

```
STUDENT'S NAME: MORALES, EDWARD  R.
STUDENT'S CID: 1100624434                STUDENT HAS APPLIED FOR GRADUATION
ADVISOR: CENG, KATHLEEN                  ADVISOR'S OFFICE: No Office Record Found.
ACADEMIC PROBATION? N
MAJOR: LB STD LEGAL                      DOUBLE MAJOR:
MINOR:                                   DOUBLE MINOR:
SPECIALIZATION:
COMPLETED CREDITS: 98.00                 TRANSFER CREDITS: 15.00
GPA: 2.78
======================================================================================
For general education and degree requirement information please check your
Degree Progress Report.
Review the 8-semester plan for your major to assist with timely progress to degree.
======================================================================================
```

|  |  | COURSE |  |  |  |
|---|---|---|---|---|---|
| SEMESTER | CORE | SECTION | COURSE TITLE | CREDITS | GRADE |

| SEMESTER | SECTION | COURSE TITLE | CREDITS | GRADE |
|---|---|---|---|---|
| **Fall 1998** | | | | |
| | BBI1510.20 | HUM. ANA.& PHYS. I:ANAT.& PHYS | 4.00 | D |
| | LWR1110.28 | COLLEGE WRITING | 4.00 | C |
| | PSY1530.21 | INTRODUCTION TO PSYCHOLOGY | 4.00 | D |
| **Spring 1999** | | | | |
| | ALI3070.20 | MODERN AMERICAN SHORT STORIES | 4.00 | W |
| | ARH3400.20 | MODERN ARCHITECTURE | 4.00 | W |
| | ECO2210.20 | WEALTH AND POVERTY | 4.00 | W |
| | PSY2320.20 | BEHAVIORAL STATISTICS | 4.00 | W |
| **Summer 2011** | | | | |
| | BPS2350.45 | DRUGS AND BEHAVIOR | 4.00 | B |
| | BPS3540.45 | FORENSIC PSYCHOLOGY | 4.00 | B |
| **Fall 2011** | | | | |
| | CPO3050.20 | AMERICAN CONSTITUTIONAL LAW | 4.00 | B |
| | CSO1590.45 | INTRODUCTION TO CIVIL LAW | 4.00 | B |
| | CSO3205.45 | SUPREME CRT. & CIVIL LIBERTIES | 4.00 | B |
| | CSS3755.45 | LAW, ETHICS, AND THE MEDIA | 4.00 | C+ |
| | SPA3800.20 | TRANSLATION WORKSHOP SPANISH | 4.00 | F |
| **Spring 2012** | | | | |
| | CSO1510.20 | INTRODUCTION TO CRIMINAL LAW | 4.00 | B |
| | CSO3065.20 | LEGAL RESEARCH | 4.00 | B+ |
| | CSO3475.45 | LAW AND THE FAMILY | 4.00 | A+ |
| | CSO3481.45 | CENSORSHIP:SOC. & LEGAL PERSP. | 4.00 | A |
| | LIT1520.20 | INTRODUCTION TO LITERATURE | 4.00 | C- |
| | SPA3340.20 | ADV. CULTURE & CONVERSATION | 4.00 | W |
| **Summer 2012** | | | | |
| | AHI1500.70 | UNDERSTANDING AMERICA | 4.00 | B+ |
| | CSO3430.20 | RACIAL INEQUALITIES | 4.00 | A |
| | CSS3055.45 | THE LAW AND FILM | 4.00 | A |
| **Fall 2012** | | | | |
| | BPS3100.45 | ABNORMAL PSYCHOLOGY | 4.00 | B- |
| | CSS3530.45 | WHITE COLLAR CRIME | 4.00 | B- |

```
                CSS4800.50   SENIOR CAPSTONE                  4.00    B+
                GPA1150.15   PAINTING I                       3.00    A
                PSY2500.20   ADOLESCENT PSYCHOLOGY            3.00    W
                SOA3780.20   TRANSMEDIA AND PERFORMANCE       4.00    W

Spring 2013
                AMG3530.20   GALLERY MANAGEMENT              4.00
                BPS3760.45   PSYCHOLOGY OF PERSONALITY       4.00    W
                CSO3550.45   CRIME & DELINQUENCY             4.00

Summer 2013
                AAR3400.60   IMPRESSIONISM                   4.00
                ASP1030.60   BASIC SPANISH I                 4.00
                BNS1120.45   SEARCH FOR LIFE IN THE UNIVRS   4.00
```

========================================================================================

To view the transcript key <u>click here</u>

Site Map | Campus Calendar | Email | Employment | Campus Directory | Directions | Academic Calendar | College Catalog | Registration |
Privacy & Accessibility | Contact Us

© 2012 Purchase College - 735 Anderson Hill Road, Purchase, NY 10577, 914.251.6000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit #3

5 PAGES



**UNITED STATES DEPARTMENT OF EDUCATION**
OFFICE FOR CIVIL RIGHTS
32 OLD SLIP, 26TH FLOOR
NEW YORK, NEW YORK 10005



TIMOTHY C. J. BLANCHARD
DIRECTOR
NEW YORK OFFICE

August 21, 2012

Edward Morales
735 Anderson Hill Road
Purchase, New York 10577

Re:     Case Nos. 02-12-2149
        Purchase College, State University of New York

Dear Mr. Morales:

On July 12, 2012, the U.S. Department of Education, New York Office for Civil Rights (OCR) received the above-referenced complaint you filed against SUNY Purchase College.  You alleged that the College discriminated against you on the basis of your age when it required you to undergo a psychological evaluation prior to your admission in or around July 2011 (**Allegation 1**).  You further alleged that during the fall 2011 semester, College staff discriminated against you on the bases of your age and disability, and retaliated against you, when: (a) the professor of your Spanish translation class did not permit you to participate in class, refused to allow you to leave the classroom during instruction, and charged you with plagiarism in the class; and (b)  the College gave you a permanent grade of "F" in the class, and removed you from the class (**Allegation 2**).  You also alleged that the College discriminated against you on the basis of your disability by not granting your request to adjourn the hearing on the charge of plagiarism concerning the class on or about October 12, 2011 (**Allegation 3**).  You further alleged that the College discriminated against you on the basis of your disability by failing to provide you with appropriate academic adjustments during: (a) the summer 2011 term and fall 2011 semester; and (b) the spring 2012 semester (**Allegation 4**).  You also alleged that the College discriminated against you on the basis of your age, and retaliated against you, by: (a) assigning you to non-traditional housing and charging you more for housing during fall semester 2011; and (b) in or around early August 2012, denying you housing for the fall 2012 semester, which you also alleged was discriminatory based on your disability (**Allegation 5**).  You further alleged that College staff discriminated against you on the bases of your national origin, sex, and age, by reviewing your electronic mail messages without your permission (Allegation 6).  Finally, you alleged that the College discriminated against you on the basis of your disability in or around January or February 2012, by allowing students to smoke outside the library (Allegation 7).

Based on information you provided in your complaint, in a telephone conversation with OCR staff on August 1, 2012, and in electronic mail messages sent to OCR staff from July 23 to August 9, 2012, OCR determined that your allegations are not appropriate for investigation for the reasons set forth below.

Page 2 of 5 – Edward Morales

With respect to Allegations 1-3, 4(a) and 5(a), OCR requires that complaints be filed with OCR within 180 days of the alleged act(s) of discrimination, unless the time for filing is extended by this office.  The information you provided indicates that the acts you complained of occurred during summer and fall 2011, which is more than 180 days from the filing of your OCR complaint on July 12, 2012.

You requested a waiver of the timeliness requirement and advised OCR that you did not file a complaint with OCR at an earlier date because "your complaints are linked together" and you want to "protect current and future students from similar violations."  A complaint that is not filed with OCR within 180 days can still be considered timely where the conduct complained of constitutes a single continuing discriminatory practice.  To determine whether a continuing discriminatory practice is present, OCR applies the continuing violation doctrine and the pattern or practice doctrine.

The continuing violation doctrine is applicable where the alleged acts that fall outside of the 180-day filing period and at least one alleged act that falls within the 180-day filing period constitute one unlawful discriminatory practice.  In evaluating the applicability of the continuing violation doctrine, OCR determines whether the alleged acts that occurred outside of the filing period are sufficiently related to acts that occurred within the time period so that viewed collectively, they may be said to create a single hostile environment.  OCR determined that the College's alleged actions in Allegations 1-3, 4(a) and 5(a) were separate and discrete.[1]  Accordingly, OCR determined that the continuing violation doctrine is inapplicable.

OCR also determined that the pattern or practice doctrine is inapplicable.  Pattern or practice claims cannot be based on sporadic acts, but rather must be based on a discriminatory policy that is widespread throughout the College; one that is a routine and regular part of the College's administration.  Based on the information you provided, OCR determined that the alleged actions involved isolated acts; you presented no information that the College implemented a systematic discriminatory policy.  Accordingly, OCR determined that the pattern and practice doctrine is inapplicable, and that Allegations 1-3, 4(a) and 5(a) are untimely.

Additionally, you stated that with respect to Allegation 2, you filed an appeal of the College's finding that you committed plagiarism, and the College did not make a final determination until it denied your appeal on October 26, 2011.  OCR may grant a waiver of the timeliness requirement if an internal grievance or appeal alleging the same discriminatory conduct that is the subject of the OCR complaint is filed within 180 days, and the OCR complaint is filed within 60 days of the completion of that process.  OCR determined that you did not file your OCR complaint within 60 days of the College's final determination of your appeal on October 26, 2011.  Accordingly, your request for a waiver with respect to Allegation 2, based on your appeal

---

[1] Specifically, with respect to Allegations 4(a) and 5(a), the information you provided indicated that the College's alleged acts of discrimination in responding to your requests for academic adjustments during the summer 2011 term and fall 2011 semester, and for housing during the fall 2011 semester, were discrete from the College's subsequent alleged acts described in Allegations 4(b) and 5(b).

Page 3 of 5 – Edward Morales

of the College's decision, is denied.   Therefore, OCR will take no further action with respect to Allegations 1-3 and 4(a) and 5(a), and has dismissed these allegations as of the date of this letter.

With respect to Allegation 4(b), you alleged that the College discriminated against you on the basis of your disability by failing to provide appropriate academic adjustments during the spring 2012 semester, including: extended time to take tests; a note-taker; a private room for testing; and a tape recorder or voice recognition software.  However, you advised OCR that on or around February 21, 2012, the College provided you with the academic adjustments you requested.  You did not provide any specific information to indicate that the College failed to process your request for academic adjustments appropriately.  Accordingly, OCR determined that Allegation 4(b) has been resolved, and will take no further action with respect to it.[2]

With respect to Allegation 5(b), you alleged that the College discriminated against you based on your age and disability, and retaliated against you for your advocacy, by denying you housing for the fall 2012 semester.  You stated that you informed the College on or around August 1 and 2, 2012, that you could not pay for the housing offered to you by the College for the fall 2012 semester because it is "too expensive," and that you believe that the College is discriminating against you based on disability and age by not offering you a more affordable rate, while it provides "free and deep discounted housing to employees."  OCR determined that apart from your belief, you provided no information to support that the College discriminated against you based on your age and/or disability with respect to your housing for the fall 2012 semester.  Accordingly, OCR determined that Allegation 5(b) is unsupported as it pertains to discrimination based on your age and disability, and OCR has dismissed it as of the date of this letter.

With respect to Allegation 5(b) as it pertains to retaliation, when analyzing whether retaliation occurred, OCR must first determine: (1) whether the complainant engaged in a protected activity; (2) whether the recipient was aware of the complainant's protected activity; (3) whether the complainant suffered an adverse action[3] contemporaneous with, or subsequent to, the recipient's learning of the complainant's involvement in the protected activity; and (4) whether there is a causal connection between the protected activity and the adverse action from which a retaliatory motivation reasonably may be inferred.  When there is evidence of all four elements, OCR then determines whether the recipient has a legitimate, non-retaliatory reason for the challenged action or whether the reason adduced by the recipient is a pretext to hide its retaliatory motivation.

---

[2] Additionally, as you were advised by OCR staff, under OCR's case processing procedures, when a complainant has filed the same allegation(s) against the same recipient with another federal, state, or local civil rights enforcement agency, or federal or state court, OCR generally will not proceed with an investigation of the allegation(s).  You informed OCR that you filed notices of intent to file claims in state and federal court on or about March 5, 2012, regarding all of your allegations, and provided OCR with a copy of the notice you filed in federal court.  OCR reviewed the notice and determined that it stated the statutory basis for your claims, but did not specify any of your allegations.  However, please be advised that OCR would not proceed to investigate any of your allegations that are pending in state or federal court.

[3] OCR defines an adverse action as an action that adversely affects a person's work, education or well-being in an unwarranted, serious, lasting, and usually tangible manner, i.e., something that is more than a transient, unpleasant incident.

OCR determined that you engaged in protected activity by filing a complaint with OCR, of which you informed the College. However, OCR determined that you informed the College in emails on August 1 and 2, 2012, that if it could not provide you with affordable housing, it should issue you a "vacating notice," and that you "do not allow [the College] to charge my account" for future housing. OCR determined that the College responded by informing you that it would not assign you campus housing for the fall 2012 semester, and that there would be no corresponding charge for housing on your student account. Accordingly, OCR determined that the information you provided failed to indicate that the College engaged in any adverse action. In the absence of any adverse action, OCR will not proceed further with a retaliation analysis. Therefore, OCR will take no further action with respect to Allegation 5(b), and has dismissed it as of the date of this letter.

With respect to Allegation 6, you stated that the College discriminated against you on the bases of your national origin, sex, and age by reviewing your electronic mail messages without your permission, which violated your right to privacy. In support of your allegation, you stated that your advisor "handles all of the older students and he usually check[s] their email accounts to see if something is going on." However, apart from your belief, you provided no information to support that your advisor monitored your email or that of any other students. Accordingly, OCR determined that the information you provided failed to support that your advisor treated you differently from other students, based on your national origin, sex, and/or age, by monitoring your email messages.

With respect to the portion of Allegation 6 that alleges the College violated your right to privacy, OCR enforces federal laws that prohibit discrimination on the bases of race, color, national origin, disability, sex and age. OCR is also responsible for enforcing the Boy Scouts of America Equal Access Act. Accordingly, the portion of Allegation 6 that alleges that the College violated your right to privacy does not raise a compliance concern under any of the regulations enforced by OCR. However, the U.S. Department of Education's Family Policy Compliance Office (the Office) may have authority to address your concerns regarding confidentiality under the Family and Educational Rights and Privacy Act of 1974 (FERPA). You may contact the Office at the address set forth below:

> U.S. Department of Education
> Family Policy Compliance Office
> 400 Maryland Avenue, S.W.
> Washington, D.C. 20202-5901

Based on the foregoing, OCR will take no further action with respect to Allegation 6, and has dismissed it as of the date of this letter.

With respect to Allegation 7, you alleged that the College discriminated against you on the basis of your disability in or around January 2012, by allowing students to smoke outside the library. You stated that as a non-smoker, you are allergic to smoke, but that you do not have a documented disability related to smoking. You stated that the College is discriminating "against non-smokers" by "fail[ing] to allow accommodations for people who do not smoke." You also stated that you filed a complaint with the College regarding the smoking during the spring 2012 semester, but the College did not respond. OCR determined that the information you provided

Page 5 of 5 – Edward Morales

failed to raise a compliance concern under the regulations enforced by OCR. Specifically, you asserted that you are being discriminated against as a "non-smoker," and you provided no information to support that the College discriminated against you based upon your disability. Accordingly, the information you provided does not support your allegation that the College discriminated against you, based on your disability, by allowing students to smoke outside the library. Therefore, OCR will take no further action with respect to Allegation 7, and has dismissed your complaint as of the date of this letter.

This letter sets forth OCR's determination in an individual OCR case. This letter is not a formal statement of OCR policy and should not be relied upon, cited, or construed as such. OCR's formal policy statements are approved by a duly authorized OCR official and made available to the public. You may have the right to file a private suit in federal court whether or not OCR finds a violation.

It is unlawful to harass or intimidate an individual who has filed a complaint or participated in actions to secure protected rights. If this should occur, you may file a separate complaint with OCR alleging such harassment or intimidation.

Under the Freedom of Information Act, 5 U.S.C. § 552, it may be necessary to release this letter and related correspondence and records upon request. In the event that OCR receives such a request, it will seek to protect, to the extent provided by law, personally identifiable information that, if released, could constitute an unwarranted invasion of personal privacy.

If you have any questions, please contact Diane Castro, Compliance Team Investigator, at (646)428-3808, or diane.castro@ed.gov; or James Moser, Compliance Team Attorney, at (646) 428-3792, or james.moser@ed.gov.

Sincerely,

for   Emily Frangos
Compliance Team Leader

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit #4

# Exhibit #5

# Exhibit #6

3 PAGES



**UNITED STATES DEPARTMENT OF EDUCATION**
OFFICE FOR CIVIL RIGHTS
32 OLD SLIP, 26TH FLOOR
NEW YORK, NEW YORK 10005



TIMOTHY C. J. BLANCHARD
DIRECTOR
NEW YORK OFFICE

August 27, 2012

Edward Morales
735 Anderson Hill Road
Purchase, New York  10577

Re:   Case No. 02-12-2158
      State University of New York, Purchase College

Dear Mr. Morales:

On July 27, 2012, the U.S. Department of Education, New York Office for Civil Rights (OCR) received the above-referenced complaint you filed against the State University of New York, Purchase College (the College). You alleged that the College retaliated against you for filing Notices of Intention to File Claims against the College in the U.S. District Court for the Southern District of New York and the New York Court of Claims,[1] by filing a false security report against you and disciplining you for vandalizing a dormitory garden, in June 2012. OCR has determined that your allegation is appropriate for investigation.

OCR is responsible for enforcing Section 504 of the Rehabilitation Act of 1973 (Section 504), as amended, 29 U.S.C. § 794, and its implementing regulation at 34 C.F.R. Part 104, which prohibit discrimination on the basis of disability in programs and activities receiving financial assistance from the U.S. Department of Education (the Department). OCR is also responsible for enforcing Title II of the Americans with Disabilities Act of 1990 (the ADA), 42 U.S.C. § 12131 et seq., and its implementing regulation at 28 C.F.R. Part 35. Under the ADA, OCR has jurisdiction over complaints alleging discrimination on the basis of disability that are filed against certain public entities. OCR is also responsible for enforcing Title VI of the Civil Rights Act of 1964 (Title VI), as amended, 42 U.S.C. § 2000d et seq., and its implementing regulation at 34 C.F.R. Part 100, which prohibit discrimination on the basis of race, color or national origin in programs and activities receiving financial assistance from the Department; Title IX of the Education Amendments of 1972 (Title IX), as amended, 20 U.S.C. § 1681 et seq., and its implementing regulation at 34 C.F.R. Part 106, which prohibit discrimination on the basis of sex in programs and activities receiving financial assistance from the Department; and the Age Discrimination Act of 1975 (the Age Discrimination Act), 42 U.S.C. § 6101 et seq., and its implementing regulation at 34 C.F.R. Part 110, which prohibit discrimination on the basis of age in programs and activities receiving financial assistance from the Department. The College is a recipient of financial assistance from the Department and is a public postsecondary education system. Therefore, OCR has jurisdictional authority to investigate this complaint under Section 504, the

---

[1] You alleged that you raised claims of disability, race, sex and age discrimination in your Notices of Intention to File Claims.

Page 2 of 3 – Edward Morales

ADA, Title VI, Title IX and the Age Discrimination Act.

The regulation implementing Section 504, at 34 C.F.R. § 104.61, and the regulation implementing Title IX, at 34 C.F.R. § 106.71, incorporate by reference 34 C.F.R. § 100.7(e) of the regulation implementing Title VI, which provides that:

> No recipient or other person shall intimidate, threaten, coerce or discriminate against any individual for the purpose of interfering with any right or privilege secured by regulations enforced by OCR or because one has made a complaint, testified, assisted or participated in any manner in an investigation, proceeding or hearing held in connection with a complaint.

The regulations implementing the ADA and the Age Discrimination Act contain similar provisions at 28 C.F.R. § 35.134 and 34 C.F.R. § 110.34, respectively.

Because OCR has determined that it has jurisdiction and that the complaint was filed in a timely manner, it is opening the allegation for investigation. Please note that opening the allegation for investigation in no way implies that OCR has made a determination with regard to its merits. During the investigation, OCR is a neutral fact-finder, collecting and analyzing relevant evidence from the complainant, the recipient, and other sources, as appropriate. OCR will ensure that its investigation is legally sufficient and is dispositive of the allegation, in accordance with the provisions of Article III of OCR's Case Processing Manual.

OCR's goal is the prompt and appropriate resolution of the allegations contained in a complaint. OCR offers, when appropriate, an Early Complaint Resolution (ECR) process, similar to mediation, to facilitate the voluntary resolution of complaints by providing an early opportunity for the parties involved to resolve the allegation(s). Some information about the ECR process is contained in the publication entitled, "OCR Complaint Processing Procedures," which was enclosed with OCR's previous letter to you acknowledging your complaint. This information is also on OCR's website at http://www2.ed.gov/about/offices/list/ocr/docs/ocrcpm.html#II.

Also, when appropriate, a complaint may be resolved before the conclusion of an investigation after the recipient expresses an interest to OCR to resolve the complaint. In such cases, OCR obtains a resolution agreement signed by the recipient. This agreement must be aligned with the complaint allegations or the information obtained during the investigation, and it must be consistent with applicable regulations. Additional information about this voluntary resolution process may be found in the publication "OCR Complaint Processing Procedures," which was enclosed with OCR's previous letter to you, acknowledging your complaint. This information is also on OCR's website at http://www2.ed.gov/about/offices/list/ocr/docs/ocrcpm.html#III.

It is unlawful to harass or intimidate an individual who has filed a complaint or participated in actions to secure protected rights. If this should occur, you may file a separate complaint with OCR alleging such harassment or intimidation.

Under the Freedom of Information act, 5 U.S.C. § 552, it may be necessary to release this letter and related correspondence and records upon request. In the event that OCR receives such a request, it will seek to protect, to the extent provided by law, personally identifiable information

Page 3 of 3 – Edward Morales

that if released, could constitute an unwarranted invasion of personal privacy.

OCR will communicate with you periodically regarding the status of your complaint.  If you are interested in resolving your complaint through OCR's ECR process or have any questions, please contact Diane Castro, Compliance Team Investigator, at (646) 428-3808 or Diane.Castro@ed.gov; or James Moser, Compliance Team Attorney, at (646) 428-3792 or James.Moser@ed.gov.

Sincerely,

Emily Frangos
Compliance Team Leader

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit #7



# Exhibit #8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit #9

**Exhibit #10**

2 PAGES



**UNITED STATES DEPARTMENT OF EDUCATION**
OFFICE FOR CIVIL RIGHTS
32 OLD SLIP, 26ᵀᴴ FLOOR
NEW YORK, NEW YORK 10005

TIMOTHY C. J. BLANCHARD
DIRECTOR
NEW YORK OFFICE

March 19, 2013

Edward Morales
110 N. 3rd Avenue, Apt. 2M
Mt. Vernon, New York 10550

Re:   Case No. 02-13-2094
      State University of New York, Purchase College

Dear Mr. Morales:

On February 12, 2013, the U.S. Department of Education, New York Office for Civil Rights (OCR) received the above-referenced complaint you filed against the State University of New York, Purchase College. You alleged that the College discriminated against you on the bases of your age and disability, or in the alternative retaliated against you, by issuing disciplinary charges against you on February 11, 2013.

Based on information you provided in your complaint, during a telephone conference with OCR staff on February 25, 2013, and in electronic mail (email) messages sent to OCR staff between February 12 and 26, 2013, OCR determined that your allegations are not appropriate for investigation for the reasons set forth below.

With respect to your allegations, the information you provided indicates that the College held an administrative hearing regarding the disciplinary charges against you on March 8, 2013. The information further indicates that the College found you "responsible" with respect to certain charges, and placed you on disciplinary probation through July 24, 2014. You informed OCR that you are appealing this determination through the College's procedures.

Under OCR's case processing procedures, when the same complaint allegations have been filed with another federal, state or local civil rights enforcement agency, or through a recipient's internal grievance procedures, OCR generally will not proceed with an investigation of those allegations. OCR has determined that the disposition of your appeal of the disciplinary sanction imposed by the College, and any remedies you obtain through disposition of that process, will have a bearing on the disposition of the discrimination and retaliation claims set forth in your OCR complaint. Therefore, OCR has concluded that it would be inappropriate to continue processing your complaint. Accordingly, OCR will take no further action regarding the allegations, and has dismissed your complaint as of the date of this letter.

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*

Page 2 of 2 – Edward Morales

However, you may re-file your complaint with OCR within 60 days of the date of the College's final determination with respect to your appeal of the disciplinary charges against you if you are not satisfied with the outcome of that proceeding.

This letter sets forth OCR's determination in an individual OCR case. This letter is not a formal statement of OCR policy and should not be relied upon, cited, or construed as such. OCR's formal policy statements are approved by a duly authorized OCR official and made available to the public. You may file a private suit in federal court whether or not OCR finds a violation.

You have the right, pursuant to the regulation at 34 C.F.R. § 110.39 implementing the Age Act, to file a civil action for injunctive relief in federal court following the exhaustion of administrative remedies. Administrative remedies are exhausted if: (1) 180 days have elapsed since the complainant filed the complaint with OCR, and OCR has made no finding, or (2) OCR issues any finding in favor of the recipient. A civil action can be brought only in a United States district court for the district in which the recipient is found or transacts business. A complainant prevailing in a civil action has the right to be awarded the costs of the action, including reasonable attorney's fees, but these costs must be demanded in the complaint filed with the court. Before commencing the action, the complainant shall give 30 days notice by registered mail to the Secretary of the Department of Education, the Secretary of the Department of Health and Human Resources, the Attorney General of the United States, and the recipient. The notice shall state the violation of the Age Act, the relief requested, the court in which the action will be brought, and whether or not attorney's fees are demanded in the event the complainant prevails. The complainant may not bring an action if the same alleged violation of the Age Act by the same recipient is the subject of a pending action in any court of the United States.

Please be advised that the College may not harass, coerce, intimidate, or discriminate against any individual because he or she has filed a complaint or participated in the complaint resolution process. If this happens, you may file another complaint alleging such treatment.

Under the Freedom of Information Act, it may be necessary to release this document and related correspondence and records upon request. In the event that OCR receives such a request, we will seek to protect, to the extent provided by law, personally identifiable information, which, if released, could reasonably be expected to constitute an unwarranted invasion of personal privacy.

If you have any questions, please contact James Moser, Compliance Team Attorney, at (646) 428-3792 or james.moser@ed.gov.

Sincerely,

Emily Frangos
Compliance Team Leader

**Exhibit #11**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit #12

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit #13**

3 PAGES