

UNITED STATES DEPARTMENT OF EDUCATION
OFFICE FOR CIVIL RIGHTS
32 OLD SLIP 26TH FLOOR
NEW YORK, NEW YORK 10005

TIMOTHY C. J. BLANCHARD
DIRECTOR
NEW YORK OFFICE

October 12, 2012

Edward Morales
110 N. 3rd Avenue, Apt. 2M
Mt. Vernon, New York 10550

Re:    Case No. 02-12-2192
       State University of New York, Purchase College

Dear Mr. Morales:

On September 5, 2012, the U.S. Department of Education, New York Office for Civil Rights
(OCR) received the above-referenced complaint you filed against the State University of New
York, Purchase College (the College). You alleged that the College discriminated against you on
the basis of your age, and retaliated against you for filing a prior OCR complaint, by: failing to
allow you to reside in its dormitory during the fall 2012 semester (Allegation 1), and requiring
you to pay more to reside in non-traditional housing instead, despite an agreement with the
Office of Disability Services to the contrary (Allegation 2). You also alleged that the College
discriminated against you on the basis of your disability by failing to provide you with an
appropriate housing accommodation for the fall 2012 semester (Allegation 3).

OCR has referred your allegations to the Federal Mediation and Conciliation Service (FMCS) at
the address set forth below:

       Federal Mediation and Conciliation Service
       2100 K Street, NW
       2nd Floor
       Washington, D.C. 20427

OCR has determined that your non-age allegations are not independent and separable from your
age allegations. Therefore, OCR has referred your allegations, in their entirety, to FMCS
pursuant to 34 C.F.R. § 110.32(a) of the Age Discrimination Act, which requires OCR to refer
all complaints alleging discrimination on the basis of age, as well as any related complaints that
are not independent and separable from a complainant's allegation of age discrimination, to
FMCS for resolution. If FMCS does not resolve the complaint within 60 days of the date that
OCR received the complaint, OCR will resume its evaluation of these allegations. The College
has been advised of the referral. A representative of FMCS will contact you to discuss the
mediation of the complaint.

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by
fostering educational excellence and ensuring equal access.*

Page 2 of 3 – Edward Morales

Please be advised of the following information from the Age Discrimination Act regulation that applies to the complainant's age discrimination allegation:

- You may file a civil lawsuit against the College under section 305(e) of the Age Discrimination Act after administrative remedies are exhausted. Administrative remedies are exhausted if: (1) 180 days have passed since you filed the complaint with OCR and OCR has made no findings; or (2) OCR issues a finding in favor of the Institute.

- This civil action can be brought only in a U.S. District Court for the district in which the College is found or transacts business.

- If you prevail in the civil action, you have a right to be awarded costs of the action, including reasonable attorneys' fees, but you must demand these costs in the complaint filed with the court.

- Before commencing the action, you must give 30 days' notice by registered mail to the Attorney General of the United States, the Secretary of Education, the Secretary of Health and Human Services, and the Institute. This notice must state the alleged violation of the Age Discrimination Act, the relief requested, the court in which the action will be brought, and whether or not attorneys' fees are demanded if you prevail.

- You cannot bring the civil action if the same alleged violation of the Age Discrimination Act by the College is the subject of a pending action in any court of the United States.

It is unlawful to harass or intimidate an individual who has filed a complaint or participated in actions to secure protected rights. If this should occur, you may file a separate complaint with OCR alleging such harassment or intimidation.

Under the Freedom of Information Act, 5 U.S.C. § 552, it may be necessary to release this document and related correspondence and records upon request. In the event that OCR receives such a request, it will seek to protect, to the extent provided by law, personally identifiable information that, if released, could constitute an unwarranted invasion of personal privacy.

Page 3 of 3 – Edward Morales

If you have any questions regarding the mediation process, please contact FMCS, at (202) 606-5445.   For questions about OCR's process, please contact Diane Castro, Compliance Team Investigator, at (646) 428-3808 or Diane.Castro@ed.gov; or James Moser, Compliance Team Attorney, at (646) 428-3792 or James.Moser@ed.gov.

Sincerely,

Emily Frangos
Compliance Team Leader

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit #14

1 PAGE



Office of General Counsel

The State University
of New York

State University Plaza
Albany, New York 12246

www.suny.edu

**Tel: 518.320.1400**
**Fax: 518.320.1541**
*wendy.kowalczyk@suny.edu*

August 3, 2012

**14.**

## VIA E-MAIL AND U.S. MAIL

Mr. Edward Morales
Purchase College
735 Anderson Hill Road
Student Box # 0004
Purchase, New York 10577

Dear Mr. Morales:

I am writing to you with respect to the issues you have raised with respect to securing campus housing at Purchase College for the fall semester. As I understand it, you had asked the campus to provide you with the least expensive campus housing option. When you were advised that the least expensive housing option was an apartment triple at a cost of $4,190 per semester, you advised the College that you no longer wanted housing. In subsequent e-mails to the College and others, you expressed your belief that because you are a person with a disability, the college is legally required to provide you with free housing. This belief is misplaced. While there are legal requirements precluding the college from charging a person with a disability for the cost of reasonable academic accommodations, there is nothing in the law which requires the college to provide free housing to persons with disabilities.

I believe the campus will provide you by separate cover with referrals for locating affordable off campus housing. However, you will need to make arrangements to move out of your current campus housing assignment. This residence hall assignment has now expired. While you have directed the campus not to charge your student account for any future housing, you also have indicated that you need remain in the apartment for an additional week in order to find alternate housing. As a result, the College will allow you to remain in housing until August 10th at the current rent of $177.00.

Thank you for your cooperation.

Sincerely,

Wendy L. Kowalczyk
Associate Counsel

cc:   Ernie Palmieri
      Qui Qui Balascio
      John Delate

# Exhibit #15

1 PAGE

# Social Security Administration
# Retirement, Survivors and Disability Insurance
Important Information

Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date:  April 2, 2013
Claim Number:  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HA

013553 1 AB 0.384 0066 LTN T24 PC7 0326

EDWARD ADRIAN MORALES
APT 2M
110 N 3RD AVE
MT VERNON NY 10550-1343

As you requested, beginning April 2013, we will send any Social Security payments to your:

● financial institution, or
● new account at the same financial institution.

If you changed accounts, you should keep the old account open until we send a payment to the new account.  It usually takes us 1 to 2 months to change where we send payments.

Please let us know right away if your address changes so we can send you letters.  Also, let us know if you change the bank account where we send your payments.

## What We Will Pay And When

- You will receive $755.00 for April 2013 around May 3, 2013.

- After that you will receive $755.00 on or about the third of each month.

## If You Have Any Questions

We invite you to visit our website at www.socialsecurity.gov on the Internet to find general information about Social Security.  If you have any specific questions, you may call us toll-free at 1-800-772-1213, or call your local Social Security office at 1-855-210-1026.  We can answer most questions over the phone.  If you are deaf or hard of hearing, you may call our TTY number, 1-800-325-0778.  You can also write or visit any Social Security office.  The office that serves your area is located at:

SOCIAL SECURITY
STREET LEVEL
85 HARRISON ST
NEW ROCHELLE, NY 10801



C

See Next Page

# Exhibit #16

3 pages



**UNITED STATES DEPARTMENT OF EDUCATION**
OFFICE FOR CIVIL RIGHTS
32 OLD SLIP, 26TH FLOOR
NEW YORK, NEW YORK 10005



TIMOTHY C. J. BLANCHARD
DIRECTOR
NEW YORK OFFICE

January 23, 2013

Edward Morales
735 Anderson Hill Road
Purchase, New York 10577

Re:     Case No. 02-12-2158
        State University of New York, Purchase College

Dear Mr. Morales:

This letter is to notify you of the determination made by the U.S. Department of Education, New York Office for Civil Rights (OCR) regarding the above-referenced complaint filed against the State University of New York, Purchase College (the College). You alleged that the College filed a false security report against you and disciplined you for vandalizing a dormitory garden in June 2012, in retaliation for you filing allegations of discrimination on the bases of disability, national origin, sex, and age in Notices of Intention to File Claims (Notices of Claims) against the College in the U.S. District Court for the Southern District of New York and the New York Court of Claims. Hereinafter, you will be referred to as "the complainant."

OCR is responsible for enforcing Section 504 of the Rehabilitation Act of 1973 (Section 504), as amended, 29 U.S.C. § 794, and its implementing regulation at 34 C.F.R. Part 104, which prohibit discrimination on the basis of disability in programs and activities receiving financial assistance from the U.S. Department of Education (the Department). OCR is also responsible for enforcing Title II of the Americans with Disabilities Act of 1990 (the ADA), 42 U.S.C. § 12131 et seq., and its implementing regulation at 28 C.F.R. Part 35. Under the ADA, OCR has jurisdiction over complaints alleging discrimination on the basis of disability that are filed against certain public entities. In addition, OCR is responsible for enforcing Title VI of the Civil Rights Act of 1964 (Title VI), as amended, 42 U.S.C. § 2000d et seq., and its implementing regulation at 34 C.F.R. Part 100, which prohibit discrimination on the basis of race, color or national origin in programs and activities receiving financial assistance from the Department; Title IX of the Education Amendments of 1972 (Title IX), as amended, 20 U.S.C. § 1681 et seq., and its implementing regulation at 34 C.F.R. Part 106, which prohibit discrimination on the basis of sex in programs and activities receiving financial assistance from the Department; and the Age Discrimination Act of 1975 (the Age Discrimination Act), 42 U.S.C. § 6101 et seq., and its implementing regulation at 34 C.F.R. Part 110, which prohibit discrimination on the basis of age in programs and activities receiving financial assistance from the Department. The College is a recipient of financial assistance from the Department and is a public postsecondary education system. Therefore, OCR has jurisdictional authority to investigate this complaint under Section

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*

504, the ADA, Title VI, Title IX and the Age Discrimination Act.

The regulation implementing Section 504, at 34 C.F.R. § 104.61, and the regulation implementing Title IX, at 34 C.F.R. § 106.71, incorporate by reference 34 C.F.R. § 100.7(e) of the regulation implementing Title VI, which provides that:

> No recipient or other person shall intimidate, threaten, coerce or discriminate against any individual for the purpose of interfering with any right or privilege secured by regulations enforced by OCR or because one has made a complaint, testified, assisted or participated in any manner in an investigation, proceeding or hearing held in connection with a complaint.

The regulations implementing the ADA and the Age Discrimination Act contain similar provisions at 28 C.F.R. § 35.134 and 34 C.F.R. § 110.34, respectively.

In analyzing whether retaliation occurred, OCR must first determine: (1) whether the complainant engaged in a protected activity; (2) whether the recipient was aware of the complainant's protected activity; (3) whether the complainant suffered an adverse action contemporaneous with, or subsequent to, the recipient's learning of the complainant's involvement in the protected activity; and (4) whether there is a causal connection between the protected activity and the adverse action from which a retaliatory motivation reasonably may be inferred.   When there is evidence of all four elements, OCR then determines whether the recipient has a legitimate, non-retaliatory reason for the challenged action or whether the reason adduced by the recipient is a pretext to hide its retaliatory motivation.

In its investigation, OCR interviewed the complainant and College staff.   OCR also reviewed documentation that the complainant and the College submitted.   OCR made the following determinations.

The complainant alleged that he engaged in protected activity by filing Notices of Claims against the College in the U.S. District Court for the Southern District of New York and the New York Court of Claims, on or about March 6, 2012, in which he referenced claims of discrimination on the bases of disability, national origin, sex, and age.   OCR reviewed the Notices of Claims and determined that the complainant stated his intention to bring claims against the College pertaining to discrimination based on sex, age and disability.   Accordingly, OCR determined that the complainant engaged in protected activity.

College staff who would have been responsible for handling the College's response to the alleged incidents all denied that they had any knowledge of the complainant's Notices of Claims. OCR found no evidence to indicate that these College staff received, or were otherwise aware of, the Notices of Claims.[1]   Additionally, OCR did not find, and the complainant did not provide, any other evidence that the College staff members had knowledge of the complainant's protected activity.   Therefore, OCR determined that there was insufficient evidence that College staff were

---

[1] OCR determined that the Notices of Claims contain "cc's" to some College staff who were involved in responding to the incidents; however,  the complainant did not provide and OCR did not find any proof of service or mailing for those individuals.

aware of the complainant's protected activity at the time of their alleged retaliatory acts. Nevertheless, for the purposes of this analysis, OCR presumed that College staff members were aware of the complainant's protected activity.

OCR determined that on or about June 16, 2012, a student who served as the coordinator of an on-campus community garden (the Student) discovered that plants in the garden had been uprooted and chopped down. OCR determined that the Student left a note, with her phone number and electronic mail (email) address, advising the person who damaged the plants to call her. OCR further determined that on or about June 17, 2012, in the course of a few hours, the complainant telephoned the Student three times, sent her emails, and sent her four text messages. In these communications, the complainant threatened to sue the Student, and told her "it will be very expensive for [you]; and [you] have no idea how complicated your life will be; come to my apartment immediately to discuss this."

OCR determined that the Student filed a report with the University police on June 17, 2012, concerning the complainant's communications with her. OCR determined that when University police contacted the complainant to obtain his statement, the complainant became agitated and threatened to sue University police. OCR determined that the Student requested that the complainant not be permitted to contact her further, and University police referred the matter to the University's judicial officer on June 18, 2012. OCR determined that on June 18, 2012, the judicial officer issued a "no contact" order (the Order) to both the complainant and the Student, which directed them to refrain from communicating or contacting one another, either in-person or "by any other means (e.g., telephone, letters, records, etc.)."[2] OCR determined that the judicial officer contacted the complainant and the Student on June 18, 2012, provided them with a copy of the Order and explained the terms.

OCR determined that on June 19, 2012, the complainant contacted the Student by copying her on an email to College staff, in which he asserted that the Order violated his constitutional rights.[3] OCR further determined that as a result, the judicial officer drafted disciplinary charges pursuant to section F.3 of the College's Student Affairs Policies, which provide for a minimum sanction of disciplinary probation and a maximum of expulsion for violation of a "no contact" order issued by the College.

OCR determined that on June 27, 2012, the judicial officer held an "initial conference" with the complainant pursuant to its Code of Conduct, at which the complainant contested the College's authority to issue the Order. OCR further determined that a disciplinary hearing took place on July 24, 2012. The complainant acknowledged that he was notified of the hearing, but chose not to appear. OCR determined that at the hearing, after considering documents that the complainant submitted, the hearing panel found the complainant responsible for the charge of violating the Order and imposed a one-year disciplinary probation. OCR determined that a one-year disciplinary probation was among the range of penalties specified for violating a "no contact" order in the College's Code of Conduct, and was consistent with the discipline of other students

---

[2] College staff advised OCR that a "no contact" order is a measure used by the College to defuse and prevent further unwelcome interactions between students in situations of disputes, bullying, harassment, stalking and sexual assaults.

[3] The complainant also went to the community garden on that date, and asked to speak with the Student.

who were found to have committed the same infraction.  OCR also determined that at no time did the complainant dispute that he contacted the Student after the Order was issued.

Based on the foregoing, OCR determined that the complainant was not disciplined for vandalizing the garden, as alleged; nor did OCR find evidence to substantiate that the College filed a false security report against him in June 2012.  Rather, OCR determined that following the Student's filing of a police report regarding the complainant's communications with her, the College had a legitimate, non-retaliatory reason for issuing the Order; namely, the number and content of the complainant's communications with the Student over the course of a few hours on June 17, 2012.  OCR determined that the College also had a legitimate, non-retaliatory reason for disciplining the complainant; namely, the complainant violated the Order.  OCR determined that these proffered reasons were not a pretext for retaliation, because the College's actions were consistent with its disciplinary policies and procedures, and its treatment of other students who engaged in similar conduct who had not engaged in protected activity.

Therefore, OCR determined that there was insufficient evidence to substantiate the complainant's allegation that the College retaliated against him for filing Notices of Claims against the College, by filing a false security report against the complainant and disciplining him for vandalizing a dormitory garden.  Accordingly, OCR will take no further action with respect to the complaint, and has closed it as of the date of this letter.

This letter sets forth OCR's determination in an individual OCR case.  This letter is not a formal statement of OCR policy and should not be relied upon, cited, or construed as such.  OCR's formal policy statements are approved by a duly authorized OCR official and made available to the public.  The complainant may have the right to file a private suit in federal court whether or not OCR finds a violation.

It is unlawful to harass or intimidate an individual who has filed a complaint or participated in actions to secure protected rights.  If this should occur, you may file a separate complaint with OCR alleging such harassment or intimidation.

Under the Freedom of Information Act, 5 U.S.C. § 552, it may be necessary to release this letter and related correspondence and records upon request.  In the event that OCR receives such a request, it will seek to protect, to the extent provided by law, personally identifiable information that, if released, could constitute an unwarranted invasion of personal privacy.

Additionally, the Age Discrimination Act regulation requires OCR to provide you with the following information:

- You may file a civil lawsuit against the College under section 305(e) of the Age Discrimination Act after administrative remedies are exhausted.  Administrative remedies are exhausted if:  (1) 180 days have passed since you filed the complaint with OCR and OCR has made no findings; or (2) OCR issues a finding in favor of the College.

Page 5 of 5 – Edward Morales

- This civil action can be brought only in a U.S. District Court for the district in which the College is found or transacts business.

- If you prevail in the civil action, you have a right to be awarded costs of the action, including reasonable attorney's fees, but you must demand these costs in the complaint filed with the court.

- Before commencing the action, you must give 30 days' notice by registered mail to the Attorney General of the United States, the Secretary of Education, the Secretary of Health and Human Services and the College. This notice must state the alleged violation of the Age Discrimination Act, the relief requested, the court in which the action will be brought, and whether or not attorney's fees are demanded if you prevail.

- You cannot bring the civil action if the same alleged violation of the Age Discrimination Act by the College is the subject of a pending action in any court of the United States.

If you have any questions about OCR's determination, please contact Diane Castro, Compliance Team Investigator, at (646) 428-3808 or diane.castro@ed.gov, or James Moser, Attorney, at (646) 428-3792 or james.moser@ed.gov.

Sincerely,

Emily Frangos
Compliance Team Leader

# Exhibit #17

4 Pages



**UNITED STATES DEPARTMENT OF EDUCATION**
OFFICE FOR CIVIL RIGHTS
32 OLD SLIP, 26TH FLOOR
NEW YORK, NEW YORK 10005



TIMOTHY C. J. BLANCHARD
DIRECTOR
NEW YORK OFFICE

February 6, 2013

Edward Morales
110 N. 3rd Avenue, Apt. 2M
Mount Vernon, New York 10550

Re:    Case No. 02-12-2192
       State University of New York, Purchase College

Dear Mr. Morales:

On September 5, 2012, the U.S. Department of Education, New York Office for Civil Rights (OCR) received the above-referenced complaint you filed against the State University of New York, Purchase College (the College). You alleged that the College discriminated against you on the basis of your age, and retaliated against you for filing a prior complaint with OCR, by: failing to allow you to reside in its dormitory during the fall 2012 semester (Allegation 1); and requiring you to pay more to reside in non-traditional housing instead, despite an agreement with the Office of Disability Services to the contrary (Allegation 2). You also alleged that the College discriminated against you on the basis of your disability by failing to provide you with appropriate housing for the fall 2012 semester (Allegation 3).

By letter, dated October 12, 2012, OCR informed you that it had referred your complaint to the Federal Mediation and Conciliation Service (FMCS) for processing. OCR also advised you that if FMCS did not resolve the complaint within 60 days of the date OCR received the complaint, OCR would resume complaint evaluation activities.[1] FMCS was unable to mediate the matter within 60 days and returned the case to OCR.

Based on information you provided in your complaint, in an interview with OCR staff on September 25, 2012, and in electronic mail messages sent to OCR staff, OCR has determined that Allegation 2 is appropriate for investigation. However, OCR determined that Allegations 1 and 3 are not appropriate for investigation for the reasons set forth below.

---

[1] OCR determined that your non-age allegations were not independent and separable from the age allegations, and referred the entire complaint FMCS pursuant to 34 C.F.R. § 110.32(a) of the Age Discrimination Act, which requires OCR to refer all complaints alleging discrimination on the basis of age, as well as any inter-related complaints alleging discrimination on the bases of race, color, national origin, sex, disability, and/or under the Boy Scouts of America Equal Access Act to FMCS for resolution.

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*

Page 2 of 4 – Edward Morales

With respect to Allegation 1, you alleged that the College discriminated against you based on your age, or in the alternative retaliated against you for filing a prior OCR complaint, by failing to allow you to reside in its dormitory during the fall 2012 semester. With respect to Allegation 3, you alleged that the College discriminated against you on the basis of disability by failing to provide you with appropriate housing for the fall 2012 semester. OCR determined that you previously raised Allegations 1 and 3 in a complaint filed with OCR on July 12, 2012 (Case No. 02-12-2149). By letter, dated August 21, 2012, OCR informed you that it had dismissed the allegations. Pursuant to its case processing procedures, OCR will take no further action with respect to Allegations 1 and 3, and has dismissed them as of the date of this letter.

As stated above, OCR will investigate Allegation 2.

OCR is responsible for enforcing the Age Discrimination Act of 1975 (the Age Discrimination Act), 42 U.S.C. § 6101 et seq., and its implementing regulation at 34 C.F.R. Part 110, which prohibit discrimination on the basis of age in programs and activities receiving financial assistance from the U.S. Department of Education (the Department). The College is a recipient of financial assistance from the Department. Therefore, OCR has jurisdictional authority to investigate this complaint under the Age Discrimination Act.

The regulation implementing the Age Discrimination Act at 34 C.F.R. § 110.34, incorporates by reference 34 C.F.R. § 100.7(e) of the regulation implementing Title VI of the Civil Rights Act of 1964 (Title VI), which provides that:

> No recipient or other person shall intimidate, threaten, coerce or discriminate against any individual for the purpose of interfering with any right or privilege secured by regulations enforced by OCR or because one has made a complaint, testified, assisted or participated in any manner in an investigation, proceeding or hearing held in connection with a complaint.

Because OCR has determined that it has jurisdiction and that Allegation 2 was filed in a timely manner, it is opening the allegation for investigation. Please note that opening Allegation 2 for investigation in no way implies that OCR has made a determination with regard to its merits. During the investigation, OCR is a neutral fact-finder, collecting and analyzing relevant evidence from the complainant, the recipient, and other sources, as appropriate. OCR will ensure that its investigation is legally sufficient and is dispositive of the allegation, in accordance with the provisions of Article III of OCR's Case Processing Manual.

OCR's goal is the prompt and appropriate resolution of the allegations contained in a complaint. OCR offers, when appropriate, an Early Complaint Resolution (ECR) process, similar to mediation, to facilitate the voluntary resolution of complaints by providing an early opportunity for the parties involved to resolve the allegation(s). Some information about the ECR process is contained in the publication entitled, "OCR Complaint Processing Procedures," which was enclosed with OCR's previous letter to you acknowledging your complaint. This information is also on OCR's website at http://www2.ed.gov/about/offices/list/ocr/docs/ocrcpm.html#II.

Page 3 of 4 – Edward Morales

Also, when appropriate, a complaint may be resolved before the conclusion of an investigation after the recipient expresses an interest to OCR to resolve the complaint. In such cases, OCR obtains a resolution agreement signed by the recipient. This agreement must be aligned with the complaint allegations or the information obtained during the investigation, and it must be consistent with applicable regulations. Additional information about this voluntary resolution process may be found in the publication "OCR Complaint Processing Procedures," which was enclosed with OCR's previous letter to you, acknowledging your complaint. This information is also on OCR's website at http://www2.ed.gov/about/offices/list/ocr/docs/ocrcpm.html#III.

Additionally, as you were advised in OCR's letter dated October 12, 2012, the Age Discrimination Act regulation requires OCR to provide you with the following information:

- You may file a civil lawsuit against the College under section 305(e) of the Age Discrimination Act after administrative remedies are exhausted. Administrative remedies are exhausted if: (1) 180 days have passed since you filed the complaint with OCR and OCR has made no findings; or (2) OCR issues a finding in favor of the College.

- This civil action can be brought only in a U.S. District Court for the district in which the College is found or transacts business.

- If you prevail in the civil action, you have a right to be awarded costs of the action, including reasonable attorney's fees, but you must demand these costs in the complaint filed with the court.

- Before commencing the action, you must give 30 days' notice by registered mail to the Attorney General of the United States, the Secretary of Education, the Secretary of Health and Human Services and the College. This notice must state the alleged violation of the Age Discrimination Act, the relief requested, the court in which the action will be brought, and whether or not attorney's fees are demanded if you prevail.

- You cannot bring the civil action if the same alleged violation of the Age Discrimination Act by the College is the subject of a pending action in any court of the United States.

It is unlawful to harass or intimidate an individual who has filed a complaint or participated in actions to secure protected rights. If this should occur, you may file a separate complaint with OCR alleging such harassment or intimidation.

Under the Freedom of Information Act, 5 U.S.C. § 552, it may be necessary to release this document and related correspondence and records upon request. In the event that OCR receives such a request, it will seek to protect, to the extent provided by law, personally identifiable information that, if released, could constitute an unwarranted invasion of personal privacy.

Page 4 of 4 – Edward Morales

OCR will communicate with you periodically regarding the status of Allegation 2.  If you have any questions regarding OCR's determination with respect to Allegations 1 and 3, or are interested in resolving Allegation 1 through OCR's ECR process, please contact Diane Castro, Compliance Team Investigator, at (646) 428-3808 or Diane.Castro@ed.gov; or James Moser, Compliance Team Attorney, at (646) 428-3792 or James.Moser@ed.gov.

Sincerely,

Emily Frangos
Compliance Team Leader

# Exhibit #18

3 PAGES





**UNITED STATES DEPARTMENT OF EDUCATION**
OFFICE FOR CIVIL RIGHTS
32 OLD SLIP, 26TH FLOOR
NEW YORK, NEW YORK 10005

TIMOTHY C. J. BLANCHARD
DIRECTOR
NEW YORK OFFICE



March 13, 2013

Edward Morales
110 N. 3rd Avenue, Apt. 2M
Mt. Vernon, New York  10550

Re:   Case No. 02-13-2074 & 02-13-2086
      State University of New York, Purchase College

Dear Mr. Morales:

On January 22 and February 4, 2013, the U.S. Department of Education, New York Office for Civil Rights (OCR) received the above-referenced complaints you filed against the State University of New York, Purchase College.[1]  You alleged that the College discriminated against you on the basis of your disability, by failing to promptly provide you with on-campus housing as an accommodation during the fall 2012 semester (Allegation 1).  You further alleged that the College discriminated against you on the basis of your age, by giving new students priority with respect to on-campus housing during the fall 2012 semester (Allegation 2).

Based on information you provided in your complaints, in electronic mail messages provided to OCR staff from January 22 to February 27, 2013, and during a telephone conference with OCR staff on February 25, 2013, OCR determined that Allegation 1 is not appropriate for investigation for the reasons set forth below.



With respect to Allegation 1, you alleged that the College discriminated against you on the basis of your disability, by failing to promptly provide you with on-campus housing as an accommodation during the fall 2012 semester.  OCR determined that you previously raised this allegation in a complaint filed with OCR on July 12, 2012 (Case No. 02-12-2149), and in a complaint filed with OCR on September 5, 2012 (Case No. 02-12-2192).  By letters dated August 21, 2012, and February 6, 2012, respectively, OCR informed you that it had dismissed the allegations.  Therefore, pursuant to its case processing procedures, OCR will take no further action with respect to Allegation 1, and has dismissed it as of the date of this letter.

---

[1] During a telephone call with OCR staff on February 25, 2013, you stated that the complaint you filed in OCR Case No. 02-13-2086, on February 4, 2013, is duplicative of the complaint you filed in OCR Case No. 02-13-2074, on January 22, 2013.  You stated that you filed the complaint a second time, because you did not receive confirmation after filing the first complaint.

Page 2 of 3 – Edward Morales

OCR has referred Allegation 2 to the Federal Mediation and Conciliation Service (FMCS) at the address set forth below:

>  Federal Mediation and Conciliation Service
>  2100 K Street, NW
>  2nd Floor
>  Washington, D.C. 20427

OCR has referred Allegation 2 to FMCS pursuant to 34 C.F.R. § 110.32(a) of the Age Discrimination Act, which requires OCR to refer all complaint allegations of discrimination on the basis of age to FMCS for resolution. If FMCS does not resolve the allegation within 60 days of the date that OCR received the complaint, OCR will resume its evaluation of Allegation 2. The College has been advised of the referral. A representative of FMCS will contact you to discuss the mediation of the complaint allegation.

This letter sets forth OCR's determination in an individual OCR case. This letter is not a formal statement of OCR policy and should not be relied upon, cited, or construed as such. OCR's formal policy statements are approved by a duly authorized OCR official and made available to the public.

You have the right, pursuant to the regulation at 34 C.F.R. § 110.39 implementing the Age Act, to file a civil action for injunctive relief in federal court following the exhaustion of administrative remedies. Administrative remedies are exhausted if: (1) 180 days have elapsed since the complainant filed the complaint with OCR, and OCR has made no finding, or (2) OCR issues any finding in favor of the recipient. A civil action can be brought only in a United States district court for the district in which the recipient is found or transacts business. A complainant prevailing in a civil action has the right to be awarded the costs of the action, including reasonable attorney's fees, but these costs must be demanded in the complaint filed with the court. Before commencing the action, the complainant shall give 30 days notice by registered mail to the Secretary of the Department of Education, the Secretary of the Department of Health and Human Resources, the Attorney General of the United States, and the recipient. The notice shall state the violation of the Age Act, the relief requested, the court in which the action will be brought, and whether or not attorney's fees are demanded in the event the complainant prevails. The complainant may not bring an action if the same alleged violation of the Age Act by the same recipient is the subject of a pending action in any court of the United States.

Please be advised that the College may not harass, coerce, intimidate, or discriminate against any individual because he or she has filed a complaint or participated in the complaint resolution process. If this happens, you may file another complaint alleging such treatment.

Under the Freedom of Information Act, it may be necessary to release this document and related correspondence and records upon request. In the event that OCR receives such a request, we will seek to protect, to the extent provided by law, personally identifiable information, which, if released, could reasonably be expected to constitute an unwarranted invasion of personal privacy.

Page 3 of 3 – Edward Morales

If you have any questions regarding the mediation process, please contact FMCS, at (202) 606-5445.   For questions about OCR's process, please contact James Moser, Compliance Team Attorney, at (646) 428-3792 or James.Moser@ed.gov.

Sincerely,

Emily Frangos
Compliance Team Leader

**Exhibit #19**

1 PAGE



**UNITED STATES DEPARTMENT OF EDUCATION**
OFFICE FOR CIVIL RIGHTS
32 OLD SLIP, 26TH FLOOR
NEW YORK, NEW YORK 10005

TIMOTHY C. J. BLANCHARD
DIRECTOR
NEW YORK OFFICE

March 13, 2013

Mr. Edwardo Morales
SUNY Purchase College
735 Anderson Hill Road
Box #0004
Purchase, New York 10577

Re:     Case No. 02-13-2122
        SUNY College at Purchase

Dear Mr. Morales:

On March 12, 2013, the U. S. Department of Education, New York Office for Civil Rights (OCR) received your correspondence(s).  It has been assigned case number 02-13-2122.

Please read the enclosed document entitled "OCR Complaint Processing Procedures." Additional information about OCR and the laws we enforce are available on our website at http://www.ed.gov/ocr.

We have also enclosed a Consent Form.  Please sign and date this Consent Form and return it to us as soon as possible.  If we do not receive the signed Consent Form within 20 calendar days of the date of this letter, we may close your complaint.

OCR is committed to providing prompt and effective service.  If you need to communicate with OCR regarding your complaint before you are contacted directly, please contact the office at (646) 428-3800, by fax at 646-428-3843 or by email at OCR.NewYork@ed.gov.

Very truly yours,

Diane S. Diggs

Encl.

**Exhibit #20**

3 PAGES

Fx. (914) 251-6515
www.purchase.edu/ce

-----Original Message-----
From: MORALES, EDWARD
Sent: Monday, March 04, 2013 12:35 PM
To: Ceng, Kathleen
Subject: FW: Administrative Hearing Notice - Morales, Edward
Importance: High
Sensitivity: Confidential

Kath.

Here is the new hearing schedule for the 8th. I also need to see you about UB Law, is to day
OK?

Ed.

Edwardo Morales
SUNY Purchase College
735 Anderson Hill Rd
Box #0004
Purchase, NY 10577
(914)751-4388
_____
From: Jones, Melissa
Sent: Monday, March 04, 2013 12:01 PM
To: MORALES, EDWARD
Subject: Administrative Hearing Notice - Morales, Edward

[cid:image001.png@01CE18CF.F33D2290]
Office of the Vice President for Student Affairs

Purchase College
State University of New York
735 Anderson Road
Purchase, NY 10577-1400
tel      914 251 6030
fax      914 251 6034


March 4, 2013

Edward Morales
CID #: 1100-624-434
K012A

Dear Edward:

An Administrative Hearing is re-scheduled for Friday, March 8, 2013 at 2:00 pm in the Student
Affairs Conference Room (Student Services Building Third Floor Room 322).  The charges for
which the hearing is being convened are outlined in the enclosed Specification of Charges for
Disciplinary Action form.

At the time of the hearing, you will have the opportunity to hear all of the information
against you and have the right to question those filing reports or giving oral statements.  You
also have the right to present information and witnesses on your own behalf.  Any materials
that are supportive to your case, including a personal statement, a list of witnesses who will
attend the hearing on your behalf or statements from witnesses not able to attend should be
submitted to me prior to the hearing.  You also have the right to be assisted by a member of
the College community.

The hearing will be conducted in accordance with College policy as outlined in the publication
College Policy for Students which is available online at
http://www.purchase.edu/departments/StudentAffairs/policies/communitystandards.aspxI urge you
to read it carefully in preparation for the hearing.  Additional clarification or assistance is
available from any Residence Life Professional staff member or the Office of the Associate
Provost for Integrative Learning/Vice President for Student Affairs.  Should you fail to attend
the Hearing, it will be conducted in your absence.  The assumption will be made that you are
waiving your right to a hearing and appropriate administrative action will be taken.

3/8/13

RE: Administrative Hearing Notice - Morales Edward - Outlook Web Access Light

Please feel free to contact me if you have any questions regarding this information.

Sincerely,

Melissa Jones
Conduct Officer
[cid:image002.png@01CE18CF.F33D2290]
Office of the Vice President for Student Affairs

Purchase College
State University of New York

735 Anderson Road
Purchase, NY 10577-1400
tel    914 251 6030
fax   914 251 6034

SPECIFICATION OF CHARGES FOR DISCIPLINARY ACTION

TO:          Edward Morales
CID #: 1100-624-434
K012A

FROM:          Melissa Jones, Director for Community Standards

DATE:          February 11, 2013

The Division of Student Affairs has received information that you were allegedly involved in a
violation reported on February 7, 2013 when Community Standards received a report regarding an
incident inside K1-2 and on February 9, 2013 when University Police reported an incident
involving a fire alarm. As a result you are being charged with violating College Regulations
specifically:

ITEM           CODE#          DESCRIPTION/*RANGE OF SANCTIONS
Charges related to February 7, 2013:

1.                                      D.3                    Damages, defaces, destroys,
or tampers with property owned by

the college or in the possession of another person.

Minimum: Reprimand          Maximum: Expulsion

2.                                      F.6                    Fails to respect the
ongoing legitimate functions of classes,

meetings, office procedures, study, sleep, or any authorized College activity.

Minimum: Reprimand          Maximum: Suspension

Charges related to February 9, 2013:

1.                                      C.3                    Threatens, harasses, or
intimidates any person, and/or uses words

which reasonably tend to incite an immediate, violent reaction and are specifically directed
toward another individual (See also the College's Affirmative Action and Sexual Harassment
policies).

Minimum: Disciplinary Probation          Maximum: Expulsion

2.                                      C.6                    Engages in any behavior
against a person which significantly

interrupts or prevents that person from carrying out duties and responsibilities associated
with his/her role as faculty, staff, or student at the College.

Minimum: Reprimand          Maximum: Disciplinary Probation

3.                                      E.5                    Refuses to vacate buildings
when any fire emergency warning

system is activated

system is described.

Minimum: Residence Probation          Maximum: Suspension


3.                                    F.1                Fails to respond to a
reasonable request of College officials who
are acting within their authority. College officials include faculty, staff, administrators,
and students who are carrying out assigned work responsibilities.

Minimum: Reprimand          Maximum: Disciplinary Probation


*More severe sanctions may result for repeated, aggravated or multiple violations.


These charges will be discussed at an Initial Conference conducted by me on Wednesday, February 13, 2013 in my office, Student Services Building (3rd floor) room 317 at 12:30 pm.  If you have a conflict and need to reschedule, you may request to do so by contacting me at (914) 251-6033.   The office is open 9:00 am - 5:00 pm.  You must leave a message if I am not available. Copies of the Incident Report(s) will be available at the Initial Conference.  You can access the Community Standards of Conduct online at http://www.purchase.edu/departments/StudentAffairs/policies/communitystandards.aspx


The purpose of this conference is to hear your side of the story about the incident and/or police report(s) that we have received.  For specific information on what to expect at your Initial Conference, please access this link https://www.purchase.edu/Departments/StudentAffairs/Policies/process/notificationofcharges.aspx

If you would like to speak with the Ombudsman, you can reach Paul Nicholson at paul.nicholson@purchase.edu<mailto:paul.nicholson@purchase.edu> or x6522. For more information concerning the Ombuds Office, please visit the following link: http://www.purchase.edu/Departments/Ombuds/default.aspx.


If you fail to appear at the above stated time and place or make alternate arrangements, all matters described will be considered true and you will waive your right to a hearing. Appropriate action will then be taken by the College.  If you have any questions or concerns regarding this information you should contact my office for assistance.

cc:        Student File

Connected to Microsoft Exchange