hearing). It is unclear as to what the charges are, and/or what the theory behind the application of this policy is and what it may be. However, it is clear that the excessive amount accusations of violations clearly suggest a forceful (convey by others) and intentional avenue to cause harm to Plaintiff, by way of misapplying the Defendant Purchase college's code of conduct. This misconduct was only and excessively applied by Defendant[s]--particularly Ms. Jones—in retaliation for all OCR's complaints Plaintiffs had filed against all some of the Defendants. These OCR's complaints were all handled by SUNY Assistant consul, and Defendant, Mrs. Wendy Cornwallis and her Supervisor, Defendant, Mr. William Howard. Furthermore, the main retaliatory action issued  by Defendant Mrs. Melissa Jones may had be related to a Plaintiff's complaint filed the day before with the Provost office, with Ms. Carrie Bianchi, concerning the misconduct of the transportation and parking dept. Mrs Donna Salter, (complaint filed with

(18) Plaintiff communicated to SUNY Attorney and Defendant, Mrs. Wendy

Kowalczyk of the Plaintiff  inability to attend the misconduct hearing, since Plaintiff current duties with the Mt. Vernon Police District Attorney office for that week (see exhibit #24), which had have the possibility of Plaintiff's requirement for  testimony--at any time during that week. This was attributed to Plaintiff's special duties (not be disclosed) with this department.

(20) On or about the same week, Plaintiff notified the Defendants, Mr. Ernie Palmieri, and Melisa Jones and of the intention to attend the proceedings with explicit notice that Plaintiff will not waive his constitutional rights.

(21) On or about the same time as (20), Plaintiff notified Defendants, Mr. Ernie

Palmieri and Ms. Melisa Jones, and SUNY Attorney, and Defendant, Wendy Kowalczyk that Defendant Ms. Melissa Jones was in conflict of interest. This conflict was due to her involvement on prior civil right violations against Plaintiff, and also constructed by the implication  of a possible law-suit (this) as Defendant, since she was named in two separate 30 days notices of intention of legal actions pursuant to 42 U.S.C. § 6104(e)(1). For this reason alone, Plaintiff and the Affirmative Action officer at the time-today working for CUNY—believed this an any other hearing and its result[s], may had been stages, bias and retaliatory on their nature.

(22) Plaintiff notified the school official Mr. Richard Nassisi—also named as Defendant on two prior SUNY Attorney, and Defendant, Wendy Kowalczyk, that Mr. Richard Narssisi's son *may had been suspected of being implicated* on an; invasion of privacy against Plaintiff [see cause of action #4], was in conflict of interest; hence, this person--Defendant Mr. Richard Narssisi's son -- by being part of the hearing board that will desire the Plaintiff case and/or sanctions for said disciplinary actions. Please led the record note.... so far at the time two implicated and/or related school officials in 30 days notices of intention of legal actions pursuant to 42 U.S.C. § 6104(e)(1) forming part of a panel that ultimately led/leas to this law suit and all permanent, concurrent and possible unforeseen damages addressed or not yet addressed herein this document. It is important to emphasize the implied—for the moment—implication of SUNY legal consuls, Attorneys and Defendants, Defendants, Wendy Kowalczyk and Mr. William Howard, to whom both were notified of this and many other arbitrary, discriminatory application of unconstitutional Purchase college policies and codes of conducts.

(23) Obvious the hearing went against Plaintiff, and his probation was extended for an extra year. All of this proceeding lasted more than 10 hrs. Clearly retaliatory actions.

(24) On the day of the hearing, Plaintiff spoke to his accuser Mr. DaRosa (one phrase) in the hearing; for this reason Defendant, Ms. Melissa Jones filed another violation of **"no contact order"**, and set of other charges that were included the same day of the new hearing. Another misused of school policy and civil right violation the First Amendment to the US Constitution. Please note that, respectfully, and in consideration to Mr. DaRosa sexual orientation....Mr. DaRosa, at the time of his complaint with Defendant Purchase College (see above on this cause of action), was on probation for drug use. This was enough motive for Mr. DaRosa to initiate a fictional complaint since it is common for students to do this first, to avoid being accused later. This student behavior is most common in drug and/or sexually motivated complaints. Furthermore, the direct and indirect retaliatory actions of perpetrated by defendants was vicious and without precedent.

## Cause of Action # 11

**For Defendants; The State of New York; SUNY Purchase College;**

**State University of New York SUNY;**

*Plaintiff incorporates as he restates each of the above paragraphs as fully applicable and sets forth herein...*

(1)This cause of action refers to Defendants'--named above--illegal and/or unconstitutional actions, policies, and/or intentionally misapplication of such policies, and/or as/by way of retaliatory actions, including--but not limited to—other Defendants John Does employees—or not. Plaintiff, hereby moves to enforce, and request the court to apply the enforcement of

**NULL**

## Cause of Action # 12

**For Defendants;SUNY Purchase College; The State of New York; State University of New York SUNY; William Howard; Danielle DaGosto; Wendy Kowalczyk; Purchase College University Police; The Town of Harrison; Ernie Palmeiri.**

*Plaintiff incorporates as he restates each of the above paragraphs as fully applicable and sets forth herein...*

(1)  This cause of action refers to Defendants'--named above--illegal and unconstitutional actions, policies, and/or intentionally misapplication of such policies, and/or [as/by] way of retaliatory actions, including--but not limited to—other Defendants' John Does employees. Whereas in direct action, and in compliance with all Defendants, herein named above. Defendants, The Town of Harrison, Mrs. Danielle DaGosto, and Purchase College University Police intentionally and in premeditation conspired to deprive Plaintiff of his liberty. Furthermore, to violate Plaintiff civil rights as Plaintiff herein further states...  Hence, Plaintiff hereby moves to enforce, and request court to apply all of its power to remove the unconstitutional case: *People of New York State vs. Edward Morales,* case #_____. from defendant's jurisdiction the Town of Harrison. Furthermore, to try said unconstitutional State case and  to assure Plaintiff a chance to stop the retaliatory persecution from The State herein a Defendant. Furthermore, this said *People of New York State vs. Edward Morales,* case in direct relation to this and all prior claims herein pending.  In addition, Plaintiff herein request this court for further enforcement, Plaintiff 's constitutional protection under the—but limited to—the First Amendment to the US Constitution Freedom of expression speech, which as apply to Plaintiff's complaint...in brief is defined as;

56/106

*"the political right to communicate one's opinions and ideas using one's body and property (email account) to anyone who is willing to receive them."* However, the First Amendment is subject to limitations, as with libel, slander, obscenity, offensive, and fighting words, and others not to be applicable or irrelevant to this cause of action.  Furthermore, these facts staging this cause of action are in violation of the Fourth Amendment to the US Constitution, as applicable to Plaintiff, states:

> *"the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall be issued; but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." by the "equal protection clause" and the "due process clause"....*

of the 14th Amendments to the US Constitution. Furthermore, the Fifth Amendment to the US Constitution protects Plaintiff against abuse of government authority in a legal procedure, states...

> *"no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury,"* furthermore, *"nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."*

The over-board and over-breath statues such as the P.L "Aggravated Harassment" under the  PL§ 240.30(1)(a), certainly is in violation of the First, fourth, and 14th Amendments to the US Constitution as apply to Defendant (Plaintiff herein) has been charged by the Peoples' of the State of New York. The NYS "aggravated harassment" P.L. § 240.30(1)(a) reads;

*"A person is guilty of aggravated harassment in the second degree when, with intent to harass, **annoy,** threaten, or alarm, he or she: Communicates with a person, anonymously or otherwise, by telephone, or by telegraph, mail, or any other form of written communication, in a manner likely to cause annoyance or alarm."*

State and Federal courts at nearly every level of our legal system have held that this provision cannot apply where the defendant's written comments do not pose a **"clear and present danger"** to the imminent risk of harm, impinge upon substantial privacy interests or constitute **"fighting words"** as defined by the U.S. Supreme Court.

(1A) Please note that statements and or words used at the so called "Aggravated Harassment" under the PL§ 240.30(1)(a) charged by university police were by no mean in content a ""**clear and present danger"** as describe above on #1; Plaintiff never on the close to three years as student at Purchase college was involved in any type misconduct related to any violent incident; hence, there was no suspicion of any violent wrong doing was being premeditated by Plaintiff. Furthermore the words used by Plaintiff were of none-threatening origin, since Plaintiff was textually referring not to his by saying; "what if some crazy" "which I am not" (a negated statement not a clear statement that someone in particular would cause harm). The US Supreme court has stated that the

**"clear and present danger";** implying that both the clear.. words I will, I could, I may etc. must be evident to **"clear" statement** of possible harm; furthermore, the term **"present",** cannot be implied since Plaintiff was in school residing in campus at Binghamton University,250 miles from Purchase college, and ironically placed at this school by the accuser of the "Aggravated Harassment" under the NYS PL§ 240.30(1)(a). Plaintiff's statements were clearly protected by the 1st Amendment to the

US Constitution, and case law such as *Texas v. Johnson,* **491 US 397, 414 (1989). *Chaplinsky v. New Hampshire,* 315 US 568, 571-572 (1942),** Or NYS case law;*People v. DuPont,* **107 A.D.2d 247, 255-56 (1st Dept. 1985).** See also, *People v. Berlin,* **21 Misc. 3d 338, 340-41, 863 N.Y.S.2d 362 (Crim. Ct. Kings Co. 2008); *People v. Mangano,* 100 N.Y.2d 569, 764 N.Y.S.2d 379 (2003), and as NYS Court of Appeals reiterated in P**eople v. Dietze, **75 N.Y.2d 47 (1989),**

**(2)** Defendant's arrest violates the First Amendment to the State and Federal Constitutions. The First Amendment forbids the silencing of speech merely because it is objectionable or offensive to the listener. Texas v. Johnson, 491 US 397, 414 (1989). Only "well-defined and narrowly limited classes …. Include[ING] the lewd and obscene, the profane, the libelous, and the insulting or fighting words …. Which, by their very utterance inflict injury or tend to incite an immediate breach of the peace" may properly be proscribed. *Chaplinsky v. New Hampshire,* 315 US 568, 571-572 (1942).

**Facts….**

(3) On or about July 10th Defendants, Defendant Danielle DaGosto, and directed by SUNY Defendants officials and/or other Joe Does; arbitrarily and as way of retaliating against Plaintiff accused Plaintiff, of the crime of "his liberty by had been illegally arrested. This action to believe to be a maneuver from the part of the Defendant[s] to jail the Plaintiff, thus impair Plaintiff to continue his quest for justice in this court. Plaintiff is herein requesting the US dept. of Justice intervention to assess possible criminal wrongdoing from the part of Defendant[s].

(4) Prior related events: Defendant Danielle DaGosto was academic and personal (for private issues, out-side academics) adviser and co-adviser of Plaintiff almost since Plaintiff was back to school at Defendant Purchase College, on the summer of 2011.

(5) Defendant Danielle DaGosto and Plaintiff had a more than good professional relation to the point of *almost* to both have a friendship. This changed for the Plaintiff, when Defendant Danielle Da-Gosto, fail to abide by a court order, a subpoena properly signed by this court's clerk, for appearance to testify or be precedent at Judge Ramos' Injunction hearing held on April 24th, 2013. Mrs, DaGosto's appearance was friendly accorded with Plaintiff then adviser Mrs. Kathleen Ceng and Plaintiff; Mrs. Ceng served the subpoena onto Defendant Mrs. DaGosto.

(6) On April 24th, 2013--the day of the hearing--Mrs. DaGosto was directed by Defendant Wendy Kowalczyk, her supervisor and Defendant Mr. William Howard, and the The State of New York attorneys not to appear in court for the Injunction for relief hearing, in US Federa (Please note that the presence of Defendant Mrs. DaGosto and Mrs. Kathleen Ceng were imperative for Plaintiff's accurate argument of possible academic harm and possible financial hardship; in addition to provide accurate information related to Plaintiff schedule complication of his degree, which was schedule for the next month..May or June of 2013. Hence, entering law school on September 2013 was feasible).

(6a) The State at the Injunction hearing of April 24th, 2013...further stated that Plaintiff did not offered to pay for Mrs. DaGosto and Mrs. Ceng's expenses to appear in court. Furthermore, the State presented false and misleading statement sworn and signed by Defendant Sheryl Secor and Wendy Kowalczyk. However, including Defendant, Melissa Jones were at the hearing, in support of the State of New York. As a result, at the said hearing, Plaintiff could not convince or demonstrate to the court of Judge Ramos, that permanent academic harm was imminent, as demonstrated herein on the introduction of this document.

(7) On or about a week after the injunction hearing of the 24th Of April, 2013, Defendant Danielle DaGosto contact Plaintiff to offer him to help in continuing Plaintiff's education for the purpose to

have Plaintiff's in time (September 2013) for him to graduate and attend law school of his choice; this action is indicative of Purchase College official and on the record statements that Plaintiff's graduation was possible in time to attend law school in Sept. 2013. Hence, without the assistance of Mrs. DaGosto, permanent damages were imminent; it imperative to note that Defendants Mrs. Dagosto's actions of helping Plaintiff to graduate herein, were supervise by Defendant Wendy Kowalczyk (assistant consul for SUNY), in contradiction of her sworn statement presented in support of having Plaintiff's suspension upheld. This statement in term was of paramount importance to cause Plaintiff's irrefutable damages herein eloquently described..

(8) Plaintiff and Defendant Mrs. DaGosto, continue having normal communication

concerning his registration to attend SUNY Binghamton University. Mrs. DaGosto accomplished that by not disclosing to Binghamton University status of suspension. It was not known to Plaintiff at the time of such violation of Binghamton University police of admission. This action also clearly suggest the guilt of Purchase College staff to have had Plaintiff suspended, and ironically placed in world-wide famous school as Binghamton University is.

(9) several unconformable, but within the legal scope of the law emails were exchanged between Plaintiff and Mrs. DaGosto—including the so called "aggravating harassment" statement here attached. It was not until weeks later, and several emails, exchanged, after the "aggravating harassment" statement,. That Plaintiff warned Mrs.

DaGosto that he was going to expose all her illegal action and her department s' by subpoena to testify her staff and former students employed by Defendant DaGosto. Furthermore, Plaintiff terminated in writing any contact with Defendant Mrs. DaGosto, by sending her an email stating that no more email should exchange between them. About two weeks after....

61/106

(10) Plaintiff on or about July 12th, 2013, was detained and arrested at Binghamton University (250 miles from Defendants Purchase College and University Police place of business) by Defendant Purchase college University Polices. This arrest is direct relation to all issues herein this amended complaint and all prior complaints filed against all Defendants' retaliatory actions.

(11) Plaintiff herein is contesting the legality of the unconstitutional NYS law, "Aggravated Harassment" under the PL§ 240.30(1)(a), and/or the application of such unconstitutional NYS penal law to Plaintiff. Hence, Plaintiff hereby respectfully, request this court to apply its jurisdiction on the matter and further to dismiss the "Aggravated Harassment" under the PL§ 240.30(1)(a), unconstitutionally and in criminally put upon Plaintiff. (See exhibit # 4…"Aggravated Harassment" statement).

(12) Furthermore, as a result of this cause of action Plaintiff suffered (as a whole or in part) the termination of his visiting status at Binghamton University (BU); thus, causing a permanent and or concurrent harm.

(13) Furthermore as a result of this cause of action Plaintiff suffered (is a whole or in part) the termination and or suspension of his matriculated status at SUNY Purchase College, thus, causing a permanent and or concurrent harrezment.

## Legal Theory

### Cause of Action #1; Defendant LSAC

**To all applies equally or unequally to all Defendants in this cause of action.**

**Federal and/or Constitutional;**

   (1) As apply, titles III and V of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 et seq. and 12203,

   (2)In violation of 42 U.S.C. § 12189and 28 C.F.R. § 36.309(b)(1)(i);in violation of 42 U.S.C. §§ 12189 and 28 C.F.R. §§ 36.309(b)(1)(iv);

   (3) In violation of 42 U.S.C. §§ 12189 and 28 C.F.R. §§ 36.309(b)(1)(v); title 5 U.S.C. § 552a., The Federal Age Discrimination Act of 1975,

   (4) Titles 42 U.S.C. § 6101 et seq.;  34 C.F.R. Part 110., 45 C.F.R. Part 90.1.,and 45 CFR Part 617, and it implementing regulations (45 CFR Part 90),

   (5) Title VII of the Civil Rights Act of 1964. Title VII prohibits discrimination based on gender under, 42 U.S.C. § 2000e-2(a)(1) (2000).

   (6) title IX of the Education Amendments of 1972 prohibits age, gender discrimination in education and in higher educational programs and in activities receiving federal funds. See, 20 U.S.C. §§ 1681-1688 (2000),

   (7) The 1st "Freedom of Speech clause"; 14th "Due Process clause" and  "Equal Protection clause" Amendments to the US Constitution.

63/106

(8) violation of the Family Educational Rights and Privacy Act (FERPA). The Federal Education Records and Privacy Act (FERPA), as known by the "Buckley Amendment,".......itemize

(9) Federal Privacy Act of 1974, and state implementations, the Freedom of Information Act., and state open records laws.

(10) The FERPA, FOIA and Privacy Acts; storage and/or the method of transmission.

(11) Also in violation of  42 U.S.C. Â§ 12189 and  28 C.F.R. Â§ 36.309(b)(1)(vi);

in addition to provide required modifications or appropriate auxiliary aids and services, in violation of 42 U.S.C. Â§ 12189 and 28 C.F.R. Â§Â§ 36.309(b)(2)-(3);

(6) Utilizing standards or criteria or methods of administration, directly or through contractual or other arrangements, in violation of 42 U.S.C. Â§ 12182(b)(1)(D) and 28 C.F.R. Â§ 36.20.

(12) As a result of LSAC's unlawful policies or practices, applicants with disabilities have incurred and will incur permanent financial losses, including, but not limited to the experience of pain and suffering, emotional distress, anxiety, frustration, humiliation, stigmatization, loss of dignity and self-esteem, and lost opportunity.  Such -lost opportunity includes, but is not limited to, chances for scholarship money/financial aid, permanent career opportunities that are available via admission to and graduation from higher-ranking law schools, and {permanent] delayed entry into a legal career of his choice. Please note that Plaintiff is the FIRST immigrant of his family. Thus, attending law school was not Plaintiff's dream but the example of many future generations to come; after all most-just the FIRST INMIGRANT of each immigrant family in America is/are always remember

**Legal Theory Cause of Action #2**

**For Defendants: SUNY Purchase College; The State of New York;  State University of New York**

**SUNY; Lois Wald & John Doe;**

**Wendy Kowalczyk; Qui-Qui Balascio; Thomas Schwarz.**

*Plaintiff incorporates as he restates each of the above paragraphs not included herein, as fully ap-*

*plicable and sets forth and as applies equally or unequally to all Defendants in this cause of action....*

Federal and/or Constitutional,

(1)As apply, titles III and V of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 et

seq. and 12203,

(2)In violation of 42 U.S.C. § 12189and 28 C.F.R. § 36.309(b)(1)(i);in violation of 42 U.S.C. §

12189 and 28 C.F.R. § 36.309(b)(1)(iv);

(3) In violation of 42 U.S.C. § 12189 and 28 C.F.R. § 36.309(b)(1)(v); title 5 U.S.C. § 552a.,

The Federal Age Discrimination Act of 1975,

(4)titles 42 U.S.C. § 6101 et seq.;  34 C.F.R. Part 110., 45 C.F.R. Part 90.1.,and 45 CFR Part

617, and it implementing regulations (45 CFR Part 90),

(5)title VII of the Civil Rights Act of 1964. Title VII prohibits discrimination based on gender

under, 42 U.S.C. § 2000e-2(a)(1) (2000).

(6) title IX of the Education Amendments of 1972 prohibits age, gender discrimination in education and in higher educational programs and in activities receiving federal funds. See, 20 U.S.C. §§ 1681-1688 (2000),

(7) the 1st "Freedom of Speech clause"; 14th "Due Process clause" and "Equal Protection clause" Amendments to the US Constitution.

(8)violation of the Family Educational Rights and Privacy Act (FERPA). The Federal Education Records and Privacy Act (FERPA), as known by the "Buckley Amendment,".......itemize

(9) Federal Privacy Act of 1974, (5 U.S.C.552a), and state implementations, the Freedom of Information Act., and state open records laws.

(10)The FERPA, FOIA (5 U.S.C. 552), and Privacy Acts; storage and/or the method of transmission. Freedom of Information.

(10a) Privacy Laws and Regulations Health Insurance Portability and the

Accountability Act– HIPAA Privacy Rule (45 CFR Parts 160 and 164).

(11) Also in violation of 42 U.S.C. § 12189 and  28 C.F.R. § 36.309(b)(1)(vi);

in addition to provide required modifications or appropriate auxiliary aids and services, in violation of 42 U.S.C. § 12189 and 28 C.F.R. §§ 36.309(b)(2)-(3);

(12) As a result, all Defendants' unlawful policies or practices, applicants with disabilities have incurred and will incur permanent financial losses, including, but not limited to the experience of pain and suffering, emotional distress, anxiety, frustration, humiliation, stigmatization, loss of dignity and

self-esteem, and lost opportunity.  Such lost opportunity includes, but is not limited to, chances for scholarship money/financial aid, permanent career opportunities that are available via admission to and graduation from higher-ranking law schools, and {permanent] delayed entry into a legal career of his choice. Please note that Plaintiff is the FIRST immigrant of his family. Thus, attending law school was not Plaintiff's dream but the example of many future generations to come; after all most just the FIRST INMIGRANT of each immigrant family in America is/are always remembered.

(6) Utilizing standards or criteria or methods of administration, directly or through contractual or other arrangements, in violation of 42 U.S.C. § 12182(b)(1)(D) and 28 C.F.R. § 36.20.

## Legal Theory Cause of Action #3

**For Defendants: SUNY Purchase College; The State of New York:  State University of New York**

**SUNY; Walter Butler; Purchase College University Police;**

### Wendy Kowalczyk; Thomas Schwarz

*Plaintiff incorporates as he restates each of the above paragraphs not included herein, as fully applicable and sets forth and as applies equally or unequally to all* Defendants in this cause of action....

Federal and/or Constitutional;

(1) **All Defendants in this cause of action have conspired to systematical conduct and execute to either, unconstitutional policies or the application of such policies by violating Plaintiff's civil rights as:**

(1a) The Federal Age Discrimination Act of 1975, titles 42 U.S.C. § 6101 et seq.; 34 C.F.R. Part 110., 45 C.F.R. Part 90.1.,and 45 CFR Part 617 and it implementing regulations (45 CFR Part 90) as  applies to public and private institutions that receive federal funds.

(2) title VII of the Civil Rights Act of 1964. Title VII prohibits discrimination based on gender and protects both women and men. 42 U.S.C. § 2000e-2(a)(1) (2000).

(3)Title IX of the Education Amendments of 1972 prohibits gender discrimination in education and in higher educational programs and in activities receiving federal funds. 20 U.S.C. §§ 1681-1688 (2000) and by several federal laws and statutes.

(4)The 1st "Freedom of Speech clause"; 14th "Due Process clause" and "Equal Protection clause" Amendment to the US Constitution.

(5) Universal Declaration of Human Rights General Assembly res. 217A (III), 10 December 1948, which states: the right to education is a fundamental human right. Every individual, irrespective of race, gender, nationality, ethnic or social origin, religion or political preference, age or disability, is entitled to at least—but not limited to-- a free elementary education. This right is explicitly stated in the United Nations' Universal Declaration of Human Rights (UDHR), adopted in 1948.

(6) As a result all Defendants' unlawful policies or practices, applicants with disabilities have incurred and will incur permanent financial losses, including, but not limited to the experience of pain and suffering, emotional distress, anxiety, frustration, humiliation, stigmatization, loss of dignity and self-esteem, and lost opportunity.  Such lost opportunity includes, but is not limited to, chances for scholarship money/financial aid, permanent career opportunities that are available via admission to and graduation from higher-ranking law schools, and {permanent] delayed entry into a legal career of his choice. Please note that Plaintiff is the FIRST immigrant of his family. Thus, attending law school was not Plaintiff's dream but the example of many future generations to come; after all most just the FIRST INMIGRANT of each immigrant family in America is/are always remembered.

<u>**Legal Theory Cause of Action #4**</u>

**For Defendants; SUNY Purchase College; The State of New York; State University of New York**

**SUNY; Richard Nassisi; Marc Burdzinski and Louis Yelin;**

**Ricardo Espinales; William(Bill) Baskin**

*Plaintiff incorporates as he restates each of the above paragraphs not included herein, as fully applicable and sets forth and as applies equally or unequally to all Defendants in this cause of action....*

<u>Federal and/or Constitutional;</u>

(1) **All Defendants in this cause of action have conspired to systematical conduct and execute of either, unconstitutional policies or the application of such by violating Plaintiff's civil rights as:**

(2) The Federal Age Discrimination Act of 1975, titles 42 U.S.C. § 6101 et seq.; 34 C.F.R. Part 110., 45 C.F.R. Part 90.1.,and 45 CFR Part 617 and it implementing regulations (45 CFR Part 90) as applies to public and private institutions that receive federal funds, e.g. SUNY Purchase College, and has been interpreted to apply to admissions policies of post-secondary institutions.

(2a) title VII of the Civil Rights Act of 1964. Title VII prohibits discrimination based on gender and protects both women and men. 42 U.S.C. § 2000e-2(a)(1) (2000).

(3)Title IX of the Education Amendments of 1972 prohibits gender discrimination in education and in higher educational programs and in activities receiving federal funds. 20 U.S.C. §§ 1681-1688 (2000) and by several federal laws and statutes.

70/106

(4)The First,"Freedom of Speech clause"; 14th "Due Process clause" and "Equal Protection clause" Amendments to the US Constitution.

(5) Universal Declaration of Human Rights General Assembly res. 217A (III), 10 December 1948, which states: the right to education is a fundamental human right. Every individual, irrespective of race, gender, nationality, ethnic or social origin, religion or political preference, age or disability, is entitled to at least—but not limited to-- a free elementary education. This right is explicitly stated in the United Nations' Universal Declaration of Human Rights (UDHR), adopted in 1948. As apply, titles III and V of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 et seq. and 12203,

(6) In violation of 42 U.S.C. § 12189and 28 C.F.R. § 36.309(b)(1)(i);in violation of 42 U.S.C. § 12189 and 28 C.F.R. Â§ 36.309(b)(1)(iv);

(7) In violation of 42 U.S.C. § 12189 and 28 C.F.R. § 36.309(b)(1)(v); title 5 U.S.C. § 552a., The Federal Age Discrimination Act of 1975,

(8) Titles 42 U.S.C. § 6101 et seq.;  34 C.F.R. Part 110., 45 C.F.R. Part 90.1.,and 45 CFR Part 617, and it implementing regulations (45 CFR Part 90),

(9)title VII of the Civil Rights Act of 1964. Title VII prohibits discrimination based on gender under, 42 U.S.C. § 2000e-2(a)(1) (2000).

(10) title IX of the Education Amendments of 1972 prohibits age, gender discrimination in education and in higher educational programs and in activities receiving federal funds. See, 20 U.S.C. §§ 1681-1688 (2000),

(11) the 1st "Freedom of Speech clause"; 14th "Due Process clause" and "Equal Protection clause" Amendments to the US Constitution.

(12) Violation of the Family Educational Rights and Privacy Act (FERPA). The Federal Education Records and Privacy Act (FERPA), as known by the "Buckley Amendment,".......itemize

(13) Federal Privacy Act of 1974, (5 U.S.C.552a) and state implementations, the Freedom of Information Act., and state open records laws.

(14) The FERPA, FOIA (5 U.S.C. 552),and Privacy Acts; storage and/or the method of transmission. Freedom of Information.

(14a) Privacy Laws and Regulations Health Insurance Portability and the Accountability Act– HIPAA Privacy Rule (45 CFR Parts 160 and 164).

(15) Also in violation of 42 U.S.C. § 12189 and 28 C.F.R. § 36.309(b)(1)(vi); in addition to provide required modifications or appropriate auxiliary aids and services, in violation of 42 U.S.C. § 12189 and 28 C.F.R. §§ 36.309(b)(2)-(3);

(16) Utilizing standards or criteria or methods of administration, directly or through contractual or other arrangements, in violation of 42 U.S.C. § 12182(b)(1)(D) and 28 C.F.R. § 36.20.

(17) As a result all Defendants' unlawful policies or practices, applicants with disabilities have incurred and will incur permanent financial losses, including, but not limited to the experience of pain and suffering, emotional distress, anxiety, frustration, humiliation, stigmatization, loss of dignity and self-esteem, and lost opportunity. Such lost opportunity includes, but is not limited to, chances for

72/106

scholarship money/financial aid, permanent career opportunities that are available via admission to and graduation from higher-ranking law schools, and {permanent] delayed entry into a legal career of his choice. Please note that Plaintiff is the FIRST immigrant of his family. Thus, attending law school was not Plaintiff's dream but the example of many future generations to come; after all most just the FIRST INMIGRANT of each immigrant family in America is/are always remembered.

## Legal Theory for Cause of Action #5

**For Defendants; SUNY Purchase College; The State of New York;**

**State University of New York SUNY;**

**NULL!**

## Legal Theory for Cause of Action # 6

**For Defendants; SUNY Purchase College; The State of New York; State**

**University of New York SUNY; Qui-Qui Balascio; Thomas Peshawar;**

**William Howard; Wendy Kowalczyk**

*Plaintiff incorporates as he restates each of the above paragraphs not included herein, as fully applicable and sets forth and as applies equally or unequally to all Defendants in this cause of action....*

Federal and/or Constitutional law;

(1) **All Defendants in this cause of action have conspired to systematical conduct and execute of either, unconstitutional policies or the application of such by violating Plaintiff's civil rights as:**

(2) The Federal Age Discrimination Act of 1975, titles 42 U.S.C. § 6101 et seq.; 34 C.F.R. Part 110., 45 C.F.R. Part 90.1.,and 45 CFR Part 617 and it implementing regulations (45 CFR Part 90) as applies to public and private institutions that receive federal funds, e.g. SUNY Purchase College, and has been interpreted to apply to admissions policies of post-secondary institutions.

(2) title VII of the Civil Rights Act of 1964. Title VII prohibits discrimination based on gender and protects both women and men. 42 U.S.C. § 2000e-2(a)(1) (2000).

(3)Title IX of the Education Amendments of 1972 prohibits gender discrimination in education and in higher educational programs and in activities receiving federal funds. 20 U.S.C. §§ 1681-1688 (2000) and by several federal laws and statutes.

75/106

(4) the first  "Freedom of Speech clause"; 14th "Due Process clause" and "Equal Protection clause" Amendment to the US Constitution.

(5) Universal Declaration of Human Rights General Assembly res. 217A (III), 10 December 1948, which states: the right to education is a fundamental human right. Every individual, irrespective of race, gender, nationality, ethnic or social origin, religion or political preference, age or disability, is entitled to at least—but not limited to-- a free elementary education. This right is explicitly stated in the United Nations' Universal Declaration of Human Rights (UDHR), adopted in 1948. Defendants.

(1)As apply, titles III and V of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 et seq. and 12203,

(6) In violation of 42 U.S.C. § 12189and 28 C.F.R. § 36.309(b)(1)(i);in violation of 42 U.S.C. § 12189 and 28 C.F.R. Â§ 36.309(b)(1)(iv);

(7) In violation of 42 U.S.C. § 12189 and 28 C.F.R. § 36.309(b)(1)(v); title 5 U.S.C. § 552a., The Federal Age Discrimination Act of 1975,

(8) Titles 42 U.S.C. § 6101 et seq.;  34 C.F.R. Part 110., 45 C.F.R. Part 90.1.,and 45 CFR Part 617, and it implementing regulations (45 CFR Part 90),

(9)title VII of the Civil Rights Act of 1964. Title VII prohibits discrimination based on gender under, 42 U.S.C. § 2000e-2(a)(1) (2000).

(10) title IX of the Education Amendments of 1972 prohibits age, gender discrimination in education and in higher educational programs and in activities receiving federal funds. See, 20 U.S.C. §§ 1681-1688 (2000),

(11) Violation of the Family Educational Rights and Privacy Act (FERPA). The Federal Education Records and Privacy Act (FERPA), as known by the "Buckley Amendment,".......itemize

(12) Federal Privacy Act of 1974, (5 U.S.C.552a) and state implementations, the Freedom of Information Act., and state open records laws.

(13) The FERPA, FOIA (5 U.S.C. 552),and Privacy Acts; storage and/or the method of transmission. Freedom of Information.

(14) Privacy Law sand Regulations Health Insurance Portability and

Accountability Act– HIPAA Privacy Rule (45 CFR Parts 160 and 164).

(15) Also in violation of 42 U.S.C. § 12189 and 28 C.F.R. § 36.309(b)(1)(vi);

In addition to provide required modifications or appropriate auxiliary aids and services, in violation of 42 U.S.C. § 12189 and 28 C.F.R. §§ 36.309(b)(2)-(3);

(16) Utilizing standards or criteria or methods of administration, directly or through contractual or other arrangements, in violation of 42 U.S.C. § 12182(b)(1)(D) and 28 C.F.R. § 36.20.

(17)As a result all Defendants' unlawful policies or practices, applicants with disabilities have incurred and will incur permanent financial losses, including, but not limited to the experience of pain and suffering, emotional distress, anxiety, frustration, humiliation, stigmatization, loss of dignity and self-esteem, and lost opportunity. Such lost opportunity includes, but is not limited to, chances for scholarship money/financial aid, permanent career opportunities that are available via admission to and graduation from higher-ranking law schools, and {permanent] delayed entry into a legal career of his choice. Please note that Plaintiff is the FIRST immigrant of his family. Thus, attending law school was

not Plaintiff's dream but the example of many future generations to come; after all most-just the FIRST INMIGRANT of each immigrant family in America is/are always remembered.

## Legal Theory for Cause of Action # 7

**For Defendants; SUNY Purchase College; The State of New York;  State**

**University of New York SUNY; Qui-Qui Balasacio; Thomas Shawarz;**

**William Howard; Wendy Kowalczyk**

*Plaintiff incorporates as he restates each of the above paragraphs not included herein, as fully applicable and sets forth and as applies equally or unequally to all Defendants in this cause of action....*

Federal and/or Constitutional law;

(1) **All Defendants in this cause of action have conspired to systematical conduct and execute of either, unconstitutional policies or the application of such by violating Plaintiff's civil rights as:**

(2) Violation of the Fourth Amendment to the US Constitution;

*"the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall be issued; but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." by the "equal protection clause" and the "due process clause"....*

of the 14th Amendments to the US Constitution. Furthermore, the 5th protects against abuse of government authority in a legal procedure; for example;

79/106

*"no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury,"* furthermore, *"nor shall be compelled in any <u>criminal</u> case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."*

(2a)The Federal Age Discrimination Act of 1975, titles 42 U.S.C. § 6101 et seq.; 34 C.F.R. Part 110., 45 C.F.R. Part 90.1.,and 45 CFR Part 617 and it implementing regulations (45 CFR Part 90) as applies to public and private institutions that receive federal funds, e.g. SUNY Purchase College, and has been interpreted to apply to admissions policies of post-secondary institutions.

(2) title VII of the Civil Rights Act of 1964. Title VII prohibits discrimination based on gender and protects both women and men. 42 U.S.C. § 2000e-2(a)(1) (2000).

(3)Title IX of the Education Amendments of 1972 prohibits gender discrimination in education and in higher educational programs and in activities receiving federal funds. 20 U.S.C. §§ 1681-1688 (2000) and by several federal laws and statutes.

(4)The First,"Freedom of Speech clause"; 14th "Due Process clause" and "Equal Protection clause" Amendment to the US Constitution.

(5) Universal Declaration of Human Rights General Assembly res. 217A (III), 10 December 1948, which states: the right to education is a fundamental human right. Every individual, irrespective of race, gender, nationality, ethnic or social origin, religion or political preference, age or disability, is entitled to at least—but not limited to-- a free elementary education. This right is explicitly stated in the United Nations' Universal Declaration of Human Rights (UDHR), adopted in 1948.

(1) As apply, titles III and V of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 et seq. and 12203,

(6) In violation of 42 U.S.C. § 12189and 28 C.F.R. § 36.309(b)(1)(i);in violation of 42 U.S.C. § 12189 and 28 C.F.R. Â§ 36.309(b)(1)(iv);

(7) In violation of 42 U.S.C. § 12189 and 28 C.F.R. § 36.309(b)(1)(v); title 5 U.S.C. § 552a., The Federal Age Discrimination Act of 1975,

(8) Titles 42 U.S.C. § 6101 et seq.;  34 C.F.R. Part 110., 45 C.F.R. Part 90.1.,and 45 CFR Part 617, and it implementing regulations (45 CFR Part 90),

(9)title VII of the Civil Rights Act of 1964. Title VII prohibits discrimination based on gender under, 42 U.S.C. § 2000e-2(a)(1) (2000).

(10) title IX of the Education Amendments of 1972 prohibits age, gender discrimination in education and in higher educational programs and in activities receiving federal funds. See, 20 U.S.C. §§ 1681-1688 (2000),

(11) Violation of the Family Educational Rights and Privacy Act (FERPA). The Federal Education Records and Privacy Act (FERPA), as known by the "Buckley Amendment,".......itemize

(12) Federal Privacy Act of 1974, (5 U.S.C.552a)  and state implementations, the Freedom of Information Act., and state open records laws.

(13) The FERPA, FOIA (5 U.S.C. 552),and Privacy Acts; storage and/or the

method of transmission. Freedom of Information.

(14) Privacy Laws and Regulations Health Insurance Portability and the

Accountability Act– HIPAA Privacy Rule (45 CFR Parts 160 and 164).

(15) Also in violation of  42 U.S.C. § 12189 and  28 C.F.R. § 36.309(b)(1)(vi);

In addition to providing required modifications or appropriate auxiliary aids and services, in violation of 42 U.S.C. § 12189 and 28 C.F.R. §§ 36.309(b)(2)-(3);

(16) Utilizing standards or criteria or methods of administration, directly or through contractual or other arrangements, in violation of 42 U.S.C. § 12182(b)(1)(D) and 28 C.F.R. § 36.20.

(17) As a result all Defendants' unlawful policies or practices, applicants with disabilities have incurred and will incur permanent financial losses, including, but not limited to the experience of pain and suffering, emotional distress, anxiety, frustration, humiliation, stigmatization, loss of dignity and self-esteem, and lost opportunity.  Such lost opportunity includes, but is not limited to, chances for scholarship money/financial aid, permanent career opportunities that are available via admission to and graduation from higher-ranking law schools, and {permanent] delayed entry into a legal career of his choice. Please note that Plaintiff is the FIRST immigrant of his family. Thus, attending law school was not Plaintiff's dream but the example of many future generations to come; after all most-just the FIRST INMIGRANT of each immigrant family in America is/are always remembered.

## Legal Theory for Cause of Action # 8

**For Defendants; SUNY Purchase College; The State of New York;  State**

**University of New York SUNY; Qui-Qui Balasacio; Thomas Shawarz;**

**William Howard; Wendy Kowalczyk**

# NULL

## <u>Legal Theory for Cause of Action # 9</u>

**For Defendants; SUNY Purchase College; The State of New York;  State**

**University of New York SUNY; Thomas Shawarz; Ernie Palmeiri;**

**William Howard; Wendy Kowalczyk; Kyle Saud; John Delate.**

*Plaintiff incorporates as he restates each of the above paragraphs not included herein, as fully applicable and sets forth and as applies equally or unequally to all Defendants in this cause of action....*

<u>Federal and/or Constitutional law;</u>

(1) **All Defendants in this cause of action have conspired to systematical conduct and execute of either, unconstitutional policies or the application of such by violating Plaintiff's civil rights as:**

(2) The first, "Freedom of "Speech clause"; 14th "Due Process clause" and "Equal Protection clause" Amendment to the US Constitution. Violation of the Fourth Amendment to the US Constitution;

*"the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall be issued; but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." by the "equal protection clause" and the "due process clause"....*

of the 14th Amendments to the US Constitution. Furthermore, the 5th protects against abuse of government authority in a legal procedure; for example;

84/106

"*no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury,*" furthermore, "*nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.*"

(3)The Federal Age Discrimination Act of 1975, titles 42 U.S.C. § 6101 et seq.; 34 C.F.R. Part 110., 45 C.F.R. Part 90.1.,and 45 CFR Part 617 and it implementing regulations (45 CFR Part 90) as applies to public and private institutions that receive federal funds, e.g. SUNY Purchase College, and has been interpreted to apply to admissions policies of post-secondary institutions.

(4) title VII of the Civil Rights Act of 1964. Title VII prohibits discrimination based on gender and protects both women and men. 42 U.S.C. § 2000e-2(a)(1) (2000).

(5)Title IX of the Education Amendments of 1972 prohibits gender discrimination in education and in higher educational programs and in activities receiving federal funds. 20 U.S.C. §§ 1681-1688 (2000) and by several federal laws and statutes.

(6) Universal Declaration of Human Rights General Assembly res. 217A (III), 10 December 1948, which states: the right to education is a fundamental human right. Every individual, irrespective of race, gender, nationality, ethnic or social origin, religion or political preference, age or disability, is entitled to at least—but not limited to-- a free elementary education. This right is explicitly stated in the United Nations' Universal Declaration of Human Rights (UDHR), adopted in 1948. As apply, titles III and V of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 et seq. and 12203,

(7) In violation of 42 U.S.C. § 12189and 28 C.F.R. § 36.309(b)(1)(i);in violation of 42 U.S.C. § 12189 and 28 C.F.R. Â§ 36.309(b)(1)(iv);

85/106

(8) In violation of 42 U.S.C. § 12189 and 28 C.F.R. § 36.309(b)(1)(v); title 5 U.S.C. § 552a., The Federal Age Discrimination Act of 1975,

(9) Titles 42 U.S.C. § 6101 et seq.; 34 C.F.R. Part 110., 45 C.F.R. Part 90.1.,and 45 CFR Part 617, and it implementing regulations (45 CFR Part 90),

(10)title VII of the Civil Rights Act of 1964. Title VII prohibits discrimination based on gender under, 42 U.S.C. § 2000e-2(a)(1) (2000).

(11) title IX of the Education Amendments of 1972 prohibits age, gender discrimination in education and in higher educational programs and in activities receiving federal funds. See, 20 U.S.C. §§ 1681-1688 (2000),

(12) Violation of the Family Educational Rights and Privacy Act (FERPA). The Federal Education Records and Privacy Act (FERPA), as known by the "Buckley Amendment,".......itemize

(13) Federal Privacy Act of 1974, (5 U.S.C.552a) and state implementations, the Freedom of Information Act., and state open records laws.

(14) The FERPA, FOIA (5 U.S.C. 552), and Privacy Acts; storage and/or the method of transmission. Freedom of Information.

(15) Privacy Laws and Regulations Health Insurance Portability and the Accountability Act– HIPAA Privacy Rule (45 CFR Parts 160 and 164).

(16) Also in violation of 42 U.S.C. § 12189 and 28 C.F.R. § 36.309(b)(1)(vi);

86/106

in addition to provide required modifications or appropriate auxiliary aids and services, in violation of 42 U.S.C. § 12189 and 28 C.F.R. §§ 36.309(b)(2)-(3);

(17) Utilizing standards or criteria or methods of administration, directly or through contractual or other arrangements, in violation of 42 U.S.C. § 12182(b)(1)(D) and 28 C.F.R. § 36.20.

(19) As a result all Defendants' unlawful policies or practices, applicants with disabilities have incurred and will incur permanent financial losses, including, but not limited to the experience of pain and suffering, emotional distress, anxiety, frustration, humiliation, stigmatization, loss of dignity and self-esteem, and lost opportunity. Such lost opportunity includes, but is not limited to, chances for scholarship money/financial aid, permanent career opportunities that are available via admission to and graduation from higher-ranking law schools, and {permanent] delayed entry into a legal career of his choice. Please note that Plaintiff is the FIRST immigrant of his family. Thus, attending law school was not Plaintiff's dream but the example of many future generations to come; after all most just the FIRST INMIGRANT of each immigrant family in America is/are always remembered.

## <u>Legal Theory for Cause of Action # 10</u>

**For Defendants; SUNY Purchase College; The State of New York;**

**StateUniversity of New York SUNY;**

Plaintiff incorporates as he restates each of the above paragraphs not included herein, as fully applicable and sets forth and as applies equally or unequally to all Defendants in this cause of action....

**<u>NULL</u>**

## Legal Theory for Cause of Action # 12

**For Defendants; SUNY Purchase College; The State of New York;  State**

**University of New York SUNY; Thomas Shawarz; Ernie Palmeiri**

**William Howard; Wendy Kowalczyk; Kyle Saud; John Delate.**

*Plaintiff incorporates as he restates each of the above paragraphs not included herein, as fully applicable and sets forth and as applies equally or unequally to all Defendants in this cause of action....*

Federal and/or Constitutional law;

(1) **All Defendants in this cause of action have conspired to systematical conduct and execute of either, unconstitutional policies or the application of such by violating Plaintiff's civil rights as:**

(2) The First "Freedom of "Speech clause"; 14th "Due Process clause" and "Equal Protection clause" Amendment to the US Constitution.Violation of the fourth Amendment to the US Constitution;

*"the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall be issued; but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." by the "equal protection clause" and the "due process clause"....*

89/106

of the 14th Amendments to the US Constitution. Furthermore, the 5th protects against abuse of government authority in a legal procedure; for example;

"*no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury,"* furthermore, *"nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."*

(3)The Federal Age Discrimination Act of 1975, titles 42 U.S.C. § 6101 et seq.; 34 C.F.R. Part 110., 45 C.F.R. Part 90.1.,and 45 CFR Part 617 and it implementing regulations (45 CFR Part 90) as applies to public and private institutions that receive federal funds, e.g. SUNY Purchase College, and has been interpreted to apply to admissions policies of post-secondary institutions.

(4) title VII of the Civil Rights Act of 1964. Title VII prohibits discrimination based on gender and protects both women and men. 42 U.S.C. § 2000e-2(a)(1) (2000).

(5)Title IX of the Education Amendments of 1972 prohibits gender discrimination in education and in higher educational programs and in activities receiving federal funds. 20 U.S.C. §§ 1681-1688 (2000) and by several federal laws and statutes.

(6) Universal Declaration of Human Rights  General Assembly res. 217A (III), 10 December 1948, which states: the right to education is a fundamental human right. Every individual, irrespective of race, gender, nationality, ethnic or social origin, religion or political preference, age or disability, is entitled to at least—but not limited to-- a free elementary education. This right is explicitly stated in the United Nations' Universal Declaration of Human Rights (UDHR), adopted in 1948.  As apply, titles III and V of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 et seq. and 12203,

(7) In violation of 42 U.S.C. § 12189and 28 C.F.R. § 36.309(b)(1)(i);in violation of 42 U.S.C. § 12189 and 28 C.F.R. § 36.309(b)(1)(iv);

(8) In violation of 42 U.S.C. § 12189 and 28 C.F.R. § 36.309(b)(1)(v); title 5 U.S.C. § 552a., The Federal Age Discrimination Act of 1975,

(9) Titles 42 U.S.C. § 6101 et seq.;  34 C.F.R. Part 110., 45 C.F.R. Part 90.1.,and 45 CFR Part 617, and it implementing regulations (45 CFR Part 90),

(10)title VII of the Civil Rights Act of 1964. Title VII prohibits discrimination based on gender under, 42 U.S.C. § 2000e-2(a)(1) (2000).

(11) title IX of the Education Amendments of 1972 prohibits age, gender discrimination in education and in higher educational programs and in activities receiving federal funds. See, 20 U.S.C. §§ 1681-1688 (2000),

(12) Violation of the Family Educational Rights and Privacy Act (FERPA). The Federal Education Records and Privacy Act (FERPA), as known by the "Buckley Amendment,".......itemize

(13) Federal Privacy Act of 1974, (5 U.S.C.552a)  and state implementations, the Freedom of Information Act., and state open records laws.

(14) The FERPA, FOIA (5 U.S.C. 552),and Privacy Acts; storage and/or the

method of transmission. Freedom of Information.

(15) Privacy Law sand Regulations Health Insurance Portability and the

Accountability Act– HIPAA Privacy Rule (45 CFR Parts 160 and 164).

91/106

(16) Also in violation of 42 U.S.C. § 12189 and 28 C.F.R. § 36.309(b)(1)(vi);

in addition to provide required modifications or appropriate auxiliary aids and services, in violation of 42 U.S.C. § 12189 and 28 C.F.R. §§ 36.309(b)(2)-(3);

(17) Utilizing standards or criteria or methods of administration, directly or through contractual or other arrangements, in violation of 42 U.S.C. § 12182(b)(1)(D) and 28 C.F.R. § 36.20.

(19) As a result all Defendants' unlawful policies or practices, applicants with disabilities have incurred and will incur permanent financial losses, including, but not limited to the experience of pain and suffering, emotional distress, anxiety, frustration, humiliation, stigmatization, loss of dignity and self-esteem, and lost opportunity. Such lost opportunity includes, but is not limited to, chances for scholarship money/financial aid, permanent career opportunities that are available via admission to and graduation from higher-ranking law schools, and {permanent] delayed entry into a legal career of his choice. Please note that Plaintiff is the FIRST immigrant of his family. Thus, attending law school was not Plaintiff's dream but the example of many future generations to come; after all most-just the FIRST INMIGRANT of each immigrant family in America is/are always remembered.

## Summary

Plaintiff is currently without school. Plaintiff has filed this amended complaint to request the court or the respected jury to award damages. Plaintiff always has said that litigation was not what he wanted; he just wanted to attend law school. Defendants abused of power, retaliatory action, age discrimination, gender discrimination, disability discrimination, housing discrimination, persecution, and, but not limited to intimidation. Have intentionally and premeditated ended Plaintiff right to equal education.

Plaintiff was the first (the Pioneer) of his family to arrive in the United States. Plaintiff was 17 year of age 1979 when he, when his native country—Chile—was just coming out of a devastating communist government, the Salvador Allende regime.  Plaintiff helped feed his brother by working sometimes three jobs here in the US.  He did not know the language, and like most first immigrants; he paved the way for future generations of tax payers US citizen.  He worked his way up almost nothing, to be a  successful financial advisor in the New York financial markets. Plaintiff, unfortunately was injured at the WTC terrorist attacks. It has taken many years for Plaintiff to partially recover from his injuries; from walking with the aid of two canes, to have the opportunity to attend law school to be an example for the new generations of the US born Morales'.  Plaintiff is a qualified "partially-permanent disabled" person, under the Social Security Disability Administration or SSDA, as defined by 42 U.S.C. § 12131 (2), and Section 504 of the Rehabilitation Act of 1973 29 USC sec (701-796). Plaintiff total income is his Social Security Disability for $849.00 per month.

Plaintiff came back to school to have his life returned to him—after his disability. Plaintiff, has never been discriminated before. When he came back to school on the summer of 2011; Plaintiff only has 15 college credits when he came back to school. He was 51 years of age, and recovering—

93/106

to an extent—from a disabling and unpredictable spinal injury. Very few people with similar injuries can do this; furthermore, think that one can get to law school in two years. Plaintiff almost accomplish this; however all of his aspirations and dreams for his relatives and future US generations, was ended by the State of New York, SUNY and Purchase college officials. It is unconceivable to the Plaintiff to realize that discrimination was actually thought at school. Weather is SUNY Binghamton University or SUNY Purchase College. These two schools are for selected people, but not for the selected that deserve to be in school, but the selected that fit the student profile for the school officials. What makes the student profile is what this case all about. Plaintiff, however intelligent, outgoing, friendly, respectful, he did not fit the student profile; thus, he could not or did not had the same right as any other student. Just because he looked different, because he was found to be gifted artist (some gift he even did not he has), because he was popular with the staff and the student crow. Thus, he did not met the student profile status at any SUNY, because he was respectfully with all females—young or old—or any sexual orientation personality or any student. School officials could not believe that a 51 year old person could not have a pervert and distorted mind, as they have. SUNY official could not believe that Plaintiff was raised with a different social construction....Plaintiff just did not fit the student profile. Thus, he could not be allowed to go forward. Most SUNY School officials bring their hippocratic discriminatory personally and their pervert mind to school from their personal lives, their personal frustration, and limitations are represented on their abusive behavior.  Action that are protected by free attorneys provided by the State...you me tax payers. Plaintiff, cannot have a single night without a night mare.  He fears for his life. He has been persecuted, harass, detained arrested and briefly put in jail, just because he believe in social equality for him and for others; just because he is resilient and tenacious Plaintiff's future and life are uncertain; his health, of years of being g abused are taking its toll. However, Plaintiff has reinvented himself many at times, like any other first immigrant...yes just like your great-grand father did! Plaintiff 's endeavor of seeking justice has come full circle. Because discrimina-

94/106

tory action mentioned in this complaint, Plaintiff and his family have endure a tremendous emotional hardship that will last permanently. His aspirations of a better life as a disabled person were put an end by people that are supposed teach equal rights, prosperity and good social interactions. Instead , Plaintiff has come forward to teaching them how discrimination works, and what is to be done to eradicate it. This court will have the final say. Precedent has to take place. New case law if necessary must be created. Examples have to made and justice have to be done. Defendants' actions were purely based on retaliation and vindictive attitude from the student affairs office employees, at Purchase College, and SUNY official. As said above…this case has come full circle. Plaintiff was to be in law school by now, instead he is deeply in $30,000 in debt without any school, and with no chance to go to law school and/or any graduate school. Furthermore, with severe pain and suffering that may last permanently. The court of Judge Ramos, could not find futures academic hardship. Who has to believe that?

## IX-Demand for Compensatory Relief

(1)Plaintiff respectfully request the court to award damages for; emotional and physical pain, emotional distress and suffering, inconvenience, mental anguish, loss of enjoyment of life Rights Acts, 42 U.S.C."1981 and 1983. *Patterson v. McLean Credit Union,* 491 U.S. 164, 182n. 4 (1989) (Section 1981); *Hafer v. Melo*, 502 U.S. 21, 31 (1991) (Section 1983).The 1991Civil Rights Act permits emotional distress damages in cases brought under Title VII, the Americans with Disabilities Act, 42 U.S.C.'12117(a), and the Rehabilitation Act of 1973, 29U.S.C.794(a)(1).See, generally, 42 U.S.C'

1981A (1991. 2 U.S.C. '1981A (b)(3). humiliation or mental distress at *Williams v. TWA,* 660F. 2d 1267 (8thCir. 1981).See also *Hammond v. Northland Counseling Center,* 218 F.3d 866(8th Cir. 2000); Ross v. Douglas County, Nebraska, 234 F. 3d 391 (8thCir. 2000)

(2)The U.S. Supreme Court has noted with respect to emotional distress damages that a genuine injury in this respect may be evidenced by ones conduct and observed by others. See, *Carey v. Piphus* 435 U.S. 247, 264 n. 20 (1978). The Eighth Circuit has held that a Plaintiff sown testimony may be adequate to support such an award and

the testimony of family and friends (other students)is also probative. *Kucia v. Southeast Arkansas Community Action Corp.,* 284 F. 3d 944, 947 (8thCir. 2002) (Plaintiff's own testimony enough); *Morse v. Southern Union Co.,* 174 F. 3d 917, 925(8thCir. 1999) (affirming $100,000 emotional distress award where family members corroborated plaintiffs testimony); *Kim v. Nash Finch Co.*, 123 F. 3d 1046, 1065 (8thCir. 1997) ( award of $100,000 affirmed where Plaintiff, his wife and his son testi-

fied regarding anxiety, sleepless ness, stress, depression, high blood pressure, headaches and humiliation).

(3) Expert witness shall testify as to Plaintiff evident future Emotional Distress Damages, see *Kientzy v. McDonnell Douglas*, 990 F. 2d1051(8thCir. 1993); *Rowe v. Hussmann Corp.,* 381 F. 3d 775, 783 (thCir. 2004).

(4) Plaintiff prays for this court to award Punitive Damages under the Federal Civil Rights Statue under the 1991 Civil Rights Act,42 U.S.C'1981; whereas the Defendants intentionally engaged in a discriminatory proactive retaliatory or  discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual. at42 U.S.C.'1981A (b)(1). As in punitive damages liability under 42 U.S.C."1981 and1983. See *Smith v. Wade,* 461 U.S. 30, 56 (1983)

(5) In addition Defendants at least discriminated against Plaintiff in the face of a perceived risk that its actions will violate federal law. See, *Kolstad v. American Dental Assoc.,* 527 U.S. 526 (1999), See also *Rowe v. Hussmann Corp.,* 381 F. 3d 775, 782 (8thCir. 2004), *Williams v. ConAgra Poultry* Co., 378 F. 3d 790, 796-97 (8thCir. 2004), *Baker v. John Morrell* & Co., 382 F. 3d 816, 832 (8th Cir. 2004), *Kim v. Nash Finc* (N.D. Iowa, Judge Melloy, 1994); *Duncan v. GM* (E.D. Mo., Judge Carol Jackson, 199); *EEOC, et al. v. Beverly Enterprises,et al*(E.D. Mo., Judge Rodney Sippel, 2001)

(6) Plaintiff respectfully ask the court to set precedent and  an example by awarding a total amount of past, current and future damages against all defendants in excess of $15,000,000.00 (Million).

## **X-Certification**

I Hereby, Edward Morales (Plaintiff), certifies that he has written and reviewed the allegations made in the petition/complaint, and—but not limited--to those facts of which I (Plaintiff) have personal knowledge, of which I am certain them to be true. As to those allegations of which I do not have personal knowledge, I rely on documentation, but not limited--provided herein and the testimony of witnesses and I believe them to be true.

**Respectfully,**

**Edward A. Morales**

**Plaintiff**

August 26th, 2013

98/106

..CC    Attorney General of the United States;

       US. Department of Justice

       950 Pennsylvania Avenue, NW

       Washington, DC 20530-0001


CC    Secretary of Health and Human Services;

       The US. Department of Health and Human Services

       200 Independence Avenue, S.W.

       Washington, D.C. 20201


CC    Secretary of Education;

       490 L'Enfant Plaza, SW, Room 2100A

       Washington, DC 20202


CC    Secretary of Housing and Urban Development;

       U.S. Department of Housing and Urban Development

       451 7th Street S.W., Washington, DC 20410


CC    State of New York;

       Office of the Attorney General

       The Capitol

       Albany, NY 12224-0341

Social Security Administration
# Retirement, Survivors and Disability Insurance
Important Information

Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date:  April 2, 2013
Claim Number:  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HA

013553 1 AB 0.384 0066 LTN T24 PC7 0326
EDWARD ADRIAN MORALES
APT 2M
110 N 3RD AVE
MT VERNON NY 10550-1343

As you requested, beginning April 2013, we will send any Social Security payments to your:

● financial institution, or
● new account at the same financial institution.

If you changed accounts, you should keep the old account open until we send a payment to the new account.  It usually takes us 1 to 2 months to change where we send payments.

Please let us know right away if your address changes so we can send you letters.  Also, let us know if you change the bank account where we send your payments.

## What We Will Pay And When

● You will receive $755.00 for April 2013 around May 3, 2013.

● After that you will receive $755.00 on or about the third of each month.

## If You Have Any Questions

We invite you to visit our website at www.socialsecurity.gov on the Internet to find general information about Social Security.  If you have any specific questions, you may call us toll-free at 1-800-772-1213, or call your local Social Security office at 1-855-210-1026.  We can answer most questions over the phone.  If you are deaf or hard of hearing, you may call our TTY number, 1-800-325-0778.  You can also write or visit any Social Security office.  The office that serves your area is located at:

SOCIAL SECURITY
STREET LEVEL
85 HARRISON ST
NEW ROCHELLE, NY 10801



C                              See Next Page

