Edward Morales
110 N.3rd. Ave. #2m
Mount Vernon, New York 10550
(914)410-7647
eam6000@gmail.com

# UNITED STATE DISTRICT COURT

## New York Southern District Court

1-Edward Morales (━ ━ ━)

**Petitioner-Defendant**

**vs.**

1-The People of the State of New Y
york.,*et, al*
2-The Town of Harrison

**Respondent-Plaintiff**

Federal Case No. 13-CV-2586

New York State Case No. 130-70584

**Hon. *Nelson S. Roman***

# MOTION FOR TO REMOVE State case to current active Federal case;
# Show cause.

## Introduction

(1) On July 16ᵗʰ, 2013… Plaintiff-- Petitioner/Defendant herein, was arraigned on the charge of "aggregated harassment", NYS penal code: 240.30. On Petitioner's arraignment, he requested to be represented by himself since he had

legal training. The court denied his motion, knowingly Petitioner/Defendant herein, has the right to be represented by himself.   On this same hearing Petitioner notified the court of his intention of removing this case (the State case) to federal court and showed the court the pending federal civil right case. The court assigned a public defender. Petitioner/Defendant herein, also notified his assigned public defender of his intention and requested to remove this to federal court. It was not until today that Petitioner/Defendant herein, had the necessary State case information to file this request for removal of State case, I this Federal Court (show cause) since Petitioner/Defendant herein, had no access to such documentation. Furthermore, this documentation was denied access by the state court. Petitioner/Defendant herein, got access to the original complaint at Binghamton University Police Dept. and released to Petitioner by the office of Mrs. April Thompson at said University on or about August 22th. Furthermore, Petitioner/Defendant herein on this same date, July 16th, 2013, requested such documentation to his public defender for the purpose of removal; his defender only sent him the order of protection document. Hence Petitioner/Defendant herein and pursuant to 28 USC § 1455 - Procedure for removal of criminal prosecutions, section (b)(1). Hence, allow this petition to move forward on the merits of both cases stated on caption.

(2) On August 26th, 2013, Petitioner/Defendant herein (Plaintiff on the original federal complaint, case # 13-CV-2586)… filed an amended complaint. On this Federal action (amended complaint), Plaintiff-- Petitioner/Defendant herein, is suing The State of New York., *et.,al.* On count # 12, for violation of civil right, and others. Plaintiff-- Petitioner/Defendant herein, is respectfully requesting this court hereby to remove this case; The "aggregated harassment", NYS penal code: 240.30, and take jurisdiction as the US Constitution so entire this court. Furthermore, Petitioner, fears for his physical wellbeing, as the state defendants may try to physically harm petitioner in order to avoid justice.

## Jurisdiction and Venue

(1)This Court has jurisdiction over this action under 42 U.S.C. § 12188(b) (1) (Band 28 U.S.C. § 1331 and 1345. This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. § 2201-2202 and authority to grant equitable, monetary damages, and civil penalties under 42 U.S.C. § 12188(b) and removal of this case is provided for by federal statute. 28 U.S.C. §§ 1441-1453; Fed. R. Civ. Pro. 81(c).

(2)Jurisdiction of this court arises (1) under 15 U.S.C. § 1681p and 1692k (d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201. (2) under the laws of the United States of America, in particular Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16. (3)--but not limited to the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and The Privacy Act. Of 1974 5 U.S.C. § 552a. (4) in compliance with FROCP & 42 U.S.C. § 6104(e). (5). Pursuant to the provisions of Title VII, 42 U.S.C. § 2000e-5 and § 2000e-16(c), and (6) the general Civil Rights jurisdictional provisions of 28 U.S.C. § 1343(a) (4).

(3)The supplemental jurisdiction of this court is invoked pursuant to 28 U.S.C. §1367 (a)(c), (b) (c)(1,2,3,4) (d)€. over the State law claims which are so related to Federal claims in the action that they form part of the same case or con-

troversy under Article III of the Constitution of the United States of America. Furthermore, this court has 28 U.S.C. § 1332, (1)(d) (d); on cases over $5,000,000…and (3)(c)(d); State action is to avoid Federal action (original civil rights complaint)

(4)Venue is proper; all the relevant events occurred[ING] within the State of New York, Westchester County. The County Westchester is located within this US Court, New York Southern District Court. Plaintiff's Federal and State Law claims against the Defendants derive from constitutional issue, Federal Laws, facts, and are of such character that Plaintiff would ordinarily be expected to try them in one separate judicial proceeding pending Federal civil action pursuant to 42 U.S.C. § 6104(e)(1).

(5) Petitioner/Defendant herein, and pursuant to 28 USC § 1455 - Procedure for removal of criminal prosecutions, section (b)(1), request this request to be allowed in this federal court as Petitioner show of good cause, and on the interest of this court preserve justice, and to protect the  physical wellbeing of the Petitioner/Defendant herein,

## Facts

## Cause of Action # 12 of Federal Original Amended Complaint

(1)  This cause of action refers to Defendants'--named above--illegal and unconstitutional actions, policies, and/or intentionally misapplication of such policies, and/or [as/by] way of retaliatory actions, including--but not limited to— other Defendants' John Does employees. Whereas in direct action, and in compliance with all Defendants, herein named above. Defendants, The Town of Harrison, Mrs. Danielle DaGosto, and Purchase College University Police intentionally and in premeditation conspired to deprive Plaintiff of his liberty. Furthermore, to violate Plaintiff civil rights as Plaintiff herein further states... Hence, Plaintiff hereby moves to enforce, and request court to apply all of its power to re-move the unconstitutional case: People of New York State vs. Edward Morales case#1307-0584,  from defendant's jurisdiction the Town of Harrison. Furthermore, to try said un-constitutional State case and  to assure Plaintiff a chance to stop the retaliatory persecution from The State herein a Defendant. Furthermore, this said People of New York State vs. Edward Morales, case in direct relation to this and all prior claims herein pending.  In addition, Plaintiff herein request this court for further enforcement, Plaintiff 's constitutional

protection under the—but limited to—the First Amendment to the US Constitution Freedom of expression speech, which as apply to Plaintiff's com-plaint…in brief is defined as;

"the political right to communicate one's opinions and ideas using one's body and property (email ac-count) to anyone who is willing to receive them." However, the First Amendment is subject to limitations, as with libel, slander obscenity, offensive, and fighting words, and others not to be applicable or irrelevant to this cause of action.  Furthermore, these facts staging this cause of action are in violation of the Fourth Amendment to the US Constitution, as applicable to Plaintiff, states:

*"the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall be issued; but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." by the "equal protection clause" and the "due process clause"….*

of the 14th Amendments to the US Constitution. Furthermore, the Fifth Amendment to the US Constitution protects Plaintiff against abuse of government authority in a legal procedure, states…

*"no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury," furthermore, "nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."*

The over-board and over-breath statues such as the P.L "Aggravated Harassment" under the PL§ 240.30(1)(a), certainly is in violation of the First, fourth, and 14th Amendments to the US Constitution as apply to Defendant (Plaintiff herein) has been charged by the Peoples' of the State of New York. The NYS "aggravated harassment" P.L. § 240.30(1)(a) reads;

"A person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten, or alarm, he or she: Communicates with a person, anonymously or otherwise, by telephone, or by telegraph, mail, or any other form of written communication, in a manner likely to cause annoyance or alarm."

State and Federal courts at nearly every level of our legal system have held that this provision cannot apply where the defendant's written comments do not pose a "clear and present danger" to the imminent risk of harm, impinge upon substantial privacy interests or constitute "fighting words" as defined by the U.S. Supreme Court.

(1A) Please note that statements and or words used at the so called "Aggravated Harassment" under the PL§ 240.30(1)(a) charged by university police were by no mean in content a ""clear and present danger" as describe above on #1; Plaintiff never on the close to three years as student at Pur-chase college was involved in any type misconduct related to any violent incident; hence, there was no suspicion of any violent wrong doing was being premeditated by Plaintiff. Furthermore the words used by Plaintiff were of none-threatening origin, since Plaintiff was textually referring not to his by saying; "what if some crazy" "which I am not" (a negated statement not a clear statement that someone in particular would cause harm). The US Supreme court has stated that the

"clear and present danger"; implying that both the clear.. words I will, I could, I may etc. must be evident to "clear" statement of possible harm; furthermore, the term "present", cannot be implied since Plaintiff was in school residing in campus at Binghamton University,250 miles from Purchase college, and ironically placed at this school by the accuser of the "Aggravated Harassment" under the NYS PL§ 240.30(1)(a). Plaintiff's statements were clearly protected by the 1st Amendment to the US Constitution, and case law such as Texas v. Johnson, 491 US 397, 414 (1989). *Chaplinsky v. New Hampshire*, 315 US 568, 571-572 (1942), Or NYS case law; *People v. DuPont,* 107 A.D.2d 247, 255-56 (1st Dept.

1985). See also, *People v. Berlin,* 21 Misc. 3d 338, 340-41, 863 N.Y.S.2d 362

(Crim. Ct. Kings Co. 2008); *People v. Mangano*, 100 N.Y.2d 569, 764 N.Y.S.2d

379 (2003), and as NYS Court of Appeals reiterated in *People v. Dietze,* 75 N.Y.2d

47 (1989),

   (2) Defendant's arrest violates the First Amendment to the State and

Federal Constitutions. The First Amendment forbids the silencing of speech merely

because it is objectionable or offensive to the listener. *Texas v. Johnson,* 491 US

397, 414 (1989). Only "well-defined and narrowly limited classes ….

Include[ING] the lewd and obscene, the profane, the libelous, and the insulting or

fighting words …. Which, by their very utterance inflict injury or tend to incite an

immediate breach of the peace" may properly be proscribed. *Chaplinsky v. New

Hampshire,* 315 US 568, 571-572 (1942).

  Facts….

   (3) On or about July 10th, 2013 Defendants, Defendant Danielle

DaGosto, and directed by SUNY Defendants officials and/or other Joe Does;

arbitrarily, intentionally and as way of retaliating against and accused Plaintiff, of

the crime of "his liberty by had been illegally arrested. This action to believe to be

a maneuver from the part of the Defendant[s] to jail the Plaintiff, thus impair

Plaintiff to continue his quest for justice in this court. On this day, Defendants,

Defendant Danielle, Purchase college police Dept. and in conjunction with other

State official produced a misleading complaint which distort the facts as: The email

in question does sent from Petitioner/Defendant in the State case and Plaintiff on

the civil right court does not reflect the accusation on the charges  or vice versa.

( see exhibits #1 & #2), which will show that the incriminating words were

carefully chosen so they may appear to be alarming on its meaning.


    (4) Prior related events: Defendant Danielle DaGosto was academic and

personal (for private is-sues, out-side academics) adviser and co-adviser of

Plaintiff almost since Plaintiff was back to school at Defendant Purchase College,

on the summer of 2011.

    (5) Defendant Danielle DaGosto and Plaintiff had a more than good

professional relation to the point of almost to both have a friendship. This changed

for the Plaintiff, when Defendant Danielle DaGosto, fail to abide by a court order,

a subpoena properly signed by this court's clerk, for appearance to testify or be

precedent at Judge Ramos' Injunction hearing held on April 24th, 2013. Mrs,

DaGosto's appearance was friendly accorded with Plaintiff then adviser Mrs.

Kathleen Ceng and Plaintiff; Mrs. Ceng served the subpoena onto Defendant Mrs.

DaGosto.

    (6) On April 24th, 2013--the day of the hearing--Mrs. DaGosto was

directed by Defendant Wen-dy Kowalczyk,  her supervisor and Defendant Mr.

William Howard, and the The State of New York attorneys not to appear in court

for  the Injunction for relief hearing, in US Federa (Please note that the presence of

Defendant Mrs. DaGosto and Mrs. Kathleen Ceng were imperative  for Plaintiff's

accurate argument of possible academic harm and possible financial hardship; in

addition to provide accurate information related to Plaintiff schedule complication

of his degree, which was schedule for the next month. May or June of 2013.

Hence, entering law school on September 2013 was feasible).

(6a) The State at the Injunction hearing of April 24, 2013...further stated that

Plaintiff did not offered to pay for Mrs. DaGosto and Mrs. Ceng's expenses to

appear in court.  Furthermore, the State  presented false and misleading statement

sworn and signed by Defendant Sheryl Secor and  Wendy Kowalczyk. However,

including Defendant, Melissa Jones were at the hearing, in support of the State of

New York.  As a result, at the said hearing, Plaintiff could not convince or

demonstrate to the court of Judge Ramos, that permanent academic harm was

imminent, as demonstrated herein on the introduction of this document.

(7) On or about a week after the injunction hearing of the 24th Of April,

2013, Defendant Danielle DaGosto contact Plaintiff to offer him to help in

continuing Plaintiff's education for the purpose to have Plaintiff's in time

(September 2013) for him to graduate and attend law school of his choice; this

action is indicative of Purchase College official and on the record statements that

Plaintiff's graduation was possible in time to attend law school in Sept. 2013. Hence, without the assistance of Mrs. DaGosto, permanent damages were imminent; it imperative to note that  Defendants Mrs. Dagosto's actions of helping Plaintiff to graduate herein, were supervise by Defendant Wendy Kowalczyk (assistant consul for SUNY), in contradiction of her sworn statement presented in support of having Plain-tiff's suspension upheld. This statement in term was of paramount importance to cause Plaintiff's irrefutable damages herein eloquently described..

(8) Plaintiff and Defendant Mrs. DaGosto, continue having normal communication concerning his registration to attend SUNY Binghamton University.  Mrs. DaGosto accomplished that by not disclosing to Binghamton University status of suspension.  It was not known to Plaintiff at the time of such violation of Binghamton University police of admission. This action also clearly suggest the guilt of Purchase College staff to have had Plaintiff suspended, and ironically placed in world-wide famous school as Binghamton University is.

(9) several unconformable, but within the legal scope of the law emails were exchanged between Plaintiff and Mrs. DaGosto—including the so called "aggravating harassment" statement here attached. It was not until weeks later, and several emails, exchanged, after the "aggravating harassment" statement,. That Plaintiff warned Mrs. DaGosto that he was going to expose all her illegal action

13

and her department s' by subpoena to testify her staff and former students

employed by Defendant DaGosto. Furthermore, Plaintiff terminated in writing any

contact with Defendant Mrs. DaGosto, by sending her an email stating that no

more email should exchange between them. About two weeks after....

(10) Plaintiff on or about July 12th, 2013, was detained and arrested at

Binghamton University (250 miles from Defendants Purchase College and

University Police place of business) by Defendant Purchase college University

Polices. This arrest is direct relation to all issues herein this amended com-plaint

and all prior complaints filed against all Defendants' retaliatory actions.

(11) Plaintiff herein is contesting the legality of the unconstitutional NYS

law, "Aggravated Harassment" under the PL§ 240.30(1)(a), and/or the application

of such unconstitutional NYS penal law to Plaintiff. Hence, Plaintiff hereby

respectfully, request this court to apply its jurisdiction on the matter and further to

dismiss the "Aggravated Harassment" under the PL§ 240.30(1)(a),

unconstitutionally and in criminally put upon Plaintiff. (See exhibit #

4…"Aggravated Harassment" statement).

(12) Furthermore, as a result of this cause of action Plaintiff suffered (as a

whole or in part) the termination of his visiting status at Binghamton University

(BU); thus, causing a permanent and or con-current harm.

14

(13) Furthermore as a result of this cause of action Plaintiff suffered (is a whole or in part) the termination and or suspension of his matriculated status at SUNY Purchase College, thus, causing a permanent and or concurrent harassment.

(14) Petitioner, hereby, respectfully, request this court to allowed grant this motion to remove this State case to this federal court as Petitioner/Defendant herein shows of good cause. Petitioner herein request this removal the interest of preserving justice, and furthermore to protect the Petitioner from harm from others. Petitioner fears for his physical wellbeing, as those state defendants may try to physically harm, the petitioner in order to avoid justice, as proved herein and for their actions set forth on the Federal civil right complaint.

Petitioner, herein and Plaintiff, as in the federal action, is requesting the US Dept. of Justice's intervention to assess possible criminal wrongdoing from the part of all Defendants.

X _____

Plaintiff

Edward Morales

July 28th, 2013

1
2
3                                          <u>Respondents</u>
4
5
6    CC    State of New York
7          The State Capitol
8          Albany, New York 12246
9    CC    The Twon Harrison
10         Office of the Court
11         1 Heineman Place
12         Harrison, New York 10528
13         (914) 670-3000
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# RE: calls to schools--letter of recomendation--$50.00 and WCC

## MORALES, EDWARD <EDWARD.MORALES@purchase.edu>

Wed 7/10/2013 7:37 PM

To:DAgosto, Danielle <Danielle.DAgosto@purchase.edu>; Ceng, Kathleen <kathleen.ceng@purchase.edu>;

Thanks,

1- The same emails that I gave to you and to LSAC....so

---Bianca Mack at The Arizona University James E. Rogers College of law at.. email: bmack1@email.arizona.edu

-- Chitra Damania Arizona State University, Sandra Day O'Connors at..email:Chitra.Damania@asu.edu

Both of these schools are processing the application and they are just waiting for her letter.

Also that letter has to be filed via mail with LSAC she has that information.

2-- I am making no comments about the $50.00

3- DD the following is a strong constructive criticism that normally can be said at any company or institution... There is no doubt that you are a great person and a woman. When you say that you never done anything in your career (what ever that is), yes but you have done plenty of others that should have not done. Experience is what you need Danielle. I had seen how soft with employees and how they controlled you. Furthermore, how intertwined you are with your peer workers and staff. It's hard to believe that you have some authority in the school. I always had a tremendous regard for you, I do not think you have what is needed for that position you are holding, and you are damaging the school and the students with it. I have five times the life experience that you in many fields than you, and you have no initiative to take strong decision that can make a difference. Your poor judgment has caused a lot of suffering not only on me but on other students. Furthermore, you are too mature (not to say, you too old) to suffer from peer pressure. You are not an independent creative person, and that is a must lead others. You value your coworkers before you job and worst, your students; analogy...it is like a nurse not taking care of her patient but giving a ride to a co-worker when she is on duty. You failed with my Law and ethic class, just to keep your status with the professor; so was with Naamm (gay gender discrimination) me. You failed to notify SUNY and the Dept. Of Education when you suspected abuse of one of your students and then you hide behind a legal shield that will disappear at any minute just to cover your WCC actions. There are students that have worked for you that have made derogatory statements against your department, and all other departments of the school for that matter different students have done the same. When I created the term "an educated gang"; I did not mean to offend anybody; word for word, that is what peer pressure is or becomes if not stop in time. What if I was some nuts-crazy ( which I am not), and being pushed to the end , and I take a machine gun ( which I will not) and because of school "gang-like behavior"looses all opportunities to get to law school, then they garnish my SSD check to pay the loans, so I have nothing to live for, thus, this crazy student (not me)goes out to the school and start killing people. This sound like it has happened before..wright?

There is a student that was having thoughts in doing just that . She was suspended for one year via Madame Jones. She was

going too MD school, so she desired to commit suicide--she could not because of her daughter. You people have the power to destroy lives, but one day someone will act-out on his/her disturbing mind—or temporary insanity--and commit a crime in revenge, and I will be there to testify against you all. And you talk about career and experience, you do not know what you are talking about. Like some of your students have told me she is always into meeting, conferences or too busy; but when it comes to doing what is right for the life and future of a student you fall way short of being honest and professional. All of your employees will be summoned to testify...oh and the free housing!!! You are way short of being professional...sorry for honest with yourself. That is the reason I am bound to continue litigation and include you and Kat. So one day some crazy student would do something stupid and have innocents pay for. You do not have a career yet Danielle. Please forgive my honesty, and accept this strong remarks from a good and loyal friend you both once had.

All the same for you Kath.

Do not get angry at me but be ashamed of your actions through time.

Edward Morales
Binghamton University
Box 10134
P.O. Box 6020
Binghamton, NY 13902-6020
(914)297-2090 (not active)
(914)410-7647 cell

Disclaimer,

This transmittal is intended for a particular addressee(s). It may be a PRIVATE and CONFIDENTIAL attorney-client communication. If it is not clear that you are the intended recipient, you are now notified that you have received this message by mistake; any review, copying or distribution or dissemination is strictly prohibited. If you suspect that you have received this transmittal in error, please notify immediately by email replying to the sender and delete the transmittal and any attachments.
_____
From: DAgosto, Danielle
Sent: Wednesday, July 10, 2013 5:48 PM
To: MORALES, EDWARD; 'eam6000@gmail.com'
Subject: RE: calls to schools--letter of recomendation--$50.00 and WCC

Hello Edward,

In follow-up to the items below:

a) I made contact with Laura Ricciardi and she is dealing with a family emergency and has been very occupied by that. In addition, she needs to re-set her Purchase email password, as it locks after 30 days of in-activity; faculty do not often check their email when they are not teaching. She says she hasn't forgotten about you. If you haven't already, please give her instruction as to where and by when the letters must be sent.

# AGGRAVATED HARASSMENT
## SECOND DEGREE
### (A Misdemeanor)
### (Strikes, Shoves, Kicks)
### PENAL LAW 240.30(3)
### (Committed on or after October 8, 2000)

The _____ count is Aggravated Harassment in the Second Degree.

Under our law. a person is guilty of Aggravated Harassment in the Second Degree when, with intent to harass. annoy. threaten or alarm another person. he or she strikes. shoves. kicks. or otherwise subjects another person to physical contact. or attempts or threatens to do the same because of a belief or perception regarding such person's race. color. national origin. ancestry. gender. religion. religious practice, age of sixty years old or more[1]. disability or sexual orientation. regardless of whether the belief or perception is correct.

The term(s). "intent" [and "disability"]. used in this definition (has/have) (its/their) own special meaning in our law. I will now give you the meaning of (that/those) term(s):

INTENT means conscious objective or purpose.[2] Thus. a person acts with intent to harass. annoy. threaten or alarm another person when his or her conscious objective or purpose is to do so.

[DISABILITY means a physical or mental impairment that substantially limits a major life activity.[3]]

In order for you to find the defendant guilty of this crime. the People are required to prove. from all the evidence in the case.

---

[1]   *See* Penal Law § 240.00(5).  Include material in brackets only in a case involving age.

[2]*See* Penal Law §15.05(1).

[3]*See* Penal Law §240.00(6).

beyond a reasonable doubt. both of the following two elements:

1.  That on or about (<u>date</u>). in the County of (<u>County</u>). the defendant (<u>defendant's name</u>) struck. shoved. kicked. or otherwise subjected *(specify person)* to physical contact. or attempted or threatened to do so. because of a belief or perception regarding the *(specify appropriate attribute(s)*). of *(repeat name of above specified person),* regardless of whether the belief or perception was correct: and

2.  That the defendant did so with the intent to harass. annoy. threaten or alarm (*specify person*).

Therefore. if you find that the People have proven beyond a reasonable doubt both of those elements. you must find the defendant guilty of the crime of Aggravated Harassment in the Second Degree as charged in the _____ count.

On the other hand. if you find that the People have not proven beyond a reasonable doubt either or both of those elements. you must find the defendant not guilty of Aggravated Harassment in the Second Degree as charged in the _____ count.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_Edwards    Morales_

_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

_13_ Civ. _2586_ (_NSN_.) (  )(  )

- against -

① _The People of State of New York_ **AFFIRMATION OF SERVICE**
_et Al._                                 . _state_

② _Town of Harrison_   .

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

_Germani Morales  8_

I, _Edward A. Morales_ , **declare under penalty of perjury** that I have
*(name)*

served a copy of the attached _Motion to Remove State case to Federal_ .
*(document you are serving)*

upon _Court Clerk  Town of Harrison_ whose address is _____
*(name of person served)*

_Town of Harrison office of the Court @ 1 Harrison Place_ _Harrison_ _ny 10528_
*(where you served document)*

by _Personal Deliver_
*(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated: _Harrison_ , _NY_
       *(town/city)*    *(state)*

_August_ . _20_ , 20_13_
*(month)*  *(day)* *(year)*

_Signature_

_110 N. 3rd AvE #2M_
Address

_MT VERNON_
City, State

_NY    10530_
Zip Code

_(914) 294-2090_
Telephone Number

_(914) 010-7647_