

# IN THE UNITED STATE FEDERAL COURT

## SOUTHERN DISTRICT OF THE STATE OF NEW YORK

### CASE No 13-CV-2586 (NSR)

**Honorable:** *Nelson S. Roman*

## MEMORANDUM OF LAW IN OPOSITION TO DEFENDANTS MOTION TO DISMISS AMENDED COMPLAINT

Edward A. Morales

### *Plaintiff*

### Vs.

1) The State of New York    2) SUNY Purchase College    3) The State University of New York    4) N/A for this motion    5) SUNY Purchase College University Police    6) SUNY Binghamton University of BU    7) N/A for this motion    8) William Howard 9) Thomas Schwarz    10) Wendy Kowalczyk (aka. Ravitz]    11) Melissa Jones    12) Danielle DaGosto    13) Qui-qui Balascio    14) Richard Nassisi    15) Ernie Palmeiri    16) Ricardo Espinales    17) Mark Burdzinski 18) Lois Wald    19) Sandra Starki    20) Kyle Saud    21) Daniel Pearson    22) Bill (William) Baskin    23) Louse Yelin    24) Walter Butler    26) N/A    27) Sheryl Secor

### *Defendants*

# TABLE OF CONTENTS

**I. INTRODUCTION**.................................................................................................................1

   a)  Statement of the Case..................................................... .................................1


**II. ARGUMENT**.......................................................................................................................2

   a)  Statement of Facts..........................................................................................2

   b)  Standard for Dismissal Per Rule 12(b)(1)........................................... 5

   c)  Immunity (Sovereign Immunity   & Qualify   Immunity )................6

   d)  The State of New has Lost its Immunity.................................................19

   e)  This Case Should Not be Dismissed for Lack Plausibility or Standing......................................21

   f)  Test of sufficiency of complaint..................................................... ...........23

   g)  Retaliation & Witnesses.........................................................Appndx A...&...Pp25


**III. LEGAL THEORY Linking Defendants**.......................................................................25

   a)  Statement of Facts........................................................................................26

   b)  The Mission of Education as Stated by SUNY...............................................26

   c)   Cause of Action 2............................................................................................26

   d)  Cause of Action 3............................................................................................39

   e)  Cause of Action 4............................................................................................42

   f)  Cause of Action   5..........................................................................................46

   g)  Cause of Action   6..........................................................................................49

   h)  Cause of Action 7............................................................................................51

   i)  Cause of Action 8............................................................................................55

   j)  Cause of action 9............................................................................................55

   k)  Cause of Action 10..........................................................................................58

   l)  Cause of Action 11 .........................................................................................58

   m) Cause of Action 12..........................................................................................58

n)   First Amendment for All applicable Causes of Actions (especially for   # 12)...................................62

o)   Cause of Action 13 (SUNY Binghamton University, *et. al.*)...........................................................92


**IV. CONCLUSION** ........................................................................................ ...........................................98


**V. Certification**.................................................................................................................................103


**Appendix A:   Supporting Exhibits (in separate folder).**

    A.  Supporting Documentation from the Original Complaint.

    B. Supporting Documentation after the Amended Complaint.

**Appendix B:   PRO-SE CASE LAW (in separate folder).**

    A. Case Law Particularly Relevant to the Pro Se Litigant.

    B. U.S. Constitutional Issues (5th, 7th, 13th, 14th Amendments).

    C. Civil Rights Issues.

    D. Rule 60.

**Appendix C:   Case Law (in separate folder).**

    A. Court Opinions and/or Rulings

    B. Law Reviews and/or Opinions

**Appendix E (in separate folder) Administrative Rules and Laws.**

a)   New York State Code of Ethics for Higher Educators & School Officials.

b)   Rules of the Board of Regents Part 29, Unprofessional Conduct.

*Edward Morales Vs. SUNY. et. al* CASE No 13-CV-2586 (NSR)

## <u>TABLE OF AUTHORITIES</u>

<u>Cases:</u>

-------------------------------------------------------------A-------------------------------------------

*Acker v. Spangler,*

92 Pa. Commw. 616, 500 A.2d,.................................................................................................31

*Aetna Ins. Co. V. Kennedy ex rel. Bogash,*

301 U.S. 389, 393 (1937)...........................................................................................................10

*Amon v. State,.*

68 A.D.2d 941, 414 N.Y.S.2d 68 (3d Dep't 1979);

*Anderson,*

169 F.3d at 121...........................................................................................................................20

*Alexander v. Sandoval,*

532 U.S. 275, ...............................................................................................................................7

*Atasacadero State Hosp. v. Scanlon,*

473 U.S. 234, 238 n.1 (1985) ...................................................................................................7-8

*Athay v. Stacey,*

146 Idaho 407, 196 P.3d 325 (2008)......................................................................................33-34

-------------------------------------------------------------B-------------------------------------------

*Banks v. Terrebonne Parish School Bd.,*

339 So. 2d 1295 (La. Ct. App. 1st Cir. 1976); ...........................................................................32

*Edward Morales Vs. SUNY. et. al* CASE No 13-CV-2586 (NSR)

*Beasley v. Alabama State University,*

3 F. Supp.2d 1304, 1311-1315 (M.D. Ala. 1998); ...................................................................18

*Bell v. New Jersey,*

461 U.S. 773, 790 (1983)...............................................................................................................18

*Benton v. School Bd. of Broward County,*

386 So. 2d 831 (Fla. Dist. Ct. App. 4th Dist. 1980);................................................................32

*Blackburn v. City of Marshall,*

42 F.3d 925, 931 (5th Cir. 1995).................................................................................................5

*Boerne v. Flores*

117 S.Ct. 2157, 2164 (1997)..............................................................................................17-19-20

*Board of Trustees of the University of Alabama v. Garrett*

415 US 361, 94 S Ct 1160............................................................................................................15-32

*Brandon v. Holt,*
469 U.S. 464 (1984)........................................................................................................................10

*Brandenburg v. Ohio,*
395 U.S. 444, 447 (1969);..............................................................................................................80

*Brown v. North Carolina Div. Of Motor Vehicles,*

166 F.3d 698 704-705, 708 (4th Cir. 1999)..............................................................................18

*Brungard v. Hartman,*

483 Pa. 200, 394 A.2d 1265 (1978). .........................................................................................31

*Burr v. Kulas,*

532 N.W.2d 388, 100 Ed. Law Rep. 314 (N.D. 1995); .........................................................31

*Board of Trustees of Marana Elementary School, Dist. No. 6 v. Wildermuth,*

**Edward Morales Vs. SUNY. et. al** CASE No 13-CV-2586 (NSR)          5

16 Ariz. App. 171, 492 P.2d 420 (Div. 2 1972));

--------------------------------------------------------------C--------------------------------------

*Castro v. State of California,*

70 Cal. App. 3d 156, 138 Cal. Rptr. 572 (2d Dist. 1977) ...............................................33

*Cantwell v. Connecticut,*

310 U.S. 296, 309-310 (1940), ................................................................................78

*Chaplinsky v. New Hampshire,*

315 U.S. 568, 572 (1942).......................................................................77-78-80-89

*Campbell v. Wells Fargo Bank,*

781 F.2d 440, 442 (5[th]Cir. 1986). ...............................................................5

*Chontos v. Rhea,*

29 F. Supp. 2d 931, 131 Ed. Law Rep. 965 (N.D. Ind. 1998)...............................14

*Churchwell v. Board of Regents of University of Michigan,*

97 Mich. App. 463, 296 N.W.2d 75 (1980);........................................................31

*Clark,*

123 F.3d at 1269-1271 (Section 504); ...........................................................20

*Cohen v California,*

403 U.S. 15, 20-21 [1971] [Harlan, J.].)"...................................................78-89

*Counsel v. Dow,*

849 F.2d 731, 736 (2d Cir.)..........................................................................20

*County of Monroe v. Florida,*

678 F.2d 1124, 1133-1135 (2d Cir. 1982), ..................................................20

*Compare Clark v. California,*

123 F.3d 1267, 1270-1271 (9th Cir)..............................................................................18

*Crawford v. Indiana Dept. of Corrections,*

115 F.3d 481, 487 (7th Cir. 1997); ..............................................................................18

*Collins v. Harker*
112 S Ct 1061; .............................................................................................................18

*Collins v. Wilson,*

331 So. 2d 603 (La. Ct. App. 1st Cir. 1976),...............................................................32

*Cooper v. New York State Office of Mental Health,*

162 F. 3d 770, 773 (2d Cir.1998)..................................................................................20

*Cosenza v. Aetna Ins. Co,*

341 So. 2d 1304 (La. Ct. App. 3d Cir. 1977);..............................................................17

*Crawford v. Davis,*

109 F.3d 1281 (8th Cir. 1997) (Title IX)......................................................................20

---------------------------------------------------**D**---------------------------------------------------

*Davis v. Halpern,*

768 F.Supp. 968, 985 (E.D.N.Y. 1991).........................................................................25

*Doe v. University of Illinois.,*

138 F.3d 653, 660 (7th Cir. 1998),................................................................................20

*Donahue v. St. Joseph County ex rel. Bd. of Com'rs of St. Joseph County,*

720 N.E.2d 1236 (Ind. Ct. App. 1999);.........................................................................33

*Edelman v. Jordan,*

415 U.S. 651, 673 (1974) ...............................................................................................8

*Edwards v. City of Goldsboro,*

178 F.3d 231, 252 (4th Cir.1999)........................................................................38-39

*Edelman v. Jordan,*

415 U.S. 651, 67--2 (1974); ....................................................................................20

*Evans v. Bayer,*

2010 WL 521119 (S.D.Fla. 2010). ......................................................................6-80

*Ex-parte Virginia,*

100 U.S. (10 Otto) 339, 345-346 (1879)...................................................................17


-----------------------------------------------------------F-----------------------------------

*Flagg Bros., Inc. v. Brooks,*

436 U.S. 149, 98 S. Ct. 1729, 56 L. Ed. 2d 185, 23 U.C.C. Rep. Serv. 1105 (1978)...................................39

*Fitzpatrick v. Bitzer,*

427 U.S. 445 (1976)................................................................................................17

*Franks v. Kentucky School for the Deaf,*

142 F.3d 360, 363 (6th Cir. 1998)..........................................................................20

*Furek v. University of Delaware, 594 A.2d 506,*

69 Ed. Law Rep. 441 (Del. 1991)......................................................................14-31

*Furek v. University of Delaware,*

594 A.2d 506, 69 Ed. Law Rep. 441 (Del. 1991);................................................31

-----------------------------------------------------------G-----------------------------------

*Garcia v. S.U.N.Y. Health Sciences Center,*

280 F.3d 98 (2d Cir. 2001)............................................................................................7-9-10-16

*Gitlow v. New York,*

268 US 652 - (1925)...................................................................................................63

*Gilborges v. Wallace, 153 N.J. Super.*

121, 379 A.2d 269 (App. Div. 1977),..........................................................................33

*Gratz v. Bollinger,*

539 U.S. 244, 123 S. Ct. 2411, 156 L. Ed. 2d 257, 177 Ed. Law Rep. 851 (2003).......................36

*Great Northern Life Ins. Co. v. Read,*

322 U.S. 47, 54 (1944)..................................................................................................10

*Greening by Greening v. School Dist. of Millard,*

223 Neb. 729, 393 N.W.2d 51, .................................................................................31-33

*Greene v. Louisville and Interurban Railroad Co.,*

244 U.S. 499, 37 S. Ct. 673, 61 L. Ed. 1280 (1917).....................................................13


------------------------------------------------------**H**-----------------------------------------------------


*Haines v. Kerner*

404 U.S. 519 (1972)..................................................................................

*Hamay v. Washington County,*

291 Pa. Super. 137, 435 A.2d 606 (1981). ...................................................................34

*Heminway v. State University of New York,*

244 A.D.2d 979, 665 N.Y.S.2d 493,............................................................................14

*Hamay v. Washington County,*

291 Pa. Super. 137, 435 A.2d 606 (1981);........................................................................

*Edward Morales Vs. SUNY. et. al* CASE No 13-CV-2586 (NSR)

*Hartford Ins. Group v. LouCon Inc.,*

293 F.3d 908, 910 (5th Cir. 2002)..................................................................5

*Hays,*

515 U.S. at 744. .......................................................................................22

*Hardy v. Bezdicek,*

1999 OK CIV APP 77, 987 P.2d 426 (Div. 1 1999); ................................31

*Hishon v. King & Spalding,*

467 U.S. 69, 73 (1984)............................................................................5-33

*Home Builders Ass'n of Miss., Inc. v. City of Madison,*

143 F.3d 1006, 1010 (5th Cir. 1998). ........................................................5

*Hope v. Pelzer,*

536 U.S. 730, 741 (2002). ..........................................................................13

*Hulsey v. Ownes*

63 F3d 354 (5th Cir 1995). ..........................................................

*Hunter v. Board of Educ. of Montgomery County,*

292 Md. 481, 439 A.2d 582, ......................................................................31


--------------------------------------------------------------------I----------------------------------------

*Innovative Health Systems, Inc. et al. v. City of White Plains, et al.*

117 F.3d 37 (2d Cir. 1997)...........................................................................23

*Intelligence & Coordination,*

507 U.S. 163, 168 (1993). ............................................................................5

**Edward Morales Vs. SUNY. et. al** CASE No 13-CV-2586 (NSR)

*Edward Morales Vs. SUNY. et. al* CASE No 13-CV-2586 (NSR)

*Izard By and Through Izard v. Hickory City Schools Bd. of Educ.,*

68 N.C. App. 625, 315 S.E.2d 756, 206)............................................................................31-32


------------------------------------------------------------------------**J**------------------------------------------

*James for James v. Charlotte-Mecklenburg Bd. of Educ.,*

60 N.C. App. 642, 300 S.E.2d 21, 9;...........................................................................................32

*Johnson v. Jones,*

515 U.S. 304, 319-20 (1995) ...................................................................................................13

*Jones v. State of Arkansas,*

64 S.W.3d 728, 735 (Ark. 2002)...............................................................................................87

*Joseph v. Monroe,*

419 A.2d 927 (Del. 1980).........................................................................................................31


------------------------------------------------------------------------**K**------------------------------------------

*Kansas v. United States,*

214 F.3d 1196, 1202 (10th Cir.)............................................................................................9-10

*Katzenbach v. Morgan,*

384 U.S. 641 (1966);................................................................................................................17

*Kara B. by Albert v. Dane County,*

198 Wis. 2d 24, 542 N.W.2d 777 (Ct. App. 1995), ................................................................33

*Kandise LUCAS, Plaintiff, v. HENRICO COUNTY SCHOOL BOARD, et al.*

822 F.Supp.2d 589 (2011).......................................................................................................36

*Edward Morales Vs. SUNY. et. al* CASE No 13-CV-2586 (NSR)

*Edward Morales Vs. SUNY. et. al* CASE No 13-CV-2586 (NSR)

**Kelley v. Rossi, 395 Mass.**

659, 481 N.E.2d 1340 (1985) ....................................................................................33

**Kimel v. Board of Regents,**

139 F.3d 1426, 1433, 1442-1443 (11th Cir.)..................................................................18

**Koslow v. Pennsylvania,**

302 F.3d 161, 170 (3d Cir. 2002).................................................................................9

**Kodish v. United Airlines, Inc.,**

463 F. Supp. 1245 (D. Colo. 1979),............................................................................36

------------------------------------------------------------L------------------------------------------------------------

**Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination,**

507 U.S. 163, 168 (1993)..........................................................................................5

**Lipofsky v. Steingut,**

86 F.3d 15, 17-18 (2d Cir.).......................................................................................18

**Litman v. George Mason University.**

5 F. Supp.2d 366, 375-376 (E.D. Va. 1998).................................................................18

**Lovell v. Chandler;**

303 F.3d 1039, 1051 (9th Cir. 2002)...........................................................................9

**LOUISIANA DEPARTMENT OF EDUCATION, ET., AL., (PETITIONERS) v. THEODORE JOHNSON, ET AL** The Supreme Court of the United States;

No. 05-617.........................................................................See Appendix B, for Opinion....... &-8

**Lujan v. Defenders of Wildlife,**

504 U.S. 555, 560-561 (1992). ..................................................................................22

*Edward Morales Vs. SUNY. et. al* CASE No 13-CV-2586 (NSR)

---------------------------------------------------------------**M**---------------------------------------------------------------

*Mahone v. Addicks Utility District of Harris County,*

 836 F.2d 921, 926 (5th Cir. 1988).............................................................................5

*Maricopa County v. Altherr,*

 10 Ariz. App. 333, 458 P.2d 537 (1969) ....................................................................33

*Maciariello,*

 973 F.2d at 298;...............................................................................................36

*Masel v. Industrial Com'n of Illinois,*

 541 F. Supp. 342 (N.D. Ill. 1982). ........................................................................36

*McCulloch v. Maryland,*

 17 U.S. 316, 421 (1919)......................................................................................17

*McDonald v. University of West Virginia Bd. of Trustees,*

 191 W. Va. 179, 444 S.E.2d 57, 91 Ed. Law Rep. 707 (1994). .............................................14-31

*Metropolitan Dade County v. Glaser,*

 732 So. 2d 1124 (Fla. Dist. Ct. App. 3d Dist. 1999);......................................................33

*Mittra v. University of Medicine and Dentistry of New Jersey,*

 316 N.J. Super. 83, 719 A.2d 693, 130 Ed. Law Rep. 823 (App. Div. 1998);.................................31

*Mims v. Kemp,*

 516 F.2d 21, 23 (4th Cir. 1975)..............................................................................6

*Morrison v. Kappa Alpha Psi Fraternity,*

 738 So. 2d 1105, 143 Ed. Law Rep. 1115 (La. Ct. App. 2d Cir. 1999)........................................14

*Edward Morales Vs. SUNY. et. al* CASE No 13-CV-2586 (NSR)

*Morrison v. Kappa Alpha Psi Fraternity,*

738 So. 2d 1105, 143 Ed. Law Rep. 1115 (La. Ct. App. 2d Cir. 1999); ......................................31

*Morris v. Mooney,*

288 S.C. 447, 343 S.E.2d 442 (1986)...............................................................34

*Muller v. Costello,*

164 Ed. Law Rep. 446 (2002)...................................................................16


-----------------------------------------------------------N-----------------------------------------

*NASA v. Nelson,*

U.S.131 S.Ct. 746, 751, 178 L.Ed.2d 667 (2011);............................................38

*New Jersey Property-Liability Ins. Guar. Ass'n v. State,*

195 N.J. Super. 4, 477 A.2d 826 (App. Div. 1984) .........................................34

*Nixon v. Adm'r of Gen. Servs.,*

433 U.S. 425, 457, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977)..............................38-39

*Norman v. Turkey Run Community School Corp.,*

274 Ind. 310, 411 N.E.2d 614 (1980); ...........................................................32


-----------------------------------------------------------O-----------------------------------------

*Orem v. Ivy Tech State College,*

711 N.E.2d 864, 135 Ed. Law Rep. 628 (Ind. Ct. App. 1999);.........................31

*Osborn v. Bank of the United States,*

22 U.S. [9 Wheat.] 738, 6 L. Ed. 204 (1824)...................................................11

------------------------------------------------------------P-----------------------------------------

*Papish v University of Mo. Curators,*

410 U.S. 667 [1973]).................................................................................89.

*People v Anderson,*

NYLJ, June 1, 1989, at 23, col 4 [Crim Ct, Bronx County])...........................71

*People v. Bacon,*
37 N.Y.2d 830 (1975) ..............................................................................79

*People v Behlin,*
21 Misc. 3d 338 [Crim Ct, Kings County 2008],.............................................76-77-84

*People v Bracey,*

41 NY2d 296 [1977]; .................................................................................73

*People v Barona,*

19 Misc. 3d 1122[A], 2008 NY Slip Op 50814[U], ...........................................69

*People v Bonitto,*

4 Misc. 3d 386 [Crim Ct, NY County 2004]; ..............................................75-76

*People v. Burford,*

34 N.Y.2d 699 (1974) ("fuck you"); ...........................................................79

*People v. Carvelas,*

35 N.Y.2d 803 (1974); ...............................................................................79

*People v Calderon*

173 Misc. 2d 435, 438 [1997].....................................................................72

*People v Casey,*

95 NY2d 354, 360 [2000].).........................................................................69

*People v Chandler,*

20 Misc. 3d 139[A], 2008 NY Slip Op 51577[U] ..................................................................73-74

*People v. Collins,*

31 N.Y.2d 878 (1972); ..................................................................................................79-80

*People v Coyle,*

186 Misc. 2d 772 [Nassau Dist. Ct 2000]; .............................................................................75

*People v Dietze,*
75 NY2d 47 [1989].) ..................................................................................................75-77-79

*People v Dumas,*

68 NY2d 729 [1986]); see also [FN1]{**28 Misc. 3d at 486}. ................................................69

*People v. Dupont,*

107 A.D.2d 247, 253 (1st Dept. 1985). ..........................................................77-78-79-80-83- 90

*People v Duran,*

25 Misc. 3d 1210[A], 2009 NY Slip Op 52020[U] ..............................................................71-73

*People v Evans,*

21 Misc. 3d 260 [Crim Ct, Kings County 2008], ...............................................................71-73-74

*People v Feeley,*

23 AD3d 1130 [4th Dept. 2005] ..................................................................................71-73

*People v Granger,*

19 Misc. 3d 1129[A], 2008 NY Slip Op 50944[U] ..................................................................73

*People v Goldstein,*

196 Misc. 2d 741, 745 [App Term, 2d Dept. 2003]) ................................................................75

*People v Jennings,*

Edward Morales Vs. SUNY. et. al CASE No 13-CV-2586 (NSR)

69 NY2d 103, 114 [1986]; CPL 170.45). ...................................................................69

*People v Johnson,*

208 AD2d 1051 [1994], lv denied 85 NY2d 910 [1995]; ...........................................74

*People v Jones,*

9 NY3d 259, 261 [2007]).....................................................................................70-74

*People v. Henderson,*

177 Misc..2d 672, 677 N.Y.S.2d 669 (Briarcliff Manor Justice Ct. 1998),.................84

*People v Hernandez,*

7 Misc. 3d 857, 859 [Crim Ct, NY County 2005].)................................................72-75

*People v Linage,*

19 Misc. 3d 395 [Crim Ct, Kings County ],(2008)..................................71-73-75-82

*People v Little,*

14 Misc. 3d 70, 72 [App Term, 2d & 11th Jud Dist. 2006], ..................................74-75

*People v Louis,*

89 Misc. 2d 789 (App Term. 2d Dept. 1977).............................................................91

*People v. Livio,*

187 Misc. 2d 302, 725 N.Y.S.2d 785 (Nassau Co. Dist. Ct.2000),.............................82

*People v. Mangano,*

100 N.Y.2d 569, 764 N.Y.S.2d 379 (2003)...................................................77-78-90

*People v McGee,*

204 AD2d 353 [2d Dept. 1994], lv denied 84 NY2d 870 [1994];..........................73-74

*People v Miguel,*

147 Misc. 2d 482 [Crim Ct, NY County 1990], aft 153 Misc. 2d 442 ...

Edward Morales Vs. SUNY. et. al CASE No 13-CV-2586 (NSR)

*Edward Morales Vs. SUNY. et. al* CASE No 13-CV-2586 (NSR)

[App Term, 1st Dept. 1992]; .......................................................................................71

*People v Mitchell,*

24 Misc. 3d 1249[A], 2009 NY Slip Op 51931[U], ...........................................75-76

*People v. Morgenstern,*

140 Misc. 2d 861 (Rochester City Ct. 1988)).................................................83

*People v. Pecorella,*

32 N.Y.2d 920 (1973) .........................................................................................79

*People v Portnoy,*

158 Misc. 2d 60, 63 (Crim Ct, Kings County 1993).......................................71

*People v Rusciano,*

28 Misc. 3d at 489; ........................................................................................71-74

*People v. Shack,*

86 N.Y.2d 529 (1995). -------------------------------------------------------83-89

*People v. Shaheen,*

32 N.Y.2d 675 (1973)). ....................................................................................79

*People v Shropshire,*

181 Misc. 2d 77, 80 [Crim Ct, Richmond County 1999],...........................71-73

*People v Silla,*

7 Misc. 3d 8, 10 (App Term, 2d Dept. (2005)...............................................69

*People v Smith,*

89 Misc. 2d 789, 791 [App Term, 2d Dept. 1977]; [*7];.............................73-90

*People v Taylor,*

19 Misc. 3d 1114[A], 2008 NY Slip Op 50686[U], ......................................76

*People v. Tirado,*

26 N.Y.2d 325, 330, 310 N.Y.S.2d 303 (1970).................................................................75-83

*People v Turner,*

20 Misc. 3d 139[A], 2008 NY Slip Op 51577[U].................................................................73

*People v Yalow,*

183 Misc. 2d 880 [Crim Ct, NY County 2000];.................................................................71

*People v Yablov,*

183 Misc. 2d 880 [Crim Ct, NY County 2000]; .................................................................82

*Petersburg,*

895 F.2d 188, 192 (4th Cir.1990).................................................................39

*Petty v. Tennessee-Missouri Bridge.*

359 U.S. 275, 276 (1959); .................................................................20

*Porter v. Ascension Parish School Board,*

393 F.3d 608 (5th Cir. 2004).................................................................86

-----------------------------------------------------R-----------------------------------------------------

*Ramirez v. Arlequin,*

447 F.3d 19 (1st Cir. 2006). .................................................................62

*Richmond, Fredericksburg & Potomac RR Co. v. United States,*

945 F.2d 765,768 (4th Cir. 1991).................................................................6

*Ross v. Consumers Power Co.,*

420 Mich. 567, 363 N.W.2d 641, 23 Ed. Law Rep. 671 (1984); .................................................................33

*Edward Morales Vs. SUNY. et. al* CASE No 13-CV-2586 (NSR)

-------------------------------------------------------------------S-------------------------------------------------------------------

*Sandoval v. Hagan,*

197 F.3d 484 (11th Cir. 1999) ...........................................................................................7

*Scheuer v. Rhodes,*

416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). .........................................................13

*Stanton v. University of Texas Health Sciences Center at Dallas,*

997 S.W.2d 628 (Tex. App. Dallas 1998);...........................................................................31

*Seminole Tribe of Florida v. Florida,*

517 U.S. 44 (1996). ..........................................................................................11-16-20

*Siegert v. Gilley,*

500 U.S. 226 (1991), ...........................................................................................13

*Shaw v. Delta Air Lines,*

463 U.S. 85, 96 n.14 (1983)....................................................................................14

*Schlagler v. Phillips,*

985 F. Supp. 419 (S.D.N.Y. 1997), .............................................................................80

*Smith v. United States,*

507 U.S. 197 (1993);...........................................................................................34

*Speight v. Presley,*

2008 OK 99, 203 P.3d 173 (Okla. 2008) ........................................................................34

*South Dakota v. Dole State ex inf. McKittrick v. Whittle,*

The Supreme Court ..............................................................................................9

**Edward Morales Vs. SUNY. et. al** CASE No 13-CV-2586 (NSR)

*Edward Morales Vs. SUNY. et. al* CASE No 13-CV-2586 (NSR)

*State v. Pima County Adult Probation Dept.,*

147 Ariz. 146, 708 P.2d 1337 (Ct. App. Div. 2 1985) ...................................................................33

*State v. District Court of Thirteenth Judicial Dist.,*

170 Mont. 15, 550 P.2d 382 (1976); ......................................................................................34

*State v. Pima County Adult Probation Dept.,*

147 Ariz. 146, 708 P.2d 1337 (Ct. App. Div. 2 1985) ...............................................................

*State v. Loechner,*
65 Neb. 814, 91 N.W. 874 (1902); ..........................................................................................33

------------------------------------------------------T-----------------------------------------

*Terminiello v. Chicago,*

337 U.S. 1, 4-5 (1949)........................................................................................................79

*Thomas v. University of Houston*

977 F. Supp. 299 (N.D.N.Y. 1998)........................................................................................77

*Tinker v. Des Moines Independent Community School District,*

393 U.S. 503 (1969)..........................................................................................................63

*Tobin v. University of Maine System,*

59 F. Supp. 2d 87, 138 Ed. Law Rep. 267 (D. Me. 1999); ..........................................................31

*Trentacosta v. Frontier Pac. Aircraft Indus.,*

813 F.2d 1553, 1558 (9th Cir. 1987).......................................................................................6

------------------------------------------------------U-----------------------------------------

*United States v. Hays,*

515 U.S. 737, 743 (1995)....................................................................................................22

*Edward Morales Vs. SUNY. et. al* CASE No 13-CV-2586 (NSR)

*United States v. Vazquez,*

145 F.3d 74, 81 (2d Cir. 1 ..........................................................................................22-76


------------------------------------------------------------------V------------------------------------------------

*Vives v. City of New York,*

524 F.3d 346-357-358 (2d Cir. 2008). ...................................................................80-81-90-91

*Vaughn v. North Carolina Dept. of Human Resources,*

296 N.C. 683, 252 S.E.2d 792 (1979); ...........................................................................33

*Verhel by Verhel v. Independent School Dist. No.*

709, 359 N.W.2d 579,................................................................................................31

*Virginia v. Black,*

538 U.S. 343, 359 (2003)...............................................................................76-80-81-85


------------------------------------------------------------------W------------------------------------------------

*Walls v. City of Petersburg,* (quoting *Whalen,* 429 U.S. at 599-600, 97 S.Ct. 869).

895 F.2d 188, 192 (4th Cir.1990).........................................................................37-38

*Wagstaff v. City of Maplewood,*

615 S.W.2d 608 (Mo. Ct. App. E.D. 1981); .................................................................33

*Warth v. Seldin,* 4

22 U.S. 490, 501 (1975). ......................................................................................6-22

*Watts v. United States*

394 U.S. 707, 708 (1969)). .................................................................................81-82

*Waugh v. University of Hawaii,*

63 Haw. 117, 621 P.2d 957 (1980); ............................................................................14

*Welch v. Texas Dep't of Highways & Pub. Transp.,*

483 U.S. 468, 472 n.2 (1987) ............................................................................20

*West VirginiaBd. Of Ed. v. Barnette,*

319 US 624 - (1943) ............................................................................63

*Winkelman v. Parma City School District,*

550 U.S. 516, 520 (2007); and, 516 U.S. 474, 476 (1996)............................................14

*Whalen v. Roe,*

429 U.S. 589, 599, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977)............................................38

*Whalen v. Roe,*

429 U.S. 589, 599, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977); ............................................38

*Willis v. Dade County School Bd.,*

411 So. 2d 245, 3 Ed. Law Rep. 458 (Fla. Dist. Ct. App. 3d Dist. 1982) ......................31

*Waugh v. University of Hawaii,*

63 Haw. 117, 621 P.2d 957 (1980) ............................................................................31

## Federal Laws:

483 U.S. 203, 211–12 (1987)

5 U.S.C.   Sec 552a.

5 U.S.C. Sec 552a.

8 USC Sec1584

15 U.S.C. Sec 1681p and 1692k (d) and 28 U.S.C.?1331.

15 U.S.C.1 Sec 681p and 1692k (d)

20 U.S.C.    Sec 1400

20 U.S. C. Sec 1232g

20 U.S. C. Sec 4071

20 U.S.C. Sec 1683;

28 USC Sec 406;

28 USC Sec 1343 (1) (2) (3) (4).

28 U.S.C. Sec 1367(d)

28 U.S.C. Sec 2201-2202

28 U.S.C. Sec 1331.

28 U.S.C. Sec2201.

28 U S C Sec: 1332, 1335, 1357, 1441 and 1603

28 U.S.C. Sec 1343(a) (4).

28 U.S.C. Sec 367

28 U.S.C. Sec 3672

28 U.S.C. Sec 2201.

29 U.S.C. Sec   621-34.

42 U.S.C Sec 12202

42 U.S.C. Sec 12101(a) (3).

42 U.S.C. Sec 12101(a) (6).

42 U.S.C. Sec 12101(a) (5).

42 US C sec 1983

42 U.S.C. Sec 12188(b)

42 U.S.C. Sec 2000e-16.

42 U.S.C. Sec 1981a;

42 U.S.C. Sec 2000e-5 and? 2000e-16(c)

42 U.S.C. Sec 2000e-16.

28 U.S.C.?1331 and 1345.

28 U.S.C.?2201-2202

42 U.S.C. Sec 1981

42 U.S.C. Sec 6104(e) (1). 42 USC 1988.

42 USC 1988.

42 U.S.C. Sec 12188(b) (1)

Title 8 Sub Art. 3

Title 18 1584

Title 42 1985

Rights Attorney's Fee Award Act of 1976, 90 Stat. 2641

42 U.S.C. Sec 6104(e)

42 U.S.C. Sec 2000e-5 and? 2000e-16(c)

42 U.S.C. Sec 12188(b).

42 U.S.C. Sec 6104(e) (1).


## State Laws:

Penal Law Sec 240.30

Penal Law Sec 240.

[28 Misc. 3d at 488]30 (1) (a)

Penal Law Sec 240.30 [1] [b]).

Penal Law Sec 240.30 [1] [a]

Penal Law Sec240.30 (1) (a) and (b)

Penal Law Sec 240.30 (2)

New York State Title 1 Article 5; Part 3 - (290)

(Pub. L. 92–318, title IX, 903, June 23, 1972, 86Stat. 374.)

Title 1 Article 2    Sec 10. Legislative intent;

Title 1 Article 2    Sec 13.

Title 1 Article 2 Part 3 - (290 - 292)

Executive Law sec. 296;

**Rules.**

Rule 12(b) (1),

Rule 8(f)

Rule 12(b) (6)

RULE 60.

Fed. R. Civ. P. 12(b) (6) or 12(b) (1),

836 F.2d at 926.

5 CFR Part 617

28 C.F.R.?42.108(e)

34 CFR 5b.5;

34 CFR 5b.9 (b)

34 CFR 5b. (2)

34 CFR 5b (3) (c)

34 C.F.R. Part 110. 45 C.F.R. Part 90.1.

# I. INTRODUCTION

## A. Statement of the Case.

Plaintiff herein incorporates ALL relevant statements of facts made in the amended complaint.

    (1) After exhausting ALL administrative avenues for remedy... Plaintiff, Edward Morales as a direct result of the appropriate and misapplied (as students situated in the same positions) policies, practices, customs and procedures of SUNY Purchase College and Binghamton University and their state actors. Plaintiff has brought this actions for Constitutional violations and violations of state law. Damages to Plaintiff are not limited to, permanent personal injuries: mental and physical, loss of property suffered by Plaintiffs as a result of the intentional and premeditated retaliatory actions form Defendants and state actors acting in the color of the law.

    (2) Plaintiffs is requesting compensatory damages under, but not limited to, 42 U.S.C. Sec. 1983; and under applicable state of New York laws. Compensation is requested by Plaintiff due to Defendants jointly and severally deprived Plaintiff of his federally-protected. U.S. CONSTITUTION. Defendant violated, but not limited (see legal theory under section IV of this document), Plaintiff's constitutional right to "equal Protection" and "due process" where an, but not limited, emergencies apply, see Barnes Vs. Zaccari 669 F.3d 1295 (2012).

    (3) Plaintiff is member of a protected group. Plaintiff is 54 years old, Hispanic male and a qualified "partially-permanent disabled" person, under the Social Security Disability Administration or SSDA, as defined by 42 U.S.C. sec.12131(2), and Section 504 of the Rehabilitation Act of 1973 29 USC sec (701-796). Due Plaintiff his disability total income is his Social Security Disability in the amount of $849.00 per month, and NO saving, since his accident at World Trade Center letting with no capitol (Plaintiff was, newly license broker/trader at the WTC, this information ca be verified at NASDA) submitted with The State University of New York (SUNY),

## B. Jurisdiction and Venue.

Jurisdiction is proper, as stated in Plaintiff's not-requested "amended complaint".

## IV. LEGAL THEORY

Linking Defendants' and Causes of actions.

NOTE:

- IN ALL CAUSES OF ACTIONS; PLAINTIFF'S VIOLATIONS WERE INFLICTED and/or APPLIED DIFFERENTLY THAN THOSE STUDENTS SITUATED IN THE SIMILAR SITUATION--RETALIATION.

- New York State Code of Ethics for Higher Educators & School Officials.

  Rules of the Board of Regents Part 29, Unprofessional Conduct violations, apply to ALL defendants herein in this section; see, Appendix E.

- In addition, and applicable to ALL cause of actions, defendants 8) William Howard 9) Thomas Schwarz     10) Wendy Kowalczyk [aka, Ravitz] (all with law degrees), have been notified of all violation and wrong doing of ALL state actors for each cause actions, in approx.. 100 emails; furthermore, they encouraged such illegal actions. For this reason these defendants are the MOST accountable for ALL damages inflicted onto the Plaintiff.


### A. Statement of Facts.

(1) In addition ALL FACTS stated in the amended complaint, Plaintiff hereby will restates [in summary] the causes of actions as applied to    each defendant; which, as stated before, it may be futile since the State is the body responsible, with immunity or not. Argued. Moreover; since ALL (according to Plaintiff's research) legal theory are most of the time constructed based ON THE MERITS, the following is subjective to the Court's wisdom and the case law attached in Appendix C. Furthermore; Plaintiff repeats some of the standards, to allow not confusion of the legal theory; however the reader may decide to avoid reading these repetitions as needed... Furthermore; some legal standards are intentionally omitted in this document, implying the Court may use whichever standard applicable based ON THE MERITS, and NOT based in a particular case law and/or any matter-of-the-law.

B. The Mission (As Applied to ALL Defendants in ALL Causes of Actions As Follows).

(2) To reinforce the MIRITS of this case as whole; under NNYS Education Law; Title 1 Article 2 § 10; Legislative intent. The legislature finds that students' ability to learn and to meet high academic standards, and a school's ability to educate its students, are compromised by incidents of discrimination or harassment including bullying, taunting or intimidation. It is hereby declared to be the policy of the state to afford all students in public schools an environment free of discrimination and harassment. The purpose of this article is to foster civility in public schools and to prevent and prohibit conduct which is inconsistent with a school.

C. Cause of Action # 2 of the Amended Complaint.

Plaintiff incorporates and restate each and all the above legal theory as well as the FACTS section Plaintiff stated for each cause of action on his amended complaint and set forth herein. Furthermore, some defendants may have be omitted from the amended complaint in good faith and with prejudice. Further, and/since Plaintiff has exhausted ALL administrative remedies for this and ALL cause of actions herein:

(1) Defendants SUNY Purchase College; The State of New York; State University of New York SUNY; as the entities responsible for their state actor action and liabilities, are accountable for ALL state and federal violations of the law as stated herein set forth below, and applicable torts.

(2) Defendant, Lois Wald and Qui-Qui Balascio; as the main state actor is accountable for ALL state and federal violations of the law as stated and set forth below.

A.  SUNY Purchase in An educational institution (college). As part of the state university of New York; the college MUST provide undiscriminating equal access to education as prescribed by federal law; 20 U.S. Code sec. 4071.

B.  In this cause of action, defendants have [did] deprived Plaintiff of federal constitutional and/or statutory right[s] by failing and refusing to allow equal access to education, in contrast to other students have. [As a written or unwritten policy SUNY Purchase standard eligibility

for student admission does require a psychological evaluation. However, it said by other school officials that it is standalone an unwritten policy to do so when the prospective student does "NOT FEET THE STUDENT PROFILE." This term is utilized often in this complaint, since it is used by most departments at the school. It is unclear as to what the "student profile" means for Purchase College, however, it is NOT aged, and African American prospective and students.

C.   Defendants have [did] acted under the state color of the law and/or as private person, on its own capacity, when deprived Plaintiff of federal constitutional and/or statutory right[s], property interest, equal right to education and otherwise discriminated against Plaintiff based upon his age and gender [sex]. Action that otherwise would NOT have taken place to prospective student of the opposite gender [sex] in the same positions as Plaintiff was.

D.   As directed and proximate result of the violation[s] of 42 U.S.C. § 1983, and defendant action[s] illegal, actions stated on the amended complaint as the facts show and as witnesses shall testified. Plaintiff, suffered emotional injuries, but not limited to, humiliation, aches, temporary and permanent limitations on activities [study], stigma, and as part of general damages in compounding all damages in this document herein and the amended complaint, Plaintiff suffered physical pain due to the mental stress that in term causes inflation to his spinal injuries that caused potential shortening of life mental anguish, depression. Plaintiff also suffer preferment academic harm, permanence financial hardship (plaintiff in debt on close to $40,000 in federal student loans, and with an income of only an $ 860.00 per month) and lost permanent of future income as license Attorney income, since plaintiff can no longer be able to attend any school.

Legal Theory.

Federal Law:

(7) as a result of defendant[s] violated provisions of the Federal and/or State statues regulations including, but not limited to, the following:

A.  The requirement of 42 U.S.C. § 1983,

B.  The requirement of 20 U.S. C. § 4071

C.  The requirement of the "Equal Protection Clause" of the Fourteenth Amendment of the US Constitution [discrimination]; as stated in torts (invasion of privacy)

D.  The requirement of the "Commerce Clause" of the Amendment of the US Constitution; Fifth Amendment. See part Courts.

E.  The requirement of the Federal Age Discrimination Act of 1975; 34 C.F.R. Part 110., 45 C.F.R. Part 90.1.,and 45 CFR Part 617, and it implementing regulations (45 CFR Part 90) applies to public and private institutions that receive federal funds;

F.  The requirements of Title VII of the Civil Rights Act of 1964. Title VII prohibits discrimination based on gender and protects both women and men. 42 U.S.C. § 2000e-2(a) (1) (2000).

G.  Title IX of the Education Amendments of 1972 prohibits gender discrimination in education and in higher educational programs and in activities receiving federal funds. 20 U.S.C. §§ 1681-1688 (2000).

H.  The requirements of Section 3 of the Privacy Act of 1974; 5 U.S. Code § 552a - Records maintained on individuals; disclosure of medical and/or private information, with no public justified interest. 20 U.S. Code § 1232g - Family educational and privacy rights, as applied to plaintiff.

I.  The requirements of by the 34 CFR 5b.5; notification of or access to records,

J.  The requirement of the 34 CFR 5b.9 (b) of this section authorizing disclosures of records without consent, no disclosure of a record will be made without the consent of the subject individual. Section (1) 34 CFR allows with "need"; there no legitimate need of said record/report by the school is prohibited is applicable since no need to conduct an n evaluation of plaintiff with NO probable cause of an obvious Psychiatric disorder]. Furthermore, under 34 CFR 5b. (2) Appendix A; "The Department may be subjected to civil liability for the following actions undertaken by its employees. "and (c) Failing to maintain any record pertaining to any individual with such accuracy, relevance, timeliness, and

completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such a record, and consequently a determination is made which is adverse to the individual, or...

K.   The requirement of 34 CFR 5b (3) (c) Rules Governing Employees Not Working with Systems of Records. "Employees whose duties do not involve working with systems of records will not generally disclose to any one, without specific authorization from their supervisors, records pertaining to employees or other individuals which by reason of their official duties are available to them. Notwithstanding the above, the following records concerning Federal employees are a matter of public record and no further authorization is necessary for disclosure.

State Law:

(8) State Education Law under NNYS Education Law; Title 1 Article 2 § 10; Legislative intent. Title 1 Article 2 "Defendants violated of Plaintiff's dignity, by conduction an evaluation conditional for admission to school, with the assertion that he was single-out for such evacuation.

A.   As required by Title 1 Article 2 § 10. Legislative intent; "The Mission.

B. As required by Title 1 Article 2 § 12. Discrimination and harassment prohibited.

C. As required by Title 1 Article 2 § 13. Policies and guidelines.

D. As required by Title 1 Article 2 Part 3 - (290 - 292) FEDERAL FUNDS FOR VOCATIONAL EDUCATION SEC. 290; "Accepts of law of the United States. The state of New York hereby accepts ALL of the provisions passed by the senate and the house of representatives of the United States of America, in congress assembled...

E. As required by Title 8 Sub Art. 3 - Professional misconduct.

F. Executive Law sec. 296; Unlawful discriminatory practices.

Torts for cause of action # 2 (also, as apply to ALL causes actions in document):

(9) this court has Jurisdiction over Plaintiff on ALL claim since plaintiff exhausted ALL administrative remedies (applicable to ALL causes of actions):

(10) Ssupplemental jurisdiction of this court is invoked pursuant to 28 U.S.C. §1367 over the State law claims which are so related to Federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America. For ALL purposes of this section jurisdictions, a tort suit against a state college or university is governed by the state tort claims act; see, ***Tobin v. University of Maine System,*** 59 F. Supp. 2d 87, 138 Ed. Law Rep. 267 (D. Me. 1999); ***Orem v. Ivy Tech State College***, 711 N.E.2d 864, 135 Ed. Law Rep. 628 (Ind. Ct. App. 1999); Wilson v. Kansas State University, 273 Kan. 584, 44 P.3d 454, 164 Ed. Law Rep. 446 (2002); ***Mittra v. University of Medicine and Dentistry of New Jersey,*** 316 N.J. Super. 83, 719 A.2d 693, 130 Ed. Law Rep. 823 (App. Div. 1998); ***Hardy v. Bezdicek,*** 1999 OK CIV APP 77, 987 P.2d 426 (Div. 1 1999); ***Halberstam v. Com.,*** 251 Va. 248, 467 S.E.2d 783, 107 Ed. Law Rep. 1043 (1996). In addition tort the issues of sovereign immunity said on section III, rule of non-liability for tort has been abrogated by judicial action; se*e,* ***Churchwell v. Board of Regents of University of Michigan,*** 97 Mich. App. 463, 296 N.W.2d 75 (1980); ***Burr v. Kulas,*** 532 N.W.2d 388, 100 Ed. Law Rep. 314 (N.D. 1995); ***Brungard v. Hartman,*** 483 Pa. 200, 394 A.2d 1265 (1978). Furthermore, descendants and state actors' negligence or fault on its part, proximate causing the plaintiff's injuries, is established; ***Morrison v. Kappa Alpha Psi Fraternity***, 738 So. 2d 1105, 143 Ed. Law Rep. 1115 (La. Ct. App. 2d Cir. 1999), writ denied, 749 So. 2d 634 (La. 1999) and writ denied, 749 So. 2d 635 (La. 1999) and writ denied, 747 So. 2d 1120 (La. 1999); ***Heminway v. State University of New York***, 244 A.D.2d 979, 665 N.Y.S.2d 493, 122 Ed. Law Rep. 1050 (4th Dep't 1997); ***McDonald v. University of West Virginia Bd. of Trustees,*** 191 W. Va. 179, 444 S.E.2d 57, 91 Ed. Law Rep. 707 (1994). Furthermore, injuries caused to plaintiff are resulting from the lack, or wrongful   insufficiency of supervision by the state and the state actors with HIGH rank positions and/or supervising duties; see, ***Durham v. Com.,*** 406 S.W.2d 858 (Ky. 1966); ***Graham v. Montana State University,*** 235 Mont. 284, 767 P.2d 301, 51 Ed. Law Rep. 628 (1988); ***Amon v. State***, 68 A.D.2d 941, 414 N.Y.S.2d 68 (3d Dep't 1979); ***McDonald v. University of West Virginia Bd. of Trustees***, 191 W. Va. 179, 444 S.E.2d 57, 91 Ed. Law Rep. 707 (1994). Furthermore, defendants and the state

actors have particularly acted with regard to students injured as a result of fraternity hazing; see, *Furek v. University of Delaware,* 594 A.2d 506, 69 Ed. Law Rep. 441 (Del. 1991); *Morrison v. Kappa Alpha Psi Fraternity*, 738 So. 2d 1105, 143 Ed. Law Rep. 1115 (La. Ct. App. 2d Cir. 1999); Court have    hold that a government entity which is found to be an arm of the state ( as SUNY) under an Eleventh Amendment analysis is, by virtue of that status, not a "person" is subject to liability under 42 U.S.C.A.§ 1983,; Furthermore. Defendants and its state actors may be held liable for monetary damages in cases where action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers, which plaintiff has asserted on its-face or by deposition of witnesses; See, *Ciampi v. City of Palo Alto*, 2011 WL 1793349 (N.D. Cal. 2011); moreover, in the absence of deliberate indifference to an individual's federal rights.

Standard.

(11) ALL defendants, in the absence of sovereign or governmental immunity from tort liability or suit in tort, SUNY defendants and its state actors, and related governmental bodies are be subject to liability under the doctrine of respondent superior, as to the essential elements for governmental tort liability under respondent superior,    for the torts of their officers, agents, or employees acting within the scope of their employment and authority; see, *Joseph v. Monroe*, 419 A.2d 927 (Del. 1980) (denying violation of teacher's handbook was negligence per se); *Willis v. Dade County School Bd.*, 411 So. 2d 245, 3 Ed. Law Rep. 458 (Fla. Dist. Ct. App. 3d Dist. 1982) (excluding intentional torts, bad faith, and malicious conduct); *Dibortolo v. Metropolitan School Dist. of Washington Tp.*, 440 N.E.2d 506, 6 Ed. Law Rep. 1060 (Ind. Ct. App. 1982); *Emery v. Chapman*, 495 So. 2d 371, 35 Ed. Law Rep. 856 (La. Ct. App. 3d Cir. 1986) (recognizing potential for vicarious liability of county school board as employer of teachers and other subordinates); *Hunter v. Board of Educ. of Montgomery County,* 292 Md. 481, 439 A.2d 582, 2 Ed. Law Rep. 114 (1982) (excepting intentional torts where outside scope of employment); *Verhel by Verhel v. Independent School Dist. No.* 709, 359 N.W.2d 579, 22 Ed. Law Rep. 371 (Minn. 1984); *Greening by Greening v. School Dist. of Millard, 223 Neb. 729, 393 N.W.2d 51,* 34 Ed. Law Rep. 1199 (1986) (denying liability in absence of agency or employment relationship); *Izard By and Through Izard v. Hickory City Schools Bd. of Educ.*, 68 N.C. App. 625, 315 S.E.2d 756, 17 Ed. Law Rep. 985 (1984) (no negligence under facts); *Acker v. Spangler*, 92 Pa.

Commw. 616, 500 A.2d 206, 28 Ed. Law Rep. 833 (1985). Since respondeat superior does not obviate the necessity of establishing the essential elements of negligence; see, *James for James v. Charlotte-Mecklenburg Bd. of Educ.*, 60 N.C. App. 642, 300 S.E.2d 21, 9 Ed. Law Rep. 401 (1983); *Benton v. School Bd. of Broward County*, 386 So. 2d 831 (Fla. Dist. Ct. App. 4th Dist. 1980); *Norman v. Turkey Run Community School Corp.*, 274 Ind. 310, 411 N.E.2d 614 (1980); *Banks v. Terrebonne Parish School Bd.*, 339 So. 2d 1295 (La. Ct. App. 1st Cir. 1976); *Collins v. Wilson*, 331 So. 2d 603 (La. Ct. App. 1st Cir. 1976),   33Furthermore. School officials are public officers; see, School Dist. No. 69 of *Maricopa County v. Altherr*, 10 Ariz. App. 333, 458 P.2d 537 (1969) (overruled in part on other grounds by, *Board of Trustees of Marana Elementary School, Dist. No. 6 v. Wildermuth*, 16 Ariz. App. 171, 492 P.2d 420 (Div. 2 1972)); *Coleman v. Glenn,* 103 Ga. 458, 30 S.E. 297 (1898); State ex inf. *McKittrick v. Whittle,* 333 Mo. 705, 63 S.W.2d 100, 88 A.L.R. 1099 (1933); *State v. Loechner*, 65 Neb. 814, 91 N.W. 874 (1902); *Lookabill v. Board of Educ. of Wyoming County*, 172 W. Va. 225, 304 S.E.2d 678, 12 Ed. Law Rep. 563 (1983).

(12) In determining the tort liability of state and local governmental bodies for the acts or omissions of their officers, agents, and employees (state actors) under a theory of respondents at superior based on whether the tort occurred in the course of the actors' employment and within the scope of their authority, it must appear that, in fact or in law; see, *Hamay v. Washington County,* 291 Pa. Super. 137, 435 A.2d 606 (1981)., a relationship of agent-principal, or employer-employee, existed between the governmental body and the officer, agent, or employee as the alleged tortfeasor; see, *Metropolitan Dade County v. Glaser,* 732 So. 2d 1124 (Fla. Dist. Ct. App. 3d Dist. 1999); *Donahue v. St. Joseph County ex rel. Bd. of Com'rs of St. Joseph County,* 720 N.E.2d 1236 (Ind. Ct. App. 1999); *Kelley v. Rossi, 395 Mass.* 659, 481 N.E.2d 1340 (1985) (issue of a public employee status held dependent on principles governing whether an agent is a servant rendering principal liable under responded at superior); Greening by *Greening v. School Dist. of Millard,* 223 Neb. 729, 393 N.W.2d 51, 34 Ed. Law Rep. 1199 (1986); aff'd in part, rev'd in part on other grounds, 78 N.J. 342, 396 A.2d 338 (1978); *Vaughn v. North Carolina Dept. of Human Resources,* 296 N.C. 683, 252 S.E.2d 792 (1979); *Hamay v. Washington County*, 291 Pa. Super. 137, 435 A.2d 606 (1981); *Kara B. by Albert v. Dane County*, 198 Wis. 2d 24, 542 N.W.2d 777 (Ct. App. 1995), decision aff'd, 205 Wis. 2d 140, 555 N.W.2d 630 (1996) (foster-home operator); or employee--,   see, *State v. Pima County Adult Probation Dept.*, 147

Ariz. 146, 708 P.2d 1337 (Ct. App. Div. 2 1985); (denying the existence of an employment relationship regarding a prospective trial juror); *Athay v. Stacey*, 146 Idaho 407, 196 P.3d 325 (2008); *Ross v. Consumers Power Co.*, 420 Mich. 567, 363 N.W.2d 641, 23 Ed. Law Rep. 671 (1984); *Wagstaff v. City of Maplewood*, 615 S.W.2d 608 (Mo. Ct. App. E.D. 1981); *Greening by Greening v. School Dist. of Millard*, 223 Neb. 729, 393 N.W.2d 51, 34 Ed. Law Rep. 1199 (1986) (denying an employment relationship); *Edwards v. Akion*, 52 N.C. App. 688, 279 S.E.2d 894, 17 A.L.R.4th 870 (1981), decision aff'd, 304 N.C. 585, 284 S.E.2d 518 (1981); *Hamay v. Washington County*, 291 Pa. Super. 137, 435 A.2d 606 (1981) (a county judge is an employee of the State, not the county); *Morris v. Mooney*, 288 S.C. 447, 343 S.E.2d 442 (1986).

(13) Because of the vicarious liability (applicable to supervising or advising state actors) that a governmental entity can have for the acts of its employees, a person cannot become the employee of a governmental entity without its agreement. In this case the state actors have NOT properly proven (documented) their relation to the state. As said in section III, this MUST be accomplished by providing their OATH to the state or to SUNY documentation; see, *Athay v. Stacey*, 146 Idaho 407, 196 P.3d 325 (2008). ALL defendants' civil wrong which can be redressed by awarding damages for loss of earnings capacity, pain and suffering, and reasonable medical expenses. They include both present and future expected losses. Furthermore, Plaintiff in his amendment complaint asserts that ALL individual defendants are designated in their respective causes of action, "tortfeasor". Some jurisdictions apply a control test for the required relationship, denying liability in the absence of authority or control over the alleged tortfeasor. *State v. Pima County Adult Probation Dept.,* 147 Ariz. 146, 708 P.2d 1337 (Ct. App. Div. 2 1985); *Cosenza v. Aetna Ins. Co.,* 341 So. 2d 1304 (La. Ct. App. 3d Cir. 1977); *Smith v. Steinberg,* 395 Mass. 666, 481 N.E.2d 1344, 27 Ed. Law Rep. 294 (1985) (test for the direction and control by the Commonwealth for the purposes of public employee immunity); *State v. District Court of Thirteenth Judicial Dist.*, 170 Mont. 15, 550 P.2d 382 (1976); *New Jersey Property-Liability Ins. Guar. Ass'n v. State,* 195 N.J. Super. 4, 477 A.2d 826 (App. Div. 1984) (construing tort claims act in an indemnity action); *Speight v. Presley,* 2008 OK 99, 203 P.3d 173 (Okla. 2008); *Hamay v. Washington County*, 291 Pa. Super. 137, 435 A.2d 606 (1981). On this point, one court noted that the responded at superior rule rests on the premise that when exercising delegated authority, between SUNY defendants employees at SUNY main offices, in Albany, NY and between Purchase College, in the employee stands under the complete control of the employer, or in

contrast with *Speight v. Presley,* 2008 OK 99, 203 P.3d 173 (Okla. 2008) (holding that a county board had no power to control the judicial function performed by the county district court clerk), in plaintiff's case, plaintiff asserts the ALL high rank   state actors, for their predominant in influence and   involvement   on ALL/Respective[s] cause[s] of action, but not limited to, e.g. Defendants, Qui-Qui Balascio, William Howard (law degree), Thomas Schwarz (law degree), Wendy Kowalczyk (law degree), Richard Nassisi (for his negligent influence at Purchase College--but not limited to--continuing education, against plaintiff), Ernie Palmeiri, Sandra Starki (BU), Louise Yelin. Walter Butler; were on notice and awareness of all violations to plaintiff, in respect to their causes of action. These state officials ARE TORTFEASORS for their supervising powers at SUNY.

(15) Note: ALL statements above in III (1) of this section HAVE especial preponderant to the INTETIONAL TORT part of this action, as applies to each individual state actor of plaintiff's amended complaint.


Negligence.

(16)  Defendants have by request a conditional to admission for Psychological evaluation failed to have with the level of care that someone of ordinary prudence would have exercised under the same circumstances. The actions consisted of omissions duty and stand of care. Defendants, as a psychologist did/must had/have foreseeable likelihood that the defendants in this cause of action #2, conduct will result in harm, the foreseeable severity of any harm that may ensue, and the burden of precautions to eliminate or reduce the risk of harm. See Restatement (Third) of Torts: Liability for Physical Harm § 3 (P.F.D. No. 1, 2005). Defendants Negligent conduct did also consisted--but not limited to--on an[the] act, or an omission to act, to protect the student's interest, and the EDUCATIONAL MISSION OF THE SCHOOL as required by state and federal laws; See Restatement (Second) of Torts § 282 (1965). ALL elements of ; "prima facie" case of negligence: the existence of a legal duty to exercise reasonable care; a failure to exercise reasonable care; "cause in fact "of physical harm by the negligent conduct; physical and/or mental harm and intentional infliction of emotional distress.. In the form of actual damages; and "proximate cause", a showing that the harm is within the scope of liability, have been met, on its face, documentation (see appendix) and/or by deposition of witnesses.