Defamation, both <u>libel</u> and <u>slander</u>.

(17) Defendants have by request a conditional to admission Psychological evaluation failed to have with the level of care that someone of ordinary prudence would have exercised under the same circumstances. Hence, defendants intentionally and unreasonably made statement, written or oral, that have injured plaintiff's reputation. See, e.g. <u>Buckley v. Fitzsimmons, 509 U.S. 259 (1993)</u>. Defendants, as a psychologist did/must had/have foreseeable likelihood that the defendants in this cause of action. Conduct will result in harm, the foreseeable severity of any harm that may ensue, and the burden of precautions to eliminate or reduce the risk of harm. See Restatement (Third) of Torts: Liability for Physical Harm § 3 (P.F.D. No. 1, 2005). Defendants Negligent conduct did also consisted--but not limited to--on an[the] act, or an omission to act, to protect the student's interest, and the EDUCATIONAL MISSION OF THE SCHOOL as required by state and federal laws; See Restatement (Second) of Torts § 282 (1965). ALL elements of ; "prima facie" case of negligence: the existence of a legal duty to exercise reasonable care; a failure to exercise reasonable care; "cause in fact "of physical harm by the negligent conduct; physical and/or mental harm and intentional infliction of emotional distress.. In the form of actual damages; and "proximate cause", a showing that the harm is within the scope of liability, have been met, on its face, documentation (see appendix) and/or by deposition of witnesses.

Invasion of privacy.

(18) Defendants have by request a conditional to admission Psychological evaluation failed to have with the level of care that someone of ordinary prudence would have exercised under the same circumstances. Hence, defendants intentionally and unreasonably made statement, written or oral, that have injured plaintiff's reputation. See, e.g. <u>Buckley v. Fitzsimmons, 509 U.S. 259 (1993)</u>.

(19) In addition by defendants requesting a conditional to admission defendants discriminated as in constitutional principles. These include the <u>Fourth Amendment</u> right to be free of unwarranted search or seizure, the <u>First Amendment</u> right to free assembly, and the <u>Fourteenth Amendment</u> due process right, recognized by the <u>Supreme Court</u> as protecting a general right to

privacy within family, marriage, motherhood, procreation, and child rearing See. State and federal law as apply to these negligent actions; see, 42 U.S.C.A. sec.1981 under *Graz v. Bollinger,* 539 U.S. 244, 123 S. Ct. 2411, 156 L. Ed. 2d 257, 177 Ed. Law Rep. 851 (2003).Neither sex discrimination, see, *Masel v. Industrial Com'n of Illinois,* 541 F. Supp. 342 (N.D. Ill. 1982). age discrimination; see, *Kodish v. United Airlines, Inc.,* 463 F. Supp. 1245 (D. Colo. 1979), judgment aff'd, 628 F.2d 1301 (10th Cir. 1980). nor discrimination based upon religion, furnishes a basis for a cause of action under 42 U.S.C.A. 1981. Plaintiff hereby states that defendants and state actors herein named, have conspired ti discriminated on the basis of Age and Sex for by implementing an UNWRITEN SUNY Purchase College policy, to conduct an unsolicited,   "not requested to all prospective students, mainly intended to older persons, psychological evaluation y [" person that does not feet the student profile, MUST returning to school, MUST have a psychological evaluation" ; words of defendant Qui-qui Baslacio] to such students, with further purpose to monitoring (such as hacking the student[s] email) the student-plaintiff. Further, as stated on the amendment complaint, the unauthorized record (psychological evaluation), is decimated to at least state actor Defendant Qui-qui Balascio, which in term decimate said report to other school officials. Said evaluation is not intended to all students. Plaintiff has not been allowed to examine such report. As stated in the original and amended complaints, plaintiff clearly notified defendant the Psychologist supervisor (no name on file, the person does not longer work for SUNY Purchase) and defendant, Mrs. Wald that he and she were discrimination based in sex (gender) and/or age. This court must note that this policy is strictly directed to elder students, and with explicit intention to monitor the student. This policy is not intended with any benefit to the state or school. There is no explanation for such violation of plaintiff's civil right, but create and segregate the college to accommodate the officials discriminate personalities.

(20) In *Kandise LUCAS, Plaintiff, v. HENRICO COUNTY SCHOOL BOARD, et al.,* 822 F.Supp.2d 589 (2011). Here, the Court determined whether it was clearly established at the time of Defendants' conduct that disclosure of a public employee's employment status violates a constitutional right to privacy. Assuming, without deciding, that Lucas could establish a violation of a constitutionally protected right, the alleged unlawful conduct in this case is at best a "gray area." *Maciariello,* 973 F.2d at 298. In this case, plaintiff... because the contours of the right at issue is sufficiently clear such that a reasonable official (two Psychologists)   in Defendants'

position would have understood that what they were doing violated that right, of Plaintiff herein. Defendants DO NOT qualify for immunity.

(21) Defendants where plaintiff asserted invasion of privacy...may NOT assert that their intrusion in plaintiff privacy (the email hacking of plaintiff and the dissemination of an unqualified psychological unauthorized and unsolicited evaluation, [however, said was treated as such by the school]). The Supreme Court of the United States has recently declined to decide whether the Constitution recognizes a right to informational privacy. *NASA v. Nelson,* U.S.131 S.Ct. 746, 751, 178 L.Ed.2d 667 (2011); *see also id.* At 764 (concurrence in which two justices opined that a federal constitutional right to informational privacy did not exist). Hence, said report and since said report was for internal use only [not even available to plaintiff]; it is fair to assume that said record was for informational purposes to school staff, with the sole purpose of   label, segregate and discriminate.

(22) Thus, while past Supreme Court decisions have referred to a constitutional right to privacy, the parameters of this right and whether such right truly exists remain unclear. *See;* *Nixon v. Adm'r of Gen. Servs.,* 433 U.S. 425, 457, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977). When a constitutional right to privacy exists, it "extends to two types of interests: `one is the individual interest in avoiding disclosure of personal [student--plaintiff ] matters, and another is the interest in independence in making certain kinds of important decisions.'" see, *Walls v. City of Petersburg* ; 895 F.2d 188, 192 (4th Cir.1990)   Applying this rational to the issue of right to plaintiff's case; in ALL violation of   privacy stated in the original and amended complaints, there was NO substantial need to label, segregate and discriminate, since the school did not have any record of WORNG DOING applicable to plaintiff. These so called psychological evaluation are mainly conducted by school officials, when there is clear evidence of misconduct.

(23) The Fourth Circuit has stated that "there is no general constitutional right to privacy; rather, the `right to privacy' has been limited to matters of reproduction, contraception, abortion, and marriage." *Edwards v. City of Goldsboro,* 178 F.3d 231, 252 (4th Cir.1999); *see also Walls,* 895 F.2d at 192. Thus, this court based on the its discretion can construct a rational based on the issues as a whole, which are based in discrimination, wrong doing and bad-faith from the part of the defendants and state actors in this case.

(24)" The first step in determining whether the information sought is entitled to privacy" ... [clearly a psychological report and personal emails (while residing at school with only permanent address such) are protected] is to determine "whether [the information] is within an individual's reasonable expectations of confidentiality. The more intimate or personal the information, the more justified is the expectation that it will not be subject to public scrutiny." *Walls,* 895 F.2d at 192. Even if information is determined to be entitled to privacy protection, the right to privacy is not absolute. Defendants herein named, did not have a "compelling governmental interests in disclosure." Furthermore, issue such report; and evermore, NOT make it available to plaintiff; but, available to school officials. The same for hacking the plaintiff (a client) email     account, which was just to find out if plaintiff had plagiarized, and/or to find out what was personal conduct with the younger students!!!! Plaintiff's intimate, personal information is/was deemed subject to privacy protection, such as "matters of reproduction, contraception, abortion, and marriage." *Edwards,* 178 F.3d at 252.

(25) Furthermore, defendants and its state actors have internationally    deprived of a federally secured right to privacy under the Fourteenth Amendment right to due process     see, *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 98 S. Ct. 1729, 56 L. Ed. 2d 185, 23 U.C.C. Rep. Serv. 1105 (1978). Such conduct also constitutes action "under color of state law" for section 1983 purposes. The named state actors herein name have violated The Federal Age Discrimination Act of 1975, titles 42 U.S.C. § 6101 et seq.; 34 C.F.R. Part 110., 45 C.F.R. Part 90.1.,and 45 CFR Part 617, and it implementing regulations (45 CFR Part 90) applies to public and private institutions that receive federal funds, for example, against the plaintiff.    (21) Furthermore, defendants herein named have intentionally title VII of the Civil Rights Act of 1964.    Title VII prohibits discrimination based on gender and protects both women and men.   42 U.S.C. § 2000e-2(a) (1) (2000).    Title IX of the Education Amendments of 1972 prohibits gender discrimination in education and in higher educational programs and in activities receiving federal funds. 20 U.S.C. §§ 1681-1688 (2000), [and as applicable to ALL causes of actions] Family Educational Rights and Privacy Act (FERPA). The Federal Education Records and Privacy Act (FERPA), and by several federal laws and statute. See State and Federal laws in this document.

## E.   Cause of Action # 3 of the Amended Complaint.

Plaintiff incorporates and restate each and all the above legal theory as well as the FACTS section Plaintiff stated for each cause of action on his amended complaint and set forth herein. Furthermore, some defendants may have be omitted from the amended complaint in good faith and with prejudice. Further, and/since Plaintiff has exhausted ALL administrative remedies for this and ALL cause of actions herein:

(26) Defendants SUNY Purchase College; The State of New York; State University of New York SUNY; SUNY Purchase College University Police; ; as the entities responsible for their state actor action and liabilities, are accountable for ALL violation of law as stated set forth below.

(26a) Defendants; Walter Butler as the state actor and supervisor in support of the violation of civil rights, is are accountable for ALL violation of law as stated set forth below.

(26b) SUNY Purchase in An educational institution (college). As part of the state university of New York; the college MUST provide undiscriminating equal access to education as prescribed by federal law; 20 U.S. Code sec. 4071.

(27) In this cause of action, defendants have [did] deprived of equal rights to Plaintiff and other in similar situated situation, e.g. African Americans, of federal constitutional and/or statutory right[s] by labeling plaintiff as a person that "does not feet the student profile" thus denying Plaintiff equal access to education, in contrast to other students of younger age. [The term "DOES NOT FEET THE STUDENT PROFILE." This term is utilized often in this complaint, since it is used by most departments at the school, including by the Defendant University Police "student profile" means for Purchase College an individual that is not young enough to be considered a normal student, especially elder African Americans males. This statement was made by a university police officer to plaintiff and later confirmed by defendants Butler

(28) Defendants have [did] acted under the state color of the law and/or as private person, on its own capacity, when deprived Plaintiff of federal constitutional and/or statutory right[s], property interest, equal right to education and otherwise discriminated against Plaintiff and other

similar situated persons, based upon his age and gender [sex]. Action that otherwise would NOT have taken place to prospective student of the opposite gender [sex] in the same positions as Plaintiff was.

(29) As directed and proximate result of the violation[s] of 42 U.S.C. § 1983, and defendant action[s] illegal, actions stated on the amended complaint as the facts show as witnesses shall testified. Plaintiff, suffered emotional injuries, but not limited to, humiliation, aches, temporary and permanent limitations on activities [study], stigma, and as part of general damages in compounding all damages in this document herein and the amended complaint, Plaintiff suffered physical pain due to the mental stress that in term causes inflation to his spinal injuries that caused potential shortening of life mental anguish, depression. Plaintiff also suffer preferment academic harm, permanence financial hardship (plaintiff in debt on close to $40,000 in federal student loans, and with an income of only an $ 860.00 per month) and lost permanent of future income as license Attorney income, since plaintiff can no longer be able to attend any school.

Legal Theory.

Federal Law:

(30) as a result of defendant[s] violated provisions of the Federal and/or State statues regulations including, but not limited to, the following:

A.  The requirement of 42 U.S.C. § 1983,

B.  The requirement of the "Equal Protection Clause" of the Fourteenth Amendment of the US Constitution [discrimination]; as stated in letter C.Torts (invasion of privacy)

C.  The requirement of the "Commerce Clause" of the Amendment of the US Constitution; Fifth Amendment. See part C.Torts.

D.  The requirement of the Federal Age Discrimination Act of 1975; 34 C.F.R. Part 110., 45 C.F.R. Part 90.1.,and 45 CFR Part 617, and it implementing regulations (45 CFR Part 90) applies to public and private institutions that receive federal funds;

E.   The requirements of Title VII of the Civil Rights Act of 1964. Title VII prohibits discrimination based on gender and protects both women and men. 42 U.S.C. § 2000e-2(a) (1) (2000).

F.   Title IX of the Education Amendments of 1972 prohibits gender discrimination in education and in higher educational programs and in activities receiving federal funds. 20 U.S.C. §§ 1681-1688 (2000).

State Law:

(8) State Education Law under NNYS Education Law; Title 1 Article 2 § 10; Legislative intent. Title 1 Article 2 "Defendants violated of Plaintiff's dignity, by conduction an evaluation conditional for admission to school, with the assertion that he was single-out for such evacuation.

G.   As required by Title 1 Article 2 § 10. Legislative intent; "The Mission.

H.   As required by Title 1 Article 2 § 12. Discrimination and harassment prohibited.

I.   As required by Title 1 Article 2 § 13. Policies and guidelines.

J.   As required by Title 1 Article 2 Part 3 - (290 - 292)

K.   Executive Law sec. 296; Unlawful discriminatory practices.1. It shall be an unlawful discriminatory practices.

Tort Law.

   1. All applicable Torts said above in cause of action #2, as apply to this cause of action. Supplemental jurisdiction.

   2. as applied to Causes of Actions. Standard.

3... As applied to Causes of Actions.

E. Cause of Action # 4 of the Amended Complaint.

In contrast to the AAG stated in their motion; inferring that Plaintiff has laid. Plaintiff was NOT residing in-campus by the time of this cause action, related to the hearing; Where "due process" applying an emergence, did not took place, resulting in the following damages to Plaintiff:

Plaintiff incorporates and restate each and all the above legal theory as well as the FACTS section Plaintiff stated for each cause of action on his amended complaint and set forth herein. Furthermore, some defendants may have be omitted from the amended complaint in good faith and with prejudice. Further, and/since Plaintiff has exhausted ALL administrative remedies for this and ALL cause of actions herein:

A. Defendants SUNY Purchase College; The State of New York; State University of New York SUNY; as the entities responsible for their state actor action and liabilities, are accountable for ALL violation of law set forth below.

B. Defendants, William (Bill) Baskin and Louis Yelin (applicable to defendant Mack Burdzinski and NOT to the invasion of privacy tort) both in their supervising capacity and state actor with knowledge of ALL misconduct of defendant Burdzinski, Nassisi and Espinales the violation of ALL state and ALL Federal laws (except federal laws J-I-K) and applicable torts in this cause of action, and All applicable torts, (except invasion of privacy).

C. Defendant, Ricardo Espinales; Richard Nassisi, are accountable for the violation of ALL state law herein set forth and ALL Federal laws (except federal laws J-I-K) and applicable torts (especially invasion of privacy).

D. Marc Burdzinski and acting as in their private or state actor capacity.

E. SUNY Purchase in An educational institution (college). As part of the state university of New York; the college MUST provide undiscriminating equal access to education as prescribed by federal law; 20 U.S. Code § 4071.

F.  In this cause of action, defendants have [did] deprived Plaintiff and other student in similar situated situation, of federal constitutional and/or statutory right[s] by failing and refusing to allow equal access to education, in contrast to other of younger age.

G.  Defendants by accusing plaintiff of plagiarism (a translation into his own native language) and subsequently not as required by "due process" of the law granting plaintiff with a proper hearing, have [did] acted under the state color of the law and/or as private person, on its own capacity, when deprived Plaintiff of federal constitutional and/or statutory right[s], property interest, equal right to education and otherwise discriminated against Plaintiff based upon his age and gender [sex]. Action that otherwise would NOT have taken place to prospective student of the opposite gender [sex] in the same positions as Plaintiff was.

H.  As directed and proximate result of the violation[s] of 42 U.S.C. § 1983, and defendant action[s] illegal, actions stated on the amended complaint as the facts show as witnesses shall testified. Plaintiff, suffered emotional injuries, but not limited to, humiliation, aches, temporary and permanent limitations on activities [study], stigma, and as part of general damages in compounding all damages in this document herein and the amended complaint, Plaintiff suffered physical pain due to the mental stress that in term causes inflation to his spinal injuries that caused potential shortening of life mental anguish, depression. Plaintiff also suffer preferment academic harm, permanence financial hardship (plaintiff in debt on close to $40,000 in federal student loans, and with an income of only an $ 860.00 per month) and lost permanent of future income as license Attorney income, since plaintiff can no longer be able to attend any school.

Legal Theory.

Federal Law:

(17) as a result of defendant[s] violated provisions of the Federal and/or State statues regulations including, but not limited to, the following:

I.  The requirement of 42 U.S.C. § 1983,

J.   The requirement of titles III and V of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181, and 12203, failure to provide timely and proper ADA accommodation and § 12189; by inaccurately weighing Plaintiff's government disability documentation that certainly had ensure—at least temporarily—the possibility of Plaintiff's valid disability. Hence, avoiding possible aggravation of Plaintiff's injures and/or unnecessary paint and suffering, as stated by the SUNY application of ADA accommodation procedures of equal access to education.

K.   The requirement of the "Equal Protection Clause" and "due process clause" (fair right a hearing) of the Fourteenth Amendment of the US Constitution [discrimination]; as stated in letter C.Torts.

L.   The requirement of the "Commerce Clause" (right to property), of the Amendment of the US Constitution; Fifth Amendment. See part C.Torts.

M.   The requirement of the Federal Age Discrimination Act of 1975; 34 C.F.R. Part 110., 45 C.F.R. Part 90.1.,and 45 CFR Part 617, and it implementing regulations (45 CFR Part 90) applies to public and private institutions that receive federal funds;

N.   The requirements of Title VII of the Civil Rights Act of 1964. Title VII prohibits discrimination based on gender and protects both women and men. 42 U.S.C. § 2000e-2(a) (1) (2000).

O.   The requirements of the Title IX of the Education Amendments of 1972 prohibits gender discrimination in education and in higher educational programs and in activities receiving federal funds. 20 U.S.C. §§ 1681-1688 (2000).

P.   The requirements of the First Amended to the US Constitution, "freedom of speech clause."

Q.   The requirements of Section 3 of the Privacy Act of 1974; 5 U.S. Code § 552a - Records maintained on individuals; disclosure of medical and/or private information, with no public justified interest.20 U.S. Code § 1232g - Family educational and privacy rights, as applied to plaintiff.

R.   The requirement by the 34 C.F.R. Part 100. Section 100.7 (e). Retaliation is illegal under both federal and state laws. Section 504 of the Rehabilitation Act of 1973.

S.   The requirement of 38 IDELR 73 (OCR 2002), where "adverse action "took place.

State Law:

(18) State Education Law under NNYS Education Law; Title 1 Article 2 § 10; Legislative intent. Title 1 Article 2 "Defendants violated of Plaintiff's dignity, by conduction an evaluation conditional for admission to school, with the assertion that he was single-out for such evacuation.

A. As required by Title 1 Article 2 § 10. Legislative intent; "The Mission.

B. As required by Title 1 Article 2 § 12. Discrimination and harassment prohibited.

C. As required by Title 1 Article 2 § 13. Policies and guidelines.

D. As required by Title 1 Article 2 Part 3 - (290 - 292)

E. As required by Title 8 Sub Art. 3 - Professional misconduct.

F. As required by NY Executive Law sec. 296; Unlawful discriminatory practices; 296

G. Retaliation, under any applicable state or Federal statue; "It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article."

Tort Law.

(18a) all applicable Torts said above in cause of action #2, as apply to this cause of action. Supplemental jurisdiction.

(19) As applied to Causes of Actions.
Standard.

(20) As applied to Causes of Actions.

## F. Cause of Action # 5 of the Amended Complaint.

Plaintiff incorporates and restate each and all the above legal theory as well as the FACTS section Plaintiff stated for each cause of action on his amended complaint and set forth herein. Furthermore, some defendants may have be omitted from the amended complaint in good faith and with prejudice. Further, and/since Plaintiff has exhausted ALL administrative remedies for this and ALL cause of actions herein:

(21)  This cause of action has been omitted from the amended complaint by plaintiff, in good faith with-out prejudice. However, Plaintiff is replacing this cause of action to add the missing action of defendant, Sheryl Secor, which states as follow:

Facts:

(21a) since defendant that was unintentional (by mistake) omitted by Plaintiff... Mrs. Sheryl Secor. Mrs. Secor provided misleading information, which was determinant at the injunction hearing for Plaintiff dismissal. On her deposition she stated that impossible that Plaintiff could graduate during the summer of 2013. Her misleading deposition was intentional, since she knew that plaintiff could accomplish 12 credits during the summer. Plaintiff was registered for 12 online credits that did NOT required Plaintiff to go school at all during the summer. She acknowledged that Plaintiff, could get 12 credit of Spanish on CLEP--on test. Your Honor can see by plaintiff's supporting documentation that Plaintiff, by his suspension, lost 12 credits of the spring semester 2013, just two weeks from the end of said semester. Plaintiff now have 110 credits from Purchase college, plus 8 from BU, additional 4 credits from CLEP--Business law. This makes 122 credits, NOT counting the 8 plagiarizing credits and the 12 credits lost in the spring semester of 2013; which then could have made 142 credits.   Thus adding support to Plaintiff's retaliatory asserting in his complaint. Why issue such misleading deposition. Plaintiff is adding herein her actions an additional cause of action, since she was named as defendant in the amended complaint; if this is not permitted by your honor. Plaintiff reserve the right add it in new complaint or amended complaint, continent to the outcome if this

case. Hence, Plaintiff herein asserts that Mrs. Secor, intentionally violated Plaintiff's rights as follows:

(21b) as directed and proximate result of the violation[s] of 42 U.S.C. § 1983, and defendant action[s] illegal, actions stated on the amended complaint as the facts show and as witnesses shall testified. Plaintiff, suffered emotional injuries, but not limited to, humiliation, aches, temporary and permanent limitations on activities [study], stigma, and as part of general damages in compounding all damages in this document herein and the amended complaint, Plaintiff suffered    physical pain due to the mental stress that in term causes inflation to his spinal injuries that caused potential shortening of life mental anguish,   depression. Plaintiff also suffer preferment academic harm,   permanence financial hardship (plaintiff in debt on close to $40,000 in federal student loans, and with an   income of only an $ 860.00 per month) and lost permanent of future income as license Attorney income,   since plaintiff can no longer be able to attend *any* school.

Legal Theory.

Federal Law:

(21c) as a result of defendant[s] violated provisions of the Federal and/or State statues regulations including, but not limited to, the following:

a)   The requirement of 42 U.S.C. § 1983,

b)   The requirement of 20 U. S. C. § 4071

c)   The requirement of the "Equal Protection Clause" of the Fourteenth Amendment of the US Constitution [discrimination]; as stated in torts (invasion of privacy)

d)   The requirement of the "Commerce Clause" of the Amendment of the US Constitution; Fifth Amendment. See part C.Torts.

e) Title IX of the Education Amendments of 1972 prohibits gender discrimination in education and in higher educational programs and in activities receiving federal funds. 20 U.S.C. §§ 1681-1688 (2000).

State Law:

(21e) State Education Law under NNYS Education Law; Title 1 Article 2 § 10; Legislative intent. Title 1 Article 2 "Defendants violated of Plaintiff's dignity, by conduction an evaluation conditional for admission to school, with the assertion that he was single-out for such evacuation.

A. As required by Title 1 Article 2 § 10. Legislative intent; "The Mission.
B. As required by Title 1 Article 2 § 13. Policies and guidelines.
C. As required by Title 1 Article 2 Part 3 - (290 - 292) FEDERAL FUNDS FOR VOCATIONAL EDUCATION SEC. 290; "Accepts of law of the United States. The state of New York hereby accepts ALL of the provisions passed by the senate and the house of representatives of the United States of America, in congress assembled...
**D.** As required by Title 8 Sub Art. 3 - Professional misconduct.


G. Cause of Action #6 of the Amended Complaint.

Plaintiff incorporates and restate each and all the above legal theory as well as the FACTS section Plaintiff stated for each cause of action on his amended complaint and set forth herein. Furthermore, some defendants may have be omitted from the amended complaint in good faith and with prejudice. Further, and/since Plaintiff has exhausted ALL administrative remedies for this and ALL cause of actions herein:

(22) Defendants SUNY Purchase College; The State of New York;   State University of New York SUNY; as the entities responsible for their state actor action and liabilities, are accountable for ALL violation of law set forth   below.

*Edward Morales Vs. SUNY. et. al* CASE No 13-CV-2586 (NSR)

(23) SUNY Purchase in An educational institution (college). As part of the state university of New York; the college MUST provide undiscriminating equal access to education as prescribed by federal law; 20 U.S. Code sec. 4071.

(24) In this cause of action, defendants have [did] deprived required   much need assistance and/or deprived Plaintiff of federal constitutional and/or statutory right[s] by failing and refusing to allow equal access to   education facilities, as in student situated in equal salutation, in contrast to other students have. See amended complaint.

(25) As directed and proximate result of the violation[s] of 42 U.S.C. § 1983, and defendant action[s] illegal, actions stated on the amended complaint as the facts show and as witnesses shall testified. Plaintiff, suffered emotional injuries, but not limited to, humiliation, aches, temporary and permanent limitations on activities [study], stigma, and as part of general damages in compounding all damages in this document herein and the amended complaint, Plaintiff suffered   physical pain due to the mental stress that in term causes inflation to his spinal injuries that caused potential shortening of life mental anguish,   depression. Plaintiff also suffer preferment academic harm,   permanence financial hardship (plaintiff in debt on close to $40,000 in federal student loans, and with an   income of only an $ 860.00 per month) and lost permanent of future income as license Attorney income,   since plaintiff can no longer be able to attend *any* school.

Legal Theory.

Federal Law:

(26) as a result of defendant[s] violated provisions of the Federal and/or State statues regulations including, but not limited to, the following:

A.   The requirement of 42 U.S.C. § 1983,

B.   The requirement of the "Equal Protection Clause" of the Fourteenth Amendment of the US Constitution.

State Law:

(27) State Education Law under NNYS Education Law; Title 1 Article 2 § 10; Legislative intent. Title 1 Article 2 "Defendants violated of Plaintiff's dignity, by conduction an evaluation conditional for admission to school, with the assertion that he was single-out for such evacuation.

C.  As required by Title 1 Article 2 § 10. Legislative intent; "The Mission.

D.  As required by Title 1 Article 2 § 12. Discrimination and harassment prohibited.

E.  As required by Title 1 Article 2 § 13. Policies and guidelines.

F.  As required by Title 1 Article 2 Part 3 - (290 - 292)

G   As required by Title 8 Sub Art. 3 - Professional misconduct.

<u>Tort Law.</u>

(28) All applicable Torts said above in cause of action #2, as apply to this cause of action.

Ssupplemental jurisdiction.

(29)   As applied to Causes of Actions.

Standard.

(30) As applied to Causes of Actions.

<u>H Cause of Action # 7 of the Amended Complaint.</u>

<u>Plaintiff incorporates and restate each and all the above legal theory as well as the FACTS section Plaintiff stated for each cause of action on his amended complaint and set forth herein. Furthermore, some defendants may have be omitted from the amended complaint in good faith and with prejudice. Further, and/since Plaintiff has exhausted ALL administrative remedies for this and ALL cause of actions herein:</u>

(31)Defendants SUNY Purchase College; The State of New York; State University of New York SUNY; as the entities responsible for their state actor action and liabilities, are accountable for ALL violation of law set forth below.

(32) Defendants ; Wendy Kowalczyk , on her legal supervising capacity and under ample written notifications as stated in the amended complaint; Qui-Qui Balascio; as retaliation from a complain made by plaintiff to the provosts office about by plaintiff (see cause of action # 6 of   the amended complaint) Ernie Palmeiri and Thomas Schwarz;    on their legal supervising capacity and under   ample written notifications, for the of the improper and intentional use this cause of action to subsequently suspend plaintiff from school violating the following laws mention bellow. Melissa Jones, as estate action, as applicable to this cause of action, she is responsible for violation of ALL federal and state laws stated below.

(33) In this cause of action, defendants have [did] deprived Plaintiff , as off other student in similar situated situation, of federal constitutional and/or statutory right[s] by failing and refusing to allow equal access to    education, as other students enjoins.

(34)   In addition to the statement plaintiff    provided in his original and amended complaint,   Defendants actions   and subsequently not as required by "due process" of the law granting plaintiff with a proper hearing, that the accuser student Ms. Gelato, cancel, since she recognized her action were "a mistake"; thus the school--especially   defendant Mrs.   Belasco's accusations were [had] not standing and/ moot.   Hence ALL defendants in this cause of action, have [did] acted under the state color of the law and/or as private person, on its own capacity, when retaliated,, by intentionally applied a the school's unconstitutional   "NO CONTACT ORDER" and further, deprived Plaintiff of federal constitutional and/or statutory right[s], property interest, equal right to education and otherwise discriminated against Plaintiff based upon his age and/or gender, Action that otherwise would   defendants would had NOT taken place to prospective student of --but limited to-- of the opposite gender [sex] in the same positions as Plaintiff was/is.

(35) As directed and proximate result of the violation[s] of 42 U.S.C. § 1983, and defendant action[s] illegal, actions stated on the amended complaint as the facts show and as witnesses shall testified. Plaintiff, suffered emotional injuries, but not limited to, humiliation, aches, temporary and permanent limitations on activities [study], stigma, and as part of general damages in compounding all damages in this document herein and the amended complaint, Plaintiff suffered   physical pain due to the mental stress that in term causes inflation to his spinal

injuries that caused potential shortening of life mental anguish,    depression. Plaintiff also suffer preferment academic harm,    permanence financial hardship (plaintiff in debt on close to $40,000 in federal student loans, and with an    income of only an $ 860.00 per month) and lost permanent of future income as license Attorney income,    since plaintiff can no longer be able to attend *any* school.

Legal Theory.

Federal Law:

(35) as a result of defendant[s] violated provisions of the Federal and/or State statues regulations including, but not limited to, the following:

A. The requirement of 42 U.S.C. § 1983,

B. The requirement of the "Equal Protection Clause" and "due process clause" (fair right a hearing) of the Fourteenth Amendment of the US Constitution [discrimination]; as stated in letter C.Torts.

C. The requirement of the "Commerce Clause" (right to property), of the Amendment of the US Constitution; Fifth Amendment. See part C.Torts.

D. The requirement of the Federal Age Discrimination Act of 1975;  34 C.F.R. Part 110., 45 C.F.R. Part 90.1.,and 45 CFR Part 617, and it implementing regulations (45 CFR Part 90) applies to public and private institutions that receive federal funds;

E. The requirements of Title VII of the Civil Rights Act of 1964.   Title VII prohibits discrimination based on gender and protects both women and men.   42 U.S.C. § 2000e-2(a) (1) (2000), and/or retaliatory actions by any state actors

F. The requirements of the Title IX of the Education Amendments of 1972 prohibits gender discrimination in education and in higher educational programs and in activities receiving federal funds. 20 U.S.C. §§ 1681-1688 (2000).

G.   The requirements of the First Amended to the US Constitution, "freedom of speech clause."

H.   The requirement by the 34 C.F.R. Part 100. Section 100.7 (e). Retaliation is illegal under both federal and state laws. Section 504 of the Rehabilitation Act of 1973.

I.   The requirement of 38 IDELR 73 (OCR 2002), where "adverse action "took palace. Retaliation.

J.   The requirement of the by the Third Amendment "No Soldier shall, in time of peace be quartered in any house, without the consent of the Owner, nor in time of war, but in a manner to be prescribed by law.   This had been applied by the courts as applicable to times of peace, and the Fourth   Amendment "The right of the people to be secure in their persons, *houses*, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. Please note that plaintiff did notified to defendant the plaintiffs only home was the in-off campus school, as mentioned before. As defendant Melissa Jones issue the unconstitutional or as applied NOT requested, but offered by the school, thus intentionally creating a stressful and hostile environment, this departing from the real school MISSION.

State Law:

   (36) State Education Law under NNYS Education Law; Title 1 Article 2 § 10; Legislative intent. Title 1 Article 2 "Defendants violated of Plaintiff's dignity, by conduction an evaluation conditional for admission to school, with the assertion that he was single-out for such evacuation.

K.   As required by Title 1 Article 2 § 10. Legislative intent; "The Mission.

L.   As required by Title 1 Article 2 § 12. Discrimination and harassment       prohibited.

M.   As required by Title 1 Article 2 § 13. Policies and guidelines.

N.   As required by Title 1 Article 2 Part 3 - (290 - 292)

O.   As required by NY Executive Law sec. 296; Unlawful discriminatory practices; 296 (7) Retaliation: " It hall be an unlawful discriminatory practice for any person engaged in any activity   to   which this section applies   to retaliate or discriminate against any person

because he or she      has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article.

Tort Law.

(37) All applicable Torts said above in cause of action #2, as apply to this cause of action.

Ssupplemental jurisdiction.

(38)   As applied to Causes of Actions.

Standard.

(39)  As applied to Causes of Actions.

I. Cause of Action # 8 of the Amended Complaint.

Omitted, without prejudice from the original complaint.

J. Cause of Action # 9 of the Amended Complaint.

Plaintiff incorporates and restate each and all the above legal theory as well as the FACTS section Plaintiff stated for each cause of action on his amended complaint and set forth herein. Furthermore, some defendants may have be omitted from the amended complaint in good faith and with prejudice. Further, and/since Plaintiff has exhausted ALL administrative remedies for this and ALL cause of actions herein:

(40) Defendants ; Wendy Kowalczyk , on her legal supervising capacity and under   ample written notifications as stated in the amended complaint; Qui-Qui Balascio; as retaliation from a complain made by plaintiff to the provosts office about by plaintiff (see cause of action # 6 of the amended complaint) Ernie Palmeiri and Thomas Schwarz, Melissa Jones and Kyle Saud;   on their legal supervising capacity and or as official of Purchase college in their state actors,   and under   ample written notifications, for the of the improper and intentional use this cause of actions to subsequently suspend plaintiff from school violating the following laws mention bellow.

(41)  All Defendants named in this cause of action      have [did] deprived Plaintiff and other student in similar situated situation, of federal constitutional and/or statutory right[s] by failing and refusing to allow equal access to    education, in contrast to other of younger age..

(42)  Defendants by discriminating against plaintiff based on plaintiff's (see amended complaint), "due process" and "equal protection "of the law failed to assign proper and equal access to in-off campus housing. Further, defendants intentionally    have [did] acted under the state color of the law and/or as private person or on their own capacity, and/or as state actors, , when intentionally deprived Plaintiff of federal constitutional and/or statutory right[s], property interest, equal right to education and otherwise discriminated against Plaintiff based upon his disability age and gender [sex]. Action that otherwise would NOT have taken place to prospective student of the opposite gender [sex] in the same positions as Plaintiff, but with younger age.

(43)  As directed and proximate result of the violation[s] of 42 U.S.C. § 1983, and defendant action[s] illegal and improper, actions stated on the amended complaint as the facts show and as witnesses shall testified. Plaintiff, suffered emotional injuries, but not limited to, humiliation, Some damages that might be under this category would be: aches, temporary and permanent limitations on activities [study], stigma, and as part of general damages in compounding all damages in this document and the amended complaint, Plaintiff suffered physical pain due to the mental stress that in term causes inflation to his spinal injuries that caused potential shortening of life mental anguish,    depression. Plaintiff also suffer preferment academic harm, which severally adhere ALL other causes of actions, thus, to the result of   permanent financial damage and loss of income, since plaintiff ca nor longer be able to attend any school. This cause of action is consistent with further causes of actions, where age discrimination are stated as facts and as found by the US depart of justice.

Legal Theory.

Federal Law:

(44) as a result of defendant[s] violated provisions of the Federal and/or State statues regulations including, but not limited to, the following:

A.  The requirement of 42 U.S.C. § 1983,

B.  The requirement of titles III and V of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181, and 12203, failure to provide timely and proper ADA accommodation and § 12189; by inaccurately weighing Plaintiff's government disability documentation that certainly had ensure—at least temporarily—the possibility of Plaintiff's valid disability. Hence, avoiding possible aggravation of Plaintiff's injures and/or unnecessary paint and suffering, as stated by the SUNY application of ADA accommodation procedures of equal access to education.

C.  The requirement of the "Equal Protection Clause" and "due process clause" (fair right a hearing) of the Fourteenth Amendment of the US Constitution [discrimination]; as stated in letter C.Torts.

D.  The requirement of the "Commerce Clause" (right to property), of the Amendment of the US Constitution; Fifth Amendment. See part C.Torts.

E.  The requirement of the Federal Age Discrimination Act of 1975;  34 C.F.R. Part 110., 45 C.F.R. Part 90.1.,and 45 CFR Part 617, and it implementing regulations (45 CFR Part 90) applies to public and private institutions that receive federal funds;

F.  The requirements of Title VII of the Civil Rights Act of 1964.   Title VII prohibits discrimination based on gender and protects both women and men.   42 U.S.C. § 2000e-2(a) (1) (2000).

G.  The requirements of the Title IX of the Education Amendments of 1972 prohibits gender discrimination in education and in higher educational programs and in activities receiving federal funds. 20 U.S.C. §§ 1681-1688 (2000).

H.  The requirement of 38 IDELR 73 (OCR 2002), where "adverse action "took place.

I.  The requirement of the "Fair Housing act". Discriminating against plaintiff based, but not limited, on age, gender and disability, See above.

State Law:

J.   State Education Law under NNYS Education Law; Title 1 Article 2 § 10; Legislative intent. Title 1 Article 2 "Defendants violated of Plaintiff's dignity, by conduction an evaluation conditional for admission to school, with the assertion that he was single-out for such evacuation.

K.   As required by Title 1 Article 2 § 10. Legislative intent; "The Mission.

L.   As required by Title 1 Article 2 § 12. Discrimination and harassment      prohibited.

M.   As required by Title 1 Article 2 § 13. Policies and guidelines.

N.   As required by Title 1 Article 2 Part 3 - (290 - 292)

O.   As required by Title 8 Sub Art. 3 - Professional misconduct.

P.   As required by NY Executive Law sec. 296; Unlawful discriminatory practices; 296 (7).

<u>Tort Law.</u>

(45) All applicable Torts said above in cause of action #2, as apply to this cause of action.

Supplemental jurisdiction.

(46)   As applied to Causes of Actions.

Standard.

(47) As applied to Causes of Actions.

<u>K. Cause of Action # 10 of the Amended Complaint.</u>

This cause of action was omitted from the original complaint by plaintiff without prejudice.

<u>L. Cause of Action # 11 of the Amended Complaint.</u>

This cause of action was omitted from the original complaint by plaintiff without prejudice.

<u>M. Cause of Action # 12 of the Amended Complaint.</u>

<u>Plaintiff incorporates and restate each and all the above legal theory as well as the FACTS section</u>
<u>Plaintiff stated for each cause of action on his amended complaint and set forth herein.</u>
<u>Furthermore, some defendants may have be omitted from the amended complaint in good faith</u>

and with prejudice. Further, and/since Plaintiff has exhausted ALL administrative remedies for this and ALL cause of actions herein:

(48)For Defendants; SUNY Purchase College; The State of New York; State University of New York SUNY; William Howard; Danielle DaGosto; Melissa Jones; [*who sent derogatory, know (she was notified) that the court has stated to the AAG, "that there was permanent academic harm done to Plaintiff) information to eight [8] colleges; including, but not limited to, the email in question, herein this cause of action [12]; in addition she initiated several telephone communication to SUNY Oneonta and Plattsburgh, stating, "Mr. Morales sent several emails threatening to bring a machine gun to kill people". This same false statement was communicated to the Westchester DA's office, see exhibits section C*] Wendy Kowalczyk (who authorized--with the knowledge of her supervisor, defendant William Howard--defendant Melissa Jones to communicate Purchase College University Police;

(49) Defendants ; Wendy Kowalczyk   and William Howard in their legal supervising capacity; Qui-qui Balascio, Ernie Palmeiri as ALL approved all accusations asserted by plaintiff in this cause of action (pending are several police officers if a new complaint may be filed, contingent to the outcome of this one) against Plaintiff; Danielle DaGosto as tortfeasor, Melissa Jones by using this cause of action, but not limited to, retaliate by defamation,   ALL defendants violating the following laws mention bellow, as estate action, as applicable to this cause of action.

(50) In this cause of action, defendants have [did] intentionally deprived Plaintiff   as of other student in similar situated situation, of federal constitutional and/or statutory right[s] by failing and refusing to allow equal access to   education, as other students enjoins.

(51)   In addition to the statement plaintiff   provided in his original and amended complaint,   Defendants actions   and subsequently not as required by "due process"   and "equal protection" of the law, by treating Plaintiff unequally as other students with   the sole purpose of retaliate and cause harm to Plaintiff.

(52) As direct and proximate result of the violation[s] of 42 U.S.C. § 1983, and defendant action[s] illegal and improper, actions [as plaintiff was NOT a student at Purchase College] stated on the amended complaint. Plaintiff,   deprivation of liberty as result plaintiff suffered emotional injuries, but not limited to, humiliation, Some damages that might be under this category would

*Edward Morales Vs. SUNY. et. al* CASE No 13-CV-2586 (NSR)

be: aches, temporary and permanent limitations on activities [study at Binghamton University] stigma, and as part of general damages in compounding all damages in this document and the amended complaint, Plaintiff suffered   physical pain due to the mental stress that in term causes inflation to his spinal injuries that caused potential shortening of life mental anguish,   depression. Plaintiff also suffer preferment academic harm (plaintiff will never be able to attend law school) , permanent loss of income which   adhering to ALL other causes of actions, defendants since plaintiff can no longer be able to attend any school.

Legal Theory.

Federal Law:

(53) as a result of defendant[s] violated provisions of the Federal and/or State statues regulations including, but not limited to, the following:

A.  The requirement of 42 U.S.C. § 1983,

B.  The requirement of the "Equal Protection Clause" and "due process clause" of the Fourteenth Amendment of the US Constitution.

C.  The requirement of the "Commerce Clause" (right/lost to property), of the Amendment of the US Constitution; Fifth Amendment. See part C.Torts.

D.  The requirements of the Title IX of the Education Amendments of 1972 prohibits gender discrimination in education and in higher educational programs and in activities receiving federal funds. 20 U.S.C. §§ 1681-1688 (2000).

E.  The requirements of the First Amended to the US Constitution, "freedom of speech clause." see extensive legal theory on this requirement, which served as Motion to Dismiss] the unjustified and discriminatory as the criminal charges were presented against Plaintiff; charges that are NEVER applied to any other students situated in the same situation. Charges presented by defendant DaGosto with the Town of Harrison District Court via SUNY Purchase College. A Motion to dismiss failed with The Town of Harrison District Court via SUNY is now DENIED. See The Violation of First Amendment, which was also served as the Motion to dismiss failed with The Town of Harrison District Court, in the final part of this cause of action.

F.  The requirement by the 34 C.F.R. Part 100. Section 100.7 (e). Retaliation is illegal under both federal and state laws. Section 504 of the Rehabilitation Act of 1973.

G.  The requirement of 38 IDELR 73 (OCR 2002), where "adverse action "took place. Retaliation.

H.  The requirement of the by the Third Amendment "No Soldier shall, in time of peace be quartered in any house, without the consent of the Owner, nor in time of war, but in a manner to be prescribed by law.   This had been applied by the courts as applicable to times of peace, and the Fourth   Amendment "The right of the people to be secure in their persons, *houses*, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. Please note that plaintiff did notified to defendant the plaintiffs only home was the in-off campus school, as mentioned before. As defendant Melissa Jones issue the unconstitutional or as applied NOT requested, but offered by the school, thus intentionally creating a stressful and hostile environment, this departing from the real school MISSION. As Plaintiff was arrested for violation of the NYS criminal code 240.30 Aggravated Harassment for "cause an a alarm".

State Law:

A.  State Education Law under NNYS Education Law; Title 1 Article 2 § 10; Legislative intent. Title 1 Article 2 " Defendants violated of Plaintiff's dignity, by defendant Melissa Jones with the authorization of ALL defendants, herein in this cause of action, disseminated the plaintiff's said criminal charges in addition with telephone conversations with seven

B.  SUNY Colleges , in which defendant Ms. Jones, in bad faith and as retaliatory action, stated "Mr. Morales (referring to plaintiff herein) send several email to defendant Ms. DaGosto threatening to bring a machine gun to school and kill people". As a confidence, this was same statement provided by the DA's in representation of the Westchester County at your honor's

hearing in which Plaintiff moved to remove the charges filed with The Town of Harrison District Court to your honor's court.    See attached, including the statement of the Westchester County DA's to your honor's hearing to remove the state case to federal court.

C.  As required by <u>Title 1</u> <u>Article 2</u> § 10. Legislative intent; "The Mission.

D.  As required by <u>Title 1</u> <u>Article 2</u> § 12. Discrimination and harassment prohibited.

E.  As required by <u>Title 1</u> <u>Article 2</u> § 13. Policies and guidelines. Of treatment rights to each student.

F.  As required by <u>Title 1</u> <u>Article 2</u> <u>Part 3</u> - (290 - 292)

G.  As required by NY <u>Executive Law sec. 296</u>; Unlawful discriminatory practices; 296 (7) Retaliation.


<u>Tort Law.</u>

(56) All applicable Torts said above in cause of action #2, as apply to this cause of action. Supplemental jurisdiction.

(57)   As applied to Causes of Actions. Standard.

(58) As applied to Causes of Actions.


<u>N. Violation to the First Amendment:</u>


<u>Please Note that the Defendant in this of Cause of action # 12 is Mr. Morales and Plaintiff the</u> <u>People of the Sate of NY, when referring to the Harrison case; since is the copy of Mr. Morales</u> <u>Motion to Dismiss filed with the Town of Harrison District court (now denied).</u>

With emphases --but not limited to--for this Cause of Action Cause [#12] and cause of Action #7. Plaintiff Has Clear Standing under the Following Well Established Rules of Law.

(60)  Plaintiff (federal case), NOT BEING A STUDENT AT SUNY PURCHASE... All DEFENDANTS IN THIS CAUSE OF ACTION,   intentionally retaliated against plaintiff by violating his fundamental right guaranteed by the <u>First Amendment to the US Constitution</u> to "*Free Speech*" and "***Expression,***"

(61)  The US Supreme Court case directly on point that clearly establishes Plaintiffs' standing to challenge any violation of civil rights, moreover, when these violation are based in NON- Student, (as applied to this cause of action) outside school and outside or time and school grounds; furthermore, when these violations are outside school grounds as plaintiff own, only permanent school-paid-rental home when the interest of mission of the school of educate, is not in jeopardy. Please note that this so called "NO CONTACT ORDER" was been imposed to the student plaintiff and students situated in the situation, even when this policy is not requested, and/or has merits. Thus, this violation of   a fundamental rights guaranteed by the US Constitution, furthermore, without "<u>Due Process</u>" *of the law and with disregard of the* "*<u>equal protection</u>*" (as this unconstitutional policy is/was differently to each student [ as a way    to retaliate and discriminate]),   as stated in the <u>Fourteen Amendment</u> to The US Constitution. "No state shall . . . deprive any person of life, liberty or property without due process of law," as applied, but not limited to, this cause of action and cause of action # 7.

(62)  SUNY Purchase (State of New York) and ALL its state actors cannot condition a person's (plaintiff-student) receipt of a governmental benefit on the waiver of a constitutionally protected right; "*Doctrine of Unconstitutional Conditions,*" or the right to education. Furthermore, the government may not deny a benefit to a person on a basis that infringes the person's <u>First Amendment</u> rights; see,   *Ramirez v. Harlequin*, 447 F.3d 19 (1st Cir. 2006).   Furthermore, the victim can request an order of protection if a criminal charge has been filed. The request can be made through the police agency that the crime has been reported to, the District Attorney's office, the victim assistance program or the Court. Even if the victim does not request or wish an order of protection, the Court or the District Attorney's office may request on the victims' behalf. Although a state university has a right to exclude <u>First Amendment</u> activities that violate reasonable campus rules or substantially interfere with the opportunity of other students to obtain an education. This

doctrine has NEVER been intended to restrict "speech" on its entirely to students, especially outside school ours and off-campus, students only and permanent home,   even if it is an on-campus home.

(63)  The "no contact order" rule as described by Purchase College ONLY. It is not an official rule of conduct issue by the SUNY. It is defined by Purchase College as; *"A formal directive issued by the College requiring parties in any interpersonal conflict to have no direct or indirect interaction.   A no contact order* remains in effect until it is officially removed in writing by the College." A students that violates a no contact order issued by the College; Minimum: Disciplinary Probation Maximum:   Expulsion. As plaintiff hereby and as asserted on his original and amended complaints; this rule was used to retaliate against plaintiff. Plaintiff's research has returned NO results as to weather a non- judicial state actor can invoke such termination of a constitutional right, at all; moreover, when the speech has not special interest to the school. In any case, this rule cannot be possibility be applied to harm and retaliate against any student. At the very least, this rule was unconstitutionally applied to plaintiff. However...

(64)  The First Amendment applies to all levels of government, especially to public schools and universities. Although the courts have permitted school officials to limit the rights of students under some circumstances, the courts have also recognized that students -- like all citizens -- are guaranteed the rights protected by the First Amendment.

(65)  In, *Gitlowv. New York*, 268 US 652 - (1925); that the Supreme Court held that the freedom of speech guaranteed by the First Amendment is one of the "liberties" incorporated by the Due Process Clause of the 14th Amendment. Furthermore, in *West Virginia. of Ed. v. Barnett*, 319 US 624 - (1943); did the U.S. Supreme Court explicitly extend First Amendment protection to students attending public schools (moreover, in universities**). Students do not,** the Court tells us in *Tinker vs. Des Moines*, "*shed their constitutional rights when they enter the schoolhouse door.*"   This last is especially true when the university student[s] have in writing,     and explicitly, NOT WAIVED any OF HIS (plaintiff) constitution right.

(66)  In Order for the freedom of speech   **not protected by the First Amendment the university student speech MUST fall into the categories of:**

Obscenity, Fighting words, Defamation (includes libel, slander), Child pornography, Perjury, Blackmail, Incitement to imminent lawless action, True threats, Solicitations to commit crimes.

## What is freedom of expression?

(67)  Freedom of expression refers to the ability of an individual or group of individuals to express their beliefs, thoughts, ideas and emotions about different issues free from government censorship. The First Amendment of the U.S. Constitution protects the rights of individuals to freedom of religion, speech, press, petition and assembly. Some scholars group several of those freedoms under the general term "freedom of expression." Most state constitutions also contain provisions guaranteeing freedom of expression, and some provide even greater protection than the First Amendment.

(68)  Freedom of expression is essential to individual liberty and contributes to what the Supreme Court has called the marketplace of ideas. The First Amendment assumes that the speaker, not the government, should decide the value of speech. This is MORE applicable to university students; moreover, to a 54 years old student of law, as the plaintiff was. Public school students (evermore university students) possess a range of free-expression rights under the First Amendment. Students can speak, write articles, assemble to form groups and even petition school officials on issues. The U.S. Supreme Court has said that students "*do not shed their constitutional rights to freedom of speech and expression at the schoolhouse gate.*"

(69)  There is a fundamental distinction between public and private school students under the First Amendment (defendants SUNY Purchase is a public school). The First Amendment and the other provisions of the Bill of Rights limit the government from infringing on an individual's rights. Public school officials act as part of the government and are called "state actors." As such, they must act according to the principles in the Bill of Rights. Private schools, however, aren't arms of the government. Therefore, the First Amendment does not provide protection for students at private schools.

(70)  Although the university has the right to restrict speech that "*substantially disrupts the school environment*" or "*that invades the rights of others*". Many courts have held that school officials can restrict student speech that is crude and offensive in a sexual way. However these restriction cannot be applied in violation of state and/or federal law. Furthermore, this principles of "*substantially disrupts the school environment*" or *that invades the rights of others,*" may not

be use broadly, and they must be used in conjunction or be based with the said unprotected speech...Obscenity, Fighting words, Defamation (includes libel, slander), Child pornography, Perjury, Blackmail, Incitement to imminent lawless action, True threats, Solicitations to commit crimes. Certainty, the defendants, state actors, named in this complaint were infringing plaintiff's fundamental right to expression (provisions to communicate). Which in term it has further protection than freedom of expression.

(71)   The state actor in this complaint have intentionally exceeded their implied power of punish a student that *"substantially disrupts the school environment"* or *that invades the rights of others;"* The Supreme Court also said that *"in our system, undifferentiated fear or apprehension of disturbance is not enough to overcome the right to freedom of expression."* School officials cannot silence student speech simply because they dislike it or it is controversial or unpopular. Rather, according to the court, school officials must reasonably forecast that student speech will cause a *"substantial disruption"* or *"material interference"* with school activities or *"invade the rights of others"* before they can censor student expression. The Tinker case is considered the high-water mark for student First Amendment rights.

(72)   An offended person's decision not to speak is hardly a reason to suppress the speech of others. Those who find an idea, epithet, literary work or other form of expression offensive can oppose, counteract and perhaps refute it with further speech — not by banning the speech deemed to be offensive. As Justice Louis Brandeis said in a famous quote, *"If there be time to expose through discussion the falsehood and fallacies, to avert the evil by the processes of education, the remedy to be applied is more speech, not enforced silence."* This is especially true in this case. Where plaintiff, were nothing that he may had said or done was even inappropriate to classify his speech as unprotected. None of the accusation against the plaintiff justifies the use of unwritten unconstitutional (or application of such) to retaliate, evermore, to the point of destroy his future and harm the student. This clearly falls into criminal activity that can lead to severe consequences, if and when this illegal action are executed to the wrong person that may lead to a tragedy. This is the MOST important point of this case, where the mission and the misused of state power of the state actors (including the AAG office) of the school was transformed into an invidious retaliatory action.

(73)   Many state constitutions contain provisions safeguarding free expression. Some state Supreme Courts have interpreted their constitutions to provide greater protection than the federal

Constitution. In addition, a few states have adopted laws providing greater protection for freedom of speech.

<u>What is academic freedom?</u>

(73) Academic freedom has an institutional and individual component. Academic freedom refers to the right of a university to determine its educational mission free from governmental intervention. This is institutional academic freedom. Academic freedom also refers also to the right of an individual student to learn her or his curriculum without undue interference from university officials. This is individual academic freedom. However, another aspect of academic freedom refers to the ability of university student to be able to *"speak as private citizens"* without fear of reprisal from their universities or the government, this is especially disturbing in this case where the stage actor retaliatory action are on its face. The AAUP's statement provides: *"When students (specially a 54 years old student) speaks or write as citizens, they should he free from institutional censorship or discipline, but their special position in the community imposes special obligations."*

<u>How do schools resolve the tension between freedom of speech and the need for discipline and control?</u>

(74) Preserving the speech rights of students and maintaining the integrity of public education are not mutually exclusive. Schools should model First Amendment principles by encouraging and supporting the rights of students to express their ideas in writing. even if they may be disturbing, annoying to others. Universities, especially subject to this doctrine. Furthermore, universities as SUNY, NUST take in consideration the sex (gender), age and more important the student's ***social construction*** or cultural background before making an assumption to question the students of character and integrity. This is more important where social cosmopolitanism is encouraged.    Schools and its state actors must first comply with their mission to educate; always with the principle to accommodate the rights of students. To maintain order, discipline and punish, the state actors must first honor their oath they swear to the state employer, and always with the intention NOT to harm the student[s], integrity, emotions and any other infliction of punishment that may be avoided by mediation of the affected parties. The state

actors, in the case of plaintiff have (and continue) doing exactly the opposite in all causes of action, repeatedly and with the intention to harm. And now they expect immunity that they have not asked inappropriately, and they do not qualify. The <u>First Amendment</u> advocates say an entire campus should be a free-speech zone because the purpose of a public college or university is to allow and to explore all points of view. Free-speech supporters thus express suspicion that designating zones is a way of limiting and discouraging free speech.

(75) The People have charged defendant with one count of Aggravated Harassment in violation of P.L. § 240.30(1) (a). The charge reads:

*"The said defendant, at or about 21:05 hours...... (See attached exhibit #1.)*

On July 16, 2013 defendant was arrested at SUNY Binghamton University, by SUNY Purchase University Police who travel 250 mile to transfer defendant back to The Town of Harrison; where he was to be arraigned, and possible jailed, with high bail.

(76) However, the same day, Defendant was arraigned in the City of Binghamton, NY, as offered by the SUNY University Police Dpt. and accepted by the Defendant. SUNY Binghamton University considered the charges might be in retaliation to a pending Federal lawsuit, whom SUNY Purchase University Police and some of its officers as well as the complainer...   Mrs. Danielle DaGosto are defendants in civil rights case--*US Federal Court, case # 13-CV-2586.*

At the arraignment, SUNY Binghamton University   Police recommended the presiding judge to release the defendants on its own recognition, since to their view of the issues.." defendant was not threat to anybody."   Furthermore, it was stated at this hearing that defendant was residing on SUNY Binghamton University campus housing and with an excellent academic and social reputation.

## LEGAL ARGUMENT

P.L. § 240.30(1) (a) IS UNCONSTITUTIONAL AS APPLIED TO DEFENDANT (Plaintiff herein Mr. Morales) AND THE INFORMATION SHOULD BE DISMISSED.

(77) Defendant (Plaintiff herein) argued in the memorandum of law that the People's misdemeanor charge against Plaintiff herein is unconditional of its face as to the terms "annoying

and/or alarming" See. *Vives Vs. The City of New York*; 405 F.3d 115 (2005); **[attached herein this document, appendix A, case law.] Where, the court said;**

    *"violation of § 240.30(1). Speech of this sort may only be proscribed in three very limited circumstances: (1) the speech constitutes "fighting words" that "by their very utterance inflict injury or tend to incite an immediate breach of the peace," Chaplinsky v. New Hampshire, 315 U.S. 568, 572, 62 S.Ct. 766, 86 L.Ed. 1031 (1942); (2) the speech constitutes "advocacy [that] is directed to inciting or producing imminent lawless action and is likely to incite or produce such action," Brandenburg v. Ohio, 395 U.S. 444, 447, 89 S.Ct. 1827, 23 L.Ed.2d 430 (1969); and (3) the speech constitutes a "`true threat'" by which "the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." Virginia v. 124\*124 Black, 538 U.S. 343, 359, 123 S.Ct. 1536, 155 L.Ed.2d 535 (2003) (quoting Watts v. United States, 394 U.S. 705, 708, 89 S.Ct. 1399, 22 L.Ed.2d 664 (1969)). Section 240.30(1) is not limited to these three categories. By criminalizing speech that merely annoys or alarms, the statute is unconstitutionally overbroad."*

Furthermore, the court in *Vives* said:

    "Moreover, § 240.30(1) is unconstitutional as applied; 'the general proposition that freedom of expression upon public questions is secured by the First Amendment has long been settled by our decisions. The constitutional safeguard, we have said, `was fashioned to assure unfettered interchange of ideas for the bringing about of political and social changes desired by the people,' (quoting *Roth v. United States*, 354 U.S. 476, 484, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957))."

Plaintiff (descendant the Harrison Court) did engaged in statement of supposition that was intentionally misinterpreted by defendant D. DaGosto. "Statement that cannot be suppressed if it creates an unjustifiable risk of **immediate** breach of the peace, **imminent** lawless action, or a **specific** threat of violence directed to an individual or group. *See Black*, 538 U.S. at 359, 123 S.Ct. 1536. *Chaplinsky, Brandenburg*, and, most recently, *Black*, make clear that while these narrow limitations are consistent with the First Amendment, broader restrictions are not. *See Black*, 538 U.S. at 358-59, 123 S.Ct. 1536; *Brandenburg*, 395 U.S. at 447, 89 S.Ct. 1827; *Chaplinsky*, 315 U.S. at 573-74, 62 S.Ct. 766. As a consequence, insofar as Mr. Morales was arrested under § **240.30**(1) for engaging in "**annoying and/or alarming**" speech of a noe student residing in campus at Binghamton University, 300 miles away, who never had a violence at SUNY Purchase; his arrest is plainly unconstitutional.

Plaintiff was charged with "causing and alarm." Furthermore, Plaintiff herein (defendant in the Town of Harrison District Court, was denied Motion to Dismiss, even when ALL statement herein the "first Amendment section" was stated as supporting evidence.

    (77a) Furthermore the DAS office (the people)...

A. (Fails to allege that the defendant had any communications with the complainant.   The

People did not have access to the alleged communication, thus acting based on HEARSAY.

B.  Fails to allege that the defendant made any specific threat to the complainant, [28 Misc. 3d at 485].   Defendant (Plaintiff herein Mr. Morales) merely made supposition to a possible scenario that may be carry out by someone [please negated statement on the email "NOT ME" [mentally ill in the future.   Defendant was implying that the school official abusive and discriminatory actions might one day trigger a tragedy by bringing a person to the edge [please negated statement on the email "not me"].

C.  Fails to allege the defendant had the requisite intent to harass, annoy, threaten or alarm the complainant, but merely expressing his thoughts. Defendant (Plaintiff herein Mr. Morales) did not originated the email communication; furthermore, defendant actually terminated the three years friendly relationship with the accuser, Mrs. Danielle DaGosto, by sending an email staying his decision on the same night.   On that email, defendant (Plaintiff herein Mr. Morales) request the complainant, Mrs. DaGosto to assign a different adviser to defendant's case, and he no longer wanted to communicate with her.

D.  fails to allege that defendant (Plaintiff   herein Mr. Morales ) did not have a legitimate purpose in sending the email to the complainant; again, defendant was returning an email sent by complainant, and Mr. Morales had the necessity to communicate with the complainer due to school issues.

E.  Fails to allege that the defendant (Plaintiff herein Mr. Morales) struck, shoved, kicked, or otherwise subjected the complainant to physical contact or attempt or threatened to do so.

F.  Fails to show reasonable cause to believe the allegations were truthful as required by (CPL 100.40 [1] [b]).   Complainant had reason to mislead and   retaliate against defendant; the same can be said of the SUNY Purchase University Police Dept., sine both were named defendants in federal civil right action in federal court, and the constructive criticism made by defendant on the first part of the email in question against the complainant.

Standard for Facial Sufficiency.

(78)   In order to be *facially sufficient*, a misdemeanor information must meet three requirements...*First* it must substantially conform to the formal requirements of CPL 100.15.