4 of 5 DOCUMENTS

American Jurisprudence, Second Edition
Copyright © 2014 West Group

Barbara J. Van Arsdale, J.D., George L. Blum, J.D., John Bourdeau, J.D., Jill Gustafson, J.D., Alan J. Jacobs, J.D. and
Karl Oakes, J.D.

Civil Rights
IV. Post-Civil War Federal Civil Rights Acts
A. Civil Provisions
4. Statute Creating Right of Action for Deprivation of Federal Rights under Color of State Law (42 U.S.C.A. § 1983)
g. Defenses
(1) Immunity
(b) Immunity Available to Individuals
(iii) Qualified Immunity

15 Am Jur 2d Civil Rights § 114

§ 114 When is right "clearly established"

In determining whether a constitutional right is "clearly established," as required for a plaintiff to defeat a government official's claim of qualified immunity in a civil rights action, the relevant, dispositive inquiry is whether it would be clear to a reasonable official that his or her conduct was unlawful in the situation he or she confronted.[1]  Otherwise stated, in determining whether a statutory or constitutional right is clearly established, the court must determine whether the contours of the right at the time of the alleged violation were sufficiently clear, in the light of preexisting law, that a reasonable person in the defendant's position would have understood that his or her conduct violated that right.[2]  This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of preexisting law the unlawfulness must be apparent.[3]  Thus, the unlawfulness of the alleged conduct can be established even though the very act in question had not at that time been held to be a constitutional violation.[4]  Officials can still be on notice that their conduct violates established law even in novel factual circumstances, as the salient question is whether the state of the law at the time gives officials fair warning that their conduct is unconstitutional, and notice does not require that the facts of previous cases be materially or fundamentally similar to the situation in question.[5]

Observation: It has been said in this regard that the right in question must have been established in a "particularized" and relevant sense, rather than on a general level.[6]  The origin of this rule appears to be the U.S. Supreme Court case of Anderson v. Creighton, in which the Court stated that "[t]he operation of [the qualified immunity] standard...depends substantially upon the level of generality at which the relevant 'legal rule' is to be identified."[7]  The Court noted, as an example, that the right to due process of law is clearly established by the Due Process Clause, and so there is a sense in which any action that violates that Clause (no matter how unclear it may be that the particular action is a violation) violates a clearly established right. Much the same, the Court, stated, could be said of any other constitutional or statutory violation. However, continued the Court, if the test of "clearly established law" were to be applied at this level of generality, plaintiffs would be able to convert the rule of qualified immunity into a rule of virtually unqualified liability, simply by alleging the violation of extremely abstract rights. The correct rule, said the Court, is that to defeat qualified immunity, the right allegedly violated must have been violated in a more particularized, and hence more relevant sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he or she is doing violates that right. The Court went on to conclude in the case at bar that although the defendant, an FBI agent, had taken part in a warrantless search of the plaintiffs' home on the basis of belief that a suspected bank robber might have been there, the mere fact that warrantless searches not supported by probable cause and exigent circumstances violate the Fourth Amendment did not defeat the agent's claim of qualified immunity. Rather, said the Court, the agent would be entitled to qualified immunity if he could reasonably have believed that the circumstances surrounding the search constituted probable cause and exigent circumstances rendering the warrantless search lawful. Anderson was a Bivens action brought under the Fourth Amendment rather than under 42

15 Am Jur 2d Civil Rights § 114

U.S.C.A. § 1983. However, the Court has noted that there is no distinction between immunity law relating to Bivens actions and that relating to § 1983 actions. [68]

**FOOTNOTES:**

n1   Saucier v. Katz, 533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001).

n2   Brown v. Hot, Sexy and Safer Productions, Inc., 68 F.3d 525, 104 Ed. Law Rep. 106 (1st Cir. 1995); Baird v. Renbarger, 576 F.3d 340 (7th Cir. 2009); P.B. v. Koch, 96 F.3d 1298, 112 Ed. Law Rep. 687 (9th Cir. 1996); Shepard v. Peryam, 657 F. Supp. 2d 1331 (S.D. Fla. 2009); Reno v. East Baton Rouge Parish School Bd., 697 F. Supp. 2d 659, 257 Ed. Law Rep. 954 (M.D. La. 2010); Plummer v. Town of Somerset, 601 F. Supp. 2d 358 (D. Mass. 2009); Campbell v. City of Springboro, Ohio, 2011 WL 1575525 (S.D. Ohio 2011).

To the extent, as alleged by a black defendant erroneously convicted of rape and wrongfully incarcerated for two decades, that a laboratory technician who compared antigens found in defendant's blood with those present in a mixture of blood and semen recovered from the rape victim's underwear had deliberately or knowingly created a misleading and scientifically inaccurate serology report in violation of defendant's due process rights, the laboratory technician was not entitled to qualified immunity for his actions; a reasonable laboratory technician in 1984 would have understood that such actions violated due process. Brown v. Miller, 519 F.3d 231 (5th Cir. 2008).

Police officers' decision to arrest antiwar protesters, clothed only in thong underwear and forming a pyramid to recreate a notorious war prisoner abuse scandal, was not incompetent, was not a willful violation of law, and even if mistaken, was a reasonable mistake in a tense, uncertain, and rapidly evolving context, and thus, the officers were entitled to qualified immunity from the protesters' claims that the arrests violated their First and Fourth Amendment rights, since such rights, even if violated, were not clearly established so as to make clear to a reasonable officer that his conduct was unlawful in a situation requiring split-second judgments in confusing circumstances. Egolf v. Witmer, 526 F.3d 104 (3d Cir. 2008).

Personnel of Puerto Rico Aqueduct and Sewer Authority were not entitled to qualified immunity to a public employee's political affiliation civil rights claim under the First Amendment, alleging that she was demoted and passed over for a position because of her affiliation with a particular political party, where the employee had a right under the First Amendment to be free from discrimination on the basis of political opinions or beliefs, that right was clearly established at the time of the alleged violation, and a reasonable officer would have understood that the actions taken against the employee were contrary to her protected First Amendment rights. Rosario Rivera v. Aqueduct and Sewer Authority of Puerto Rico, 472 F. Supp. 2d 165 (D.P.R. 2007).

n3   Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002).

The facts of the case at bar need not precisely mirror the facts of a precedent-setting case in order to defeat a claim of qualified immunity. Yvonne L., By and Through Lewis v. New Mexico Dept. of Human Services, 959 F.2d 883 (10th Cir. 1992).

The law regarding strip searches of students at school was not clearly established to the extent that school officials should have known at the time that their conduct in strip searching a 13-year old middle school student in an attempt to find contraband prescription-strength pain reliever drugs was unreasonable under the Fourth Amendment, and therefore the officials were entitled to qualified immunity from section 1983 liability. Safford Unified School Dist. No. 1 v. Redding, 129 S. Ct. 2633, 174 L. Ed. 2d 354, 245 Ed. Law Rep. 626 (2009).

A principal and a school resource officer were entitled to qualified immunity in an action by parents of a student who was killed with a gun he took to school alleging that their failure to remove the gun from the school campus violated the student's substantive and procedural due process rights; the parents presented no binding law that declared similar conduct in similar circumstances to be a violation of law such that a reasonable official would have understood that what he or she was doing violated a constitutional right. Niziol v. Pasco County Dist. School Bd., 240 F. Supp. 2d 1194, 174 Ed. Law Rep. 208 (M.D. Fla. 2002).

Relevant decisional law, see § 115.

n4   Hale v. Townley, 45 F.3d 914 (5th Cir. 1995).

n5   Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002).

n6   Zepp v. Rehrmann, 79 F.3d 381 (4th Cir. 1996); Stefanoff v. Hays County, Tex., 154 F.3d 523 (5th Cir. 1998); Roe v. Elyea, 631 F.3d 843, 78 Fed. R. Serv. 3d 874 (7th Cir. 2011); Newell v. Sauser, 79 F.3d 115 (9th Cir. 1996); Dotson v. City of Youngstown, Ohio, 76 F. Supp. 2d 810 (N.D. Ohio 1999); Campbell v. City of Springboro, Ohio, 2011 WL 1575525 (S.D. Ohio 2011); El Dia, Inc. v. Rossello, 20 F. Supp. 2d 296 (D.P.R. 1998), aff'd, 165 F.3d 106 (1st Cir. 1999); Estate of Brown v. Barian, 43 F. Supp. 2d 1008 (E.D. Wis. 1999); Penterman v. Wisconsin Elec. Power Co., 211 Wis. 2d 458, 565 N.W.2d 521 (1997).

n7   Anderson v. Creighton, 483 U.S. 635, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987).

n8   Harlow v. Fitzgerald, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982).

**SUPPLEMENT:**

### Cases

A case directly on point is not required, for the court to conclude that the law was clearly established, so that a government official is not entitled to qualified immunity from civil damages, but existing precedent must have placed the statutory or constitutional question beyond debate. Stanton v. Sims, 134 S. Ct. 3 (2013).

For a statutory or constitutional right to be "clearly established," so that a government official lacks qualified immunity from civil damages liability for violating that right because the right was clearly established at the time of the challenged conduct, the right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right; in other words, existing precedent must have placed the statutory or constitutional question beyond debate. Reichle v. Howards, 132 S. Ct. 2088 (2012).

Under the "clearly established" standard for qualified immunity, which shields government officials from civil damages liability for violating a constitutional right unless the right was clearly established at the time of the challenged conduct, the right allegedly violated must be established not as a broad general proposition, but in a particularized sense so that the contours of the right are clear to a reasonable official. Reichle v. Howards, 132 S. Ct. 2088 (2012).

The right to be free from arrest without probable cause was clearly established at the time of suspect's arrest, for purpose of determining whether arresting officers were entitled to qualified immunity in suspect's § 1983 action alleging false arrest. U.S.C.A. Const.Amend. 4; 42 U.S.C.A. § 1983. Gonzalez v. City of Schenectady, 728 F.3d 149 (2d Cir. 2013).

County sheriff's deputies were entitled to qualified immunity from § 1983 claim brought by estate of arrestee who was shot and killed by deputies, alleging that deputies unconstitutionally sought to disarm "lawfully armed citizen," in violation of arrestee's Second Amendment right to bear arms; right asserted was not clearly established at time of shooting. U.S.C.A. Const.Amend. 2; 42 U.S.C.A. § 1983. Estate of Hickman v. Moore, 502 Fed. Appx. 459 (6th Cir. 2012).

City police officer was entitled to qualified immunity from deaf apartment occupant's § 1983 excessive force claim arising from officer's deploying stun gun second time in dart mode to subdue occupant; law regarding second application of stun gun, after first application that was objectively reasonable, was not clearly established at time of incident. U.S.C.A. Const.Amend. 4; 42 U.S.C.A. § 1983. De Contreras v. City of Rialto, 894 F. Supp. 2d 1238 (C.D. Cal. 2012).

For the law which a public official claiming qualified immunity allegedly violated to be "clearly established," case law must ordinarily have been earlier developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the official's place, that what he is doing violates federal law. White v. City of Lagrange, Ga., 952 F. Supp. 2d 1353 (N.D. Ga. 2013), aff'd, 2013 WL 5912529 (11th Cir. 2013).

Ultimate question in determining whether law is "clearly established," for qualified immunity purposes in § 1983 action, is whether governmental official had "fair warning" that his conduct violated plaintiff's constitutional right. 42 U.S.C.A. § 1983. Ritchie v. Coldwater Community Schools, 947 F. Supp. 2d 791 (W.D. Mich. 2013).

Rights may be clearly established, for qualified immunity purposes in § 1983 action, even though precise conduct at issue has not yet been declared unlawful. 42 U.S.C.A. § 1983. Bryan v. Erie County Office of Children & Youth, 861 F. Supp. 2d 553 (W.D. Pa. 2012).

Whether a constitutional right is clearly established, as required to avoid qualified immunity under section 1983, turns on whether the case law at the time of the alleged constitutional violation makes it sufficiently clear that every reasonable official would know his conduct violates that right. 42 U.S.C.A. § 1983. Mendoza v. City of West Covina,

206 Cal. App. 4th 702, 141 Cal. Rptr. 3d 553 (2d Dist. 2012).

REFERENCE: West's Key Number Digest, Abatement and Revival [westkey]52, 57, 72(2)
West's Key Number Digest, Actions [westkey]3
West's Key Number Digest, Appeal and Error [westkey]73, 93
West's Key Number Digest, Civil Rights [westkey]1003, 1004
West's Key Number Digest, Civil Rights [westkey]1003, 1004, 1009, 1027 to 1029, 1031 to 1033(2), 1039, 1041, 1071,
    1088(5), 1301, 1303, 1304, 1307 to 1313, 1315, 1316, 1318, 1319, 1321, 1324 to 1327, 1329 to 1332(6), 1333, 1333(3),
    1335, 1336, 1338 to 1341, 1343, 1344, 1348, 1352, 1354, 1355, 1360, 1362, 1364, 1366 to 1371, 1373 to 1384, 1391,
    1393 to 1396, 1398, 1401, 1403, 1407, 1409, 1411, 1417, 1419, 1424, 1426 to 1432, 1448 to 1474(2), 1476, 1478 to
    1480, 1482, 1484, 1487, 1803 to 1806, 1808, 1809
West's Key Number Digest, Conspiracy [westkey]2, 7.5(1) to 7.5(3), 13, 29.5(1), 29.5(2), 47(3.1), 74.50
West's Key Number Digest, Courts [westkey]489(1), 508(2.1), 508(7)
West's Key Number Digest, Criminal Law [westkey]40
West's Key Number Digest, Federal Courts [westkey]13.10, 14.1, 48, 74, 182, 219.1 to 223, 225, 411, 420, 428, 579,
    770
West's Key Number Digest, Judgment [westkey]828.4(1), 828.4(2), 828.15(1)
West's Key Number Digest, Jury [westkey]14(1.5)
West's Key Number Digest, Limitation of Actions [westkey]58(1)
A.L.R. Index, Abstention Doctrine
A.L.R. Index, Associations and Clubs
A.L.R. Index, Attorney's Fees
A.L.R. Index, Civil Rights and Discrimination
A.L.R. Index, Civil Rights Attorney's Fees Awards Act
A.L.R. Index, Civil Rights Organizations
A.L.R. Index, Class Actions
A.L.R. Index, Conspiracy
A.L.R. Index, Constitutional Law
A.L.R. Index, Due Process
A.L.R. Index, Equal Protection of Law
A.L.R. Index, Exhaustion of Remedies
A.L.R. Index, Fair Housing Act
A.L.R. Index, Freedom of Association
A.L.R. Index, Good Faith
A.L.R. Index, Government Immunity or Privilege
A.L.R. Index, Housing and Slum Clearance
A.L.R. Index, Housing Authority
A.L.R. Index, Laches and Delay
A.L.R. Index, Property
A.L.R. Index, Public Accommodations
A.L.R. Index, Public Housing
A.L.R. Index, Religion and Religious Societies
A.L.R. Index, Segregation
A.L.R. Index, Sex Discrimination
A.L.R. Index, State Action
West's A.L.R. Digest, Abatement and Revival [westkey]52, 57, 72(2)
West's A.L.R. Digest, Civil Rights [westkey]1003, 1004, 1009, 1027 to 1029, 1031 to 1033(2), 1039, 1041, 1071,
    1088(5), 1301, 1303, 1304, 1307 to 1313, 1315, 1316, 1318, 1319, 1321, 1324 to 1327, 1329 to 1332(6), 1333, 1333(3),
    1335, 1336, 1338 to 1341, 1343, 1344, 1348, 1352, 1354, 1355, 1360, 1362, 1364, 1366 to 1371, 1373 to 1384, 1391,
    1393 to 1396, 1398, 1401, 1403, 1407, 1409, 1411, 1417, 1419, 1424, 1426 to 1432, 1448 to 1474(2), 1476, 1478 to
    1480, 1482, 1484, 1487, 1803 to 1806, 1808, 1809
West's A.L.R. Digest, Conspiracy [westkey]2, 7.5(1) to 7.5(3), 13, 29.5(1), 29.5(2), 47(3.1), 74.50
West's A.L.R. Digest, Federal Courts [westkey]13.10, 14.1, 48, 74, 182, 219.1 to 223, 225, 411, 420, 428, 579, 770
West's A.L.R. Digest, Judgment [westkey]828.4(1), 828.4(2), 828.15(1)
West's A.L.R. Digest, Jury [westkey]14(1.5)

West's A.L.R. Digest, Limitation of Actions [westkey]58(1)
Federal Procedure, L. Ed. §§ 11:173 to 11:232, 11:254 to 11:386
Proof of Housing Discrimination Against a Prospective Tenant on Account of Race or National Origin, 93 Am. Jur. Proof of Facts 3d 415
Zoning: Proof of Wrongful Land Use Regulation Pursuant to Section 1983, 30 Am. Jur. Proof of Facts 3d 503
Proof of Unconstitutional Prison Conditions, 24 Am. Jur. Proof of Facts 3d 467
Discrimination on the Basis of Handicap Under the Fair Housing Act, 23 Am. Jur. Proof of Facts 3d 499
Termination or Demotion of a Public Employee in **Retaliation** for Speaking Out as a Violation of Right of Free Speech, 22 Am. Jur. Proof of Facts 3d 203
Excessive Force by Police Officer, 21 Am. Jur. Proof of Facts 3d 685
Police Misconduct as Municipal Policy or Custom, 13 Am. Jur. Proof of Facts 3d 1
Invasion of Privacy by False Light Publicity, 6 Am. Jur. Proof of Facts 3d 585
Governmental Entity's Liability for Injuries Inflicted on Prisoner in Assault by Fellow Prisoner, 33 Am. Jur. Proof of Facts 2d 303
Racial Discrimination in Sale of Real Estate, 14 Am. Jur. Proof of Facts 2d 511
Discrimination in Jury Selection -- Systematic Exclusion or Underrepresentation of Identifiable Group, 9 Am. Jur. Proof of Facts 2d 407
Asserting Claims of Unconstitutional Prison Conditions under 42 U.S.C.A. §§ 1983, 64 Am. Jur. Trials 425
Obtaining Damages in Federal Court for State and Local Police Misconduct, 62 Am. Jur. Trials 547
Defense of a Police Misconduct Suit, 38 Am. Jur. Trials 493
Housing Discrimination Litigation, 28 Am. Jur. Trials 1
Prisoners' Rights Litigation, 22 Am. Jur. Trials 1
Handling the Defense in a Conspiracy Prosecution, 20 Am. Jur. Trials 351
Police Misconduct Litigation -- Plaintiff's Remedies, 15 Am. Jur. Trials 555
Cause of Action Against Public Accommodation By Individual With Disability For Denial of Full and Equal Enjoyment of, or Participation in, Recreation or Exercise Because of Alleged Threat to Health or Safety of Others, 12 Causes of Action 99
Am. Jur. Pleading and Practice Forms, Civil Rights §§ 3, 5 to 18.11, 21, 22, 25, 26
Am. Jur. Pleading and Practice Forms, Public Officers and Employees § 58
Federal Procedural Forms §§ 39:130, 39:131, 39:146, 39:228
West's Key Number Digest, Civil Rights [westkey]1373 to 1376

FOCUS - 1 of 1 DOCUMENT

American Jurisprudence, Second Edition
Copyright © 2014 West Group

Mary Babb Morris, J.D., of the staff of the National Legal Research Group, Inc.

Colleges and Universities
V. Liabilities; Actions by and Against Colleges and Universities

15A Am Jur 2d Colleges and Universities § 47

§ 47 Tort liability of state colleges and universities

Even though a state college or university or its governing board is incorporated and amenable to suit, it is a general rule that such an institution or its governing board is a mere agent or instrumentality of the state and accordingly is immune from tort liability under the doctrine of sovereign immunity in the absence of a constitutional or legislative enactment to the contrary, at least for negligence while performing or engaged in governmental functions or activities.[1]  This immunity of a state or state college or university, or its governing board, from tort liability, is unaffected by the procurement of insurance which purports to protect against such liability.[2]  In most jurisdictions, a tort suit against a state college or university is governed by the state tort claims act.[3]  In some jurisdictions, the rule of nonliability for tort has been abrogated by judicial action.[4]

Of course, in any case, and even though a state college or university may not be immune from tort liability, it may not be held liable unless negligence or fault on its part, proximately causing the plaintiff's injuries, is established;[5]  it may avail itself of the defenses of contributory negligence,[6]  intervening cause,[7]  or assumption of risk.[8]  The liability of a college or university for negligence in causing injury to students and others has been discussed with respect to injuries arising in particular situations such as: injuries due to the condition of buildings and equipment;[9]  injuries arising from the condition of the campus or grounds;[10]  injuries occurring during the use of premises and equipment for other than school purposes;[11]  injuries occurring in physical education classes;[12]  injuries associated with the transportation of students;[13]  injuries resulting from the lack or insufficiency of supervision,[14]  particularly with regard to students injured as a result of fraternity hazing;[15]  injuries resulting from inadequate security on campus;[16]  and injuries resulting from negligent retention of a university employee.[17]

**FOOTNOTES:**

n1  Baldwin v. University of Texas Medical Branch at Galveston, 945 F. Supp. 1022, 114 Ed. Law Rep. 846 (S.D. Tex. 1996), aff'd, 122 F.3d 1066 (5th Cir. 1997); Ex parte Craft, 727 So. 2d 55, 133 Ed. Law Rep. 286 (Ala. 1999); Matthews v. Alabama Agricultural & Mechanical University, 716 So. 2d 1272, 129 Ed. Law Rep. 539 (Ala. Civ. App. 1998); Grine v. Board of Trustees, 338 Ark. 791, 2 S.W.3d 54, 140 Ed. Law Rep. 410 (1999); Wright v. University of Utah, 876 P.2d 380, 92 Ed. Law Rep. 665 (Utah Ct. App. 1994); University of West Virginia Bd. of Trustees ex rel. West Virginia University v. Graf, 205 W. Va. 118, 516 S.E.2d 741, 136 Ed. Law Rep. 591 (1998); Powell v. Milwaukee Area Technical College Dist. Bd., 225 Wis. 2d 794, 594 N.W.2d 403 (Ct. App. 1999).

n2  Taylor v. State, 73 Nev. 151, 311 P.2d 733 (1957); Livingston v. Regents of New Mexico College of Agriculture and Mechanic Arts, 64 N.M. 306, 328 P.2d 78 (1958); Olson v. University of North Dakota, 488 N.W.2d 386, 77 Ed. Law Rep. 476 (N.D. 1992); Wallace v. City of Midland, 836 S.W.2d 641 (Tex. App. El Paso 1992), writ denied, (Oct. 7, 1992).

n3  Tobin v. University of Maine System, 59 F. Supp. 2d 87, 138 Ed. Law Rep. 267 (D. Me. 1999); Orem v. Ivy Tech State College, 711 N.E.2d 864, 135 Ed. Law Rep. 628 (Ind. Ct. App. 1999); Wilson v. Kansas State University, 273 Kan. 584, 44 P.3d 454, 164 Ed. Law Rep. 446 (2002); Mittra v. University of Medicine and Dentistry of New Jersey, 316 N.J. Super. 83, 719 A.2d 693, 130 Ed. Law Rep. 823 (App. Div. 1998); Hardy v. Bezdicek, 1999 OK CIV APP 77, 987 P.2d 426 (Div. 1 1999); Stanton v. University of Texas Health Sciences Center at Dallas, 997 S.W.2d 628 (Tex. App. Dallas 1998); Halberstam v. Com., 251 Va. 248, 467 S.E.2d 783, 107 Ed. Law Rep. 1043 (1996).

n4   Churchwell v. Board of Regents of University of Michigan, 97 Mich. App. 463, 296 N.W.2d 75 (1980); Burr v. Kulas, 532 N.W.2d 388, 100 Ed. Law Rep. 314 (N.D. 1995); Brungard v. Hartman, 483 Pa. 200, 394 A.2d 1265 (1978).

n5   Furek v. University of Delaware, 594 A.2d 506, 69 Ed. Law Rep. 441 (Del. 1991); Waugh v. University of Hawaii, 63 Haw. 117, 621 P.2d 957 (1980); Morrison v. Kappa Alpha Psi Fraternity, 738 So. 2d 1105, 143 Ed. Law Rep. 1115 (La. Ct. App. 2d Cir. 1999), writ denied, 749 So. 2d 634 (La. 1999) and writ denied, 749 So. 2d 635 (La. 1999) and writ denied, 747 So. 2d 1120 (La. 1999); Heminway v. State University of New York, 244 A.D.2d 979, 665 N.Y.S.2d 493, 122 Ed. Law Rep. 1050 (4th Dep't 1997); McDonald v. University of West Virginia Bd. of Trustees, 191 W. Va. 179, 444 S.E.2d 57, 91 Ed. Law Rep. 707 (1994).

n6   Furek v. University of Delaware, 594 A.2d 506, 69 Ed. Law Rep. 441 (Del. 1991); Carter v. Board of Sup'rs of Louisiana State University, 459 So. 2d 1263, 21 Ed. Law Rep. 1083 (La. Ct. App. 1st Cir. 1984), writ denied, 462 So. 2d 1248, 23 Ed. Law Rep. 427 (La. 1985); Freed v. State University of New York, 70 A.D.2d 783, 417 N.Y.S.2d 530 (4th Dep't 1979); Chapman v. State, 6 Wash. App. 316, 492 P.2d 607 (Div. 3 1972) (doctrine of last clear chance was inapplicable where defendant did not actually see plaintiff's peril).

n7   Johnson v. State, 77 Wash. App. 934, 894 P.2d 1366, 100 Ed. Law Rep. 351 (Div. 1 1995), as amended, (June 20, 1995).

n8   Furek v. University of Delaware, 594 A.2d 506, 69 Ed. Law Rep. 441 (Del. 1991); Clark v. Wiegand, 617 N.E.2d 916, 84 Ed. Law Rep. 1126 (Ind. 1993); Rubtchinsky v. State University at Albany, 46 Misc. 2d 679, 260 N.Y.S.2d 256 (Ct. Cl. 1965).

Primary assumption of risk barred a negligence action against a community college by an opposing college's baseball player who was allegedly intentionally hit in the head with a pitch during a game; in light of the history of baseball, being hit by a pitch, including one intentionally thrown at a batter, was an inherent risk of the game, and, thus, the college had no duty to supervise and control its pitcher. Avila v. Citrus Community College Dist., 38 Cal. 4th 148, 41 Cal. Rptr. 3d 299, 131 P.3d 383, 208 Ed. Law Rep. 606 (2006).

n9   Vreeland v. State Bd. of Regents, 9 Ariz. App. 61, 449 P.2d 78 (1969); Commonwealth v. Madison, 269 Ky. 571, 108 S.W.2d 519 (1937); Bergeron v. Southeastern Louisiana University, 610 So. 2d 986, 80 Ed. Law Rep. 465 (La. Ct. App. 1st Cir. 1992); Freed v. State University of New York, 70 A.D.2d 783, 417 N.Y.S.2d 530 (4th Dep't 1979).

n10   Anderson v. State, 692 N.W.2d 360, 195 Ed. Law Rep. 636 (Iowa 2005); Carter v. Board of Sup'rs of Louisiana State University, 459 So. 2d 1263, 21 Ed. Law Rep. 1083 (La. Ct. App. 1st Cir. 1984), writ denied, 462 So. 2d 1248, 23 Ed. Law Rep. 427 (La. 1985); Fuller v. State, 122 A.D.2d 551, 504 N.Y.S.2d 935, 33 Ed. Law Rep. 1219 (4th Dep't 1986); Candido v. University of Rhode Island, 880 A.2d 853, 201 Ed. Law Rep. 250 (R.I. 2005); Rawlings v. Angelo State University, 648 S.W.2d 430, 10 Ed. Law Rep. 870 (Tex. App. Austin 1983), writ refused n.r.e., (July 13, 1983); McDonald v. University of West Virginia Bd. of Trustees, 191 W. Va. 179, 444 S.E.2d 57, 91 Ed. Law Rep. 707 (1994).

A spectator at an intercollegiate baseball game stated a supportable claim against the university on whose field the game was played, where the spectator slipped on one nonuniform step in the temporary bleachers at the field, and the university had known of the step's existence but failed to remedy or warn of it. Rispone v. Louisiana State University and Agr. and Mechanical College, 637 So. 2d 731, 91 Ed. Law Rep. 1263 (La. Ct. App. 1st Cir. 1994).

n11   Brown v. Florida State Bd. of Regents, 513 So. 2d 184, 42 Ed. Law Rep. 481 (Fla. Dist. Ct. App. 1st Dist. 1987); Pitre v. Louisiana Tech University, 673 So. 2d 585, 109 Ed. Law Rep. 1398 (La. 1996) (student injured while sledding on campus); Scully v. State, 305 N.Y. 707, 112 N.E.2d 782 (1953).

n12   Fortier v. Los Rios Community College Dist., 45 Cal. App. 4th 430, 52 Cal. Rptr. 2d 812, 109 Ed. Law Rep. 298 (3d Dist. 1996) (football class); Clark v. Wiegand, 617 N.E.2d 916, 84 Ed. Law Rep. 1126 (Ind. 1993) (judo course); Catania v. University of Nebraska, 213 Neb. 418, 329 N.W.2d 354, 8 Ed. Law Rep. 1146 (1983) (golf class); Yarborough v. City University of New York, 137 Misc. 2d 282, 520 N.Y.S.2d 518, 42 Ed. Law Rep. 848 (Ct. Cl. 1987) (student injured in sack race as part of physical education class).

n13   Adams v. Kline, 239 A.2d 230 (Del. Super. Ct. 1968) (holding a university liable for injury to a student driver of a university bus transporting students to an athletic event resulting from a collision caused by its permitting the bus to be overloaded).

n14   Durham v. Com., 406 S.W.2d 858 (Ky. 1966); Graham v. Montana State University, 235 Mont. 284, 767 P.2d 301, 51 Ed. Law Rep. 628 (1988); Amon v. State, 68 A.D.2d 941, 414 N.Y.S.2d 68 (3d Dep't 1979); McDonald v. University of West Virginia Bd. of Trustees, 191 W. Va. 179, 444 S.E.2d 57, 91 Ed. Law Rep. 707 (1994).

A student, who was beaten by a classmate with a baseball bat in his dormitory shower located on a college campus because the classmate believed that the student was homosexual, stated a negligence claim against the college; the student alleged that, prior to the assault on him, the college had failed to address the harassment of students believed to be homosexual, had fostered an atmosphere of hatred and violence towards such students, and had failed to take disciplinary action as to students who perpetrated such behavior, and the student alleged that, at

the time of the attack, the college was aware of several previous instances involving problems of homophobia and intolerance towards homosexual students. Love v. Morehouse College, Inc., 287 Ga. App. 743, 652 S.E.2d 624, 226 Ed. Law Rep. 336 (2007).

n15  Furek v. University of Delaware, 594 A.2d 506, 69 Ed. Law Rep. 441 (Del. 1991); Morrison v. Kappa Alpha Psi Fraternity, 738 So. 2d 1105, 143 Ed. Law Rep. 1115 (La. Ct. App. 2d Cir. 1999), writ denied, 749 So. 2d 634 (La. 1999) and writ denied, 749 So. 2d 635 (La. 1999) and writ denied, 747 So. 2d 1120 (La. 1999).

n16  Cutler v. Board of Regents of State of Fla., 459 So. 2d 413, 21 Ed. Law Rep. 1071 (Fla. Dist. Ct. App. 1st Dist. 1984) (student raped on campus); Stanton v. University of Maine System, 2001 ME 96, 773 A.2d 1045, 155 Ed. Law Rep. 566 (Me. 2001); Setrin v. Glassboro State College, 136 N.J. Super. 329, 346 A.2d 102 (App. Div. 1975) (student assaulted on campus); Brown v. North Carolina Wesleyan College, Inc., 65 N.C. App. 579, 309 S.E.2d 701, 14 Ed. Law Rep. 1153 (1983) (abduction, rape, and murder of a student); Johnson v. State, 77 Wash. App. 934, 894 P.2d 1366, 100 Ed. Law Rep. 351 (Div. 1 1995), as amended, (June 20, 1995) (student raped on campus).

n17  Chontos v. Rhea, 29 F. Supp. 2d 931, 131 Ed. Law Rep. 965 (N.D. Ind. 1998).

**REFERENCE:** West's Key Number Digest, Colleges and Universities [westkey]10
A.L.R. Index, Colleges and Universities
West's A.L.R. Digest, Colleges and Universities [westkey]10
Assumption of Risk Defense in Sports or Recreation Injury Cases, 30 Am. Jur. Proof of Facts 3d 161
Am. Jur. Pleading and Practice Forms, Colleges and Universities §§ 40 to 42, 60
West's Key Number Digest, Colleges and Universities [westkey]10
Tort liability of public schools and institutions of higher learning for accidents occurring during school athletic events, 68 A.L.R.5th 663
Tort liability of public schools and institutions of higher learning for accidents occurring in physical education classes, 66 A.L.R.5th 1
Tort liability of public schools and institutions of higher learning for accidents associated with transportation of students, 23 A.L.R.5th 1
Tort liability of college, university, fraternity, or sorority for injury or death of member or prospective member by hazing or initiation activity, 68 A.L.R.4th 228
Tort liability of college or university for injury suffered by student as a result of own or fellow student's intoxication, 62 A.L.R.4th 81
Liability of school authorities for hiring or retaining incompetent or otherwise unsuitable teacher, 60 A.L.R.4th 260
Tort liability of public schools and institutions of higher learning for educational malpractice, 1 A.L.R.4th 1139
Liability of university, college, or other school for failure to protect student from crime, 1 A.L.R.4th 1099
Tort liability of public schools and institutions of higher learning for injuries resulting from lack or insufficiency of supervision, 38 A.L.R.3d 830
Tort liability of public schools and institutions of higher learning for injuries due to condition of grounds, walks, and playgrounds, 37 A.L.R.3d 738
Tort liability of public schools and institutions of higher learning for accidents occurring during use of premises and equipment for other than school purposes, 37 A.L.R.3d 712
Tort liability of public schools and institutions of higher learning for accidents due to condition of buildings or equipment, 34 A.L.R.3d 1166
Modern status of doctrine of sovereign immunity as applied to public schools and institutions of higher learning, 33 A.L.R.3d 703
Am. Jur. Pleading and Practice Forms, Colleges and Universities § 40 (Claim for damages -- Injury to student -- Defective classroom apparatus)
Am. Jur. Pleading and Practice Forms, Colleges and Universities § 41 (Affidavit -- In support of student's claim for personal injury)
Am. Jur. Pleading and Practice Forms, Colleges and Universities § 42 (Complaint, petition or declaration -- Personal Injury -- Trip and fall -- Negligent maintenance of grounds by public institution)

1 of 1 DOCUMENT

American Jurisprudence, Second Edition
Copyright © 2014 West Group

George Blum, J.D, Paul M. Coltoff, J.D, Amy G. Gore, J.D., of the staff of the National Legal Research Group, Inc.,
Alan J. Jacobs, J.D, Jack K. Levin, J.D, Lucas Martin, J.D and Jeffrey J. Shampo, J.D.

Municipal, County, School, and State Tort Liability
III. Bases of Liability
I. Respondeat Superior; Liability for Acts of Officers, Agents, or Employees
3. Essential Elements of Liability Under Respondeat Superior
a. Employer-Employee or Agent-Principal Relationship

57 Am Jur 2d Municipal, County, School, and State Tort Liability § 153

§ 153 Generally

In determining the tort liability of state and local governmental bodies for the acts or omissions of their officers, agents, and employees under a theory of respondeat superior,[n1] based on whether the tort occurred in the course of the actors' employment and within the scope of their authority,[n2] it must appear that, in fact or in law,[n3] a relationship of agent-principal,[n4] or employer-employee,[n5] existed between the governmental body and the officer, agent, or employee as the alleged tortfeasor. Indeed, because of the vicarious liability that a governmental entity can have for the acts of its employees, a person cannot become the employee of a governmental entity without its agreement.[n6]

Observation: A number of jurisdictions have held that a sheriff[n7] or deputy sheriff[n8] is not a county employee.

Some jurisdictions apply a control test for the required relationship, denying liability in the absence of authority or control over the alleged tortfeasor.[n9] On this point, one court noted that the respondeat superior rule rests on the premise that when exercising delegated authority, the employee stands under the complete control of the employer.[n10]

FOOTNOTES:

n1  As to the applicability of respondeat superior to particular governmental bodies, generally, see §§ 148 to 152.

n2  § 155.

n3  Hamay v. Washington County, 291 Pa. Super. 137, 435 A.2d 606 (1981).

n4  Metropolitan Dade County v. Glaser, 732 So. 2d 1124 (Fla. Dist. Ct. App. 3d Dist. 1999); Donahue v. St. Joseph County ex rel. Bd. of Com'rs of St. Joseph County, 720 N.E.2d 1236 (Ind. Ct. App. 1999); Kelley v. Rossi, 395 Mass. 659, 481 N.E.2d 1340 (1985) (issue of a public employee status held dependent on principles governing whether an agent is a servant rendering principal liable under respondeat superior); Greening by Greening v. School Dist. of Millard, 223 Neb. 729, 393 N.W.2d 51, 34 Ed. Law Rep. 1199 (1986); Gilborges v. Wallace, 153 N.J. Super. 121, 379 A.2d 269 (App. Div. 1977), aff'd in part, rev'd in part on other grounds, 78 N.J. 342, 396 A.2d 338 (1978); Vaughn v. North Carolina Dept. of Human Resources, 296 N.C. 683, 252 S.E.2d 792 (1979); Hamay v. Washington County, 291 Pa. Super. 137, 435 A.2d 606 (1981); Kara B. by Albert v. Dane County, 198 Wis. 2d 24, 542 N.W.2d 777 (Ct. App. 1995), decision aff'd, 205 Wis. 2d 140, 555 N.W.2d 630 (1996) (foster-home operator).

n5  State v. Pima County Adult Probation Dept., 147 Ariz. 146, 708 P.2d 1337 (Ct. App. Div. 2 1985); Castro v. State of California, 70 Cal. App. 3d 156, 138 Cal. Rptr. 572 (2d Dist. 1977) (denying the existence of an employment relationship regarding a prospective trial juror); Athay v. Stacey, 146 Idaho 407, 196 P.3d 325 (2008); Ross v. Consumers Power Co., 420 Mich. 567, 363 N.W.2d 641, 23 Ed. Law Rep. 671 (1984); Wagstaff v. City of Maplewood, 615 S.W.2d 608 (Mo. Ct. App. E.D. 1981); Greening by Greening v. School Dist. of Millard, 223 Neb. 729, 393 N.W.2d 51, 34 Ed. Law Rep. 1199 (1986) (denying an employment relationship); Edwards v. Akion, 52 N.C. App. 688, 279 S.E.2d 894, 17 A.L.R.4th 870 (1981), decision aff'd, 304 N.C. 585, 284 S.E.2d 518 (1981); Hamay v. Washington County, 291 Pa.

57 Am Jur 2d Municipal, County, School, and State Tort Liability § 153

Super. 137, 435 A.2d 606 (1981) (a county judge is an employee of the State, not the county); Morris v. Mooney, 288 S.C. 447, 343 S.E.2d 442 (1986).

n6   Athay v. Stacey, 146 Idaho 407, 196 P.3d 325 (2008).

n7   Vinson v. Clarke County, Ala., 10 F. Supp. 2d 1282 (S.D. Ala. 1998); DeGenova v. Sheriff of DuPage County, 18 F. Supp. 2d 848 (N.D. Ill. 1998), aff'd, 209 F.3d 973 (7th Cir. 2000); Penhollow v. Board of Com'rs for Cecil County, 116 Md. App. 265, 695 A.2d 1268 (1997).

n8   Lowe v. Jones County, 231 Ga. App. 372, 499 S.E.2d 348 (1998).

n9   State v. Pima County Adult Probation Dept., 147 Ariz. 146, 708 P.2d 1337 (Ct. App. Div. 2 1985); Cosenza v. Aetna Ins. Co., 341 So. 2d 1304 (La. Ct. App. 3d Cir. 1977); Smith v. Steinberg, 395 Mass. 666, 481 N.E.2d 1344, 27 Ed. Law Rep. 294 (1985) (test for the direction and control by the Commonwealth for the purposes of public employee immunity); State v. District Court of Thirteenth Judicial Dist., 170 Mont. 15, 550 P.2d 382 (1976); New Jersey Property-Liability Ins. Guar. Ass'n v. State, 195 N.J. Super. 4, 477 A.2d 826 (App. Div. 1984) (construing tort claims act in an indemnity action); Speight v. Presley, 2008 OK 99, 203 P.3d 173 (Okla. 2008); Hamay v. Washington County, 291 Pa. Super. 137, 435 A.2d 606 (1981).

n10   Speight v. Presley, 2008 OK 99, 203 P.3d 173 (Okla. 2008) (holding that a county board had no power to control the judicial function performed by the county district court clerk).

**REFERENCE:** West's Key Number Digest, Counties [westkey]145, 146
West's Key Number Digest, Municipal Corporations [westkey]744 to 754
West's Key Number Digest, Schools [westkey]89 to 89.13(6)
West's Key Number Digest, States [westkey]112.1(1), 112.1(3), 112.1(4)
West's Key Number Digest, Towns [westkey]45
A.L.R. Index, Counties
A.L.R. Index, Governmental Immunity or Privilege
A.L.R. Index, Municipal Corporations
A.L.R. Index, Public Officers and Employees
A.L.R. Index, Schools and Education
A.L.R. Index, States
A.L.R. Index, Towns
A.L.R. Index, Villages
West's A.L.R. Digest, Counties [westkey]145, 146
West's A.L.R. Digest, Municipal Corporations [westkey]744 to 754
West's A.L.R. Digest, Schools [westkey]89 to 89.13(6)
West's A.L.R. Digest, States [westkey]112.1(1), 112.1(3), 112.1(4)
West's A.L.R. Digest, Towns [westkey]45
Am. Jur. Pleading and Practice Forms, Master and Servant §§ 476, 496, 526
Am. Jur. Pleading and Practice Forms, Municipal, School, and State Tort Liability § 142
West's Key Number Digest, Counties [westkey]145, 146
West's Key Number Digest, Municipal Corporations [westkey]744 to 747(4)
West's Key Number Digest, Schools [westkey]89, 89.1, 89.3
West's Key Number Digest, States [westkey]112.1(1), 112.1(2), 112.1(4)
West's Key Number Digest, Towns [westkey]45