APENDIX B

Pro-Se Case Law

## PRO-SE CASE LAW

(1) This section is intended for informational purposes; however, plaintiff hereby set forth (as applied), ALL rational and case called invoked herein (the section); and as applies to ALL law matter further estates in this document and for ALL issue in this case--prior and/or future (if any). Furthermore, and as the court sees it appropriate. In addition, this section is/has intentionally written for the AAG, as it applies/interest to them (in the main parts) in particular.

(2) A judge is required to show a little lenience toward a Pro Se litigant: *Haines v. Kerner* - 404 U.S. 519 (1972).

(3) Non-Lawyer pro-se litigants not to be held to the same standards as a practicing lawyer... The pleadings in this case are being filed by Plaintiff In "Propria Persona," wherein pleadings are to be considered without regard to technicalities. Propria, pleadings are not to be held to the same high standards of perfection as practicing Lawyers. See *Haines v. Kerner* 92 Scot 594, also See Power 914 F2d 1459, 11th, Cir (1990), also See *Hulsey v. Ownes* 63 F3d 354 (5th Cir 1995). Also See In Re: *Hall v. Bellmon* 935 F.2d 1106 (10th Cir. 1991)." In Puckett v. Cox, it was held that a pro-se pleading requires less stringent reading than one drafted by a lawyer (456 F2d 233 (1972 Sixth Circuit USCA). Justice Black in Conley v. Gibson, 355 U.S. 41 at 48 (1957); "The Federal Rules rejects the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." According to Rule 8 (f) FRCP and the State Court rule which holds that all pleadings shall be construed to do substantial justice."

(2) Defense against dismissal of a complaint under Rule 12-B, there is legal sufficiency to show Plaintiff is entitled to relief under his Complaint. A Complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the Plaintiff can prove no set of

facts in support of his claim which would entitle him to relief. See *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957) also *Neitzke v. Williams,* 109 S. CT. 1827, 1832 (1989). Rule 12 (b)

(6) does not countenance dismissals based on a judge's disbelief of a complaint's factual allegations. In applying the Conley standard, the Court will "accept the truth of the well-pleaded factual allegations of the Complaint."

(3) Pro Se litigants entitled to Fees: Pro se litigants may be entitled to Attorney fees and costs under the Civil Rights Attorney's Fee Award Act of 1976, 90 Stat. 2641, as amended 42 USC 1988.

## A. U.S. Constitutional Issues.

(4) The Fifth Amendment, provides in pertinent part that "nor be deprived of life, liberty, or property, without due process of law..." Due process is denied when a meaningful hearing is denied as to this cause.

(5) The Seventh Amendment, provides in pertinent part that "In suits at common law, where the value in controversy shall exceed twenty dollars, the right to trial by jury shall be preserved..." This language does not include a single reference to "manipulation" of a jury by the Court in a conspiracy with lawyers to design a verdict suitable to the Court through the use of
lawyer rules, judicial rules, court rules, or otherwise trumped-up legal technicalities and instructions which effectively "handcuffs" the jury. All of these activities are no more or less than a denial of the right to a jury of peers with the constitutional authority to judge both the facts and law in a case.

(5) The Thirteenth Amendment, provides in pertinent part that "Neither slavery nor involuntary servitude, except as a punishment for crime...Shall exist within the United States, nor any place subject to their jurisdiction". These judges through their private conduct in conspiracy with the lawyer
defendants, caused the Court to effectuate this Plaintiff to "Compulsory Involuntary Servitude", an act punishable under Title 18 1584 as a criminal act.

(6) The Fourteenth Amendment Due Process Clause and Equal Protection clause (Section 1), expressly declares "no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law..."   2) The Fourteenth Amendment, Section 3, provides in pertinent part that "No person shall hold any office, civil or military, under the United States or under any State.....Who, having previously taken an oath,....As an executive or judicial officer of any State to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same...." C. USC 14th Amendment (Deprived of the use of property) this can apply to the list of the user plaintiffs already paid education, as part of the damages. In *Tracy v. Ginsberg* 205 US 170, 27 S CT. 461; Wagner v Leser, 239 US 207, 36 S Ct 66; Fuentes v. Shevin 407 US 67, 92 S Ct 1983; Leis v Flynt, 439 US 438, 99 S Ct 698, 11 Ohio Ops 3rd 302; Kent.Dept. Of Corrections v. Thompson, 490 US 454, 109 S CT 1904.

## What constitutes property protected under the constitution?

(7) Slaughterhouse Cases, 16 Wall 36; *Buchanan v Warley,* 245 US 60, 38 S CT 16 *Liggett Co. V Baldridge,* 278 US 105, 49 S CT 57; Board of Regents v Roth, 408 US 564, 92 S CT 2701.

## On Due Process Violation of Fifth and Fourteenth Amendments:

(8) *Butler v. Perry,* 240 US 328, 36 S Ct 288; *Brinkerhoff- Faris Trust v Hill,* 281 US 673, 50 S Ct 451; *Curry v. McCanless,* 307 US 357, 59 S Ct 900; *Rochin v California,* 342 US 165, 72 S Ct 25, Alr2d 1396; *Ivanho Irrig. Dist. v. McCracken,* 357 US 275, 78 S CT 1174; *Bartkus v Illinois,* 359 US 121, 79 S Ct 676; Application of Gault 387 US 1, 87 S Ct 1428; *Wolff v McDonnell,* 418 US 539, 94 S Ct 2963; Bordenkircher v. Hayes, 434 US 357, 98 S Ct 663 *Rostker v. Goldberg,* 453 US 57, 101 S Ct 2646; *States v. Goodwin* 457 US 368, 102 S Ct 2485; *Colorado v. Connelly,* 479 US 157, 107 S Ct 515; *DeShaney v. Winnebago,* 489 US 189, 109 S Ct 998; *Collins v Harker,* 112 S Ct. 1061

Page 3

### Jurisdiction of the case (Basic element of due process):

(9) *Powell v. Alabama,* 287 US 45, 53 S Ct 55, 84 ALR 527. Sense of fair play shocked is not due process (Congress Barred): *Galvan v Press,* 347 US 522, 74 S Ct 737; applycation of Groban 352 US 330, 77 S Ct 510; *Kinsella v United States,* 361 US 234, 80 S Ct 297; *Bodie v Conneticut,* 401 US 371, 91 S Ct 780; *Ross v Moffitt,* 417 US 600, 94 S Ct 2437; *United States v. Salerno,* 481 US 739, 107 S Ct 2095

### Fourteenth Amendment is the due process denial right:

(10) Collins v. Harker 112 S Ct 1061; Hebert v Louisiana, 272 US 312, 47 S Ct 103; Georgia Power v Decatur, 281 US 505, 50 S Ct 369.

### Discrimination as Violation of Due Process (Fifth Amendment):

(11) *Bowling v Sharpe,* 347 US 497, 74 S Ct 693; *Schneider v Rusk,* 377 US 163, 84 S Ct 1187; *Shipiro v Thompson;* 394 US 618, 89 S ct 1322; *United States v Moreno,* 413 US 528, 93 S Ct 2821; Johnson v Robinson 415 US 361, 94 S Ct 1160; *Buckley v Valeo,* 424 US 1, 96 S Ct 612; *Mathews v De Castro,* 429 US 181, 97 S Ct 431; *Fullilove v Klutznick,* 448 US 448, 100 S Ct 2758*; Lyng v Castillo,* 477 US 635, 106 S Ct 2727. Fourteenth Amendment and 42 U.S.C. 1983; Statutory requirement under color of law: *Lugar v Edmondson Oil,* 457 US 922, 102 S Ct 2744

### Civil Rights Issues: A Continuance of Constitutional Issues.

(12) Title 42 USC 1983 provides in relevant part that: "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State....Subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution. ..Shall be liable to the party injured...." A Title 42 1985 action which seeks compensatory and punitive damages in conjunction with equitable relief as in this case is considered a legal claim, entailing Plaintiff to a jury trial. See *An-Ti v. Michigan Technological Univ.*, 493 F. Supp. 1137.

(13) Plaintiff, in this case, may allege a "class based", in this case invidiously discriminatory animus is behind the conspirators' action as the testimony of witnesses and records reflect. That state officials' actions were/are clearly a product of bias, prejudice and discrimination and retaliatory--on its face--actions against the plaintiff. See--in part--*Griffen v. Breckridge,* 403 U.S. 88, 102 (1971), referring to the court action in Griffen.

(14) The U.S. Supreme Court has acknowledged in *Bray v. Alexandria Women's Health Clinic 113* S.Ct.753 (1993), that the standard announced in Griffen was not restricted to "race" [only] discrimination. It is therefore reasonable to assume that 1985 (3) may be used [too] for "class-based" claims other than race which is asserted by plaintiff in this case.

(15) Imperative to the State officials (including the AAG) to know that; If and when the STATE is acting in conspiracy with state actors (defendants in guilt) under "color of law" have become state actors them-self in this case; SAME PRINCIPLE CAN BE APPLY TO ALL STATE OFFICIALS WITH KNOWLEDGE OG DEFENDANTS WORNG DOING. The U.S. Supreme Court has ruled that "private parties", STATE OFFICIALS (other than defendant, e.g., Material witnesses) in this case, may be held to the same standard of "state actors" (or equality accusative as defendants are in this case); where

the final and decisive act was carried out in a conspiracy with a state actor or state official. See Dennis v. Sparks, 449 U.S. 24, 101 S.Ct., 183 also See Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598.

(16) Plaintiff's Complaint is based in part, on severe, repeatable discrimination, intentional retaliation based on political affiliations within the state (SUNY) officials (concurrent to date), under 42 USCA 1983 & 1985. **See reversal case *Acevedo-Diaz v Aponte*** (1993, CA1 Puerto Rico) 1 F3d 62, summary op at (CA1 Puerto Rico) 21 M.L.W. 3212, 14 R.I.L.W. 389.

(17) Section 1985 (3) under Title 42 reaches both conspiracies under color of law and conspiracies among state officials effectuated through purely private conduct. In this case, Plaintiff has alleged a "class-based," invidiously discriminatory animus is behind the conspirators' action as the records and testimonies [to be] in some instances [shall] reflect. That actionable cause is NOW, the treatment of a non-lawyer pro se litigant as a distinct "class-based subject" of the defendant's wherein denial of equal protection of the laws and denial of due process that was clearly the product of bias and prejudice, discrimination and retaliatory on its face, against plaintiff; See ***Griffin v. Breckenridge,*** 403 U.S. 88, 02 (1971), referring of the Court actions in Griffen.

(18) The US Supreme Court has ruled that "private parties" as person [s] in knowledge of wrong doing herein in this case (High SUNY official and defendants), as well as any witnesses of wrongdoing, may be held to the same standard of "state actors" in cases such as the instant case where the final and decisive act was carried out in a conspiracy with a state official and or the private party that witness such of wrong doing; See **Dennis v. Sparks**, 449 U.S. 24, 101 S. Ct., 183 and ***Adickes v. S.H. Kress & Co.,*** 398 U.S. 144, 90 S. Ct. 1598, as interpreted in this paragraph by plaintiff (me., first person).

(19) The U.S. Supreme Court has also acknowledged in ***Bray v. Alexandria***

Page 6

***Women's Health Clinic*** 113 S.Ct. 753 (1993) that the standard announced in Griffen was not restricted to "race" discrimination, but, as implied, ALL types of discrimination. It is therefore reasonable to assume that 1985(3) may be used for "class-based" claims other than race as alleged in this case. It is also important to note in Bray the U.S. Supreme Court's interpretation of the requirement under 1985(3) that a "private conspiracy" be one "for the purpose of depriving... Any person or "class" of persons of the equal protection of the laws, or of equal privileges and [improper] immunities under the laws, which the Court said mandates "an intent to deprive persons of a right guaranteed against private impairment."

(20) The U.S. Supreme Court in Griffin emphasized 1985 (3) legislative history was directed to the prevention of deprivations which shall attack the equality of rights of American citizens [better said, "PERSONS"]; that any violation of the right, the animus and the effect of which is to strike down the citizen, to the end that he may not enjoy equality of rights as contrasted with his and other citizens' rights, shall be within the scope of remedies. SUNY officials entered in a imply contract (among others) with plaintiff in 2011, that has been intentionally abridged by the state (SUNY) official or "state actors" (herein defendants); See Dennis v. Sparks, 449 U.S. 24, 101 S.Ct., 183 also See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598. Further, the legal theory section of this document.

## Jurisdictional Issues:

(21) It is proper for this District Court to take Jurisdiction of any civil action authorized by law to be commenced by any person. See Title 28 Section 1343 (1) (2) (3) (4). Jurisdiction is proper under 28 USDC Secs.1332, 1335, 1357, 1441 and 1603. The First issue is "Convenience" and second issue is the "interest-of-justice" standard under 28 USCA 1406; and any and ALL discretion that the law empower this court, in pursuit of justice.

## Dismissal Issues:

(22) The Complaint should not be dismissed unless it appears to a certainty that Plaintiffs would be entitled to no relief under any state of facts that could be proved in support of the claims. See *Gomez v Toledo* (1980, US) 64 L Ed 2d 572, 100 S Ct 1920.

(23) The asserted allegations of the Complaint prepared by plaintiff (and only by him) as a pro-se plaintiff MUST be generally taken as true for purposes of a motion to dismiss. See *Hughes v Rowe* (1980, US) 66 L Ed 2d 163, 101 S Ct 173; as later asserted in detail in this document.

## D. RULE 60.

(23)The final ruling/ judgment of this Court should prevail plaintiff and ALL causes of action, regardless of any foreseeable mistakes, in his language, procedures and others, of pro se litigants. This Court is requested to weigh the interest in/of substantial justice against the simple need for preserving the finality of the judgment. See Expenditures Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institute, 1974, 500 F.2d.808, 163 U.S. App. D.C.140. See also *Brown v. Clark Equipment Co.,* D.C. Mc.1982, 961 F.R.D. 166.

(24) A Court -a judgment to dismiss because of some trumped up technicality giving excuse to dismiss, intern to avoid justice...If a non-lawyer pro se litigant's complaint with merit in a lawyer dominated the Court hearing. In support of Plaintiff's Memorandum of Law in opposition to AAG Motion to Dismiss, plaintiff offers the following cases are; *Picking v. Pennsylvania Railway,* (151 F2d.240) Third Circuit Court of Appeals, which states... "Where a plaintiff pleads pro se in a suit for protection of civil rights, the court should endeavor to construe the Plaintiff's pleading without regard to technicalities."

(25) In *Walter Process Equipment v. Food Machinery* 382 U.S. 172 (1965) it was held that in a '"motion to dismiss,' the material allegations of the complaint are taken as admitted." Please see the section III of this document, "Arguments"..."Standing and Plausibility."