

**Witnesses Statements during Plaintiff School Years**

As a request of some of the defendants, (current and former employees and students as well) the following statements can only be connected to them by subpoena. The witness are afraid to loss their jobs, since the school has stated that it is prohibited for any school employee to communicate with Plaintiff. However, it is save for these witnesses to say that there are: four attorneys; ten school officials (they are fed up with the abused), several former and current students, in addition to former school official that have resigned from SUNY Purchase.

Plaintiff, in his life experiences, even being a minority was never discriminated until he attended Purchase College.

The following unsolicited statements have, but not limited to, been initiate and stated to Plaintiff at one time or another. Witnesses have stated to Plaintiff as follows:

1. that he was being retaliated, mistreated, persecuted;

2. that Plaintiff will not graduate, and others;

3. Some of these, school officials, went as far as to say "you best stay away from school if you want to graduate "

4. Others, said to Plaintiff: "it does not matter how small is the misconduct [talking to someone in a hearing], they will suspend you".

5. Another official (a Law  Professor said: " if you do not keep your mouth shut they will suspend you";

6. And official said: "the consensus of retaliatory action against Plaintiff, that some school officials new when Plaintiff (I) was going to be suspended. *prima facie.*

7. Another school official said "student affairs have been abusing students for so long that they cannot tell the difference between 'right or wrong' anymore, my girlfriends (the school official) graduated from here (Purchase)…she was so abused that she promised NEVER to put a foot back to the school (Purchase).

8. Westchester County Community College (WCC) Professor (also a professor at Purchase College stated to Plaintiff… "SUNY Purchase is well known for their mistreatment of the students and hostile environment,   especially to transfer students from WCC, in fact WCC's student transferred to Purchase are NOT always allowed to get more that 'C' grade. "Later Plaintiff without consulting, with consulting to any student at Purchase, a Hispanic student actually taped (recorded)

a professor stating exhale that "C" grade to her, (Johanna Miranda).She did transferred from WWC to Purchase, was later suspended (by defendant herein Melissa Jones) for one year for her "first violation, only 6 credits from her graduation; she is working for car service in Greenwich, CT now.

9. MOST Hispanics at Purchase had the similar experience at one time of another at SUNY Purchase; especially the ones came from WCC.

10. At Binghamton University, in my art class during the last Summer, ART class, the professor did confirmed to me the practice of the "C" policy at Purchase is well known at Purchase since she thought there.

11. Mrs. Cheng (student adviser and also my adviser) remove an Arab student from his class, just because the (she) professor felt uncomfortable with him, because he was Arab. Plaintiff knew the student, there was absolutely nothing wrong with him, he is just Arab...what's wrong with that?

12. A 50 year old African American male on his last semester. He was follow to the library by University Police and asked for ID because he "did not feet the student profile"; a library employee at Purchase brought it to my attention (this account is in the complaint).

Plaintiff tried to help many students they were been discriminated for one reason or another I He helped many students in filling complaints with OCR, the So much for plausibility! Sorry for my emotions.

Prospective witnesses' names will be provided in separate document, to avoid retaliatory actions against them.

I, Edward Morals, hereby certify that the above statents are the TRUTH, AND EVIDENCE.

X

**From:** Schwarz, Thomas
**Sent:** Friday, September 20, 2013 4:01 PM
**To:** The Campus Community
**Subject:** Nondiscrimination Policy





Purchase College is committed to fostering a diverse community
of outstanding faculty, staff and students, as well as ensuring equal
educational opportunity, employment, and access to service, programs, and
activities, without regard to an individual's race, color, national origin,
religion, creed, age, disability, sex, gender identity, sexual orientation,
familial status, pregnancy, predisposing genetic characteristics, military
status, domestic violence victim status, or criminal conviction. Employees,
students, applicants or other members of the Purchase community (including but
not limited to vendors, visitors, and guests) may not be subjected to
harassment that is prohibited by law or treated adversely or retaliated against
based upon a protected characteristic.

Purchase complies with all applicable federal and state laws and
regulations prohibiting discrimination and harassment. These laws include the
Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act of
1973, Title IX of the Education Amendments of 1972, Title VII of the Civil
Rights Act of 1964 as Amended by the Equal Employment Opportunity Act of 1972,
and the New York State Human Rights Law. These laws prohibit discrimination and
harassment, including sexual harassment and sexual violence.

**Title IX** prohibits sex discrimination in any education program
or activity. One type of sex discrimination is sexual harassment, which
includes sexual violence.

Sexual harassment is defined as:Unwelcome sexual advances, requests for sexual favors, and
other verbal or physical conduct of a sexual nature when:
    1.  submission to such contact is made either explicitly or implicitly a term or condition of
an individual's employment or education
    2.  submission or rejection of such conduct by an individual is used as the basis for
employment or educational decisions affecting the individual
    3.  such conduct has the purpose or effect of substantially interfering with an
individual's welfare, academic or work performance, or creating an
intimidating, hostile, or demeaning learning or work environment

Sexual harassment may include:
    1. subtle persistent pressure for sexual activity
    2. unnecessary touching, pinching, and/or brushing against a person
    3. sexual coercion or assault
    4. demanding sexual favors with implied or overt threats concerning work or academic
decision or preferential treatment
    5. unwelcome verbal/expressive behavior of a sexual nature (e.g., jokes, sounds, obscene
phone calls, demeaning graphic portrayals)
    6. stalking, cyber stalking, and failure to accept the termination of a consensual
relationship with repeated overtures or other aberrant or negative behavior

<u>Sexual violence</u> has been defined as "physical sexual acts perpetrated against a person's will or where a person is incapable of giving consent," including rape, sexual battery, and sexual coercion.

<u>Domestic Victim Status</u> has be defined by the Human Rights Law as an individual who is a victim of an act which would constitute a family offense under N.Y. Family Court Act § 812. It is unlawful to discriminate against a domestic violence victim in hiring for a job, job advancement, requests for use of leave time, or other terms, conditions or privileges of employment. It is also unlawful for an employer to take an action in retaliation for filing a complaint of discrimination.

On-campus inquiries
or complaints regarding Title IX Violations may be addressed to:

Ricardo Espinales

Interim Affirmative Action Officer

Purchase College

735 Anderson Hill Road

Purchase, NY 10577

(914) 251-6086

ricardo.espinales@purchase.edu

Inquiries may also be directed to:

New York Office

Office for Civil Rights

U.S.Department of Education

32 Old Slip, 26th Floor

New York, NY 10005-2500

Tel: (646) 428-3800
Fax: (646) 428-3843
TDD:(800) 877-8339

OCR.NewYork@ed.gov

http://www.purchase.edu/president     Purchase College, SUNY
☎ 914.251.6010     735 Anderson Hill Road,
   914.251.6014 (fax)     Purchase, NY 10577

---

**2 attachments**

Morales pre-motion letter to Judge Roman 09-20-13 pdf-A(2).pdf
189K



# Cause of Action # 6

### "Sandee Maung"

<mark>Please Note in Appendix C, (supporting evidence) the misleading statement sent By Defendant Melissa Jones to seven SUNY College, only two months ago: also note the outrageous statement by defendant, Ms. Jones supervisor Mrs. Balascio.</mark>

### Facts....

(2) On or about July 2012, during summer semester, Plaintiff was suffering of severe spinal spasm and pain. These severe medical symptoms were derived from Plaintiff disabling injuries—these spasms are painful, disabling and in rare cases (depending on the injuries) can even fatal.  At the time, Plaintiff did not have a cell phone with him; hence, he had no choice but to ask for a telephone to communicate with his parents to come to school, and to pick him up.  Plaintiff was very concern since, as said above; these medical symptoms can be severe in its presentation and emotionally draining.  In several other occasions, Plaintiff has been taken to the hospital to be attended.  Medical staff was not available at the school clinic during that period off the summer session.  Plaintiff proceeded to ask for a telephone at student affairs building.  Plaintiff got to that building there where in an office were three persons; Mrs. Sandee Maung (a student affair employee); two other persons were present at that office...unnamed students. The office's door was opened; Plaintiff kindly and in pain explained to Ms. Maung that Plaintiff had an medical emergency, that I was disabled with ADA accommodation with the school. Ms. Maung denied the use of a school telephone without explanation, and referred Plaintiff to Defendant, University Police for assistance. Plaintiff, and due to his pain, argued... that he just came from the UP, and they in term told plaintiff to go to the student affair office; thus, it was impossible and

34/103

futile for him at the moment to walk back to the University Police. Plaintiff proceeded respectfully, stating that he would file a complaint against her for cruel action.

(4) On or about the same week, Plaintiff filed a complaint with Ms. Maung's supervisor...Defendant Qui-Qui Balascio and the Provost's office.... Mrs. Carrie Bianchi. Plaintiff's complaint to the Provost's office triggered a retaliatory action on the part of Ms. Maung, by filing a charge of misconduct against Plaintiff. This action was the first retaliation and vindictive attitude from the student affairs office employees, at Purchase College. There were many other retaliatory action to came, as this amended complaint will describe.

(5) On or about the same week Defendant Mrs. Qui-Qui Balascio responded to Plaintiff's complaint, stating that...."it was not Ms. Maung responsibility to provide use of the school telephone and that nowhere on the ADA did it say that they have to let the student use the telephone." Mrs. Balascio dismissed Plaintiff's complaint.

(6) Few days after Mrs. Balascio dismissal of Plaintiff complaint, Plaintiff received an email, from which the student affair office charged Plaintiff with a code violation of misconduct; this was the first misconduct charge issue by the student affairs Dept. of Purchase College.

(7) On or about the same week... a hearing was conducted by Mr. Denny Santos. Mr. Santos was, at the time, school staff from student affairs. At the hearing, Mr. Santos used an inappropriate loud voice accusing Plaintiff of misconduct, without taking in consideration, my disability, and or respect for my person and in direct violation of his standard of duty towards a student and a customer. Attributed to Mr. Santos' rudeness and unethical behavior, Plaintiff decided to abandon the hearing.

(8) On or about the same week Plaintiff received and email stating Plaintiff had been found guilty of the charges since "Plaintiff did not attended the hearing" and issued a reprimand on the record. Please note the record that a student before being issued an expulsion from school, the student affairs must issue; 1) a reprimand, 2) probation, 3) suspension and 4) expulsion from school. Please note the sequence, and the causes of action that SUNY Purchase used to accomplish its unprofessional, retaliatory, and illegal action that led to the filing of the Original and amended complaint, leading to the damages.

# Plattsburgh
### STATE UNIVERSITY OF NEW YORK



**OFFICE OF ADMISSIONS**
10TH FLOOR KEHOE BUILDING

101 Broad Street
Plattsburgh, NY 12901-2681
Tel: 518-564-2040
Fax: 518-564-2045
Toll: 888-673-0012
www.plattsburgh.edu

January 20, 2014

Edward Morales
205 Chenango St Apt 2
Binghamton, NY  13901-2602

Dear Edward:

After careful consideration and review of your application, I regret to inform you that we are unable to offer you admission to SUNY Plattsburgh at this time.

The academic background and general qualifications of all applicants are reviewed very carefully and admission is offered to a limited number whose credentials indicate the greatest educational promise. One unhappy result is that the College must deny admission to some of our students who otherwise have the potential to succeed academically and to become assets to the campus community.

Although we are currently unable to offer you admission, we would be happy to discuss alternative plans for continuing your studies.  Please consider completing at least one semester at an accredited college or university and reapplying for a future semester.

If you would like to make an appointment, a member of our Admissions Staff would be pleased to talk with you about your options.  Meanwhile, we trust that you will make plans to continue your education. If we can be helpful in the development of your future plans, please do not hesitate to contact us.

Sincerely,

Richard J. Higgins
Associate V.P. of Enrollment Management
Director of Admissions

# BINGHAMTON UNIVERSITY
## STATE UNIVERSITY OF NEW YORK

Office of Assistant Provost and Director of Undergraduate Admissions
PO Box 6001, Binghamton, New York 13902-6001
Phone: 607-777-2171; Fax: 607-777-4445; admissions.binghamton.edu

January 21, 2014

Edward A. Morales
110 N 3rd Ave Apt 2M
Mount Vernon, New York 10550-1343

Dear Mr. Morales:

It has come to the attention of the Office of Admissions that you are currently under suspension and therefore not eligible to attend the University.

Unfortunately, your application will not be reviewed for admission nor receive further consideration.

Good luck in your future endeavors.

Sincerely,

Randall M-J. Edouard
Assistant Provost and Director of Admissions

# SUNY ONEONTA

## OFFICE OF ADMISSIONS

January 2, 2014

Edward A Morales
205 Chenango St Apt 2
Binghamton, NY 13901-2602

Dear Edward,

The Admissions Committee at SUNY Oneonta has reviewed your application for the Spring 2014 semester and I regret to inform you that based on your prior academic record, we are unable to offer you admission to the college at this time.

We would be pleased to consider an application from you at a future date after you have taken additional coursework. If you wish to discuss the options available to you, please call to speak with a member of our Admissions staff at 800-SUNY-123.

I appreciate your interest in SUNY Oneonta and thank you for the effort you put into your application.  I wish you success in your future educational endeavors.

Sincerely,

Karen A. Brown
Director of Admissions
admissions.oneonta.edu

KAB:td
10/13

# BINGHAMTON UNIVERSITY
## STATE UNIVERSITY OF NEW YORK

Office of Assistant Provost and Director of Undergraduate Admissions
PO Box 6001, Binghamton, New York 13902-6001
Phone: 607-777-2171; Fax: 607-777-4445; admissions.binghamton.edu

January 21, 2014

Edward A. Morales
110 N 3rd Ave Apt 2M
Mount Vernon, New York 10550-1343

Dear Mr. Morales:

It has come to the attention of the Office of Admissions that you are currently under suspension and therefore not eligible to attend the University.

Unfortunately, your application will not be reviewed for admission nor receive further consideration.

Good luck in your future endeavors.

Sincerely,

Randall M-J-Edouard
Assistant Provost and Director of Admissions



Sen →
→ SUNY
SCHOOLS

# FAX

For: Erin Peters, Assistant Director of Transfer Admissions

Fax number: 518-564-2045

From: Melissa Jones, Community Standards Purchase College, S.U.N.Y.

Fax number: (914) 251-6034

Date: January 9, 2014

Regarding:   Edward Morales – Additional Documents

Number of pages:  29 (including cover)

Comments: **CONFIDENTIAL**

Per our conversation on January 7, 2014, please find the additional information that was requested regarding reports related to Edward Morales's disciplinary action for the review board.

If you have questions, please feel free to contact me at (914) 251-6033

Plaintiff's Supporting
Evidence For
Case of Action #4

September 14, 2012

Dear Students:

Professor Marc Brudzinski in the School of Humanities is under review for reappointment. On behalf of the faculty review committee, I would like to solicit your help as one of his former or present students in this review process.

May I ask you to compose a letter concerning Professor Marc Brudzinski of your acquaintance with the faculty member and should be as detailed and explicit as possible in providing a critical assessment of his qualities as a teacher and member of the academic community. The more reflective and candid your letter, the more helpful it will be to the review committee. **Please also indicate on the letter whether or not it may be shown to the candidate.**

In order to figure in the deliberations of the review committee, the letters must be received no later than <u>October 31, 2012.</u> Please address them to the Faculty Review Committee for Professor Marc Brudzinski care of the School of Humanities, SUNY at Purchase College, 735 Anderson Hill Road, Purchase, NY 10577. Your letter of course, will be held in strict confidence.

Sincerely,

Dean
Supervisor
of Def Brudzinski

Louise Yelin, Chair
School of Humanities

W: - Outlook Web App, light version                                                         3/30/14 12:36 P

**Microsoft**
Outlook Web App

[Type here to search] [Entire Mailbox ▾] [🔍]          [⊞]   [☷ Options]  [?]   Sign out

Mail      [icons]          [↪ Reply] [↪ Reply All] [↪ Forward] [◱] [✕] [☒ Junk] [Close]          ◆ ◆ ☒

- Deleted Items
- Drafts [13]
- Inbox (697)
- Junk Email
- Sent Items (4)

Click to view all folders ⅴ

- **Attached Received (2)**
- E-mails from students
- Letters From FED & State
- Notes From Financial Aid
- Notes From Registar

Manage Folders...

## FW:
## MORALES, EDWARD

**Sent:**        Thursday, September 20, 2012 3:44 PM
**To:**          Ceng, Kathleen
**Attachments:** [📄]Student Letter-Marc Brudzi~1.doc (27 KB) [Preview on web]

Kat. This the letter. I will talk to you in
person about may be we can all help each other
here


Edwardo Morales
SUNY Purchase College
735 Anderson Hill Rd
Box #0004
Purchase, NY 10577
(914)565-6034
_____
From: Reutershan, Rosalie
Sent: Friday, September 14, 2012 10:32 AM
To: {FA11-SPA3800.20}
Subject:

* * * * * * * * * * * * * * * * * * * * * * * * *
Rosalie Reutershan
Assistant to the Chair
School of Humanities

# CITY COURT
## CITY OF MOUNT VERNON
## COUNTY OF WESTCHESTER

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK



TO: EDWARD MORALES
110 NO. 3RD AVENUE, APT 2M.
MOUNT VERNON, NEW YORK 10550

LEGAL

INC # 13-10407

## SUBPOENA

YOU ARE COMMANDED to appear before the City of Mount Vernon Court, 2 Roosevelt Square, WINDOW #7, Mount Vernon, N.Y. 10550 on **APRIL 2, 2013** at **1:30PM** and on any and all adjourned dates that may be necessary, as a witness in a criminal action prosecuted by the People of the State of New York against **JOHN SIDNEY = Felony Hearing** .

Dated at the County of Westchester, March 27, 2013

**Please call** upon receipt of this subpoena:
Assistant District Attorney **AMIT PARAB at (914)- 665-2440**

*Janet DiFiore*

JANET DiFIORE
DISTRICT ATTORNEY

Westchester County, ss:

_____ , being duly sworn, says: That he/she served a subpoena upon

_____

by delivering to him/her personally, such subpoena, of which the within is a true copy, as indicated below.

| Date and Time Served | Address or Place Served |
|---|---|
|  |  |

Sworn to before me this   day of        , 20 .

_____            _____
                                              Deponent

PLEASE NOTE: If this subpoena is disobeyed, you may be deemed guilty of a Criminal Contempt of Court and be subject to a fine and/or imprisonment for such Criminal Contempt.

PLAINTIFF COULD NOT ~~ATTEMPT~~ ATTEND THE LAST HEARING. DUE TO THIS SUBPOENA. THIS DOCUMENT WAS PROVIDE TO DEF JONES, BALASCIO, KOWALICKY & SHWARZ AT INJUCTION

2.3



**Purchase College**
STATE UNIVERSITY OF NEW YORK

Office of the Vice President for Student Affairs

Purchase College
State University of New York
735 Anderson Road
Purchase, NY 10577-1400

tel   914 251 6030
fax   914 251 6034

April 11, 2013

Edward Morales
CID 1100-624-434

Dear Edward:

I am writing to advise you that on April 8, 2013 the Campus Appeals Board met to consider your appeal of a finding issued by the Initial Conference Officer on April 3, 2013. Their recommendations were forwarded to me on April 8, 2013.

Your appeal was reviewed under grounds "(1) Fair consideration was not provided to the student, (i.e., there is evidence that some aspect of the hearing was prejudicial, arbitrary, or capricious); (2) New and significant information that wasn't reasonably available at the time of the hearing has become available."; and (3.) The sanction or remedy imposed is not in due proportion to the nature and seriousness of the offense." (Community Standards of Conduct, Section V-C-7-a-1,2,3).

After a review of all the materials submitted by you, and the records of your case provided by the Conduct Officer, the Appeal Board has denied your appeal on ground 1, as they did not find evidence that you were not provided fair consideration or that the initial conference was arbitrary, prejudicial, or capricious. The Appeal Board denied your appeal on ground 2, as they did not find new and significant information that was not available at the time of the initial conference. Finally, the Appeal Board denied your appeal on ground 3, as the sanction issued is in due proportion to the nature and seriousness of the offense.

In accordance with College policy, I have conducted a review of the Appeals Board decision and all available documents with President Schwarz. On the basis of that review, we have approved the decision of the Appeals Board.

As such, the original sanction as communicated in your Committee Hearing letter takes effect immediately as follows:

**Suspension with Persona Non Grata status effective Thursday, April 10, 2013 through August 1, 2013** - This sanction separates a student from the college for a specified period of time ranging from a portion or all of a given semester to a full calendar year, and is automatically accompanied by the assignment of a Persona Non Grata status from the college. This means that you may not at any time for any purpose, be present on the campus of Purchase College, State University of New York. No invitation from any person supersedes your Persona Non Grata status. Please be advised that if you are found on the campus, you are subject to arrest for criminal trespass. In the event that you do not return to Purchase College, your Persona Non Grata status will remain in effect until such time as it is formally lifted in writing by the college. Conditions for return to the college, if any, must be outlined at the time of suspension.

You are expected to comply with the terms as outlined in the sanctions assigned. Failure to do so will result in further Disciplinary action. Should you have any questions regarding the policies or procedures please feel free to contact me at (914) 251-6030.

This decision is final and is not subject to any further administrative review.

Sincerely,

Ernie Palmieri
Vice President for Student Affairs



Edward Morales <eam6000@gmail.com>

## Requested Information
1 message

**Palmieri, Ernie** <Ernie.Palmieri@purchase.edu>
To: "Eduardo Morales (eam6000@gmail.com)" <eam6000@gmail.com>

Tue, Dec 17, 2013 at 1:02 PM

Mr. Morales,

Please see the attached information that was sent to the colleges you requested.


*Ernie Palmieri*

*Vice President For Student Affairs/Associate Provost For Integrative Learning*

*Purchase College, SUNY*

*735 Anderson Hill Rd.*

*Purchase, NY 10577*

*914-251-5985*

_____

**2 attachments**

Morales, Edward - Disc Check Binghamton.pdf
98K

Morales, Edward - Disc Check Oswego.pdf
96K



Edward Morales <eam6000@gmail.com>

## FW: E. MORALES PLATTSBURGH REQUEST
8 messages

**Palmieri, Ernie** <Ernie.Palmieri@purchase.edu>
To: "Eduardo Morales (eam6000@gmail.com)" <eam6000@gmail.com>                    Fri, Jan 10, 2014 at 9:49 AM

Mr. Morales,

Please see the attached that was requested and sent to Plattsburgh.


*Ernie Palmieri*

*Vice President For Student Affairs/Associate Provost For Integrative Learning*

*Purchase College, SUNY*

*735 Anderson Hill Rd.*

*Purchase, NY 10577*

*914-251-5985*

---

📄 **E.MORALES ADDITIOMAL DOC_001.pdf**
1466K

---

**Eduardo Morales** <eam6000@gmail.com>
To: "Palmieri, Ernie" <Ernie.Palmieri@purchase.edu>                    Fri, Jan 10, 2014 at 6:00 PM

Thanks, Earnie. However, I have asked for the documentation sent to BU in August, but have not gotten a answer from you. Please kindly, see to it.


Respectfully,
[Quoted text hidden]
--
*Edward Morales*
**(914)410-7647**

*Disclaimer,*

*This transmittal is intended for a particular addressee(s). It may be a PRIVATE and CONFIDENTIAL attorney-client communication.*
*If it is not clear that you are the intended recipient, you are now notified that you have received this message by mistake;*

3/31/2014 12:02 PM

any review, copying or distribution or dissemination is strictly prohibited. If you suspect that you have received this transmittal in error,
please notify immediately by email replying to the sender and delete the transmittal and any attachments.

---

**Palmieri, Ernie <Ernie.Palmieri@purchase.edu>**
To: Eduardo Morales <eam6000@gmail.com>                                        Mon, Jan 13, 2014 at 1:01 PM

Mr. Morales,

Nothing was sent to BU because we never received a waiver form from them signed by you requesting the information. Please take care of that and we will be happy to send the information that is requested. Thank you.


*Ernie Palmieri*

*Vice President For Student Affairs/Associate Provost For Integrative Learning*

*Purchase College, SUNY*

*735 Anderson Hill Rd.*

*Purchase, NY 10577*

*914-251-5985*



**From:** Eduardo Morales [mailto:eam6000@gmail.com]
**Sent:** Friday, January 10, 2014 6:01 PM
**To:** Palmieri, Ernie
**Subject:** Re: FW: E. MORALES PLATTSBURGH REQUEST

[Quoted text hidden]

---

**Eduardo Morales <eam6000@gmail.com>**
To: akeogh <Akeogh@ajklaw.com>, Monica Connell <monica.connell@ag.ny.gov>, "Ceng, Kathleen"    Mon, Jan 13, 2014 at 1:41 PM
<kathleen.ceng@purchase.edu>, Ernie Palmieri <Ernie.Palmieri@purchase.edu>, athomps@binghamton.edu,
melissa.jones@purchase.edu, bill.howard@suny.edu, qui-qui.balascio@purchase.edu, Wendy.Kowalczyk@suny.edu

Mr. Keogh.
Town of Harrison District Court.
Edward Morales Vs. SUNY et., al case# 13-CV-2586
The Peploe of the State of New York Vs. Edward Morales


Please find attached reports sent to SUNY Binghamton, Plattsburgh, Oneonta, Oswego and New Paltz. These reports were sent by Mrs. Melissa Jones--a defendant in the Federal action--an action which the federal court has already found the State, via SUNY Purchase college and its officials, have acted in a manner of permanent harm against the Plaintiff (me) and possibly in retaliatory action. Furthermore, the court has stated that "the State has to pay for damages" and "if any of the plaintiffs' charges shall be dismissed... they cannot be dismissed for the MERRITS". These have changed since the court has terminated the state motion to dismiss, ENTIRELY! However, Ms Jones continues to cause intentional harm. Moreover, she is releasing information that MAY BE PROTECTED by the privacy act. Moreover, these charges are in the process of being dismissed. New charges will be filed against this lady and possibly worsen the civil case against Harrison and the Westchester County DA's office and its employees. The Federal Court, due to this latest action, has terminated the state motion to dismiss (not on the merits) some of the charges of the Plaintiff's (me) original complaint,. Furthermore, the court as GRANTED the plaintiff (me) a hearing (Jan, 31th) to amend the complaint, as reflect these charges and others. Please note that this attached document also further the implication of damages from the part of the Town of Harrison and the Westchester County DA's office, as PERMANENT ACCADEMIN HARM and other damages; furthermore complicating the accuser, Ms. DaGosto, which may just have acted based on emotions and/or on pressure of higher SUNY officials and/or the University Police Dept. which is also a defendant in the

Federal case. Please also note that the email in question(in the Harrison court file), as an accusatory statement that may not not public record, since the said email was not produced to the Harrison court as "the smoking gun", but produced voluntarily by me as evidence-- of NO wrong doing as statement protected by the US Constitution 1st amendment--to the Harrison district court. Has you may know, this email was kept by the Westchester DA's office from the court. This clearly an action by the DA's office to omit and cover up the discrepancies of the email and the actual charges--which were the words of the said email to intentionally pick to mislead the district court. As of today three of the colleges said above has rejected admission to the schools. These rejections has brought and cause the hearing in Federal court on Jan. 31th, 2014, as said before.


Respectfully


Please notify the Harrison Court.

[Quoted text hidden]
--
*Edward Morales*
**(914)410-7647**

*Disclaimer,*


*This transmittal is intended for a particular addressee(s). It may be a PRIVATE and CONFIDENTIAL attorney-client communication.*
*If it is not clear that you are the intended recipient, you are now notified that you have received this message by mistake;*
*any review, copying or distribution or dissemination is strictly prohibited. If you suspect that you have received this transmittal in error,*
*please notify immediately by email replying to the sender and delete the transmittal and any attachments.*

> E.MORALES ADDITIOMAL DOC_001.pdf
> 1466K

---

**Mail Delivery Subsystem** <mailer-daemon@googlemail.com>
To: eam6000@gmail.com                                    Mon, Jan 13, 2014 at 1:41 PM

Delivery to the following recipient failed permanently:

    qui-qui.balascio@purchase.edu

Technical details of permanent failure:
Google tried to deliver your message, but it was rejected by the server for the recipient domain purchase.edu by barracuda2.purchase.edu. [199.79.170.177].

The error that the other server returned was:
550 No such user (qui-qui.balascio@purchase.edu)

----- Original message -----

DKIM-Signature: v=1; a=rsa-sha256; c=relaxed/relaxed;
    d=gmail.com; s=20120113;
    h=mime-version:in-reply-to:references:date:message-id:subject:from:to
    :content-type;
    bh=HVSSgbO1wIz91byZuhNp5VdDHTJAsf9l0x3nRZhp1P0=;
    b=DIS2JFe3CNS3yCRRxuNe4cnriLc+Ux9vKhl13FC68GTAVn5WMuF+8hz1r1eUYAs8qL
    ewcZabHJL9v/E678fgGuiv4RrqcKpgP7miMKq9Pf1x7tgqP4+ZxaAchVNxLdrkpl1AaB
    eSKheBSgzzORLvH1v80XT9l1kYNHo33hvbFrScYQqrRkPrVGBV8ml03bzoX41tjt45hP
    5B6i2BO5Mw53Mn+uJhNVPxmxDlfu3SCiWaOjK1QiBiX91flRV2KU/CgVq+OGCNPRQRnY

0iREv+MhrNb9OTkuclb9/DDcxYFCUQAbPWyfZErdzUh0fvtLFvDBb46YBS5egpy789DB
DL1Q==
MIME-Version: 1.0
X-Received: by 10.58.202.65 with SMTP id kg1mr739358vec.59.1389638468996; Mon,
 13 Jan 2014 10:41:08 -0800 (PST)
Received: by 10.58.151.39 with HTTP; Mon, 13 Jan 2014 10:41:08 -0800 (PST)
In-Reply-To: <eff275e08c0a4240941c5d8f270b46d5@VSMAILMB03.purchase.edu>
References: <db9a3a415e824766b5fb26da16609117@VSMAILMB02.purchase.edu>
    <eff275e08c0a4240941c5d8f270b46d5@VSMAILMB03.purchase.edu>
Date: Mon, 13 Jan 2014 13:41:08 -0500
Message-ID: <CAJ8_sXzpBteCiVbbc-iz-ydcpYMU4bOc1r-FnjqSsxOuL195uw@mail.gmail.com>
Subject: Fwd: FW: E. MORALES PLATTSBURGH REQUEST
From: Eduardo Morales <eam6000@gmail.com>
To: akeogh <Akeogh@ajklaw.com>, Monica Connell <monica.connell@ag.ny.gov>,
    "Ceng, Kathleen" <kathleen.ceng@purchase.edu>, Ernie Palmieri <Ernie.Palmieri@purchase.edu>,
    athomps@binghamton.edu, melissa.jones@purchase.edu, bill.howard@suny.edu,
    qui-qui.balascio@purchase.edu, Wendy.Kowalczyk@suny.edu
Content-Type: multipart/mixed; boundary=047d7bdc8bc852510e04efde6b18
[Quoted text hidden]
----- Message truncated -----

---

**Eduardo Morales** <eam6000@gmail.com>                                    Mon, Jan 13, 2014 at 1:41 PM
To: lalo6000@yahoo.com

--------- Forwarded message ----------
From: **Eduardo Morales** <eam6000@gmail.com>
Date: Mon, Jan 13, 2014 at 1:41 PM
Subject: Fwd: FW: E. MORALES PLATTSBURGH REQUEST
To: akeogh <Akeogh@ajklaw.com>, Monica Connell <monica.connell@ag.ny.gov>, "Ceng, Kathleen"
<kathleen.ceng@purchase.edu>, Ernie Palmieri <Ernie.Palmieri@purchase.edu>, athomps@binghamton.edu,
melissa.jones@purchase.edu, bill.howard@suny.edu, qui-qui.balascio@purchase.edu, Wendy.Kowalczyk@suny.edu

[Quoted text hidden]

[Quoted text hidden]

    📄 **E.MORALES ADDITIOMAL DOC_001.pdf**
       1466K

---

**Eduardo Morales** <eam6000@gmail.com>                                    Mon, Jan 13, 2014 at 2:03 PM
To: gina_sicora@nysd.uscourts.gov

Mrs. Sicora.

Please find attached documentation 30 pages that, due to my low income status I cannot print and is PRINARY evidence
to support new charges. As you can see the attached document was  forwarded to the State Attorney Gel. for proper
examination.

I would kindly ask you to open the document and treated as a fixed document. Please  I also  call for your and the court's
understanding, since I am a pro-see and very much emotionally affected by all of these attacks by abuse of  power.
Unfortunately, and in order to continue with my endeavor of justice, I have sought Psychological help for Post Traumatic
Stress Disorder (PTSD) at St Vincent Hospital, the same Hospital that attended me after my initial disability accident at the
World Trade Center terrorist attacks. Please, I ask the court  understand my pro-see emotions, as they are only human
emotion. I do understand this case is difficult, however, it has a full cycle, and may end soon. This makes me at ease and
looking forward only forget school, since it is all over for my so deserved education, and further to  concentrate on seeking
justice via claiming damages that may also prevent these discriminatory and retaliatory actions from happening again, at

least at Purchase College.

Respectfully.

Again, I cannot fax or mail this attached document due to my low income.

---------- Forwarded message ----------
From: **Eduardo Morales** <eam6000@gmail.com>
Date: Mon, Jan 13, 2014 at 1:41 PM
Subject: Fwd: FW: E. MORALES PLATTSBURGH REQUEST
To: akeogh <Akeogh@ajklaw.com>, Monica Connell <monica.connell@ag.ny.gov>, "Ceng, Kathleen" <kathleen.ceng@purchase.edu>, Ernie Palmieri <Ernie.Palmieri@purchase.edu>, athomps@binghamton.edu, melissa.jones@purchase.edu, bill.howard@suny.edu, qui-qui.balascio@purchase.edu, Wendy.Kowalczyk@suny.edu

[Quoted text hidden]
[Quoted text hidden]

**2 attachments**

📎 **E.MORALES ADDITIOMAL DOC_001.pdf**
1466K

📎 **E.MORALES ADDITIOMAL DOC_001.pdf**
1466K

**Eduardo Morales** <eam6000@gmail.com>                                          Mon, Jan 13, 2014 at 7:34 PM
To: quiqui.balascio@purchase.edu

[Quoted text hidden]

📎 **E.MORALES ADDITIOMAL DOC_001.pdf**
1466K

3/31/2014 12:03 PM