## IN SUPPORT OF PLAINTIFF'S CAUSE OF ACTION #4.

I, EDWARD MORALES, CERTIFY THAT THIS TRANSLATION OF THE MOTION IN
OPPSITION, WAS PREPARE IN ITS ENTIRELY BY PLAINYIFF, EDWARD MORALES, AS HIS
FIRST LANGUAGE IS SPANISH; FRUTHERMORE, IS IS IN SUPPORT PLAINTIFF
AFFIRMATIVE DEFENSEM (NOT ACCSEPTED BY SUNY) TO THE INPROPIATE AND FAULCE
ACCUSATION AGAISNT PLAINTIFF, OF PLAGIARISING OF CAUSE OF ACTION #4.
PLEASE NOTE; THIS TRANSLATION CANNOT BE DONE BY ANY TRANSLATOR
(SOFTWARE), UNLESS IS, SENTANCE BY SENTANCE, CORRECTED BY A PROFESIONAL OR
NATIVE IN THE LANGUAGE, IN ADDITION TO THE KNOWLEDGE TO THE LEGAL TERMS AND
UNDERSTANDING OF THE ISSUES  OF THE DOCUMENT IN BOTH LANGUAGES. This
translation is for the first 29 pages of the English part only (its time
consuming issue made it difficult and  impractical to complete).


## I. INTRODUCCIÓN.

A. Declaración del Caso .

El demandante en el presente documento incorpora las declaraciones de todos los hechos
pertinentes de hecho en la demanda enmendada .

( 1 ) Después de haber agotado todas las vías administrativas para remedio de las
violaciones;  el demandante , Edward Morales   y como resultado directo de las mal
adecuadas y mal aplicadas ( en forma diferente como estudiantes situados en las mismas
posiciones ) políticas , las prácticas, los procedimientos desiguales de SUNY Purchase
College y la Universidad de Binghamton y sus actores estatales . El demandante ha traído
estas acciones para violaciónes constitucionales y violaciónes de la ley estatal . Los daños
al demandante no se limitan a , lesiones permanentes personales : físicas y mentales ,
pérdida de materiales sufridos por los demandantes como consecuencia de las acciones de
represalia intencionales y premeditados formar Los acusados y los agentes estatales que
actúan en el color de la ley.

( 2 ) El demandante está solicitando daños y perjuicios compensatorios en el marco
de lay y sus meritos, pero no limitado a , 42 USC Sec . 1983 , y en virtud de las leyes
aplicables en el estado de Nueva York. Compensación es solicitada por el demandante

debido a los demandados de forma conjunta y solidariamente el demandante es una persona protegido federalmente . Constitución de los EE.UU. . Loa acusados violaron , pero no limitados ( véase la teoría jurídica en virtud de la sección IV de este documento) al derecho constitucionales de el Demandante, Sr. Morales ' y de igualdad o   " igualdad de protección   clasura" y " debido proceso clausura ", donde una , pero no limitado , se aplican con las clausuras de   emergencias , véase *Barnes vs . Zaccari* 669 F. 3d 1295 ( 2012).( 3 ) El demandante es miembro de un grupo protegido . El demandante es una persona calificada "parcialmente permanentemente discapacitado" de 54 años de edad , masculino e hispanos , bajo la Discapacidad Administración del Seguro Social o SSDA , según lo definido por 42 USC sec.12131 ( 2 ) , y la Sección 504 de la Ley de Rehabilitación de 1973 29 USC sec ( 701-796 ) . Debido demandante su renta total la discapacidad es la Incapacidad del Seguro Social por un monto de $ 849.00 por mes , y el NO de ahorro , desde su accidente en el World Trade Center dejando sin capital al demeandante.( demandante fue , recién broker licencia / comerciante en el WTC , esta información puede ser verificada en NASDA) imformacion que fue tambien presentada con la Universidad Estatal de Nueva York (SUNY ) ,

B. Jurisdicción y Competencia .

La jurisdicción es correcta según se establece enla   no solicitada " demanda enmendada " del demandante .


## II . ARGUMENTOS

Exposición de los hechos .

( 1 ) A pesar de que este documento puede parecer largo, no lo es; ya que en contraste con la demanda enmendada , esta también se necesita para su señoría pueda tomar una decisión con fudamento basado en los meritos del caso,y como su señoría ha dicho en el pasado . Por otra parte , el demandante , solicita, con respeto,que el presente documento ...

su señoría no considere que la demanda enmendada de la demandante , no es su primera demanda modificada basada en la Regla 15 ( 1 ) . El demandante denuncia que la enmendada nunca fue pedido, pero ofreció por el Juez Ramos como una alternativa a la suspensión demandante de SUNY Purchase College . A medida que su Señoría   este notificado; la audiencia de orden judicial precedida por el juez Ramos, fue basada en varios informes malisiosos , que hizo que el juez Ramos están en su decisión que en última instancia cousando a la Demandante daños permanentes. El demandante tiene la ley sería había impedido todos estos daños, con absolutamente no en acciones de buena fe de parto de el Estado. Además , el demandante solicita daños y perjuicios en su conjunto ,y no en forma individual, desde que los actores de el estado   actuaron en "en el color de la lay"...por lo tanto, el Estado es responsable.

Este Memorando de Ley es en respuesta a la moción de los AAG para desestimar los meritos de este case. No ebstante, hay varios puntos que        deben ser cuestionados sobre la moción AAGG . El tema de la discapacidad demandante se dijo anteriormente. Además, la teoría legal ( sección IV ),  que es necesario para la AAG puede presentar su " defensa justa .LO SIGUENT,ES MUY IMPORTANTE INFORMACIÓN QUE DEBE SER APLICA A MUCHAS CAUSAS DE ACCIONES . La discapacidad ficica del demandante - como se dijo arriba, fue documentada y se puede verificar con el acusado SUNY Purchase College y la Universidad de Binghamton , [ esta documentación también se presentó con la denuncia original , entre otras 29 exposiciones ] . Sin embargo .

Alojamiento ADA demandante en Purchase y Binghamton fue: a) el uso de software de reconocimiento de voz para la prueba, b ) un plazo adicional para la prueba, tanbien permitir al demandante salir de la escuela y dejar   objetos relasionados con studio en la biblioteca, tanbien permitir al demandante vivir de la escuela , que puede ser mandatorio bajo el 42 USC sec.12131 ( 2 ) , y la Sección 504 de la Ley de Rehabilitación de 1973 29 USC sec ( 701-796 ) . Esta última no partisipava a la Universidad de Binghamton, desde la ciudad de Binghamton es una ciudad pequeña .

Los AAG , en su moción para desestimar , afirman varios asuntos legales que se anulan entre sí. Sin embargo , ya que este caso se trata de   méritos , los   AAG en su mosion desestman y avitan estos méritos . Su punto principal es IMUNITY , por lo que en el presente documento siguiente, el demandante se opone Soberana y calificada

inmunidad , que es tan inapropiado y no etico   invocar . [ Según lo declarado por todos los testigos y personas de interés en el caso, incluyendo el terapeuta demandante , en el Hospital de San Vicente (Harrison) , como una coincidencia , tiene un amplio conocimiento de el comportamiento abusivo de los defendientes SUNY purchase, hacia el estudiante que "no pies el perfil del estudiante " . Él también ha interactuado con algunos de acusado y estudiantes de Purchase. Es importante señalar que , este terapeuta , tiene actualmente asiste / ayudan a los estudiantes envían por Purchase . Su informe estará a disposición de su Señoría si es requerido. Incluso su testimonio podría ser citado ] .En octubre, el tercero de 2013, en la audiencia, este tribunal permitió a los demandados la representación legal, asistente del Fiscal General del Estado de Nueva York. Sr. Michael Klekman (con la aprobación del demandante ) , para seguir adelante en la presentación como se ha dicho en la pre- moción para desestimar la esta demanda. Esta mosion fue aceptada para supresentacion, pero SOLO basada:   "PERO NO EN SUS MERITOS" , Por lo tanto , es evidente para el demandante; que este tribunal debe fundar su decisión en las cuestiones fundamentales y dfebe considerae no prescindible técnica y defensas procesales ya sea intrascendente o superados y meras excusas para evitar la justicia.

La demanda enmendada del demandante presentada el 26 de agosto de 2013. El afirmó que el Estado de Nueva York (el acusado principal responsable) , "tiene que pagar el demandante por daños y perjuicios " .

.En otras cuestiones en las que la AAG en su / su moción de desestimación , escribe "En la página 2 de su movimiento que escriben ... " Quinta , Octava , Décima y Undécima Causas de Acción se establecen ya sea a otro sin ningún apoyo alegaciones de hecho o están marcados por el demandante como " nulo " Sí, estas causas de las acciones no se encuentran en la demanda , ingenio - out- perjuicio , en espera de este caso a venir.En la página 3 de su movimiento , escriben .. cuestionan la definición de " un cualificado con discapacidad parcial permanente " de la demandante de . Esta es una clasificación de la discapacidad del demandante formulada por la Junta de Compensación del Trabajador del Estado de NY "Estos documentos fueron presentados adecuadamente a SUNY Purchase y posteriormente transferidos a BU .Sí, hay un acusado que no fue intencional ( por error) omitidos por el demandante ... Sra. Sheryl Secor, ahora en causa #5 . Mrs. Secor proporcionó información engañosa , lo que fue determinante en la audiencia orden

judicial para la injusta suspencion   del Demandante de SUNY Purchase. En su declaración afirmó que imposible que el demandante podría graduarse en el verano de 2013 . Su deposición engañosa fue intencional , ya que ella sabia qque el demandante podía realizar 12 créditos durante el verano de 2013. Tanbien ella savia que el demandante estava registrado por 12 créditos en línea / pro internet clases, que NO requierian que el   demandante assitiera personalment a la escuela del todo durante el verano. Ella tanbien reconoció que el demandante , podría obtener 12 créditos de español en CLEP - en la prueba . Su Señoría puede ver por la documentación de apoyo del demandante   , por su suspensión , perdió 12 créditos del semestre de primavera de 2013, justo dos semanas a partir del final de dicho semestre. Demandante ahora tienen 110 créditos de compra de la universidad , además de 8 de BU , 4 créditos adicionales del CLEP - Derecho de los Negocios . Esto hace 122 créditos , sin contar el 8 créditos plagiar y los 12 créditos perdidos en el semestre de primavera de 2013 , lo que entonces podría haber hecho 136 créditos. Así, esta conducta no professional de Mrs. Secor suma soporte a la afirmación de represalia del demandante en su denuncia . ¿Por qué emitir tal deposición engañosa. El demandante en el presente documento está añadiendo sus acciones una causa adicional de la acción #5, ya que fue nombrado como acusado en la demanda enmendada , y si esto no está permitido por su honor. El demandante se reserva el derecho de añadir que en la nueva queja o demanda enmendada , continente al cabo que tedra este caso .

Hay otros puntos perdidos por la AAG , sin embargo , el demandante considera inapropiado discutir , ya que se trata de declaraciones engañosas y ofensivas.


B. Norma para el despido .


( 2 ) En la moción de desestimación presentada por la AAG en 27 de febrero 2014 . con esta corte y el demandante , la AAG alega dos razones principales (entre otros) para desestimar la reclamación del demandante : En primer lugar, la inmunidad y la segunda , se quejan de errores y / o la verosimilitud de redacción de enmienda. Sin embargo , no está claro en cuanto a si está trayendo una moción para desestimar por falta de pie bajo

Fed . R. Civ. . P. 12 ( b ) ( 6 ) o 12 ( b ) ( 1 ) , aunque   se basa claramente en varias de las declaraciones de los demandantes .C. Inmunidad

( 3 ) A pesar de que las cuestiones de la inmunidad planteada por la AAG se discutirán más adelante ... El demandante encuentran imperativo hacer a un lado la cuestión de la " Norma de Despido " .... Una reclamación debe ser desestimada , de conformidad con la Regla 12 ( b ) ( 1 ) , " cuando el tribunal carece de la facultad legal o constitucional para juzgar el caso. " Home Builders Ass'n de Mississippi, Inc. contra la Ciudad de Madison, 143 F. 3d 1006, 1010 ( 5th Cir . 1998 ) . La parte que pretende invocar la competencia material de la Corte tiene la carga de probar la existencia de dicha jurisdicción. Hartford Ins. Grupo v LouCon Inc., 293 F. 3d 908, 910 ( quinto . Cir 2002 ) .

( 4 ) Este tribunal debe tener en cuenta que el Artículo 12 ( b ) ( 6 ) movimientos están en desfavorecido en la ley y en los tribunales deben , por otro lado , rara vez tener en cuenta circunstancias que justifiquen su concesión. Mahone v Addicks Distrito de Servicios Públicos del Condado de Harris, 836 F. 2d 921, 926 (5 ª . Cir 1988 ) . Este tribunal la desestimación de una reclamación sólo cuando es evidente que no hay alivio podrán concederse en cualquier conjunto de hechos que puedan ser probados de conformidad con los alegatos que figuran en la denuncia, o " NO EN EL FONDO " . Hishon v King & Spalding, 467 EE.UU. 69 , 73 ( 1984 ) . Una moción para desestimar no debe concederse a menos que parezca fuera de toda duda que la demandante puede probar ningún conjunto de hechos en apoyo de su afirmación de que él o ella daría derecho a alivio. Campbell v Wells Fargo Bank, 781 F. 440, 442 (5 ª . Cir 1986 ) . El reclamante no está obligada a exponer en detalle los hechos en que se basa la solicitud . Más bien, las reglas requieren que la reclamación se limitan a dar al acusado "aviso justo. " Leatherman v Tarrant Co. Narcóticos de Inteligencia y Coordinación , 507 EE.UU. 163 , 168 ( 1993 ) . Por otra parte, un tribunal no puede ver más allá de los alegatos . Blackburn contra la Ciudad de Marshall, 42 F. 3d 925, 931 (5 ª . Cir 1995 ) . El tribunal debe aceptar como ciertos los alegatos de la queja , y tiene que ver las alegaciones a la luz más favorable a la parte demandante. Id . Las alegaciones en la reclamación sólo es necesario dar a los acusados aviso razonable de la naturaleza de la demanda y los fundamentos en que se apoya . Ver Mahone , 836 F.2d en 926. Las reglas también establecen que los alegatos interpretadas liberalmente " como para hacer justicia sustancial. "

( 5 ) En la evaluación de una ( b ) ( 6 ) el movimiento 12 , esta Corte " debe aceptar como verdad todas las denuncias materia del reclamo , y debe interpretar la demanda a favor de la parte reclamante. " Warth v Seldin , 422 EE.UU. 490, 501 ( 1975 ) . Por lo tanto , el movimiento del acusado debe ser negada porque los demandantes han alegado varios violaciónes de los derechos civiles , además - pero no exclusivamente - a las represalias y los otros mencionados más abajo afirmado en este documento.

( 7 ) Al pronunciarse sobre una Regla 12 ( b ) ( 1 ) movimiento, este Tribunal debe aplicar la norma aplicable a una moción de juicio sumario , en virtud del cual la parte que no se mueve debe exponer hechos concretos más allá de los alegatos para demostrar que un existe una verdadera cuestión de hecho material . Richmond , Fredericksburg y Potomac RR Co. v Estados Unidos, 945 F. 2d 765 768 (4 ª . Cir 1991 ) (citando Trentacosta v Frontier Pac . Aircraft Indus. , 813 F. 2d 1553, 1558 (9 ª . Cir 1987)) . Cuando un acusado desafía jurisdicción sobre el asunto de conformidad con el artículo 12 ( b ) ( 1 ), "el tribunal de distrito es considerar los alegatos como mera evidencia sobre el tema, y puede considerar pruebas fuera de los alegatos sin convertir el procedimiento a un juicio sumario . " Evans v BF Perkins Co., 166 F. 3d 642, 647 a 50 (4 ª Cir 1999 . ) , Véase también Williams contra los Estados Unidos , 50 F. 3d 299 , 304 ( 4th Cir 1995 . ) ( " Al pronunciarse sobre una Regla 12 ( b ) ( 1 ) movimiento, el tribunal puede considerar exposiciones fuera de los alegatos . ") . Por otra parte, y de acuerdo a la Ley de los Tribunales Federales de Wright ... La queja figura en una sentencia declarativa puede ser juzgado por sus propios méritos , y si revela una demanda federal, entonces existirá jurisdicción. ... No hay ninguna dificultad [ en el establecimiento de la jurisdicción federal cuestión ] en una acción para establecer que el demandante tiene un derecho federal afirmativa , cuando la reclamación federal aparece necesariamente en la cara de la queja .... [ CHARLES Alan Wright , LEY DE TRIBUNALES FEDERALES 100-101 (1983) ] . Bajo un ( b ) ( 1 ) Movimiento 12 ", la parte actora debe prevalecer sólo si los hechos jurisdiccionales materiales no están en disputa y la parte actora tiene derecho a prevalecer como una cuestión de derecho . " Richmond, 945 F.2d en 768 (citando Trentacosta , 813 F.2d en 1558 ) . Además, el Cuarto Circuito ha sostenido en el contexto de competencia que " la conducta de los acusados , así como la de la demandante es pertinente a la cuestión jurisdiccional" en una ( b ) ( 1 ) el movimiento 12 . Mims v Kemp,

516 F. 2d 21,23 (4ª. Cir 1975 ) . El tema de la "discrecionalidad judicial " es imperativo en este caso debido a la demandante le está representando a sí mismo y, además, la gravedad de la acción de represalia forman parte de la mayoría de los acusados , la discreción debe ser a favor del estudiante ( el demandante ) y el presente y futuros estudiantes del sistema en el presente documento en cuestión.

( 8 ) Estado de Nueva York Título 1 del artículo 5 ; Parte 3 - ( 290-292 ) FONDOS FEDERALES PARA LA FORMACIÓN PROFESIONAL . En el § 290. Unidos ... " El estado de Nueva York por este medio acepta todas las disposiciones y los beneficios de una ley aprobada por el Senado y la Cámara de Representantes de los Estados Unidos de Aceptación de la ley de los Estados Unidos de América, reunidos en Congreso , " titulada " Ley para proveer para la promoción de la formación profesional , para facilitar la cooperación con los Estados en la promoción de este tipo de educación en la agricultura y los oficios e industrias ; para proveer a la cooperación con los países en la preparación de los profesores de formación profesional sujetos; . y al dinero adecuado y regular su gasto " [ la formación profesional (educación basada en la ocupación o empleo) , también conocida como educación profesional y técnica (CTE ) o la educación y la formación ( EFTP ) técnica y profesional es la educación que prepara a las personas para oficios específicos , la artesanía y las carreras en los distintos niveles de un oficio, un arte , un técnico o un cargo profesional en ingeniería , contabilidad, enfermería, medicina , arquitectura , farmacia, derecho, etc ]

( 10 ) Si las entidades gubernamentales estatales o locales reciben fondos federales para cualquier fin , no pueden pretender a la inmunidad soberana si son demandados en una corte federal por discriminación . El Código de los Estados Unidos , Título 42 Sección 2000d - 7 dice explícitamente. La decisión del Tribunal Supremo de la Junta de Síndicos de la Universidad de Alabama v Garrett parece anular esta , sin embargo , numerosos casos judiciales de apelación , como Doe vs Nebraska en el octavo Circuito y Thomas c Universidad de Houston del quinto circuito tienen sostuvo que , siempre y cuando la entidad estatal recibe fondos federales , la inmunidad soberana de los casos de discriminación no se derogó , pero renunció voluntariamente. Así, desde la recepción de los fondos federales - como FAFSA y la acción afirmativa - era opcional , la renuncia a la inmunidad soberana era opcional . Si una entidad estatal quería a su inmunidad soberana

de nuevo , todo lo que tienen que hacer en estos circuitos es dejar de recibir fondos federales.

( 11 ) En oposición a la Undécima Enmienda inmunidad estatal de la AAG , la Undécima Enmienda a la Constitución de los EE.UU. , no impide que las reclamaciones del demandante en virtud del artículo 504 , ya acusado ha renunciado a su inmunidad soberana al aceptar fondos federales. Como se demuestra a continuación , de conformidad con la Cláusula de Gastos , [ el artículo I, § 8 , cl. 1 de la Constitución de Estados Unidos establece lo siguiente:"El Congreso tendrá facultades para establecer y recaudar impuestos, derechos, impuestos y consumos , para pagar las deudas y proveer a la defensa común y bienestar general de los Estados Unidos , pero todos los derechos, impuestos y consumos serán uniformes en todo Estados Unidos . "El Congreso condicionó válidamente recepción de asistencia financiera federal sobre renuncia a la inmunidad de los Estados a las demandas privadas . El Congreso puso las agencias estatales sobre aviso claro que la aceptación de la ayuda financiera federal estaba condicionada a la renuncia de su Undécima Enmienda inmunidad a demandas por discriminación bajo la Sección 504 . Al aceptar los fondos federales , el acusado accedió a estos términos. A medida que el Onceno Circuito reconocido en Sandoval v Hagan, 197 F. 3d 484 ( 11th Cir . 1999 ) invertidos por otros motivos, Alexander contra Sandoval , 532 EE.UU. 275 , Sección 2000d -7 es un ejercicio válido de la Cláusula de Gastos y al aceptar los fondos federales , el Estado renuncia a su inmunidad soberana.Los tribunales en varias ocasiones han rechazado los argumentos [ nociones ] que el Estado de Nueva York de la renuncia a su inmunidad soberana no es válida debido a que creían erróneamente el Congreso ya había derogado la inmunidad , y por lo tanto ellos no renuncian a sabiendas su inmunidad Undécima Enmienda , los acusados también argumenta , basándose en Garcia v SUNY Centro de Ciencias de la Salud, 280 F. 3d 98 ( 2d Cir 2001 . ); Caso que había sido revocada en mayo ocasiones .Un estado puede renunciar a su inmunidad , ya sea especificando explícitamente su intención de someterse a adaptarse o participando voluntariamente en los programas de gasto federal donde el Congreso expresa una clara intención de condiciones de recibir fondos federales en el consentimiento de un Estado para renunciar a su inmunidad soberana. Atasacadero Hosp Estado . v Scanlon, 473 EE.UU. 234 , 238 n.1 (1985) ( " Un Estado puede efectuar una renuncia a su fuero

constitucional por ... con renuncia a su inmunidad para adaptarse en el contexto de un programa federal en particular. ") ; el estado de Nueva York, y el Estado de Nueva York praticipate en dichos programas. ... La renuncia a la inmunidad Undécima Enmienda como una condición para el recibo de fondos federales se debería encontrar " sólo cuando se indique " por el idioma más expresivo o ante la abrumadora implicación del texto que [ se ] no dejan lugar a cualquier otro razonable construcción . ' " Edelman v Jordan , 415 EE.UU. 651, 673 ( 1974 ) (citando a Murray v Wilson Destilación Co., 213 EE.UU. 151 , 171 (1909 )] . Además, bajo la Ley de Rehabilitación , los estados que aceptan fondos federales están obligados por ley para renunciar a su undécima enmienda inmunidad a § 504 reclamaciones. 42 USC § 2000d -7 ( " un Estado no gozarán de inmunidad en virtud de la Undécima Enmienda de la Constitución de los Estados Unidos a partir de una demanda en la corte federal por una violación de la sección 504 de la Rehabilitation Ley de ... o de las disposiciones de cualquier otra ley que prohíbe la discriminación Federal por los beneficiarios de asistencia financiera federal "); ver . Jim C. , 235 F.3d en 1081 ; Koslow v Pennsylvania, 302 F. 3d 161 , 170 ( 3d . Cir 2002 ) ( que detalla el origen de § 2000d -7 y señaló que mediante la promulgación de dicha disposición : "El Congreso puso sobre aviso de que los Estados , al aceptar fondos federales bajo la Ley de Rehabilitación , ellos renuncian a su undécima enmienda inmunidad" al § 504-7 - reclamaciones ) , cert. negada, 123 S.. Ct 1353 ( 2003 ) . Como afirmamos en Jim C. , esta renuncia a la inmunidad es limitada y sólo se aplica a la agencia individual que recibe los fondos federales , es decir , un estado puede evitar la renuncia por " aceptar fondos federales para algunos departamentos y la disminución de ellos a los demás. " 235 F.3d en 1081. El estado de Nueva York, nunca ha dejado de recibir fondos federales para la Universidad Estatal de Nueva York , por otra parte , la educación demandante ha prestado dichos fondos , incluyendo $ 40,000 en préstamos estudiantiles federales. El Estado de Nueva York ha autorizado expresamente la Universidad Estatal de Nueva York, al mismo tiempo. Sin embargo, el Estado de Nueva York , al no permitir que uno mismo sea legalmente responsable por su mala conducta persistente empleados. Esto estaría dando un nuevo significado a la Constitución de los EE.UU. , , , Por lo tanto , dejando a los directores esenciales de la ley , no es aplicable a las acciones ilegales de los funcionarios estatales . La estadidad es continente permanente y la complacencia de la

Constitución de EE.UU. , por lo tanto ética como legalmente el Estado no puede auto inmune cuando las acciones ilegales de los actores estatales aquí nombradas son per-se , en su cara . Eso constituirá - respetuosamente - levantar el dedo medio a la Constitución de los EE.UU. ..Si bien la Corte Suprema de Dakota del Sur v Dole reconoció que estímulo financiero federal ofreció a los estados podría llegar a ser coercitiva , la Corte también observó que los estados ejercen voluntariamente su propia elección en la aceptación de las condiciones vinculadas a la recepción de los fondos federales. 483 EE.UU. 203 , 211-12 ( 1987 ) (donde se señala que " no sólo en teoría, sino de hecho," los estados deciden si promulgar leyes establecen una edad mínima para consumir alcohol más alto a cambio de fondos federales para carreteras ) . Otros circuitos están de acuerdo con esta opinión. Ver Lovell v Chandler, 303 F. 3d 1039, 1051 ( 9th Cir 2002 . ) (Citando Jim C. con la aprobación en caso § 504) ; ( . 10a Cir ) Kansas contra los Estados Unidos , 214 F. 3d 1196, 1202 . El Estado de Nueva York ha aplicado [ y continuará haciéndolo ] y recibido subsidios federales para sus programas del sistema de educación superior . Si bien el tribunal de García sostuvo que § 2000d - 7 constituye una clara de la ADA se entendió razonable para derogar la inmunidad soberana de Nueva York bajo la autoridad Cláusula de Comercio del Congreso. "En consecuencia, el tribunal determinó que debido a que" las prohibiciones del Título II y § 504 son prácticamente idéntico , " el Estado de Nueva York no había renunciado a sabiendas que su Undécima Enmienda inmunidad contra § 504 reclamaciones , ya que apareció esa inmunidad " que ya se había perdido . " Id . la renuncia condicional , también sostuvo que Nueva York no renunció a sabiendas que su Undécima Enmienda inmunidad de § 504 reclamaciones al aceptar fondos federales para su escuela de medicina - puede ser aceptable en los casos en que el Estado es injustificada y frívola demandado , o en un caso sin mérito ; caso del Sr. Morales es " no sin méritos " como esta Corte ha dicho . Garcia , 280 F.3d en 113-15 . Para llegar a esta conclusión, el tribunal razonó que " [ e] n el momento en que Nueva York aceptó los fondos condicionados , Título II. Como condición de que el Estado que recibe fondos federales para estos programas , Nueva York accedió a renunciar a su undécima enmienda inmunidad a todas las reclamaciones de discriminación. Nueva York tenía la libertad de " tomar el dinero o lo dejas. " ver ", Jim C. , 235 F.3d en 1082 , véase también Kansas, 214 F.3d en 1203 ( " [ A] difícil elección sigue siendo una opción , y una oferta tentadora ,

pero sigue siendo una oferta.(13 bis ) Basándose en la decisión del Segundo Circuito en García , estado acusado de Nueva York no se sepa " que no renuncian a sabiendas que su Undécima Enmienda inmunidad en el momento del estado aceptó fondos federales. " Como hemos dicho , un Estado puede renunciar a su undécima Enmienda inmunidad al hacer " una" declaración clara " su intención de someterse " a la jurisdicción de la corte federal. Coll . Sav . Bank, 527 EE.UU. en 676 (citando Great Northern Life Ins . Co. v Read, 322 EE.UU. 47 , 54 ( 1944 ) ) . Esta prueba de exención es estricta. Id . en 675 . Una renuncia efectiva de la inmunidad soberana exige una " renuncia intencional o abandono de un derecho o privilegio conocido . " Id . en 682 . Al evaluar si se ha producido una renuncia conocimiento de la inmunidad soberana , los tribunales deben " ' disfrutar cada presunción razonable contra la renuncia " de los derechos constitucionales fundamentales. " Id . (citando a Aetna Ins. Co. V. Kennedy , ex rel . Bogash , 301 EE.UU. 389, 393 ( 1937 )] ..Además de lo anterior , en virtud de la oficial del estado " la doctrina de separación " que utilizó su posición para actuar de forma ilegal a ser demandado en su capacidad individual . En otras palabras , una vez que los funcionarios públicos ha actuado ilegalmente , están teóricamente despojados del poder de su posición y son elegibles para ser demandados como individuos. Además , este tribunal , por " Ex parte jóvenes" ordena a la aplicación de las estatuas estatales inconstitucionales y acciones. Por lo tanto , " la inmunidad no se extiende a una persona que actúa por el Estado, pero [que] actúa de manera inconstitucional , porque el Estado no tiene poder para autorizar a la persona a actuar en violación de la Constitución. " véase , " agravios constitucionales" 42 USC § 1983, que permite a los funcionarios del Estado a ser demandados a título personal u oficial , un principio que se demostró de nuevo en Brandon v Holt, 469 EE.UU. 464 ( 1984 ) . Como demandante deberá indicar además , los actores estatales acusados aquí nombradas tenían amplios avisos de sus violaciónes y sus futuras acciones . El demandante hace énfasis en esto, ya . Los acusados , 8 - William Howard 9 -Thomas Schwarz 10 - Wendy Kowalczyk , TODOS los altos funcionarios con una licenciatura en Derecho . Todos recibieron cerca de 200 e-mail reflexión las violaciónes de los empleados del Estado en el presente documento con nombre. Además , apoyaron dichos violaciónes .El Tribunal Supremo ha creado una doctrina potencialmente grande en la estructura de la inmunidad soberana del Estado por su celebración de que el Congreso ,

bajo la Sección 5 de la Decimocuarta Enmienda , que puede prever demandas contra los estados sin su consentimiento , y / o en los casos en contra de los funcionarios del Estado acusadas de haber violado tales derechos ven, Osborn v Bank de los Estados Unidos , 22 de EE.UU. 0.204 ( 1824 ) . Esta última categoría se ha traducido en numerosos litigios ( jurisprudencia más presupuesto ) en los tribunales federales contra los agentes estatales y locales acusadas de haber violado el 42 USCA 1983 . Reclamaciones presentadas bajo la ley no están sujetos a la inmunidad soberana . Además, el Estado es la institución asistida Federal , abajo descrito más. Aunque la Decimocuarta Enmienda no permite al Congreso a derogar la inmunidad soberana del Estado. Sección 5 otorga al Congreso el poder de ejecución para promover los objetivos de la enmienda , que incluyen las garantías del "debido proceso" y cláusulas " igual protección" de las leyes. El Congreso ha usado este poder para aplicar modernas leyes de los Derechos Civiles . En la Tribu Seminole de la Florida v , 517 EE.UU. 44 , 116 S. Ct 1114, 134 L.Ed.2d 252 ( 1996 ), la Corte estableció una prueba de dos partes para determinar si el Congreso derogó la inmunidad de los estados al promulgar un estatuto particular. Se determinó que la renuncia , estados ausentes una del estado conservan su inmunidad soberana a menos que ( 1 ) el Congreso expresó inequívocamente su intención de derogar la inmunidad , que se expresó claramente , y (2 ) el Congreso actuó conforme a un ejercicio válido de su poder de ejecución en virtud del artículo 5 de la Decimocuarta Enmienda . Por otra parte, los tribunales han declarado repetidamente que los funcionarios del Estado pueden ser demandados por daños y perjuicios en su " capacidad individual" para violaciónes de los derechos constitucionales o estatutarios federales cometidos en el desempeño de funciones oficiales, pero tienen derecho a reclamar inmunidad calificada . Sin embargo , la inmunidad Calificado prohíbe la recuperación de la medida en que la conducta del funcionario "no viola los derechos legales o constitucionales claramente establecidos de los que una persona razonable hubiera conocido. " Como actor ha dicho anteriormente : " los acusados actores estatales aquí nombradas tenían amplios avisos de sus violaciónes y sus acciones futuras . El demandante hace énfasis en esto, ya . Demandados : 8 - William Howard 9 -Thomas Schwarz 10 - Wendy Kowalczyk , TODOS los altos funcionarios con una licenciatura en Derecho . Todos recibieron cerca de 200 e-mail reflexión las violaciónes de los empleados del Estado en el presente documento con nombre. Además ,

apoyaron dichos violaciónes . En este caso el demandante haya en cada ocasión ( caso de la acción ) se habían notificado cada uno de los oficiales de SUNY ( calificar como "persona razonable" ) acusados que participan en las acciones discriminatorias y de represalia de participación intencionales. En " Ex parte jóvenes , " los particulares pueden demandar a los funcionarios del Estado en su capacidad oficial para hacer cumplir las leyes y regulaciones federales , de haber sido notificados de sus violaciónes de los derechos civiles . Los funcionarios del Estado pueden ser demandados por daños y perjuicios a título personal por violaciónes de los derechos constitucionales o estatutarios federales cometidos en el desempeño de funciones oficiales . Este último párrafo , se opone a la defensiva con éxito la hipótesis de la AAG de " calificar Inmunidad " ... esta inmunidad no exsist SI ESTE CASO .Los estados y los funcionarios del Estado no podrán ser demandadas ante los tribunales federales por violaciónes de la ley estatal cometidos en su carácter oficial , independientemente de la reparación que se solicita ; los actores estatales , y / o los actos de unos funcionarios estatales ( de los acusados ), independientemente de si no el acto [ s ] es / son dentro de los límites de su autoridad , es / son consideradas un acto [ s ] " con apariencia de legalidad " . El oficial de [ s ] o actor estatal [ s ] pretende ser la realización de sí mismo en el desempeño de funciones oficiales. Además , en la prueba material ausente , por ejemplo, Juramento a la estatal, que deberá dar fe de que el actor estatal es , de hecho, un funcionario del Estado , lo que la persona no puede ser no haber actuado bajo el "color de la ley" ... por lo tanto, él o ella no puede pedir inmunidad calificada y / o , puede protegerse por el Estado, y / o ser objeto de un ser " persona privada " en este juego de la ley . Vea la sección IV , " teoría jurídica " de la jurisprudencia respectiva con respecto a una actuación oficial del estado bajo el "manto de la ley" .Bajo el 42 USC § 1983 , color de la ley es sinónimo de " la acción del Estado " , que es la conducta de un funcionario que tiene un vínculo suficientemente estrecho para un estado, para que la acción se trata como si es por el estado. Además, los tribunales federales tienen jurisdicción complementaria para oír la ley estatal las reclamaciones contra los funcionarios del Estado demandado en su ? Capacidad individual " si las demandas federales surgen de la misma materia y proporcionar a la corte federal con jurisdicción. Reglas de inmunidad del Estado se aplican a reclamaciones en virtud de la ley estatal. Además, la disposición 28 USC § 1367 ( d ), que generalmente toca la

prescripción de las reclamaciones suplementarias despedidos en un tribunal federal , no se aplica a las reclamaciones del Estado contra un estado o agencia estatal despedidos por undécima enmienda motivos .Está claro que en las acciones de los tribunales estatales , aunque , la inmunidad sigue siendo permitido en ausencia del consentimiento para ser demandado . Dependiendo del tipo de caso, sin embargo , se pueden aplicar diferentes niveles de inmunidad. En este caso , y debido a su importancia, consecuencias , la gravedad y el número de daño intencional de represalia , el Estado y sus funcionarios no debe tener inmunidad. Por razón (fondo) un funcionarios del Estado y del Estado , la inmunidad es una función de la cantidad de discrecionalidad que poseen para tomar decisiones y las circunstancias en las que actúan , Scheuer v Rhodes, 416 EE.UU. 232 , 94 S. Ct. 1683, 40 L. Ed. . 2d 90 ( 1974 ) . Pero la inmunidad se debe negar a los funcionarios que actúan en exceso de la autoridad estatutaria Greene v Louisville y Interurbano Railroad Co. , 244 EE.UU. 499, 37 S. Ct. 673, 61 L. Ed. . 1280 (1917) o en virtud de una ley inconstitucional . Además , la idea detrás de la defensa de inmunidad calificada es proteger a los funcionarios de que se arrastra a través de un proceso de descubrimiento gravosa y el juicio sobre las alegaciones insustanciales , o en reclamos que afirman violaciónes de la ley que no se establecieron claramente en el momento de la conducta denunciada . Si se rechaza la defensa de inmunidad calificada , existe un derecho a una apelación interlocutoria inmediato sobre la cuestión jurídica planteada por la inmunidad calificada. Una apelación puede ser tomada en la moción para desestimar etapa, la etapa de juicio sumario , o ambos. Sin embargo , una apelación sería inútil en este caso, ya que, el demandante ha afirmado las violaciónes de los actores estatales se establecen claramente el derecho federal. Por otra parte , la apelación interlocutoria no debe ser un desafío para la determinación del tribunal de distrito de que las pruebas eran suficientes para establecer una auténtica cuestión de hecho para el juicio. Id . a 313 ( "Johnson sostuvo , simplemente , que las determinaciones de la suficiencia probatoria en el juicio sumario no son inmediatamente apelable por el mero hecho de que se produzcan a surgir en un caso de inmunidad calificada .... "); Johnson v Jones, 515 EE.UU. 304 , 319 - 20 ( 1995 ) ( "Sostenemos que el acusado , con derecho a invocar una defensa de inmunidad calificada , no puede apelar para el juicio sumario de un tribunal de distrito en la medida en que el orden se determina si o no el registro provisional establece

un tema " genuino " de hecho para juicio " . ) . Bajo Comenzando con Siegert v Gilley ,
500 EE.UU. 226 ( 1991 ), la Corte Suprema querían que los tribunales de primera
instancia para decidir primero los méritos constitucionales cuestionan sobre los hechos
alegados por el demandante , o , si en la etapa de juicio sumario , en los hechos el distrito
tribunal asume ser apoyado por la evidencia. El demandante en su demanda enmendada
y , con algunas aclaraciones de hecho contenidas en el presente documento tiene "
jurisprudencia claramente " y su derecho al juego. Por otra parte , los derechos
constitucionales del demandante , en todas las causas de las acciones se estableció
claramente en el momento de las violaciónes afirmados . Los actores estatales de este
caso dieron los encuestados advertencia justa que sus respectivos violaciónes de [ la
demandante ] era inconstitucional . Tenga en cuenta que bajo la estatua ... Tratamiento de
represalia , no puede acogerse a la inmunidad; ver la Esperanza v Pelzer, 536 EE.UU. 730,
741 ( 2002 ) . Por otra parte , para los propósitos de la Primera Enmienda y las causas
aplicables de las acciones , los tribunales federales han , sostenga que la inmunidad
calificada no es aplicable si el habla fuera del campus no merecería la pena de haber
tenido lugar en el campus , ya que los funcionarios escolares deben saber razonablemente
que tal discurso está protegido y cualquier castigo violaría los derechos de la Primera
Enmienda de los estudiantes . Ver Evans v Bayer, 2010 WL 521119 ( SDFla. 2010 ) .Por
supuesto , en el caso , el Estado, la universidad o universidad estatal y los actores no
estatales pueden no ser inmunes a la responsabilidad extracontractual, ya que debido a su
culpa o negligencia por su parte , causando lesiones del demandante , se establecen , por
otra parte , debido a varios acciones de represalia . Véase, Furek v Universidad de
Delaware, 594 A. 2d 506, 69 Ed . Law Rep. 441 (Del. 1991 ); Waugh v Universidad de
Hawai , el 63 Haw . 117 , 621 P. 2d 957 ( 1980 ); Morrison v Kappa Alpha Psi Fraternity ,
738 Así . 2d 1105 , 143 Ed . Ley Rep. 1115 (La. Ct App Cir 2d 1999 . . . ); Heminway v
Universidad Estatal de Nueva York, 244 AD2d 979, 665 NYS2d 493, 122 Ed . Ley Rep.
1050 ( cuarto Dep't 1997 ); McDonald v Universidad de West Virginia Bd . de Síndicos,
191 W. Va 179 , 444 SE2d 57 , 91 Ed . Law Rep. 707 ( 1994 ) . Véase también , lesiones
derivadas de la retención negligente de un empleado de la universidad ; ven, Chontos v
Rhea, 29 F. Supp. 2d 931 , 131 Ed . Law Rep. 965 ( N.D. Ind. 1998 ) .( 21 ) En virtud de
la " cláusula de supremacía " de la Constitución de Estados Unidos, las leyes o acciones

que violan las leyes federales estatales no son válidas . Shaw v Delta Air Lines, 463 EE.UU. 85 , 96 n.14 ( 1983 ) . La Universidad Estatal de Nueva York , es una institución que recibe fondos federales. Programas federales, incluyendo la asistencia en efectivo , seguro médico , cupones de alimentos y la vivienda , la educación se implementan a través de subvenciones a los estados. El Estado de Nueva York es responsable de la administración de estos programas y se requieren para su funcionamiento de acuerdo con la ley federal , . Ver Winkelman v Distrito Escolar de la Ciudad de Parma, 550 EE.UU. 516, 520 ( 2007 ), y , 516 EE.UU. 474, 476 ( 1996 ) . Además de los programas de beneficio público , el Congreso ha promulgado una serie de leyes que prohíben la discriminación basada en la raza , el origen étnico , la religión , el género , la discapacidad y la edad .. Ver , por ejemplo, la Americans with Disabilities Act , 42 USC § 12.101 ; Individuos con Discapacidades , 20 USC con § 1400 ; Ley de Derechos Civiles , 42 USC § 2000e ; Discriminación por Edad en el Empleo , 29 USC § § 621-34 .( 22 ) Si las entidades del gobierno estatal ( acusados de SUNY ) recibieron $ 4,748,469,680 En 22.008 , $ 5,042,738,09 en 2010; $ 1 4702035925 en $ 4,934,079,192 en 2011, la ayuda financiera federal similar para 2012 y 2013. El Estado de Nueva York no puede reclamar " que no sabían que no sabían , mediante la recepción de estos fondos se agitaban a su soberano como lo hicieron en García vs . La Universidad Estatal de Nueva York (Albany) ; este caso ha sido hacer caso omiso . (9 bis ) El Código de los Estados Unidos , Título 42, Sección 2000d - 7 dice explícitamente. Por otra parte, la decisión del Tribunal Supremo de la Junta de Síndicos de la Universidad de Alabama v Garrett parece anular esta , sin embargo , numerosos casos judiciales de apelación , como Doe vs Nebraska en el octavo circuito , y Thomas c Universidad de Houston de la quinto circuito , han sostenido que , siempre y cuando la entidad estatal recibe fondos federales , la inmunidad soberana de los casos de discriminación no se derogó , pero renunciado voluntariamente . Desde la recepción de los fondos federales - como FAFSA y la acción afirmativa - era opcional , la renuncia a la inmunidad soberana era opcional . Si una entidad estatal quería a su inmunidad soberana de nuevo , todo lo que tienen que hacer en estos circuitos es dejar de recibir fondos federales.( 23 ) El Estado de Nueva York y sus organismos mediante la aceptación de ayuda financiera federal han enterrado en un directo , contrato de relaciones. Según lo descrito por el departamento de EE.UU. fo Justicia; " los medios

más claros de la identificación de un " receptor de la asistencia financiera del gobierno federal consiste en determinar si la entidad ha participado voluntariamente en una relación con el gobierno federal similar a un contrato y recibe asistencia federal bajo una condición o garantía de cumplimiento con el Título VI (y / u otras obligaciones de no discriminación ) . Veteranos Paralizados , 477 EE.UU. en 605-06 . Al limitar la cobertura a los beneficiarios , el Congreso impone las obligaciones de § 504 [ ] y el Título VI sobre aquellos que están en condiciones de aceptar o rechazar esas obligaciones en el marco de la decisión de si debe o no "recibir " fondos federales " [ Además . ; SUNY está sujeto a la "revisión judicial " bajo el Título 20 USC § 1683 ; Cualquier departamento o agencia de las medidas adoptadas de conformidad con la sección 1682 de este título estará sujeta a revisión judicial , tales como los casos previstos por la ley para una acción similar adoptada por dicho departamento o agencia por otros motivos. En el caso de la acción, que no estén sujetos a la revisión judicial , la terminación o la negativa a conceder o continuar la ayuda financiera a una constatación de incumplimiento de cualquier requisito impuesto conforme a la sección 1682 de este título, a cualquier persona agraviada (incluidos todos los Estados u subdivisión política del mismo y de cualquier organismo de ambos ) pueden obtener la revisión judicial de tales medidas de conformidad con el capítulo 7 del título 5, y no se considerará como una acción comprometida con discreción inapelable agencia dentro del significado de la sección 701 de este título. Ver , (Pub. L. 92-318 , título IX , § 903 , 23 de junio de 1972, 86Stat . 374. )]( 24 ) Es evidente que la SUNY y el Estado han sabido por décadas que al aceptar fondos federales fueron realmente renunciado a su inmunidad soberanía , véase también Soberal -Perez 717 F.2d en 41. Es importante tener en cuenta que al firmar una garantía , el beneficiario ha proporcionado documentación que pueda servir de base para una acción de incumplimiento de contrato. Incluso sin tal escritura , los tribunales describen obligaciones del Título VI (y otras leyes de no discriminación ) como similares a un contrato; " la aceptación de los fondos de los beneficiarios desencadena la cobertura bajo la disposición de no discriminación. " Veteranos Paralíticos , 477 EE.UU. en 605 . En este escenario, el destinatario tiene una relación directa con el organismo de financiación y, por tanto , está sujeta a los requisitos del Título VI . Por ejemplo :Los operadores aeroportuarios son beneficiarios de asistencia financiera federal en virtud de un programa

legal provisión de fondos para la construcción de aeropuertos y el desarrollo del capital .Departamento de Policía Ayuntamiento ( HCPD ) recibió una subvención del Departamento de Justicia de EE.UU. para programas de extensión comunitaria . HCPD se considera que es un receptor de la asistencia financiera federal .Hace seis años , LegalSkool , una escuela de derecho en la universidad, fue construido en parte con subvenciones federales , préstamos y bonificaciones de intereses de más de $ 7 millones del Departamento de Educación (DE). La escuela de derecho es un " receptor" a causa de la financiación de ED para la construcción.Mientras que demuestra que la entidad recibe directamente una subvención federal , préstamo o contrato , (que no sea un contrato de seguro o garantía ) es el medio más fácil de identificar un receptor Título VI, este flujo de caja directa no describe todo el alcance del Título VI . Por favor esta nota tribunal que el Estado de Nueva York ya no reclamó conocer y / no han aceptado ninguna renuncia a su inmunidad soberana en García v Universidad de Albany State University of New York; jurisprudencia que ha sido severamente criticada y revocada .En contraste con la afirmación del Estado en su moción para desestimar bases en un acto del Congreso , el Congreso expresó inequívocamente su intención de derogar los estados de inmunidad tanto en 42 USC § 12202 ( Título II ) y 42 USC § 2000d - 7 (Sección 504) ... Como acusado también señala , este Tribunal, en un título ADA relacionados Te reto , ya ha confirmado la abrogación de la ADA de la inmunidad soberana del Estado. Ver Muller v Costello, 977 F. Supp. 299 (NDNY 1998) , la apelación protocolizado , No. 98-7729 ( 2d Cir . 26 de junio 1998 ) . El acusado , sin embargo , sostiene que la ADA y la Ley de Rehabilitación son inconstitucionales porque el Congreso no hizo uso de la autoridad constitucional adecuada cuando aprobó la ADA en virtud de la Cláusula de Comercio de la Constitución , citando Tribu Seminole de la Florida contra Florida , 517 EE.UU. 44 ( 1996 ) .Por las razones expuestas a continuación , la Undécima Enmienda no es impedimento para este tipo de acciones porque las derogaciones en el Acta de Rehabilitación de la ADA y son ejercicios constitucionales del poder del Congreso bajo la Sección 5 de la Decimocuarta Enmienda . En Seminole Tribe, la Corte Suprema reiteró que el Congreso puede derogar la inmunidad soberana de un Estado si el Congreso , : ( 1 ) ha " inequívocamente expresado su intención de derogar la inmunidad" , y ( 2 ) " ha actuado de conformidad con un ejercicio válido del poder. " 517 EE.UU. a 55 (citas , citas,

y los soportes omitidas) . Ver Cooper v Oficina de Salud Mental del Estado de Nueva York, 162 F. 3d 770, 773 ( Cir.1998 2d ) ( validar que la Discriminación por Edad en el Empleo ( ADEA ) está dentro de poder de ejecución en virtud del artículo 5 ) . Como se dijo anteriormente , el acusado admite que la Sección 12202 y la Sección 2000d - 7 satisfacen el primer requisito.La segunda investigación de conformidad con la Tribu Seminole es si "el Congreso tiene el poder de revocar unilateralmente la inmunidad de los Estados de su ejemplo. " Aquí, la Decimocuarta Enmienda dispone que la autoridad. Sección 5 de la Decimocuarta Enmienda faculta al Congreso a promulgar " legislación adecuada " para " hacer cumplir " la cláusula de igual protección . Como explicó la Corte Suprema hace más de cien años : " Cualquiera que sea la legislación es adecuada, es decir, adaptado para llevar a cabo los objetivos de las enmiendas tienen a la vista , lo que sea tiende a forzar la sumisión a las prohibiciones que contienen, y para asegurar a todas las personas el disfrute de la perfecta igualdad de los derechos civiles y la igual protección de las leyes contra la negación del Estado o la invasión , si no prohibida , se lleva dentro del dominio del poder del Congreso " . Ex -parte Virginia, 100 EE.UU. ( 10 Otto ) 339, 345-346 ( 1879 ) . La Ley ADA y Rehabilitación, que permiten demandas en contra de los Estados de la discriminación por discapacidad , debe mantenerse bajo la Sección 5 legislación apropiada para proteger la igualdad de protección . Prueba de la Corte Suprema en Katzenbach v Morgan, 384 EE.UU. 641 ( 1966 ); se aplica comúnmente para determinar si la legislación es adecuada conforme a la Sección 5 : [ 1 ] si [ el Estatuto ] puede considerarse como una sanción para hacer cumplir la cláusula de igual protección , [ 2 ] si está " plenamente adaptada a tal fin ", y [ 3 ] si no está prohibida por pero es coherente con "la letra y el espíritu de la Constitución. " Morgan, 384 EE.UU. en 651 (citando McCulloch contra Maryland 17 de EE.UU. 316 , 421 ( 1919 ) ) . Cada elemento de la prueba de Morgan se cumple aquí . Como afirmó recientemente el Tribunal Supremo, la Decimocuarta Enmienda se extiende a todos los derechos Decimocuarta Enmienda. Ciudad de Boerne contra Flores 117 S. Ct 2157 , 2164 ( 199 ) .En Fitzpatrick v Bitzer, 427 EE.UU. 445 ( 1976 ) , el Tribunal confirmó la derogación de los Estados Undécima Enmienda inmunidad en el Título VII del Acta de Derechos Civiles de 1964, 42 USC 2000e y ss . , Ya que la legislación "apropiada" en la Sección 5 . Explicó que " cuando el Congreso actúa en virtud del § 5 , no sólo se ejerce la autoridad legislativa que

es el Pleno dentro de los términos de la concesión constitucional, es el ejercicio de esa autoridad en virtud de una sección de una enmienda constitucional cuyas secciones otro por sus propios términos encarnar limitaciones a la autoridad del Estado. " Id . en 456 . En Seminole Tribe, la Corte reafirmó la celebración de Fitzpatrick. Ver 517 EE.UU. a los 59 , 65, 71 . Por lo tanto , incluso después de Seminole Tribe, "el Congreso tiene el poder bajo la § 5 de la Decimocuarta Enmienda de eliminar de un estado Undécima Enmienda inmunidad con el fin de permitir la ejecución contra los acusados del estado de los derechos garantizados por la Decimocuarta Enmienda. " Lipofsky v Steingut , 86 F.3d 15 , 17-18 ( 2d Cir . ) .

( 30 ) En Boerne , la Corte Suprema confirmó que el Congreso tiene amplia discreción para promulgar una legislación para corregir lo que racionalmente percibe como lesiones constitucionales generalizados contra las personas con discapacidad. La Corte explicó que la autoridad para hacer cumplir la Decimocuarta Enmienda es un amplio poder de remediar las discriminaciones pasadas y presentes y para prevenir futuras discriminaciones .. Y reafirmó que el Congreso puede prohibir las actividades que ellos mismos no eran inconstitucionales en cumplimiento de su plan de recuperación.

( 31 ) La Corte Suprema también ha subrayado , sin embargo, que el poder del Congreso debía vincularse a las lesiones constitucionales y que debe haber una " congruencia y proporcionalidad " entre los daños identificados y el remedio legal. El Tribunal reconoció que " la línea entre las medidas que remediar o prevenir acciones de inconstitucionalidad y las medidas que hacen que un cambio sustantivo en la ley que rige no es fácil de discernir, y el Congreso debe tener amplia libertad para determinar el lugar donde se encuentra. "

( 32 ) Al promulgar el Título II , el Congreso concluyó razonablemente que " una legislación apropiada " en la Sección 5 de la Decimocuarta Enmienda fue necesario para remediar y prevenir la discriminación inconstitucional. En primer lugar, el récord legislativo demostró ampliamente generalizada , " la discriminación en toda la sociedad ", especialmente contra las personas con discapacidad - tiempo físico y / o mental - basada en el miedo y el estigma que infecta tanto a servicios públicos y privados . Véase S. Rep. N ° 116 , Congreso 101 . , Primero Ses. 8-9 ( 1989 ) (" Informe del Senado ") , 42 USC § 12101 ( a) ( 2 ) (discriminación un problema " grave y generalizada ") .

( 33 ) La discriminación " persiste " en muchas áreas, incluyendo en la educación y otros "servicios públicos", que debería ser un ejemplo de acceso libre de discriminación, 42 USC § 12.101 ( a ) ( 3 ) . El Congreso ha encontrado que esta discriminación se incluye la " exclusión pura y simple intencional . . . los efectos discriminatorios de . . . las barreras de comunicación , normas y políticas sobre protectores , [y] la segregación " . 42 USC § 12.101 ( a ) ( 5 ) . Como resultado de la discriminación de cualquiera o de todos los tipos , el Congreso se ha encontrado , " las personas con discapacidad , entre otros, como grupo, ocupan un estatus inferior en nuestra sociedad, y son muy desfavorecido socialmente , profesionalmente, económicamente y educativamente . " 42 USC § 12.101 ( a ) ( 6 ) .C. El Estado de Nueva York ha renunciado a su inmunidad soberana de la Sección504 reclamaciones.

( 34 ) La demanda alega , varias acciones de discriminación y otras medidas de represalia debido a la demandante consistente y válida queja ante la OCR ( El Departamento de EE.UU. de la Unidad de Derecho Civil de Educación ) y el demandante renuncia a otro estudiante en la situación de las acciones discriminatorias contra ellos. A los efectos de hacer frente al desafío en la fase general de las alegaciones, este Tribunal debe aceptar como verdaderas todas las alegaciones materiales de la denuncia, ya que, en parte, el daño intencional por los acusados . Por lo tanto , debemos asumir que el acusado ha aceptado fondos federales después de la fecha efectiva de la Sección 2000d -7. En consecuencia, mediante la elección voluntaria para recibir fondos federales , Nueva York renunció a cualquier inmunidad undécima enmienda que haya tenido de ser demandado por discriminación por discapacidad bajo la Sección 504. Véase Clark, 123 F.3d en 1271 ; . Beasley v Universidad Estatal de Alabama, 3 F. Supp.2d 1304, 1311-1315 (MD Alabama 1998 ); . Litman v George Mason University , 5 F. Supp.2d 366 , 375-376 ( ED Va 1998 ) . "Los Estados que requieren para honrar las obligaciones asumidas voluntariamente como condición para recibir fondos federales . . . simplemente no entrometerse en su soberanía. "Campana v New Jersey , 461 EE.UU. 773, 790 ( 1983 ) . Todos menos uno de los circuitos que han decidido el tema han encontrado que la ADA es una respuesta " congruente y proporcional " a la discriminación generalizada Congreso descubrió , y por lo tanto era "apropiado" Sección 5 legislación. Comparar Clark v California, 123 F. 3d 1267, 1270 a 1271 ( 9th Cir . ) , Cert. negado , 118 S. Ct 2340

(1998) ; Coolbaugh v Louisiana, 136 F. 3d 430, 438 ( 5th Cir . ) , Cert. negada, 119 S. Ct. 58 ( 1998 ); Seaborn contra Florida , 143 F. 3d 1405 ( 11th Cir . ) , Cert. negada, 119 S. Ct. 1038 (1999) ; Kimel contra la Junta de Regentes, 139 F. 3d 1426, 1433, 1442 a 1443 ( 11th Cir . ) , Cert. otorgada el tema ADEA , cert. en cuestión ADA pendientes , 119 S. Ct. 901, 902 ( 1999 ); Crawford v Indiana Departamento de Correcciones, 115 F. 3d 481, 487 ( 7th Cir 1997 . ), Con Brown vs Carolina del Norte Div . De vehículos automotores, 166 F. 3d 698 704-705 , 708 ( cuarto . Cir 1999 ) , petición de reh'g en banc presentada (29 de marzo de 1999) [ descubriendo que la derogación de la ADA es inconstitucional en su aplicación a una disposición reglamentaria específica (no es que se trata en este caso) que prohibía la imposición de recargos por permisos de estacionamiento requeridos para aparcar en espacios accesibles , pero negando expresamente la intención de opinar acerca de la ADA en su conjunto. .Alimentación

( 35 ) del Congreso para hacer cumplir la cláusula de igual protección se extendió a las clasificaciones que no están sujetos a un escrutinio más riguroso (como la edad o la discapacidad ) . "El Congreso tiene el poder de prohibir la discriminación basada en la edad arbitraria a pesar de que la edad no es una clasificación sospechosa ". Cooper, 162 F. 3d 777 . En segundo lugar, en la aplicación de la prueba de " congruencia y proporcionalidad " Boerne , la Corte reafirmó que los estatutos que exceden las protecciones de la Constitución son la legislación apropiada Sección 5 . Véase Anderson, 169 F.3d en 121 (Congreso puede prohibir las prácticas que tienen efectos discriminatorios ) .

( 36 ) Una ley puede ser promulgada en virtud de más de un poder del Congreso . Asesor v Dow , 849 F. 2d 731, 736 ( 2d Cir. ) . ( Ley de Protección de los Niños Discapacitados promulgada bajo la Cláusula de Gastos y Decimocuarta Enmienda ) . Al igual que el ADA , Sección 2000d - 7 también es un ejercicio válido de la autoridad del Congreso bajo la Sección 5 de la Decimocuarta Enmienda para permitir demandas privadas contra los Estados para discriminar contra las personas con discapacidad en violación de la ley federal. Accord Clark, 123 F.3d en 1269-1271 (Sección 504) ; Lesage v Texas, 158 F. 3d 213 , 217-219 ( . 5th Cir 1998 ) , solicitud de cert. presentado , el 67 U.S.L.W. 3469 (Ene. 11 , 1999) (N ° 98-1111 ) ( Título VI); . Doe vs Universidad de Illinois, 138 F. 3d 653, 660 ( . 7th Cir 1998 ) , solicitud de cert. presentado , el 67

U.S.L.W. 3083 (13 de julio , 1998) (No. 98-126 ) ( Título IX); véase también Welch contra Texas Dep't de Carreteras & Pub . Transp , 483 EE.UU. 468, 472 n.2 (1987) ( indicando en el dicho de que " [ la Ley de Rehabilitación ] fue aprobada en virtud del § 5 de la Decimocuarta Enmienda . " ); . Franks v Escuela para Sordos de Kentucky , 142 F 0.3 d 360, 363 ( 6th Cir 1998 . ) ( por lo que sostiene que la aplicación de la Sección 2000d - 7 Título IX); Crawford v Davis, 109 F. 3d 1281 ( 8th Cir 1997 . ) ( Título IX).

( 37 ) El Estado de Nueva York , sus funcionarios y los acusados tenían un aviso claro de que sus acciones aquí se someta a una posible demanda en los tribunales federales . El Congreso podrá condicionar la recepción de los fondos federales en una renuncia a la inmunidad cuando Undécima Enmienda , como en este caso , la ley establece aviso inequívoco de los Estados de esta condición. Ver Seminole Tribe, 517 EE.UU. a 54 ; Petty v Puente Tennessee - Missouri. 359 EE.UU. 275, 276 (1959); Cerrar v Nueva York, 125 F. 3d 31 , 39 ( . Cir 2d 1997 ); In re 995 Quinta Avenida. Assocs , 963 F. 2d 503, 508 a 509 ( 2d Cir . ) , 506 EE.UU. 947 ( 1992 ); . Condado de Monroe contra Florida , 678 F. 2d 1124, 1133/35 ( . 2d Cir 1982 ) , cert. negaron , 459 EE.UU. 1104 ( 1983 ) . Está bien establecido que un Estado puede " por su participación en el programa autorizado por el Congreso . . . en efecto el consentimiento [] para la derogación de dicha inmunidad. " Edelman v Jordan , 415 EE.UU. 651, 672 ( 1974 ); véase también Atascadero, 473 EE.UU. 234 , 238 n.1 ( 1985 ) (" el Estado podrá efectuar una renuncia de su inmunidad constitucional ... con renuncia a su inmunidad para adaptarse en el contexto de un programa federal especial ") . Además , en el actor estatal ( acusados oficiales públicos no pagan por la representación legal , por otro lado , el Estado de Nueva York paga por cualquier fallo en contra de los agentes estatales , en el presente documento con nombre, consulte la sección de teoría legal de este documento : Ley de Funcionarios Públicos § 18 "La defensa y la indemnización de los funcionarios y empleados de las entidades públicas. " Convenientemente impreso en rojo .

( 38 ) Sección 2000d - 7 así encarna exactamente el tipo de condición inequívoca discutido por la Corte en Atascadero, " por los Estados de poner en aviso expreso de que parte del " contrato " para recibir fondos federales era el requisito de que el participante acepta participar en adaptarse federal judicial por presuntas violaciónes de la Sección 504 . A medida que el Noveno Circuito sostuvo en un caso relacionado con la derogación

de la Sección 2000d - 7 para la Sección 504 reclamaciones, Sección 2000d - 7 " se manifiesta una clara intención de condicionar la participación de un Estado sobre su consentimiento a renunciar a su undécima enmienda inmunidad. " Clark, 123 F. 3d en 1271 . En conclusión , para la cuestión de la inmunidad planteada por la AAG , el Estado renunció a su inmunidad de jurisdicción al aceptar fondos federales , y al mismo tiempo , el Congreso ejerció su autoridad apropiada para derogar la inmunidad del Estado respecto a las acciones entabladas en virtud de la Ley de Rehabilitación.

( 39 ) El Estado de Nueva York debería haber sabido , en 1996 , que la validez de la ley derogación era una litigable cuestión de buena fe. Su decisión de renunciar a la inmunidad por contrato - de forma adecuada e independiente de la eliminación de laUndécima Enmienda defensa - por lo tanto, se sabe. El Estado debe mantenerse en su acuerdo .D. Este caso no debe ser desestimados por falta de plausibilidad o Permanente.

( 40 ) Además de que el demandante ha presentar más de 30 exposiciones , que son re- presentación de este documento , puesto demandante asume ( con respeto) , parece que la oficina AAG ellos han perdido . Además , el demandante en el presente documento presenta los anexos adicionales que apoyan los temas después de la audiencia orden judicial de abril de 2013, presidida por el juez Ramos.(40 bis ) Establecer pie, un demandante debe probar tres elementos: ( 1 ) " lesión de hecho," vea el Apéndice A [ documentos ] , que una invasión de un bien jurídico que es concreto y particularizado , y real o inminente , no conjetural o hipotético , (2 ) " una relación causal entre el daño y la conducta denunciada ", y ( 3 ) la probabilidad , en contraposición a la mera especulación , consulte el Apéndice a [ justificantes ] , " que el daño será reparado por una decisión favorable; " - basada - pero no limitado - en daños compensatorios y punitivos , pérdida de ingresos y de los demás futuro - Estados Unidos v Hays, 515 EE.UU. 737, 743 ( 1995 ) , citando a Lujan v Defensores de Vida Silvestre , 504 EE.UU. 555, 560-561 ( 1992 ) .

( 41 ) Al estar de pie y verosimilitud están desafiado sobre la base de los alegatos , que " aceptamos como verdaderas todas las alegaciones materiales de la queja, y debemos interpretar la queja a favor de la parte reclamante. " Los Estados Unidos contra Vázquez, 145 F. 3d 74 , 81 ( . Cir 2d 1998 ) (citando a Warth v Seldin , 422 EE.UU. 490, 501 ( 1975 ) . Y " [ e] n la etapa de súplica , alegaciones de hecho generales del perjuicio

derivado de la conducta del demandado (especialmente intencionalmente represalia acciones) puede ser suficiente , para una moción para desestimar presumimos , " que las alegaciones generales abarcan los hechos específicos que son necesarios para apoyar la reclamación. " Vazques , 145 F.3d en 81 (citando a Lujan , 504 EE.UU. a 561) . Además, citando Lujan , 504 EE.UU. en 561-562 , el Segundo Circuito declaró que : "Cuando la demanda es uno cuestionar la legalidad de la acción del gobierno o la inacción, la naturaleza y el alcance de los hechos que se deben afirmó (en el escenario) a fin de establecer de pie depende considerablemente de si el demandante es el propio objeto de la acción ( o la acción inevitable ) de que se trata . Si lo es, suele haber poca duda de que la acción o la inacción le ha causado un perjuicio , y que una sentencia prevenir o requiriendo la acción corregir . " Vazques , 145 F.3d en 81 .

( 42 ) El demandante ha satisfecho los requisitos sobradamente establecer pie y SUNY Purchase College , el Sr. Morales solicitado reiteradamente dijo escuela para los servicios de una institución calificada , que la única misión fue / es enseñar a la educación superior , pero fue demandados acciones ilegales se trataba intencionalmente negligente y no proporcionada con el estándar imperativo del deber que funcionario de la escuela tienen la obligación de ejercer para los estudiantes. Esta norma del deber, fue interrumpido intencionalmente para discriminar , no sólo contra el demandante , pero otros estudiantes ( discapacitados, afroamericanos, hispanos y adultos [ edad, sexo , raza, etc . ] Como resultado , de los años de acciones de represalia y discriminación acciones , el demandante perdió todas las posibilidades de terminar sus estudios, por lo que necesite , por ejemplo, a su familia ya su condición de " primera inmigrante en los EE.UU. desde 1979, a una edad de sólo 17 años de edad . " " un trato igual negado personalmente , igual protección de la desafiado discriminatorio infligido mala conducta [ e intencional " Hays, 515 EE.UU. 744 en Como un resultado permanente , el demandante - . . . además de la permanente perdida una renta excelente, véase el apéndice [Documentos ] con posible Psicológicamente heridos demandante permanente es ahora está en tratamiento medicado para " trastorno de estrés postraumático o trastorno de estrés postraumático ". véase el Apéndice A [ documentos ] . por favor, este tribunal también debe tomar en cuenta la tremenda y permanente dolor emocional a la familia demandante , que nunca pueden olvidar y llevar con ellos de forma permanente , sobre todo el de Morales nacidos en los

EE.UU. .

( 43 ) Es evidente que los elementos segundo y tercero de las pruebas - la relación de causalidad y la reparación - habilidad - también se reunieron aquí . Las denuncias indican que los acusadosfallado intencionalmente para proporcionar adecuada, a tiempo , remedio [ s ] a pesar de las persistentes demandas por el demandante y extensa notificación ( cerca de 200 correos electrónicos a todos los acusados y ninguno de los acusados ) que asesoran a los acusados de su mala conducta inconstitucional hacia el demandante .

( 44 ) la provisión de aplicación del Título II establece una causa de acción en una corte federal por "cualquier persona que alegue discriminación por motivos de edad la discapacidad. " Del mismo modo , el artículo 504 establece una causa de acción a "toda persona agraviada " por la discriminación de la persona en la base de su discapacidad y edad. [ ] 29 USC § 794 ( a) ( 2 ) . El Segundo Circuito determinó que " el uso de un lenguaje tan amplio en las disposiciones de aplicación de los estatutos pone en evidencia una intención del Congreso para definir legitimada para interponer una acción privada bajo 504 la manera más amplia permitida por el artículo III de la Constitución. " Sistemas de Salud Innovadores , Inc. et al . contra la Ciudad de White Plains, et al. , 117 F. 3d 37 ( . 2d Cir 1997 ) .

( 45 ) El demandante puede ofrecer también en el testimonio witlessness dispuesto . Testimonio que el AAG es consciente de su implicación de medidas de represalia deliberada , que implican agravio intencional o una acción criminal. Como respecto a la AAG y su / su posición como la defensa de la representación legal ... El demandante no voy a nombrar los nombres de los testigos que han declarado su conocimiento de la acción de represalia contra el demandante era bien conocido en toda la universidad. Daño intencional está en boca aquí . Así que mi sola, agradable de 12 años de edad dijo que cuando leyó las causas de las acciones del presente caso! !E. Prueba de suficiencia de queja.( 45 bis ) La prueba básica sobre una moción para desestimar la denuncia es si , con todos los hechos materiales , así invocados - tomadas como verdaderas e interpretarán a la luz más favorable a la parte demandante , establece hechos suficientes para afirmar un reclamo legal. La norma se aplica con mayor frecuencia es que una queja no debe ser desestimado por no haber formulado ninguna reclamación a menos que parezca fuera de toda duda que el demandante puede probar ningún conjunto de hechos en apoyo de su

afirmación de que daría derecho al demandante a alivio. A la luz de esta norma, una regla 12 ( b ) ( 6 ) el movimiento es probable que sólo se concederá cuando las denuncias de la propia denuncia niegan la validez de la reclamación , o claramente muestran algún bar insuperable para el alivio .

( 46 ) Otro estándar es el estándar " plausibilidad " . Para sobrevivir a una moción de desestimación , la queja debe contener cuestión fáctica suficiente , aceptado como verdadero , estableció un caso de alivio que es plausible a primera vista . Una reclamación tiene " credibilidad facial " cuando el demandante alega hechos contenidos que permite al tribunal para dibujar una inferencia razonable de que el acusado es responsable de la mala conducta alegada. En virtud de la norma " verosimilitud " , por una denuncia de sobrevivir a una moción para desestimar el hecho de no cumplir con el requisito de corto y llano- sentencia- no es afín a un requisito de la probabilidad, pero existe algo más que una posibilidad enorme de que el acusado tiene actuado de manera ilegal .



**Purchase College**
STATE UNIVERSITY OF NEW YORK

## Office of the Provost



October 26, 2011

Edward Morales
110 N 3rd Ave #2M
Mt. Vernon, NY 10550

Dear Mr. Morales,

*MR BASKIN WAS AWERE THE REASON FOR MY DISHONETY CHARGE WAS NOT "PLAGIRIZING" but OTHER*

Thank you for meeting with Ricardo Espinales and me to hear your appeal of the Academic Integrity Committee's October 12th hearing. The hearing panel found you responsible for plagiarism and assigned you the recommended sanction of a permanent F for the course. I also acknowledge receipt of your October 26 document entitled "Presentation in Defense of Charge of Plagiarism."

According to the Purchase College Academic Integrity policy, available at <http://www.purchase.edu/Policies/academicintegrity.aspx>, a student may appeal on the following grounds:

a. Fair consideration was not provided to the student, i.e., there is evidence that some aspect of the hearing was prejudicial, arbitrary, or capricious; or
b. New and significant information, not reasonably available at the time of the initial hearing, has become available; or
c. The sanction or remedy imposed is not in due proportion to the nature and seriousness of the offense.

Based on the evidence submitted, I find no grounds for granting your appeal. I regret that I must therefore deny your appeal and affirm the sanction of a permanent F for the course imposed by the hearing panel.

Sincerely,

Bill Baskin, PhD.
Associate Provost
Bill.baskin@purchase.edu

Cc: Barbara Dixon
Ricardo Espinales

www.purchase.edu
(914) 251-6020
(914) 251-6019 fax

735 Anderson Hill Road
Purchase, New York
10577-1402

Subject:   FW: Plaigaism appeal finding

From:   MORALES, EDWARD (EDWARD.MORALES@purchase.edu)

To:   eam6000@yahoo.com;

Date:   Saturday, March 29, 2014 2:33 PM

Edward Morales
Binghamton University
Box 10134
P.O. Box 6020
Binghamton, NY 13902-6020
(914)297-2090 (not active)
(914)410-7647 cell

Disclaimer,

This transmittal is intended for a particular addressee(s). It may be a PRIVATE and CONFIDENTIAL attorney-client communication. If it is not clear that you are the intended recipient, you are now notified that you have received this message by mistake; any review, copying or distribution or dissemination is strictly prohibited. If you suspect that you have received this transmittal in error, please notify immediately by email replying to the sender and delete the transmittal and any attachments.

From: MORALES, EDWARD
Sent: Wednesday, August 8, 2012 11:57 AM
To: james.moser@ed.gov
Subject: FW: Plaigaism appeal finding

From: Baskin, Bill
Sent: Thursday, October 27, 2011 10:13 AM
To: MORALES, EDWARD
Cc: Dixon, Barbara; Espinales, Ricardo; Nassisi, Richard; Bianchi, Carrie
Subject: appeal finding

Dear Mr. Morales,

Thank you for meeting with Ricardo Espinales and me to discuss your appeal. My letter of finding is attached, and I am also mailing you a hard copy.

Sincerely,
Bill Baskin
--
Bill Baskin, Ph.D.
Associate Provost and Director of Assessment
Academic Affairs
Student Services Bldg, Rm 327
Purchase College
735 Anderson Hill Rd