


## RE:

**MORALES, EDWARD**

Sent: Wednesday, March 27, 2013 12:50 PM
To: Baptiste, Michele

What I meant is that, I think, there is nothing you can do. Sorry I missed worded this phrase.

thanks,

Edwardo Morales
SUNY Purchase College
735 Anderson Hill Rd
Box #0004
Purchase, NY 10577
(914)751-4388

---

From: Baptiste, Michele
Sent: Wednesday, March 27, 2013 12:49 PM
To: MORALES, EDWARD; wendy.kowalczyk@suny.edu
Subject: RE:

Hi Edward,

I'm not sure how you come to conclusion that I don't want to meet with you or hear your concerns when we had two scheduled meetings that you cancelled. When you sent your initial email message last week Thursday about speaking for 5 minutes, you never indicated what you wanted to talk about. If you want me to investigate your claims, I would be happy to meet with you when you return to campus next week.

Michele A. Baptiste, J.D.
Affirmative Action Officer
Purchase College
735 Anderson Hill Road
Student Services Building, 3rd Fl.
Purchase, New York 10577-1402

(914) 251-5982


-----Original Message-----
From: MORALES, EDWARD
Sent: Wednesday, March 27, 2013 12:31 PM
To: Baptiste, Michele; wendy.kowalczyk@suny.edu
Subject: RE:

Michelle Baptiste.

There are:


1) one pending filed investigation on the mediation I canceled, that is one violation for sure.
2) one pending filed investigation regarding housing and ADA discrimination also schedule.
3) two filed for age discrimination and retaliation which are founded. These two have to be refiled since the appeal of my charges were denied.
4) Mrs Jones charged me again with a no contact order on the same day of the last hearing, this time I will retaliate!
5) Now I have to drop a class, because a homosexual professor does not like me. This the 4th homosexual professorial that have done this; not mention the drug--also homosexual student that filed against me twice--drug addict student.
6) Now my health is being compromise.

And they want to mediate????!!!!! Am I going to Law School???
Please cancel the meeting; I do not think you want and can do anything about it.



Edwardo Morales
SUNY Purchase College
735 Anderson Hill Rd
Box #0004
Purchase, NY 10577

(914)751-4388

---

From: Baptiste, Michele
Sent: Wednesday, March 27, 2013 9:08 AM
To: MORALES, EDWARD
Subject: RE:

Hi Edward,

Ok.  Did you want to schedule for sometime next week?


Michele Baptiste

From: MORALES, EDWARD
Sent: Wednesday, March 27, 2013 7:52 AM
To: Baptiste, Michele
Subject: RE:


Sorry, I cannot make it today.

T-Mobile, America's First Nationwide 4G Network
Sent by Samsung Mobile "Baptiste, Michele" wrote:
Hi Edward,

If you are unable to make it today, we can reschedule for Wednesday at 10am.

Thanks,
Michele Baptiste

---

From: MORALES, EDWARD
Sent: Monday, March 25, 2013 11:08 AM
To: Baptiste, Michele
Subject: RE:

I just got your email and phone call. Sorry I am still on the train comming from the city.  Can you re-schedule? I will try to be in campustoday but I am not sure at what time.


Thanks,

Edwardo Morales

```
SUNY Purchase College
735 Anderson Hill Rd
Box #0004
Purchase, NY 10577
(914)751-4388
```

From: Baptiste, Michele
Sent: Monday, March 25, 2013 9:27 AM
To: MORALES, EDWARD
Subject: RE:

Hi Edward,

There is no power in the Student Services Building today so I have temporarily moved to the Human Resources Building on the second floor. The Human Resources Building is near the Admissions office. I can still meet with you today.

Thanks,
Michele Baptiste

From: MORALES, EDWARD
Sent: Saturday, March 23, 2013 11:35 AM
To: Baptiste, Michele
Subject: RE:

OK

```
Edwardo Morales
SUNY Purchase College
735 Anderson Hill Rd
Box #0004
Purchase, NY 10577
(914)751-4388
```

From: Baptiste, Michele
Sent: Friday, March 22, 2013 5:45 PM
To: MORALES, EDWARD
Subject: RE:

Yes, March 25. after 10am

From: MORALES, EDWARD

```
Sent: Friday, March 22, 2013 5:44 PM
To: Baptiste, Michele
Subject: RE:
```

Anytime Monday; but this coming week?

Edwardo Morales
SUNY Purchase College
735 Anderson Hill Rd
Box #0004
Purchase, NY 10577
(914)751-4388

---

```
From: Baptiste, Michele
Sent: Friday, March 22, 2013 5:19 PM
To: MORALES, EDWARD
Subject: RE:
```

Hi Edward,

I'm only in the office on Mondays, Wednesdays and Fridays.  I will be in on Monday.  When are you available to come in?

Michele Baptiste

---

```
From: MORALES, EDWARD
Sent: Thursday, March 21, 2013 3:38 PM
To: Baptiste, Michele
Subject:
```

Michelle

Are your available for 5 minutes today?

Edwardo Morales
SUNY Purchase College
735 Anderson Hill Rd
Box #0004
Purchase, NY 10577
(914)751-4388



FW: Fw:FW: Statement and preliminary evidence pending OCR investigation - Outlook Web App, light version    3/30/14 10:53



I am not sure if you all got these attachments sent to
all of you last Sunday. Please acknowledge this if you
can.


Thanks,


Edwardo Morales
SUNY Purchase College
735 Anderson Hill Rd
Box #0004
Purchase, NY 10577
(914)751-4388

---

From: MORALES, EDWARD
Sent: Monday, February 25, 2013 6:52 PM
To: james.moser@ed.gov
Subject: Fw:FW: Statement and preliminary evidence
pending OCR investigation

Mr. Moser, as you can see this email was sent yesterday.
Again let me know if you do not get the attachments,
since I am sending them through my cell.

Sent from my Virgin Mobile Android-Powered Device


-------- Original Message --------
Subject: FW: Statement and preliminary evidence pending
OCR investigation
From: "MORALES, EDWARD" <EDWARD.MORALES@purchase.edu>

```
To: "Baptiste, Michele"
<Michele.Baptiste@purchase.edu>,"Butler, Walter"
<Walter.Butler@purchase.edu>,"Bianchi, Carrie"
<carrie.bianchi@purchase.edu>,"Ceng, Kathleen"
<KATHLEEN.CENG@PURCHASE.EDU>,"DAgosto, Danielle"
<Danielle.DAgosto@purchase.edu>,"diane.castro@ed.gov"
<diane.castro@ed.gov>,"Diane.Diggs@ed.gov"
<Diane.Diggs@ed.gov>,"Jones, Melissa"
<Melissa.Jones@purchase.edu>,"james.moser@ed.gov"
<james.moser@ed.gov>,"Sicat, John"
<JOHN.SICAT@purchase.edu>,"Schwarz, Thomas"
<Thomas.Schwarz@purchase.edu>,"Wendy.Kowalczyk@suny.edu
<Wendy.Kowalczyk@suny.edu>
CC:
```

Replay...
++++++++++++++++OCR preliminary interview evidence++++++++++++++++++++
Mr. Moser,
US dept of Education
Civil Rights Unit.

These are the complaints filed with the US dept of Education Civil Right unit, and some supporting evidence. These complaints do not consider the attached statement made by Mr.DaRosa implying age discrimination "I got home to find a 53 year old on my cough" (school cough on on-campus housing)see attached. Mrs. Melissa Jones (preliminary hearing examiner and comflicit of interest) and her Boss Mr. Ernie Palmieri, allow the complaint and issue a 1 year suspension (next information) without proof of any wrong doing; the suspension is being appealed. The issue of the Police officer misconduct and filing false statements--please see affidavit of affirmative defense sent to SUNY Attorney Mrs. Wendy Kowalczy-- a request for an internal investigation is being request to the authorities of the University Police, since the officer admitted to wrong doing, allegation he was new in the force. Please see attached his report; also note that emergency procedure in case of fire does not applied to me for the following

reasons 1) my on-campus housing was my permanent address and only address, hence, my constitutional protection under 4th Amendment to the US Constitution " Prohibits unreasonable searches and seizures and sets out requirements for search warrants based on probable cause", which is also a  "fundamental rights" --Please see  POE ET AL. v. ULLMAN, STATE'S ATTORNEY SUPREME, 367 U.S. 497 COURT OF THE UNITED STATES; EMglond v Carey 677

F.2d 957 UNITED STATES COURT OF APPEALS, SECOND CIRCUIT STANLEY v. GEORGIA, 394 U.S. 557, SUPREME COURT OF THE UNITED STATES; STANLEY v. GEORGIA, 394 U.S. 557, SUPREM COURT OF THE UNITED STATES; Irwin RAVIN, Petitioner, v. STATE, 537 P.2d 494, of Alaska, Respondent Supreme Cour of Alaska; Lawrence v. Texas, 539 U.S. 558 (2003);FRISB ET AL. v. SCHULTZ ET AL.No. 87-168,487 U.S. 474, SUPREM COURT OF THE UNITED STATES--2) special accommodation is granted to ADA accommodated students ni case of evacuations;e letter which it has also been sent to the police and it currently on file; see attached. It is important to note that on the pre- hearing conducted by Mrs. Melissa Jones, she did not allow any ADA accommodation to be presented; saying "there was no accommodation on file for housing", seen attached housing accommodation. On the issue of intimidation persecution, no proper ADA accommodation housing using the "what if" rule of civil tort-negligence, has a casual relationship to the ADA violation, that "new students have preference" over DAD, please see attachment.

Please note that the preliminary hearing held last Tuesday with Mrs. Melissa Jones was attended also by my school adviser Mrs. Kathleen Ceng.


++++++++++++++++++++++++++++++++++++++NOTICE+++++++++++++-
Please be advised that with this last incident, which caused the on-campus housing to be vacated, and which violation may not be the last, since the school's main goal at this time is to retaliate, legal action is US Federal Court is imminent; hence, I hereby demand a thorough investigation form your part, as your mandated by the law and appointment by the US Government and by the US dept. of Education; this investigation must thorough and by the book on these last complaint, since the lack transparency and bias behavior on others complaints can be casually proved and to avoid an "writ

of mandamus" to be filed in US Federal Court,

Sincerely,




Eduardo Morales

```
Edwardo Morales
SUNY Purchase College
735 Anderson Hill Rd
Box #0004
Purchase, NY 10577
(914)751-4388
```

From: Moser, James [James.Moser@ed.gov]
Sent: Tuesday, February 19, 2013 7:57 AM
To: MORALES, EDWARD; Castro, Diane; Diggs, Diane
Subject: RE: electronic submission pending

Hi Mr. Morales:

I was not in on Friday, so I did receive your three emails on that day.

In response to your requests, attached please find you three new complaint submissions. Aside from 02-12-2149 (closed), 02-12-2158 (closed), there is also stil active 02-12-2192, which was returned from FMCS and is now in investigation. I saw that Diane Castro sent you the materials you requested for the old cases. The attached materials are your complaints for the new cases.

I will speak with you on Monday Feb. 25th at 1:00 p.m., as we discussed, about your pending complaints. If there is a better time this week to talk I would be happy to re-arrange my schedule to talk to you at a more convenient time. I'm not in the office on Fridays.


Thanks kindly,


James


James J. Moser
Compliance Team Attorney
U.S. Department of Education
Office for Civil Rights - Region II
32 Old Slip, 26th Floor
New York, New York 10005
james.moser@ed.gov
646-428-3792



-----Original Message-----
From: MORALES, EDWARD

[mailto:EDWARD.MORALES@purchase.edu]
Sent: Friday, February 15, 2013 12:26 PM
To: Castro, Diane; ocr_complaint@ed.gov; Diggs, Diane; Moser, James
Subject: electronic submission pending

Please issue all pending cases via electronic submissio from Edward Morales v. purchase college. There should be 3 pending cases one from Dec. last year and 2 form this year. ASAP please.

Thank you,


Edwardo Morales
SUNY Purchase College
735 Anderson Hill Rd
Box #0004
Purchase, NY 10577
(914)751-4388



### FW: DISCIPLINARY SPECIFICATION OF CHARGES - Morales, Edward affidavit
**MORALES, EDWARD**

This message has been marked as Confidential.

**Sent:** Wednesday, February 20, 2013 2:02 PM
**To:** Baptiste, Michele; Wendy.Kowalczyk@suny.edu; Jones, Melissa; james.moser@ed.gov

Mr. Moser please attach this email for the discussion of the new complaints.

---

From: MORALES, EDWARD
Sent: Monday, February 18, 2013 3:04 PM
To: MORALES, EDWARD; Ceng, Kathleen; Bianchi, Carrie; Baptiste, Michele; DAgosto, Danielle; diane.castro@ed.gov; james.moser@ed.gov
Subject: RE: DISCIPLINARY SPECIFICATION OF CHARGES - Morales, Edward

In response to the alleged charges filed against my self, Edward Morales, I herein present affirmative defense to the charges:

++++++++++++++++++++++++Affidavit++++++++++++++++++++++

The DeRosa issue.

I, Edward Morales, hereby certify that the following statement is the truth and an exact depiction of the facts, contesting the unsubstantiated charges herein below issue  Ms. Meli Jones; On the second week of Feb. I received an email from Kyle Saud, (on-campus housing staff), in which he notified me of the opportunity to swap housing with Mr. Einstein Correa 1k2. Mr. Correa contacted me via email and cell phone several times explaining to me, " he urgently needed to move out of his on-campus housing due to severe abuse on the part of his room mates"--implying both of them.  Mr Correa; being from a  Hispanic background; spoke t in Spanish too.  Because of my need to move to a more financially unfeasible unit-AV1, whic became imperative, since I had accumulated a  negative balance on my student account caused non-compliance of my need for an ADA-accommodation which had been requested by my adviser M Kathleen Ceng in October of last year. I  accepted the swap  of the apartment housing with condition that I will have to view the apartment (1k2) to be swapped.  Mr Correa invited me the apartment where we would meet. Upon meeting at the 1k building on or about the same time upon entering the apartment the odor of marijuana was overpowering and disturbing, I did mention to Mr. Correa my allergies to it.  I asked Mr. Correa if both his room mates smoked marijuana, and he responded with; "only one: De Rosa", and that he smoked inside; he also  : that money had been stolen ($100) from him at one time by the other roommate while he was on the shower. I met this last roommate the next day and asked who were the students that smoke marijuana inside the apartment? he replay..."Derosa" he also mention that he was abusive because he was 23 years of age, and he was only 19; he also mentioned that Mr. Derosa was a sexually active gay inside the apartment and that he would drink beer heavily and that he wa extremely dirty an careless with his activities. To my understanding of the apartment lay-ou Mr. DeRosa changed the living-room configuration by moving the sofa to the diner room and preceded to set his computer on top next to my assigned deck and the monitor table coffee ta that he had moved to the diner-room so he would have his own study room, which by the way we seeded with emptied beer bottlers and what appears to had been used sucks and underwear. Th last place was were the smell of marijuana was stronger. I preceded, in front of the other mate, to move Mr. Derosa's computer from my assigned deck  to the coffee table that was nex it, with-out disconnecting it, since it was on and  live with the screen on and working; pl note that I am extremely littered in terms of computer hardware and software, enough to know what works and not. Later that evening when I meet Mr.Derosa he proceed to work with his computer and did not made any comments about who moved the computer and/or any malfunction o it. He did recognize that he did smoke marijuana in the apartment and that he was not going do it any more. He the proceeded to showed a bock with the drug and asked me if it smell? He also mention that he was on probation for the same reason, and he did not want any problem; also said that he was going to clean-up. That night I left and spent the night outside; the next day I came back, they were gone both students. Please note that I did not spent any ti overnight with these students. It my belief that Mr. DeRosa due to his powerless addiction create a situation or scape to get another housing arrangement in which he would continue w his bad habits.

On the issue of the Fire alarm, please refer to the  email sent to Mrs. Wendy Kowalczyk (attorney for SUNY) regarding the police matter, which is also being investigated by an out side agency.

On Feb 11, 2013, at 10:57 PM, "MORALES, EDWARD" <EDWARD.MORALES@purchase.edu> wrote:

> Mrs. Kowalczyk.

>
>
> Thank you for returning my email and taking the time but part of my accommodation for disability is that I need assistance for vacating a building in school. My apartment here school is my only and permanent address, thus assistance was not available, hence it canno mandatory and penalized, and community standards should follow ADA accommodation pressing charges. In my own apartment--inside--is not school property, and if a police officer tha disrespectful inside my home, does not have provable cause that a crime has been committed for going into my bedroom when the bread on the toaster bunt, which is highly a "Damages, defaces, destroys, or tampers with property owned by the college or in the possession of another person", I have the right to ask him to leave.I do have the police report in front me, I will email it to you tomorrow. The police report distort the facts--as usual-- it doe not mention that the officer requested "driver license" instated of the school ID"since I not fit the student profile" and "he was sure that this could not be my permanent address". have the right to terminate any permission to enter my protected home, when if I feel threatened to be arrested if I do not produce my driver license, he later called his supervisor and he told leave the premises, he then apologized and saying "he was new on the job" This same police report was use for the configuration of the charges, and inside my h is not school grown, specially when it is my only permanent address. Having said this, it i

only provable that the school again is acting in retaliation by issuing charges that are extreme, unconstitutional, misleading, and since they ( have communicated to other official "they will get me expelled before graduation"--referring to residential life. Right now I h a better case to retaliation that during last summer, since this accusation are not founded You must remember all of this for burnt toast; you tell me it is not base on retaliation?
> I am not sure about the other charges but I have filed a complaint about an discriminator action against one professor, which I sent to him 2 days ago. The next day I get charged wi "Fails to respect the ongoing legitimate functions of classes, meetings, office procedures, study, sleep, or any authorized College activity", you tell me if is this is not retaliatio
>

>
>
This last aprt was and email sent to Mrs. Wendy Kowalczyk (attorney for SUNY) On Feb 11, 2 at 10:57 PM, "MORALES, EDWARD" <EDWARD.MORALES@purchase.edu> wrote:

Please not that using the "what if" rule of Civil Procedures, all of these issues could hav been avoided if Housing would have issues proper housing accommodation as requested and not issues preference to new students as notified to me via email, and this is my final statemer on the matter.

Edwardo Morales
SUNY Purchase College
735 Anderson Hill Rd
Box #0004
Purchase, NY 10577
(914) 751-4388

From: MORALES, EDWARD
Sent: Monday, February 11, 2013 5:38 PM
To: Jones, Melissa
Subject: Re: DISCIPLINARY SPECIFICATION OF CHARGES - Morales, Edward

I will give you the opportunity to document all issues, but you do understand the consequenc since there are pending complaints with the OCT, it is my believe that you may not now all facts that you should. Please make sure you do have all the facts on your possession at the meeting, since it will just help my case any retaliatory action.
Sent from my Virgin Mobile Android-Powered Device

"Jones, Melissa" <Melissa.Jones@purchase.edu> wrote:

[cid:image001.png@01CE086E.F17DA090]
Office of the Vice President for Student Affairs

Purchase College
State University of New York
735 Anderson Road
Purchase, NY 10577-1400

tel     914 251 6030
fax     914 251 6034

SPECIFICATION OF CHARGES FOR DISCIPLINARY ACTION

TO: Edward Morales
CID #: 1100-624-434
K012A

FROM: Melissa Jones, Director for Community Standards

DATE: February 11, 2013

The Division of Student Affairs has received information that you were allegedly involved violation reported on February 7, 2013 when Community Standards received a report regarding incident inside K1-2 and on February 9, 2013 when University Police reported an incident involving a fire alarm. As a result you are being charged with violating College Regulation specifically:

ITEM        CODE#       DESCRIPTION/*RANGE OF SANCTIONS
Charges related to February 7, 2013:

1.                      D.3            Damages, defaces, destroys, or tampers
with property owned by

the college or in the possession of another person.

Minimum: Reprimand             Maximum: Expulsion


2.                      F.6            Fails to respect the ongoing legitima
functions of classes,

meetings, office procedures, study, sleep, or any authorized College activity.

Minimum: Reprimand             Maximum: Suspension


Charges related to February 9, 2013:

1.                      C.3            Threatens, harasses, or intimidates an
person, and/or uses words

which reasonably tend to incite an immediate, violent reaction and are specifically directed toward another individual (See also the College's Affirmative Action and Sexual Harassment policies).

Minimum: Disciplinary Probation        Maximum: Expulsion


2.                      C.6            Engages in any behavior against a perso
which significantly

interrupts or prevents that person from carrying out duties and responsibilities associated with his/her role as faculty, staff, or student at the College.

Minimum: Reprimand             Maximum: Disciplinary Probation

3.                      E.5            Refuses to vacate buildings when any
emergency warning

system is activated.

Minimum: Residence Probation        Maximum: Suspension


3.                      F.1            Fails to respond to a reasonable reque
of College officials who

are acting within their authority. College officials include faculty, staff, administrators and students who are carrying out assigned work responsibilities.

Minimum: Reprimand             Maximum: Disciplinary Probation

\*More severe sanctions may result for repeated, aggravated or multiple violations.

These charges will be discussed at an Initial Conference conducted by me on Wednesday, Feb 13, 2013 in my office, Student Services Building (3rd floor) room 317 at 12:30 pm. If you a conflict and need to reschedule, you may request to do so by contacting me at (914) 251-6033. The office is open 9:00 am - 5:00 pm. You must leave a message if I am not availal

Copies of the Incident Report(s) will be available at the Initial Conference. You can acce the Community Standards of Conduct online at
http://www.purchase.edu/departments/StudentAffairs/policies/communitystandards.aspx

The purpose of this conference is to hear your side of the story about the incident and/or police report(s) that we have received. For specific information on what to expect at your Initial Conference, please access this link
https://www.purchase.edu/Departments/StudentAffairs/Policies/process/notificationofcharges.

If you would like to speak with the Ombudsman, you can reach Paul Nicholson at
paul.nicholson@purchase.edu<mailto:paul.nicholson@purchase.edu> or x6522. For more informat concerning the Ombuds Office, please visit the following link:
http://www.purchase.edu/Departments/Ombuds/default.aspx.

If you fail to appear at the above stated time and place or make alternate arrangements, al matters described will be considered true and you will waive your right to a hearing. Appropriate action will then be taken by the College. If you have any questions or concern regarding this information you should contact my office for assistance.

cc:      Student File

### RE: Disciplinary Hearing Finding Letter - Morales, Edward
MORALES, EDWARD

This message has been marked as Confidential.

Sent: Tuesday, March 12, 2013 1:23 PM
To: Bianchi, Carrie; Baptiste, Michele; bill.howard@suny.edu; Ceng, Kathleen; james.moser@ed.gov; Gironda, Linda; Jones, Melissa; Palmeri, Ernie; Ricciardi, Laura; Streisfe Arnold; wendy.kowalczyk@suny.edu

Mrs. Bianchi

In admission to the last email sent to you a few minutes ago. These were the findings of the hearing, how they can file another the same day for communicating with the petitioner during the hearing.

CC
Moser, Castro, Diggs
US dept. of Education
Civil Rights Unit


Edwardo Morales
SUNY Purchase College
735 Anderson Hill Rd
Box #0004
Purchase, NY 10577
(914)751-4388

---

From: MORALES, EDWARD
Sent: Monday, March 11, 2013 12:36 PM
To: james.moser@ed.gov
Subject: FW: Disciplinary Hearing Finding Letter - Morales, Edward

Mr. Moser.


I do have taped record of the hearing, which I can sent to you. If you need it.


Edwardo Morales
SUNY Purchase College
735 Anderson Hill Rd
Box #0004
Purchase, NY 10577
(914)751-4388

---

From: Jones, Melissa
Sent: Monday, March 11, 2013 12:23 PM
To: MORALES, EDWARD
Subject: Disciplinary Hearing Finding Letter - Morales, Edward

Dear Edward,

Per your request, please find your hearing finding letter below. If you choose to appeal, please read the last paragraph of this letter for instructions on how to appeal and submit your appeal letter on or by Thursday, March 14, 2013.

Sincerely,

Melissa Jones
Director for Community Standards

---

[cid:image001.png@01CE1E53.4D2F56F0]
Office of the Vice President for Student Affairs
Purchase College
State University of New York
735 Anderson Road
Purchase, NY 10577-1400

```
tel    914 251 6030
fax    914 251 6034
```

March 11, 2013

Edward Morales
CID# 1100-624-434

Dear Edward:

Listed below are the Judicial Action Findings which resulted from your Administrative Hearing which was conducted on March 8, 2013. Charges were communicated to you in a Specification of Charges Form dated February 11, 2013.

| ITEM | CODE | FINDING |
|---|---|---|
| STATEMENT | | |
| Charges related to February 7, 2013: | | |
| 1. Responsible | D.3 | Not Responsible |

Based on the witness and the accused student statement, it is more likely than not th accused student tampered with and damaged the witness's property.

| 2. Responsible | F.6 | Not Responsible |
|---|---|---|

Based on the witness's and accused student testimony, the accused student is not responsible.

Charges related to February 9, 2013:

| 1. Responsible | C.3 | Not Responsible |
|---|---|---|

Based on the witness and the accused student statement, it is more likely than not the accused student threatened the witness.

| 2. Responsible | C.6 | Not Responsible |
|---|---|---|

Based on the witness's and accused student testimony, the accused student is not responsible.

| 3. Responsible | E.5 | Not Responsible |
|---|---|---|

Based on the witness's and accused student testimony, the accused student is not responsible.

| 4. Responsible | F.1 | Not Responsible |
|---|---|---|

Based on the witness and the accused student statement, it is more likely than not the accused student did not respond to the officer's reasonable requests.

Therefore, as a result of the above specified violation the following sanctions are imposed:

Disciplinary Probation through July 24, 2014 - This sanction is assigned for a definite period of time during which the student may be required to fulfill specified conditions or obligations, with the understanding that failure to meet the requiremen of the probation or further infraction of College policy may result in more severe sanctions, including suspension or expulsion from the College. Individuals on Disciplinary Probation are not eligible to hold office in any student group or organization; are not eligible for certain employment positions on campus; and are no eligible to participate in study abroad programs. This sanction may limit student participation in other College activities or programs as determined by individual College units. Additionally, students who are simultaneously on academic and

disciplinary probation are not eligible for campus housing.

You are expected to comply with the terms as outlined in the sanctions assigned. Failure to do so will result in further disciplinary action. Should you have any questions regarding the policies or procedures please feel free to contact me at (914) 251-6030.

You may appeal this decision. Please see the Purchase College student handbook Community Standards of Conduct. You can access the Community Standards of Conduct online at
http://www.purchase.edu/departments/StudentAffairs/policies/communitystandards.aspx.
The first step in the appeal process is to submit a letter within three working days of receipt of this letter to Ernie Palmieri, Vice President for Student Affairs, by email at saf.conduct@purchase.edu<mailto:saf.conduct@purchase.edu>. Your letter must include the specific grounds for the appeal and provide information that substantiate the reason upon which the appeal is being made.

Sincerely,


Melissa Jones
Director for Community Standards

Connected to Microsoft Exchan



**FW: Search for new provost**
MORALES, EDWARD

Sent: Tuesday, November 27, 2012 12:48 PM
To: Bianchi, Carrie

Could you elaborate on this email, and explain in brief what Mrs. DeCooke's role would be "search"--she is very bieas on her character, and this is worriesome?

You do not have to do this, but it will help.
Edwardo Morales
SUNY Purchase College
735 Anderson Hill Rd
Box #0004
Purchase, NY 10577
(914)751-4388

---

From: Thomas.Schwarz@purchase.edu [Thomas.Schwarz@purchase.edu]
Sent: Tuesday, November 27, 2012 12:01 PM
To: The Campus Community
Subject: Search for new provost

[http://www.purchase.edu/sharedmedia/images/BroadcastEmailTemplates/presidentoffice/preside
top-header.png]<https://www.purchase.edu/AboutPurchase/President/>

I would like to update you on the search process for the new provost. We have selected the firm Archer-Martin Associates to handle the candidate identification process. I have asked Farrin and Michelle Stewart to co-chair the search committee. Other members of the committe faculty and staff members: Adam Brown, Peggy DeCooke, Peter Denenberg, Rachel Hallote, Chry Ingraham, Stephanie McCaine, Peter Ohring, Christopher Robbins and Jonathan Rohner; and stu Christina Blankenship and Amy Crehore.

The search process begins next week with initial meetings conducted by the search firm. The firm will conduct interviews and work with the search committee to develop a job descriptio leadership profile essential to a successful search. Candidates will be identified over the several weeks. I am hoping that we will have finalists for campus visits in March, 2013.

A special thanks to the search committee chairs and members for taking the time out of thei schedules to undertake this important task on behalf of the college. I am sure that you all join me in supporting the members of the committee as they go through this process.


[http://www.purchase.edu/sharedmedia/images/BroadcastEmailTemplates/presidentoffice/preside
icon1.png]
http://www.purchase.edu/president<https://www.purchase.edu/AboutPurchase/President/>
914.251.6010
914.251.6014 (fax)

[http://www.purchase.edu/sharedmedia/images/BroadcastEmailTemplates/presidentoffice/preside
icon3.png]          Purchase College, SUNY
735 Anderson Hill Road,
Purchase, NY 10577

Protection under the US Constitution - Outlook Web App, light version                    3/30/14 11:07





## Protection under the US Constitution
**MORALES, EDWARD**

Sent: Saturday, January 26, 2013 3:23 PM
To: Bianchi, Carrie; Baptiste, Michele; Ceng, Kathleen; Delate, John; DAgosto, Danielle

++++++++++++++++++++++NOTICE++++++++++++++++++++++

Please be advised that as of Dec 22nd 2012 (last year), my legal permanent and only address is here in campus. For purposes of school residential policies which may include university police procedures (remember last summer) I get full protection under the US Constitution and the NY State laws, in terms--but not limited--to my rights to privacy, freedom of speech and others. These may not be so different than other students, since university students do also get full protection under the US Constitution, see: Tinker v. Des Moines Independent Community School District, 393 U.S. 503 (1969); where the court stated: "students do not shed their Constitutional rights at the school door", a landmark sentence and case. I hope this can avoid mistakes similar to the housing discrimination of last summer.

Disclaimer,

this email document may be use as legal notification and/of awareness of my legal rights.

Thanks to all.

Edwardo Morales
SUNY Purchase College
735 Anderson Hill Rd
Box #0004
Purchase, NY 10577
(914)751-4388

Connected to Microsoft Exchange



# Urgent Accomodation
## MORALES, EDWARD

Sent: Wednesday, April 3, 2013 9:34 AM
To: Bianchi, Carrie; bill.howard@suny.edu; Butler, Walter; wendy.kowalczyk@suny.edu; Mait, Ronnie; Salter, Donna

Mrs.

Bianchi.

This morning the 8:30 am bus driver did not stop at my reques
at any stop but the CCN stop. The driver was very rude. I went
speak to Donna Salter (director of Transportation), she was
also very rude. Mrs Salter is note the only time that uses
derogatory (unpolite) word and expressions, and she is never i
a customer service mood. I explained to her that I am disabled
students as she new, and I have classes At the Starbucks
building. She said that buses have to keep schedule and that
the schedule was not to be changed for me. She did not
explained to me why the bus did not stop nearer the Starbucks
building. On the bus there were other students that back me up
on my complaints. It was my understanding that Mrs. Salter did
called the police because I was upset. I was upset because she
was rude but never disrespectful. I also have the wright to
complaint since I am paying for the service. On the way to
class I stop and spoke with the police and I explained the
issue. Also police continue asking for Driver License, where
they are not supposed to if school ID ism provided.


+++++++++++++++++++++++++++++++++REQUEST++++++++++++++++++++++-
Mrs Ronnie Mait.

I, Edward Morales, being a Partially--Permanent Disabled
person, hereby request transportation accommodation on the 8:3(
am bus from CCN to the next stop CCS.


Edwardo Morales
SUNY Purchase College
735 Anderson Hill Rd
Box #0004
Purchase, NY 10577
(914)751-4388