UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EDWARD MORALES,

                 Plaintiff,                13-cv-2586 (NSR)

  -against-

                                             OPINION AND ORDER

STATE UNIVERSITY OF NEW YORK, *et al.*,

                 Defendants.
------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Edward Morales ("Plaintiff" or "Morales"), *pro se*, commenced the instant action against Defendants State of New York; State University of New York ("SUNY"); State University of New York, Binghamton College ("SUNY Binghamton"); State University of New York, Purchase College ("SUNY Purchase"); Thomas Schwarz, President of SUNY Purchase; Melissa Jones, SUNY Purchase Director of Community Standards; Ernie Palmieri, SUNY Purchase Vice President of Community Standards; "Purchase College University Police"; William Howard, Senior Vice Chancellor, General Counsel, and Secretary of the University; Wendy Kowalczyk (now Ravitz); SUNY Associate Counsel; Danielle DaGosto, SUNY Purchase Executive Director of Academic Programs; Qui-Qui Balascio, SUNY Purchase Associate Dean of Student Affairs; Richard Nassisi, SUNY Purchase Associate Dean of the School of Liberal Arts; Ricardo Espinales, SUNY Purchase Assistant Director of Human Resources and Affirmative Action Officer; Marc Burdzinski, SUNY Purchase Associate Professor; Lois Wald, SUNY Purchase Associate Counselor; Sandra Starki, Vice Provost for Enrollment Management at SUNY Binghamton; Kyle Saud, SUNY Purchase Housing Coordinator; Daniel Pearson; Bill

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/11/2014

(William) Baskin, SUNY Purchase Associate Provost of Student Affairs; Louise Yelin, SUNY Purchase Associate Dean; Walter Butler, Acting Chief of University Police at SUNY Purchase; and Sheryl Secor (collectively, "State Defendants"); the Law School Admission Council ("LSAC"); the Town of Harrison; and unidentified "John Doe" defendants.

Plaintiff asserts violations of Titles III and V of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 and 12203; the Age Discrimination Act of 1975, 42 U.S.C. § 6101 *et. seq.*; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et. seq.*; Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 *et. seq.*; and plaintiff's constitutional rights under the First and Fourteenth Amendments. Plaintiff brings other miscellaneous claims as well.

The State Defendants moved to dismiss the claims asserted against them on April 17, 2014. In its Opinion and Order dated May 22, 2014, the Court dismissed all claims against the State Defendants, leaving LSAC and the Town of Harrison as the only remaining defendants. The Court also directed Plaintiff to show cause, on or before June 21, 2014, as to why his claims against LSAC and the Town of Harrison should not be dismissed without prejudice for lack of service pursuant to Federal Rule of Civil Procedure 4(m).[1]

On June 23, 2014, Plaintiff filed what purported to be an application requesting a stay of the June 21, 2014, deadline to show cause, leave to assert new claims, and a pre-motion conference, as well as the filing of a "Notice of Claim." Plaintiff's moving papers did not provide a showing of good cause for his failure to effectuate service upon defendants LSAC and

---

[1] Rule 4(m) provides: "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

the Town of Harrison or a basis for why an extension should be granted. Plaintiff's purported "Notice of Claim" was deemed erroneously filed and the motion was terminated. (Mem. Endorsed Order, June 30, 2014.)

To date, Plaintiff has failed to comply with the Court's directive to show cause for lack of service, even though it has now been over one hundred days since the Court ordered him to do so and over eighty days since his deadline to do so passed. In addition, Plaintiff stated in his moving papers that "Plaintiff's complaint against LSAC is 'moot.'" (Pl.'s Mot. Pre-Conference 2, ECF No. 42.) Thus, Plaintiff does not contest, and in fact appears to agree, that dismissal of his claim against LSAC is proper at this time.

Therefore, Plaintiff's claims against defendants the Law School Admission Council (LSAC) and the Town of Harrison are DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 4(m). The Clerk of Court is respectfully requested to close this case.

Dated: September 11, 2014  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge